UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BILL L. GOUVEIA AS ADMINISTRATOR : CIVIL ACTION NO.
OF THE ESTATE OF JOSE GUERRA : 303 CV 597 MRK

V. :

SIG SIMONAZZI NORTH AMERICA, INC. :
AS SUCCESSOR IN INTEREST BY MERGER :
TO SASIB NORTH AMERICA, INC., AS :
SUCCESSOR IN INTEREST BY MERGER TO :
SASIB BAKERY NORTH AMERICA, INC. : December 12, 2003

## THIRD-PARTY COMPLAINT

 The Third-Party Plaintiff, Sig Simonazzi North America, Inc., as and for its Third-Party Complaint against the Third-Party Defendants, Sasib Food Machinery MV, S.p.A, Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

 1. The third-party plaintiff, Sig Simonazzi North America, Inc. ("SSNA"), is a Delaware corporation having its principal place of business in the State of Texas.

 2. The third-party defendant, Sasib Food Machinery MV, S.p.A ("Sasib Food"), is an Italian corporation, with a registered office and principal place of business in Verona, Italy, engaged in the business of designing, manufacturing, assembling, marketing, selling, and distributing bakery equipment, including the Bakery Line Bread

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

08742.0583



Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and Roll Making Machine, model/order number 3444 CHA, which is claimed by the plaintiff to have caused the injuries involved in this case (the "Bakery Machine").

3.     The third-party defendant, Sasib Bakery Italia, S.p.A ("Sasib Bakery"), is an Italian corporation with a registered office and principal place of business in Verona, Italy, engaged in the business of designing, manufacturing, assembling, marketing, selling, and distributing bakery equipment, including the Bakery Machine.

4.     The third-party defendant, Dry Products S.p.A. ("Dry Products"), as successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery, or both, is an Italian corporation with a registered office and principal place of business in Italy, directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling, and distributing bakery equipment, including the Bakery Machine.  Alternatively, Dry Products, as successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery, or both, assumed the liabilities of Sasib Food or Sasib Bakery, or both..

5.     The third-party defendant, Compagnie Industriali Riunite, S.p.A ("CIR"), is an Italian corporation with a registered office and principal place of business in Leini (Turin) Italy, which at all times relevant hereto was the 100% owner of Sasib Food, Sasib Bakery, or Dry Products, or all three, and directly or indirectly was engaged in the business of designing, manufacturing, assembling, marketing, selling, and distributing bakery equipment, including the Bakery Machine.  Alternatively, CIR, as successor in

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery, or both, assumed the liabilities of Sasib Food or Sasib Bakery, or both.

6.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a), as SSNA's claims against Sasib Food, Sasib Bakery, Dry Products, and CIR (collectively "Third-Party Defendants") are so related to the claims asserted by the plaintiff, Bill L. Gouveia, as Administrator of the Estate of Jose Guerra (the "Administrator") against SSNA in the Complaint, which allegations are expressly denied by SSNA, in that they form part of the same case and controversy under Article III of the United States Constitution.

7.    The Court has personal jurisdiction over the Third-Party Defendants pursuant to section 33-929(f) of the Connecticut General Statutes because the Third-Party Complaint arises out of a contract which was intended to be performed in Connecticut, because the Third-Party Defendants had a reasonable expectation that the Bakery Machine would be used in Connecticut at the time the Third-Party Defendants designed, manufactured, distributed, and assembled the Bakery Machine, and the Bakery Machine was used in Connecticut, and because the alleged tortious conduct which is the subject matter of the Third-Party Complaint occurred in Connecticut.

8.    Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims which are the subject matter of the Third-Party Complaint occurred in Connecticut.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## BACKGROUND

9.      SSNA incorporates the allegations of paragraphs 1 through 8 as if fully set forth herein.

10.     On or about April 2, 2003, the Administrator filed this action against SSNA in the United States District Court for the District of Connecticut.  A copy of the Administrator's Complaint is attached hereto as Exhibit A.

11.     On or about July 17, 2003, SSNA filed its Answer and Affirmative Defenses.  A copy of the Answer and Affirmative Defenses is attached hereto as Exhibit B.

12.     In the Complaint, the Administrator claims that on or about April 27, 2001, the decedent, Jose Guerra (the "Decedent"), was lawfully on the premises of Chaves Bakery, located in Bridgeport, Connecticut, performing his regular duties as a baker, which included working near the Bakery Machine.

13.     The Administrator further alleges that on or about April 27, 2001, after the Decedent entered an access door adjacent to the Bakery Machine, the Bakery Machine, and in particular a product transfer trolley, started and struck the Decedent's shoulder, neck, and head with great force, and caused the Decedent catastrophic and fatal injuries.

14.     The Administrator further alleges, and SSNA expressly denies, that the Bakery Machine was defective in that it failed to have any interlock, sensor, or safety switch to stop the product transfer trolley once the Decedent opened the access door

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and/or came into contact with the product transfer trolley, and that the Bakery Machine was defective, unsafe and unreasonably dangerous by virtue of a design and/or manufacturing defect.

15.    The Administrator further alleges, and SSNA expressly denies, that SSNA failed and/or refused to warn or advise the Decedent of the purported dangerous characteristics of the Bakery Machine; inadequately provided the Decedent with sufficient notice of the Bakery Machine's purported dangerous characteristics; misrepresented that the Bakery Machine was safe to use; negligently failed to comply with reasonable industry standards and governmental regulations; negligently failed to fully and properly test and study the Bakery Machine; negligently failed to correct the Bakery Machine's alleged defects after having learned of the hazards associated with the Bakery Machine's use; and negligently failed to recall the Bakery Machine once it had knowledge of the purported life-threatening hazards associated with its use.

16.    The Administrator further alleges, and SSNA expressly denies, that SSNA breached certain implied warranties and representations pertaining to the Bakery Machine.

17.    The Administrator also claims punitive damages under C.G.S. § 52-240b, to which SSNA denies the Plaintiff is entitled.

## FIRST COUNT AS TO SASIB FOOD

18.    SSNA incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

19.     Upon information and belief, Sasib Food designed, manufactured, assembled, marketed, distributed, and sold the Bakery Machine involved in this case.

20.     Sasib Food is a designer, manufacturer, distributor or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the Bakery Machine involved in this case.

21.      Sasib Food designs, produces, manufactures, distributes, or sells bakery equipment, including the Bakery Machine claimed to be involved in this case, with the reasonable expectation that such bakery equipment, and this Bakery Machine in particular, would be used in the State of Connecticut, and the Bakery Machine was so used in the State of Connecticut.

22.     If the allegations in the Complaint are true, which allegations are expressly denied as set forth more fully in the Answer filed by SSNA, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of Sasib Food, its agents, servants, or employees, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

23.     Sasib Food, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

24.     SSNA did not know of the negligence of Sasib Food, its agents, servants, or employees, had no reason to anticipate it, and could reasonably rely upon Sasib Food, its agents, servants, or employees, not to be negligent.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

25.     If SSNA is held liable to the Administrator, then Sasib Food is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## SECOND COUNT AS TO SASIB FOOD

26.     SSNA incorporates the allegations of paragraphs 1 through 17 and paragraphs 19 through 21 as if fully set forth herein.

27.     If the allegations of the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Sasib Food, its agents, servants, or employees, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

28.     Sasib Food, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

29.     SSNA did not know of the actions of Sasib Food, its agents, servants, or employees, had no reason to anticipate them, and could reasonably rely on Sasib Food, its agents, servants, or employees, not to act in such a manner.

30.     If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys'

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fees, costs and expenses, from Sasib Food, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

### THIRD COUNT AS TO SASIB BAKERY

31.    SSNA incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

32.    Upon information and belief, Sasib Bakery designed, manufactured, assembled, marketed, distributed, and sold the Bakery Machine involved in this case.

33.    Sasib Bakery is a designer, manufacturer, distributor or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the type of bakery machine involved in this case.

34.    Sasib Bakery designs, produces, manufactures, distributes, or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

35.    If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of Sasib Bakery, its agents, servants, or employees, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

36.    Sasib Bakery, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

37.    SSNA did not know of the negligence of Sasib Bakery, its agents, servants, or employees, had no reason to anticipate it, and could reasonably rely upon Sasib Bakery, its agents, servants, or employees, not to be negligent.

38.    If SSNA is held liable to the Administrator, then Sasib Bakery is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## FOURTH COUNT AS AGAINST SASIB BAKERY

39.    SSNA incorporates the allegations of paragraphs 1 through 17 and paragraphs 32 through 34 as if fully set forth herein.

40.    If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Sasib Bakery, its agents, servants, or employees, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

41.    Sasib Bakery, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

42.    SSNA did not know of the actions of Sasib Bakery, its agents, servants, or employees, had no reason to anticipate them, and could reasonably rely on Sasib Bakery, its agents, servants, or employees, not to act in such a manner.

43.    If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Sasib Bakery, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

## FIFTH COUNT AS TO DRY PRODUCTS

44.    SSNA incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

45.    Upon information and belief, Dry Products designed, manufactured, assembled, marketed, distributed, and sold the Bakery Machine involved in this case.

46.    Dry Products is a designer, manufacturer, distributor, or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the Bakery Machine involved in this case.

47.     Dry Products designs, produces, manufactures, distributes, or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

48.    If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the negligence,

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

carelessness, wanton care, or culpable conduct of Dry Products, its agents, servants, or employees, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

49.     Dry Products, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

50.     SSNA did not know of the negligence of Dry Products, its agents, servants, or employees, had no reason to anticipate it, and could reasonably rely upon Dry Products, its agents, servants, or employees, not to be negligent.

51.     If SSNA is held liable to the Administrator, then Dry Products is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## SIXTH COUNT AS TO DRY PRODUCTS

52.     SSNA incorporates the allegations of paragraphs 1 through 17 and 45 through 47 as if fully set forth herein.

53.     If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Dry Products, its agents, servants, or employees, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

54.    Dry Products, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

55.    SSNA did not know of the actions of Dry Products, its agents, servants, or employees, had no reason to anticipate them, and could reasonably rely on Dry Products, its agents, servants, or employees, not to act in such a manner.

56.    If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Dry Products, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

## SEVENTH COUNT AS TO DRY PRODUCTS

57.    SSNA incorporates the allegations of paragraphs 44 through 56 as if fully set forth herein.

58.    Dry Products, as the successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery, assumed the liabilities of Sasib Food or Sasib Bakery, or both, and SSNA is thereby entitled to indemnification and contribution for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## EIGHTH COUNT AS TO CIR

59.    SSNA incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

60.    Upon information and belief, CIR, directly or indirectly, designed, manufactured, assembled, marketed, distributed, and sold the Bakery Machine involved in this case.

61.    CIR, directly or indirectly, is a designer, manufacturer, distributor, or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the Bakery Machine involved in this case.

62.    CIR, directly or indirectly, designs, produces, manufactures, distributes, or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

63.    If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of CIR, its agents, servants, or employees, which negligence was active, primary and the direct and immediate cause of his accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

64.     CIR, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

65.     SSNA did not know of the negligence of CIR, its agents, servants, or employees, had no reason to anticipate it, and could reasonably rely upon CIR, its agents, servants, or employees, not to be negligent.

66.     If SSNA is held liable to the Administrator, then CIR is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## NINTH COUNT AS TO CIR

67.     SSNA incorporates the allegations of paragraphs 1 through 17 and 60 through 62 as if fully set forth herein.

68.     If the allegations of the Complaint are true, which is expressly denied, then the accident, injury, and damages were due to the actions of CIR, its agents, servants, or employees, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

69.     CIR, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

70.     SSNA did not know of the actions of CIR, its agents, servants, or employees, had no reason to anticipate them, and could reasonably rely on Sasib, its agents, servants, or employees, not to act in such a manner.

- 14 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

71.    If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Sasib, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

## TENTH COUNT AS TO CIR

72.    SSNA incorporates the allegations of paragraphs 59 through 71 as if fully set forth herein.

73.    CIR, as the successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery, or both, assumed the liabilities of Sasib Food or Sasib Bakery, or both, and SSNA is thereby entitled to indemnification and contribution for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

WHEREFORE, the defendant and third-party plaintiff, Sig Simonazzi North America, Inc., demands from the Third-Party Defendants, Sasib Food Machinery MV, S.p.A, Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A., jointly and severally:

1.    Indemnification;

2.    Contribution;

3.    Payment of all costs associated with the defense of this action from its inception, including, but not limited to, attorneys' fees, court costs, and expenses;

- 15 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

4.      Such other and further relief as in equity or law may apply.

Dated at Hartford, Connecticut on this ___ day of December, 2003.

THE THIRD PARTY PLAINTIFF,
SIG SIMONAZZI NORTH AMERICA, INC.

By_____
        Joseph G. Fortner, Jr.
        Patrick M. Birney of
        HALLORAN & SAGE LLP
        Fed. Bar #ct 04602
        Fed. Bar #ct 19875
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        (860) 522-6103

- 16 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this _____ day of December, 2003, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

_____
Joseph G. Fortner, Jr.

492700.2(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105