UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 APR -2 P 3: 04

US DISTRICT COURT
BRIDGEPORT CT

BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSÉ GUERRA,
Plaintiff

v.

SIG SIMONAZZI NORTH AMERICA, INC. as successor in interest by merger to SASIB NORTH AMERICA, INC., as successor in interest by merger to SASIB BAKERY NORTH AMERICA, INC.,
Defendant

CIVIL ACTION No. 303CV597 DJS

Dated: April 2, 2003

## COMPLAINT AND JURY DEMAND

### FIRST COUNT
(Connecticut Products Liability Act, C.G.S. §§52-572m, *et seq.* and 52-555 against SASIB/Sig)

1. The plaintiff, Bill L. Gouveia, is a resident of Connecticut and is the duly appointed Administrator of the Estate of José Guerra.

2. The defendant, Sig Simonazzi North America, Inc. ("Sig") is a Delaware business corporation doing business as Sig Simonazzi & Stewart Systems, having its principal place of business located at 808 Stewart Avenue, in Plano, Texas 75074, and is successor in interest by merger to SASIB North America, Inc., which is successor in interest by merger to SASIB Bakery North America, Inc. ("SASIB"). The defendant will hereinafter be referred to as "SASIB/Sig."

3. The plaintiff is a citizen of the State of Connecticut and the defendant is a corporation incorporated under the laws of Delaware having its principal place of business in a state other than the State of Connecticut. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

4. The plaintiff's causes of action against the defendant, SASIB/Sig, arise, pursuant to C.G.S. §33-393(f):

   a. Out of a contract made in this state or to be performed in this state;
   b. Out of business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state;
   c. Out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or
   d. Out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance

5. At the time of his death, José Guerra was lawfully on the premises of Chaves Bakery, located in Bridgeport, Connecticut, performing his regular duties as a baker which included working near a SASIB/Sig Bakery Line Bread and Roll Making Machine, model/order number 3444 CHA (hereinafter the "machine")

6. Pursuant to SASIB/Sig Order Confirmation No. 115864, dated December 4, 1997, between the defendant, SASIB/Sig and Chaves Bakery, the defendant, SASIB/Sig, agreed to one perform one or more of the following with regards to the subject machine:

   a. design,
   b. manufacture,
   c. test,
   d. inspect,



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-8491 – Fax (203) 367-8493

e. distribute,

f. sell,

g. deliver, and

h. install and/or supervise the installation of the machine

7. The defendant, SASIB/Sig, charged Chaves Bakery $2,303,676.00 for the machine, including $97,700.00 for supervision of installation by the defendant, SASIB/Sig's engineers and $57,100.00 for lodging and travel expenses for the defendant, SASIB/Sig's engineers.

8. The machine was comprised of multiple moving parts including a product transfer trolley.

9. The machine was equipped with an automatic loading and conveyor system, which was designed to transfer rolls from an inspection station to a cooking oven via the product transfer trolley.

10. The machine as designed, manufactured, tested, inspected, distributed, sold, delivered, and/or installed by and/or under the supervision of the defendant, SASIB/Sig, pursuant to SASIB/Sig Order Confirmation No. 115964, dated December 4, 1997, failed to have an interlock, sensor or safety switch to stop the product transfer trolley once the plaintiff's decedent opened the access door and/or came into contact with the product transfer trolley, and had only minimal, if at all, locking or guarding mechanisms to prevent access to the machinery.

11. On or before April 27, 2001, the defendant, SASIB/Sig, had altered and/or modified the machine by designing, manufacturing, testing, inspecting, distributing, selling,



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-8491 – Fax (203) 367-8493

delivering, and/or installing and/or supervising the installation of a manual conveyor belt, to be installed at the point of the access doorway to the machine

12. The defendant's designing, manufacturing, testing, inspecting, distributing, selling, delivering, installing and/or supervising the installation of a manual conveyor belt, created an unsafe and unguarded access door with no interlock, sensor or safety switch to stop the product transfer trolley once the plaintiff's decedent opened the access door and/or came into contact with the product transfer trolley, and with no minimal locking or guarding mechanisms to prevent access to the machinery.

13. On or about April 27, 2001, the plaintiff's decedent, José Guerra, was employed at Chaves Bakery, located in Bridgeport, Connecticut.

14. On or about April 27, 2001, while plaintiff's decedent entered an access door adjacent to the transport trolley, the machine suddenly and without warning started, striking the plaintiff's decedent's shoulder, neck, and head with great force and causing catastrophic and fatal injuries.

15. At all relevant times, the machine was used by the plaintiff's decedent in a manner intended by or reasonably foreseeable to the defendant, SASIB/Sig.

16. The defendant, SASIB/Sig, designed, developed, manufactured, tested, fashioned, packaged, marketed, inspected, distributed, supplied, installed, maintained, sold, supervised, delivered, to Chaves Bakery and/or modified the machine and its component parts for use at Chaves Bakery. SASIB/Sig is in the business of selling, distributing, and/or installing such products and is therefore a "product seller" under the Connecticut Product Liability Act, C.G.S. §§ 52-572m *et seq.*



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-6491 – Fax (203) 367-6493

17. At all relevant times, the defendant SASIB/Sig's actions and conduct were performed through its duly authorized agents, servants and employees, who were acting in the course and scope of their employment and/or authority and in furtherance of the defendant's business and profits.

18. At all relevant times, the defendant, SASIB/Sig, knew or should have known that the machine as designed, developed, tested, fashioned, packaged, inspected, sold, distributed, supplied, delivered, installed, maintained and/or modified, was defective in that it failed to have any interlock, sensor or safety switch to stop the product transfer trolley once the plaintiff's decedent opened the access door and/or came into contact with the product transfer trolley, causing the plaintiff's decedent to suffer the injuries described herein.

19. The defendant, SASIB/Sig, is liable and legally responsible to the plaintiff for the plaintiff's decedent's injuries, losses, damages, and death proximately caused by the malfunctioning of the machine and the severe and fatal injuries to the plaintiff's decedent by virtue of Connecticut General Statutes §§ 52-572m *et seq.* and 52-555 in one or more of the following ways:

a. The machine which plaintiff's decedent used in the course of his employment was in a defective, unsafe and unreasonably dangerous condition by virtue of a design and/or manufacturing defect and could not have been used without unreasonable risk of injury to the plaintiff's decedent, to wit, it failed to have any interlock, sensor or safety switch to stop the product transfer trolley once the plaintiff's decedent opened the access door and/or came into contact with the product transfer trolley.



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-6491 – Fax (203) 367-8493

b. At all relevant times, defendant SASIB/Sig failed and/or refused to warn or advise plaintiff's decedent and others who might use this product of the dangerous characteristics of the machine and of the safety hazards it posed.

c. Any warnings the defendant SASIB/Sig may have given were inadequate and failed to provide sufficient notice to the plaintiff's decedent and others who might have used this product of the product's dangerous characteristics and the safety hazards it posed.

d. Defendant SASIB/Sig misrepresented to the plaintiff's decedent and others who might have used this product that the product was safe to use.

e. Defendant SASIB/Sig negligently failed to comply with reasonable industry standards and governmental regulations to protect and promote the safety of or to minimize the dangers to those using the product or who would foreseeably use its equipment, including plaintiff's decedent, including but not limited to ASME/ANSI F2.1, ANSI For Bakery Equipment/Safety Requirments 250.1, and 29 CFR 1910.

f. Defendant SASIB/Sig negligently failed to fully and properly test and study the machine to learn of the hazards associated with its use prior to sale and/or distribution to Chaves.

g. Defendant SASIB/Sig negligently failed to correct the product's defects after having learned of the hazards associated with its use.

h. Defendant SASIB/Sig negligently failed to recall the machine immediately from its distributors and other users once it had knowledge of the life-threatening hazards associated with its use.

i. Defendant SASIB/Sig made express or implied warranties and representations, incorrectly and untruthfully, that its machine was safe and suitable for use and it breached those warranties.



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-8491 – Fax (203) 367-8493

20. As a consequence of the foregoing misconduct on the part of the defendant, SASIB/Sig, plaintiff's decedent suffered conscious pain and suffering and loss of life.

21. As a proximate consequence of the defective product and the acts and omissions of defendant SASIB/Sig, plaintiff, as administrator of the estate of José Guerra, sustained the following damages:

a. Destruction of José Guerra's lifetime earning capacity;
b. Destruction of José Guerra's capacity to carry on life's activities;
c. José Guerra's conscious pain and suffering before his death;
d. The loss of José Guerra's life; and
e. Postmortem expenses and funeral expenses.

**SECOND COUNT**
(Punitive damages under C.G.S. §52-240b against SASIB/Sig)

22. Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 21 and incorporates each as if fully set forth herein

23. At some time prior to April 27, 2001, by designing, manufacturing, testing, inspecting, distributing, selling, delivering, and/or installing and/or supervising the installation of a manual conveyor belt, the defendant, SASIB/Sig, knowingly and recklessly designed away any and all minimal locking or guarding mechanisms that existed to prevent access to the machinery, creating an unsafe and unguarded access door with no interlock, sensor or safety switch to stop the product transfer trolley once the plaintiff's decedent opened the access door.

24. By altering and/or modifying the machine such that it designed away any and all minimal locking or guarding mechanisms that existed to prevent access to the machinery, the defendant, SASIB/Sig, had actual notice of the dangerous and



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-8491 – Fax (203) 367-8493

defective condition of the machine that caused the death of plaintiff's decedent and of the likely and fatal consequences that would result if the dangerous and defective condition was not immediately remedied or the use of the product immediately curtailed.

25. However, motivated by a desire for unwarranted economic gain and profit, SASIB/Sig, knowingly and willfully failed to recall the machine and/or notify immediately and effectively the plaintiff's decedent, other foreseeable users, or others, such as Chaves Bakery, who were in the position to rectify the defective condition or to give notice of its safety hazards to the plaintiff's decedent and others it knew or should have known would use it.

26. SASIB/Sig knowingly and recklessly directed that the machine be altered and/or modified in such a way as to create an unsafe and unguarded access door with no interlock, sensor or safety switch to protect the plaintiff's decedent and others it knew or should have known would use it.

27. The machine was altered and/or modified under the direction and control of the defendant SASIB/Sig in such a way that it knew or should have known of the fatal and catastrophic damages that would result if the plaintiff's decedent and others entered the unguarded access door.

28. SASIB/Sig's actions constituted wanton, willful, malicious and outrageous misconduct and reckless disregard for the health, safety and well being of the plaintiff's decedent and other foreseeable product users.



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-8491 – Fax (203) 367-8493

29. The defendant, SASIB/Sig, is liable and legally responsible to the plaintiff for the plaintiff's decedent's injuries, losses, damages, and death proximately caused by the malfunctioning of the machine and the severe and fatal injuries to the plaintiff's decedent by virtue of Connecticut General Statutes §§ 52-572m *et seq.* and 52-555 in one or more of the following ways:

a. The machine which plaintiff's decedent used in the course of his employment was in a defective, unsafe and unreasonably dangerous condition by virtue of a knowing and reckless design defect and could not have been used without unreasonable risk of injury and death to the plaintiff's decedent.

b. At all relevant times, defendant SASIB/Sig knowingly and recklessly failed and/or refused to warn or advise plaintiff's decedent and others who might use this product of the dangerous and fatal characteristics of the machine and of the safety hazards it posed.

c. Any warnings the defendant SASIB/Sig may have given were inadequate and failed to provide sufficient notice to the plaintiff's decedent and others who might have used this product of the product's dangerous and fatal characteristics and the safety hazards it posed.

d. By altering and/or modifying the design without any interlocks, sensors or safety switch, the defendant SASIB/Sig knowingly and recklessly misrepresented to the plaintiff's decedent and others who might have used this product that the product was safe to use.

e. By altering and/or modifying the design without any interlocks, sensors or safety switch, the defendant SASIB/Sig knowingly and recklessly failed to comply with reasonable standards and regulations to protect and promote the safety of or to minimize the dangers, including death, to those using the product or who would foreseeably use its equipment, including plaintiff's decedent.



Bill L. Gouveia Attorney At Law
44 Lyon Terrace – Bridgeport, CT 06604
Telephone (203) 367-8491 – Fax (203) 367-8493

f. Defendant SASIB/Sig was reckless by failing to fully and properly test and study the machine, as it knowingly altered and/or modified the design without any interlocks, sensors or safety switch, to learn of the fatal hazards associated with its use prior to distribution to Chaves.

30. As a consequence, an award of punitive damages is required to uphold and vindicate the public welfare.

WHEREFORE, the plaintiff claims:

1. Compensatory damages; and
2. Such other relief as the Court determines may be just and proper

Respectfully submitted,

THE PLAINTIFF, BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSÉ GUERRA,

Bill L. GOUVEIA
Federal Bar No. CT22910
Juris No. 101388
44 Lyon Terrace
Bridgeport, CT 06604
Telephone (203) 367-8491
Fax (203) 367-8493

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA

**DEFENDANTS** Sig. Simonazzi North America as successor in interest by merger to SASIB North America, Inc. as successor in interest by merger to SASIB Bakery North America, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Fairfield County Conn. (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT COLLIN COUNTY, (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BILL L. GOUVEIA, ATTORNEY AT LAW
44 LYON TERRACE, BRIDGEPORT, CT 06604
(203) 367-8491

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

CONTRACT: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury — Med. Malpractice; ☒ 365 Personal Injury — Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence; HABEAS CORPUS: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS — Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28USC Section 1332

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 3,000,000 (Exclusive of Punitive Damages) CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______