UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : <br> : | CIVIL ACTION NO.<br>303 CV 597 DJS |
| V. | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>: | <br><br><br><br>JULY 17, 2003 |

**SIG SIMONAZZI'S NORTH AMERICA, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES IN RESPONSE TO THE PLAINTIFF'S COMPLAINT**

**FIRST COUNT**

1.  As to the allegations set forth in paragraph 1, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

2.  So much of paragraph 2 as alleges, "The defendant, Sig Simonazzi North America, Inc. ("Sig") is a Delaware business corporation doing business as Sig Simonazzi & Stewart Systems, having its principal place of business located at 808 Stewart Avenue, in Plano, Texas 75074," is admitted. So much of paragraph 2 as alleges that Sig Simonazzi North America, Inc. merged with SASIB North America, Inc., and/or SASIB Bakery North America, Inc. is denied. As to the remaining allegations set forth in paragraph 2, the defendant does not have sufficient knowledge or information

08742.0583

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

3.   So much of paragraph 3 as alleges, "… the defendant is a corporation incorporated under the laws of Delaware having its principal place of business in a state other than the State of Connecticut." is admitted.  As to the remaining allegations set forth in paragraph 3, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

4.   As to the allegations set forth in paragraph 4, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

5.   As to the allegations set forth in paragraph 5, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

6.   As to the allegations set forth in paragraph 6, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

7.   As to the allegations set forth in paragraph 7, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8.  As to the allegations set forth in paragraph 8, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

9.  As to the allegations set forth in paragraph 9, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

10. The allegations set forth in paragraph 10 are denied.

11. The allegations set forth in paragraph 11 are denied.

12. The allegations set forth in paragraph 12 are denied.

13. As to the allegations set forth in paragraph 13, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

14. As to the allegations set forth in paragraph 14, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

15. The allegations set forth in paragraph 15 are denied.

16. As to the allegations set forth in paragraph 16, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

17. As to the allegations set forth in paragraph 17, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

18. The allegations set forth in paragraph 18 are denied.

19. The allegations set forth in paragraph 19 are denied.

20. So much of paragraph 20 as alleges, "As a consequence of the foregoing misconduct on the part of the defendant," is denied. As to the remaining allegations set forth in paragraph 20, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

21. So much of paragraph 21 as alleges, "As a proximate consequence of the defective product and the acts and omissions of defendant SASSIB/Sig," is denied. As to the remaining allegations set forth in paragraph 21, the defendant does not have sufficient knowledge or information upon which to form a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

**SECOND COUNT**

1-22. The defendant hereby incorporates its responses to the paragraphs 1-21 of the First Count as its responses to paragraphs 1-21 of this, the Second Count, as if fully set forth herein. The defendant makes no response to paragraph 22 as it is misnumbered and inappropriate.

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

23. The allegations set forth in paragraph 23 are denied.

24. The allegations set forth in paragraph 24 are denied.

25. The allegations set forth in paragraph 25 are denied.

26. The allegations set forth in paragraph 26 are denied.

27. The allegations set forth in paragraph 27 are denied.

28. The allegations set forth in paragraph 28 are denied.

29. The allegations set forth in paragraph 29 are denied.

30. The allegations set forth in paragraph 30 are denied.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff was himself contributory negligent and/or comparatively responsible and his contributory negligence and/or comparative responsibility was a substantial factor in causing the accident and injuries of which he complains. The plaintiff was himself contributory negligent and/or comparatively responsible in one or more of the following ways:

    a. he failed to behave reasonably under the circumstances then and there existing;

    b. he failed to make reasonable use of his sense and faculties under the circumstances then and there existing;

    c. he failed to keep a proper look out under the circumstances then and there existing;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations, Connecticut General Statute Sec. 52-577a.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, because plaintiff's injuries were the result of conduct of independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

With regard to the plaintiff's claims of breach of express and implied warranties, those claims are barred as the plaintiff has failed to give proper, adequate, and timely notice.

### FIFTH AFFIRMATIVE DEFENSE

With regard to the plaintiff's claims for punitive damages, they are barred as unconstitutional pursuant to the United States Constitution and the Constitution of the State of Connecticut.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT,
SIG SIMONAZZI NORTH AMERICA, INC.

By _____
Christopher J. Lynch of
HALLORAN & SAGE LLP
Fed. Bar #ct 07308
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

     This is to certify that on this 17th day of July 2003, I hereby mailed a copy of the foregoing to:

Bill L. Gouveia, Esq.
44 Lyon Terrace
Bridgeport, CT  06604

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, Massachusetts 02481

 

_____
Christopher J. Lynch

444294.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105