UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : <br> : | CIVIL ACTION NO.<br>303 CV 597 MRK |
| V. | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>: | <br><br><br><br>December 12, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

### INTRODUCTION

The Defendant Sig Simonazzi North America, Inc. (hereinafter "SSNA") submits this Memorandum of Law in support of its Motion for Leave to File a Third Party Complaint. In brief, the Defendant seeks to file its Third-Party Complaint against Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A. (collectively "Indemnitors"), because these entities are, or may be, liable to SSNA for some or all of the Plaintiff's claims in this lawsuit. The Defendant's request is in accord with the Court's Scheduling Order in this case.

### FACTUAL BACKGROUND

On April 2, 2003, Plaintiff, the Administrator for the Estate of the Decedent, Jose Guerra, filed this action against SSNA for injuries resulting from an April 27, 2003



08742.0583

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

incident. In it, the Plaintiff alleges that the Decedent was fatally injured while allegedly working at the Chaves Bakery in Bridgeport, Connecticut, and has asserted a products liability claim based upon his claim that a bakery machine at the Chaves Bakery struck the Decedent and caused him fatal injuries. The administrator alleges that SSNA is responsible for a defective bakery machine and for failure to warn of such a defect, as well as for breach of implied warranties and representations.

On July 17, 2003, the Defendant SSNA filed its Answer and Affirmative Defenses. Defendant denied all allegations of liability, and expressly averred, in its Third Affirmative Defense, that plaintiff's injuries were the result of conduct by independent third parties.

Based upon its investigation, SSNA believes that Sasib Food and Sasib Italia participated, in whole or in part, in the design, manufacture, assembly and/or sale of the bakery machine involved in this case. Dry Products and Compagnie Industriali Riunite ("CIR") are believed to have assumed the liabilities of Sasib Food or Sasib Bakery as the successors in interest.

## ARGUMENT

### A.  Standard for Granting Leave to Implead a Third Party Defendant

The motivation for the impleader rule is to promote judicial economy by dispensing with the need for a defendant to launch a wholly separate action against a third party for contribution. *Gross v. Hanover Ins. Co.,* 138 F.R.D. 53, 54 (S.D.N.Y. 1991). As such, a district court has considerable discretion in deciding whether to

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

permit a third-party complaint. *Too, Inc., v. Kohl's Department Stores*, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003); citing *Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29, 31 (2d Cir. 1984); *Gross.,* 138 F.R.D. 53, 54 (S.D.N.Y. 1991). The factors to be considered in determining whether to grant leave to implead a third-party defendant are: (i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted. *Too,* 213 F.R.D. 138, 140 (internal citations omitted). " 'The court must balance the benefits derived from impleader--that is, the benefits of settling related matters in one suit--against the potential prejudice to the plaintiff and third-party defendants.' " *Gross,* 138 F.R.D. at 55 (citing *Oliner v. McBride's Industries, Inc.,* 106 F.R.D. 14, 20 (S.D.N.Y.1985).

    **B.**    **The Defendant/Third Party Plaintiff Has Satisfied The Requirements For Seeking Leave Of The Court To File The Third Party Complaint.**

The operative purpose of Rule 14(a) of the Federal Rules of Civil Procedure ("F.R.C.P."), to foster judicial economy through dispensing with the need for separate action against third parties, is easily satisfied under the facts as alleged in the Third-Party Complaint. SSNA seeks common law indemnification, indemnification and contribution under Connecticut's Product Liability Act,C.G.S. 52-572(m), *et seq,,* and successor liability against the Indemnitors. As such, this action satisfies the basic spirit of F.R.C.P. Rule 14(a), as it would eliminate the need for a separate action against

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

these third party defendants.  There is likewise no prejudice to the Plaintiff in this action by filing and serving this Complaint well within the time guidelines established by the scheduling order of the Court.

Further, upon examining the factors upon which courts determine whether leave should be granted to file such a third party complaint, SSNA has clearly shown entitlement.  SSNA's request is in accord with the court's scheduling order in this case – which required filing of such motions by December 15, 2003 – and, as such, will not unduly complicate or prolong these proceedings, especially since this proceeding still remains in its early stages.[1]  Additionally, the service of the third-party complaint at this time would not unduly prejudice the Third-Party Defendants; indeed, their interests would be facilitated by permitting their entry into this action, rather than facing a separate cause of action in the future.  There can be no claim that SSNA deliberately delayed or is derelict in bringing this third party complaint at this time.

The third-party complaint, as proposed, seeks relief against the Third-Party Defendants based upon theories of common law indemnification, contribution and indemnification under C.G.S. §52-572(m), *et seq.,* and successor liability.  As SSNA has pleaded adequate facts reflecting that if there is any culpability in this matter, these

---

[1] At present, defendant has objected and responded to plaintiff's interrogatories, offered a proposed protective order, and also offered to make available documents responsive to plaintiff's document requests (subject to the objections it has lodged).  Plaintiff has produced documents pursuant to initial disclosure, but has not responded to the defendant's interrogatories or provided a response to the document requests.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

entities bear responsibility for the design, manufacture and sale of this product, such allegations would clearly entitle it to relief from the Indemnitors.

## **CONCLUSION**

As the Defendant/Third Party Plaintiff has demonstrated, no prejudice would result to either the Plaintiff or to the Indemnitors as a result of this complaint. Further, the Defendant has shown its entitlement to such relief under the factors enunciated by the courts. Therefore, the Defendant respectfully requests that the Court grant its Motion for Leave to file the Third Party Complaint.

    DEFENDANT/THIRD PARTY PLAINTIFF
    SIG SIMONAZZI NORTH AMERICA, INC.

By_/s/_____
    Joseph G. Fortner, Jr.
    Patrick M. Birney of
    HALLORAN & SAGE LLP
    Fed. Bar #ct 04602
    Fed. Bar #ct 19875
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 12th day of December, 2003, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

                                                         Joseph G. Fortner, Jr.

494269.1(HSFP)

- 6 –

One Goodwin Square　　　　HALLORAN　　　　Phone (860) 522-6103
225 Asylum Street　　　　　& SAGE LLP　　　　Fax (860) 548-0006
Hartford, CT 06103　　　　　　　　　　　　　　Juris No. 26105