UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : | CIVIL ACTION NO.<br>303 CV 597 MRK |
| V. | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>: | February 9, 2004 |

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in the interests of justice, and for good cause shown, it is hereby ORDERED that this Protective Order shall govern all discovery, including any document production, interrogatory responses, depositions, and other discovery proceedings, and any hearings or trial during the course of this matter.

1. During the course of discovery, including but not limited to document production, responses to interrogatories, depositions, or other proceedings, any party may designate as "Confidential" any documents, testimony, or discovery material which contain any trade secret, proprietary, confidential research, commercially sensitive, financial sensitive, or other confidential information. "Confidential" material, as used in this Order, shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained in such materials. No designation shall be made unless counsel of record believes in good faith that the designated material is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2. In the case of documents and information being produced in response to Interrogatories, Requests for Production of Documents, or document requests attached to notices of deposition or subpoenas, designation of "Confidential Materials" shall be made by the Producing Party by affixing, prior to production of such materials, the word "CONFIDENTIAL" or its equivalent on each page which is considered by the respondent to contain Confidential Material.

3. In the event that testimony by any deponent contains or relies, in whole or in part, upon any materials deemed to be Confidential, the Producing Party or the deponent may designate as "Confidential" any testimony or other discovery material which the Producing Party or deponent in good faith believes contains Confidential information. Testimony given at a hearing or deposition may be so designated by an appropriate statement at the time of the giving of such testimony, and any documents produced for the first time at such deposition or hearing which are considered by any party or the deponent to be "Confidential" shall be designated as Confidential either before or at the time of their production. In the event such designation is made, all persons other than counsel of record and those described in section 4 below shall leave the place of deposition or the hearing, and any testimony designated "Confidential" shall be transcribed in a separate transcript bearing the legend "Confidential."

4. Discovery materials designated "Confidential" shall be maintained in strict confidence, and may be used strictly for the purpose of and during this litigation. They may not be disclosed or disseminated to any party, person, business entity, agency, or governmental body except as follows:

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

a.  To the individual attorneys of record and to attorneys, paralegals, secretaries and other employees within those attorney's firms who are actively participating in the prosecution or defense of this action;

b.  To parties, employees, officers and directors of the parties who have a need to review the materials in connection with this litigation;

c.  To representatives of any insurance companies or third party administrators for any insurance company who are involved in any aspect of this matter;

d.  To the United States District Court for the District of Connecticut (including any trier of fact in this case), which shall exercise due care to ensure that such materials remain confidential;

e.  To independent experts and consultants of the parties and other persons employed or engaged by counsel and their employees, as counsel in good faith require to provide assistance in the conduct of this action, provided such expert or person signs in advance an Undertaking in the form attached as exhibit A;

f.  To court reporters and others who take or transcribe testimony given during depositions in this matter, provided that such persons have signed an Undertaking in the form of Exhibit B hereto; and

g.  To any fact witness or any other person who a party in good faith determines is or may be a potential fact witness at deposition or trial, and the witness' counsel, provided that either the witness or other person has lawfully previously had access to such materials or information, or else the party providing such fact witness or other person access to materials or information designated as "Confidential" shall first provide such fact witness with a copy of this

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Order and such fact witness or other person shall have signed an Undertaking in the form of Exhibit B hereto.

5. All persons to whom Confidential Materials or information is made available pursuant to the preceding paragraph shall treat it as "confidential," shall not permit its disclosure except as allowed by this Order, and shall use the materials and information solely for the purpose of the prosecution or defense of this action, and for no other purpose, including any business, commercial, professional, educational, personal or other purpose whatsoever.

6. With the exception of experts or others retained for the purpose of litigation who are not expected to testify, at such time as any person within category 4(e) is disclosed as an expert pursuant to F.R.C.P. Rule 26(a)(2), a copy of the undertaking executed by such person shall be provided to the other party. This obligation shall continue throughout the pendency of this litigation. In addition, counsel for any party disclosing CONFIDENTIAL material to a person within category 4(e) who is not disclosed as an expert shall retain a copy of the Undertaking executed by such person, and the court, but only upon good cause shown, may order such party to produce copies of such Undertakings to the adverse party.

7. In the event that any Confidential Material is to be used during deposition or trial, or forms any or all of any portion of the testimony or opinions of any witness, such Material shall be used only under seal and in confidence. Any of such Material which is filed in court shall be filed under seal, and should any testimony or written opinions rely upon such Material, such testimony or opinions shall be given or disclosed only under seal.

8. All discovery material, whether designated "Confidential" or not so designated, shall be used solely for the prosecution or defense of the claims and counterclaims in this case,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and shall not be used for any business, commercial, competitive, personal or other purpose, unless production of such material is required by subpoena or court order. In the event that any person or party receives a discovery request or Subpoena requiring the production of such "Confidential" material, that person or party shall immediately transmit a copy of such request or Subpoena to the designating party in order that the designating party may, if he or it deems it appropriate, challenge such request or Subpoena.

9. Nothing in this Order shall be taken as indicating or conceding that any discovery materials are in fact "Confidential" or entitled to confidential treatment. Any party who disagrees with the designation of any documents, testimony or other material as "Confidential" shall, prior to the trial or final resolution of this case, seek an order from the Court determining that specified discovery material or categories of discovery materials are not entitled to be treated as "Confidential." Except as provided herein, absent such motion, all parties shall be precluded from challenging any designation of "Confidential." Pending the filing or application of such motion, those materials or testimony which are designated as "Confidential" shall be treated as Confidential Material.

10. No "Confidential" Material shall be filed in the public record of this or any other action or proceeding. All Material so designated in accordance with the terms of this Order which is filed with the Court, and any pleadings, motions, affidavits, or other papers filed with the Court disclosing any such Material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. To facilitate compliance, material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

on its front face. In addition, the envelope shall bear the caption of the case, and shall state thereon that it is filed under the terms of this Order.

11. Within sixty (60) days after the termination of this action, including any appeals from any judgment herein, all Confidential Materials and all copies thereof shall be destroyed (and counsel shall provide a written certification of such destruction to the producing party) or returned to counsel for the party who initially produced such documents.

12. The restrictions set forth in this Order shall not apply to information or materials that:

    a.    was, is or becomes public knowledge, not in violation of this Order;

    b.    is acquired by the non-designating party from a third party which has the lawful right to have possession of and disclose such information or material; or

    c.    was lawfully possessed by the non-designating party prior to entry by the Court of this Order.

This Order is entered the 6th day of February, 2004.

THE PLAINTIFF

_/s/_____
Richard Sullivan
Federal Bar No.
SULLIVAN & SULLIVAN LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

THE DEFENDANT

_/s/_____
Joseph G. Fortner, Jr.
Federal Bar No. ct04602
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103

SO ORDERED:

_____

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105