UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : | CIVIL ACTION NO.<br>303 CV 597 MRK |
| | : | |
| V. | | |
| | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC.<br>_____ | :<br>:<br>:<br>:<br>: | |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br>     THIRD-PARTY PLAINTIFF | : | |
| | : | |
| V. | | |
| | : | |
| SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE,<br>     THIRD-PARTY DEFENDANTS | :<br>:<br>:<br>: | FEBRUARY 9, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF CONSENTED-TO MOTION
FOR ORDER ALLOWING ADDITIONAL METHOD OF SERVICE
<u>OF PROCESS ON THIRD-PARTY DEFENDANTS</u>**

**I.   INTRODUCTION**

Pursuant to Rules 4(h)(2) and 4(f)(3) of the Federal Rules of Civil Procedure ("F.R.C.P.") and Article 10(a) of The Hague Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters (the "Hague

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Convention"), Sig Simonazzi North America, Inc. (the "Third-Party Plaintiff"), moves the Court for an order authorizing the Third-Party Plaintiff to serve the summons and Third-Party Complaint on defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products, S.p.A. and Compagnie Industriali Riunite (the "Third-Party Defendants") in accordance with section 33-929 of the Connecticut General Statutes ("C.G.S."), Connecticut's Long-Arm Statute (the "Long-Arm Statute").

Service of the Third-Party Complaint on the Third-Party Defendants pursuant to the Long-Arm Statute is permitted under F.R.C.P. Rule (4)(f)(3), which grants the court a wide degree of flexibility and discretion in dealing with questions of alternative methods for service of process in foreign countries. Likewise, Article 10(a) of the Hague Convention does not prevent the use of the Long-Arm Statute to effectuate service of process on the Third-Party Defendants inasmuch as Italy, a party to the Hague Convention, has not objected to Article 10(a) of the Hague Convention, which allows for service of process via "postal channels." Service of process via the Long-Arm Statute is also proper in this instance as it will provide an effective date of service of the Third-Party Complaint on the Third-Party Defendants, within the period required by C.G.S. § 52-577a(b).

The Plaintiff has consented to the relief sought herein.

## II. **FACTS**

On April 2, 2003, the plaintiff, Bill L. Gouveia, as Administrator of the Estate of Jose Guerra (the "Plaintiff"), filed this action against the Third-Party Plaintiff for fatal

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

injuries resulting from an April 27, 2001, incident. Plaintiff alleges that Jose Guerra (the "Decedent") was fatally injured while allegedly working at the Chaves Bakery in Bridgeport, Connecticut, when a bakery machine struck the Decedent. He has asserted a products liability claim under C.G.S. § 52-572n of the Connecticut General Statutes. The Plaintiff alleges that the Third-Party Plaintiff is responsible for the defective bakery machine and for failure to warn of such a defect, as well as for breach of implied warranties and representations.

On July 17, 2003, the Third-Party Plaintiff filed its Answer and Affirmative Defenses. The Third-Party Plaintiff denied all allegations of liability, and expressly averred, in its Third Affirmative Defense, that the Decedent's injuries were the result of the conduct of independent third parties.

Based upon its investigation, the Third-Party Plaintiff believes that four Italian corporations share whatever responsibility may exist in this matter. It believes that Sasib Food Machinery MV, S.p.A., and Sasib Bakery Italia, S.p.A., participated in whole or in part, in the design, manufacture, assembly, and/or sale of the bakery machine involved in this case. Likewise, the Third-Party Plaintiff believes that Dry Products, S.p.A. and Compagnie Industriali Riunite have assumed the liabilities of Sasib Food Machinery MV, S.p.A., and Sasib Bakery Italia, S.p.A. Based upon this, on December 12, 2003, the Third-Party Plaintiff sought leave to file its Third-Party Complaint against the Third-Party Defendants, relying, in part, on C.G.S. § 52-577a. This Motion was

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

granted on January 8, 2004, and on January 22, 2004, the Third-Party Plaintiff filed the Third-Party Complaint and the court issued Summonses.

The Third-Party Plaintiff is currently effectuating service pursuant to Article 5 of the Hague Convention, which method is authorized pursuant to F.R.C.P. Rules 4(h)(2) and 4(f)(1).[1]  This process, unfortunately, is time consuming, as it requires translation of all served documents into Italian, and then service in Italy upon each of the Third-Party Defendants.

In addition to this method of service, the Third-Party Plaintiff also seeks an order authorizing it to serve the Third-Party Defendants in accordance with Connecticut's Long-Arm Statute, C.G.S. § 33-929.  The Long-Arm Statute provides for service of process by registered or certified mail, return receipt requested on foreign corporations, including corporations organized under the laws of jurisdictions outside of the United States, and provides for the effective date of service of process.  It thereby expedites commencement of the action.[2]

Inasmuch as the Third-Party Defendants are subject to service under the Long-Arm Statute, and because service under the Long-Arm Statute is authorized and allowed under F.R.C.P. Rules 4(h)(2), 4(f)(2)(C), and 4(f)(3), and Article 10(a) of the

---

[1]  Third-Party Plaintiff is also effectuating service pursuant to Article 10(a) of the Hague Convention, which method is authorized pursuant to F.R.C.P. Rules 4(h)(2) and 4(f)(2)(C).

[2]  Pursuant to C.G.S. § 52-577a, the Third-Party Plaintiff must effectuate service on the Third-Party Defendants within one (1) year of the date on which the underlying complaint was filed.  See C.G.S. § 52-577a(b).  The Plaintiff filed the Complaint on or about April 2, 2003, thus necessitating service on or before April 2, 2004.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Hague Convention, the Third-Party Plaintiff requests an order of the Court authorizing service pursuant to the Long-Arm Statute.

## III.   ARGUMENT

### A.   LEGAL STANDARD.

F.R.C.P. Rule 4(h)(2) authorizes service on Third-Party Defendants in any manner prescribed for individuals by Rule 4(f), except personal delivery.  F.R.C.P. Rule 4(f)(1) allows for service by any internationally agreed means reasonably calculated to give notice, such as those means provided by the Hague Convention.  F.R.C.P. Rule 4(f)(2) allows for other means of service so long as the applicable international agreement allows for those means and that the service is reasonably calculated to give notice.  F.R.C.P. Rule 4(f)(3) allows for other means of service not prohibited by international agreement as may be directed by the Court.

F.R.C.P. Rule 4(f)(3), and its predecessor Rule 4(i)(1)(E), were adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods for service of process in foreign countries.  *See In re International Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000).  F.R.C.P. Rule 4(f)(3) is a "residual method adopted for the express purpose of adding flexibility by permitting the court by order to tailor the manner of service to fit the necessities of a particular case."  *See id.* (citing Rule 4 Advisory Committee Note (1963 Amendment)).  Thus, so long as the particular method of service adopted is not contrary to international agreement, Rule (4)(f)(3) provides the Court with a wide degree of flexibility and

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discretion to order service to fit the facts and circumstances of a particular case. *See In re International Telemedia Assoc., Inc.,* 245 B.R. at 719.

>   **B.    ARTICLE 10(A) OF THE HAGUE CONVENTION AUTHORIZES THE USE OF "POSTAL CHANNELS" TO EFFECTUATE SERVICE ON THE THIRD-PARTY DEFENDANTS.**

The Hague Convention applies when the internal law of the forum country requires the transmittal of documents abroad as a necessary part of the service. *See R. Griggs Group, Ltd., v. Filanto S.p.A.,* 920 F.Supp. 1100, 1102 (D. Nev. 1996). The Hague Convention provisions are mandatory; failure to comply voids the attempted service. *See id.* Italy and the United States are parties to the Hague Convention. *See General Electro Music Corp. v. Samick Music Corp.,* No. CV-N-95-00379, 1991 WL 169354, *1, n. 1 (N.D. Ill. August 27, 1991) (copy attached as Exhibit A). Because of this, service of process on the Third-Party Defendants -- all of which are Italian corporations -- is governed by the Hague Convention. *Id.*

The heart of the Hague Convention is a requirement that each signatory state both establish a Central Authority for receiving requests for service from litigants in signatory states and execute such foreign service requests. *See Griggs*, 920 F.Supp. at 1103 (citing B. Ristau, *International Judicial Assistance (Civil And Commercial)*, 1990 Revision, Vol. 1, § 4-3-1). However, use of the Central Authority for service is not the exclusive method of service; Article 10(a) of the Hague Convention provides for the freedom to send judicial documents by postal channels directly to persons abroad, provided the State of destination does not object. *See id.*

- 6 –



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Clear precedent in this Circuit holds that the Hague Convention's use of the word "send" in Article 10(a) authorizes the use of "postal channels" to effectuate service on an international litigant.  *See Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986). Moreover, Italy has not objected to service by mail pursuant to Article 10(a) of the Hague Convention on a corporation domiciled in Italy.  *See Griggs*, 920 F.Supp. at 1103, 1107 – 1108; *see also Robbins v. Max Mara. USA, Inc.*, 923 F.Supp. 460, 469 (S.D.N.Y. 1996) (holding that service of summons and complaint by mail to Italian corporation comports with F.R.C.P. Rule 4(h)(2) (which refers to 4(f)(1)), and Article 10(a) of the Hague Convention); *G. A. Modefine, S.A. v. Burlington Coat Factory Warehouse Corp.,* 164 F.R.D. 24, 25 (S.D.N.Y. 1995)(same).

Accordingly, F.R.C.P. Rules 4(h)(2) and (4)(f)(2)(C), and Article 10(a) of the Hague Convention, authorize the use of "postal channels" to effectuate service on the Third-Party Defendants.

### C. F.R.C.P. RULES 4(H)(2), 4(F)(2)(C) and 4(F)(3), AND ARTICLE 10(A) OF THE HAGUE CONVENTION, PERMIT A COURT ORDER FASHIONING SERVICE OF PROCESS THROUGH "POSTAL CHANNELS" PURSUANT TO THE LONG-ARM STATUTE.

The Long-Arm Statute provides in relevant part, that every foreign corporation, which transacts business in Connecticut in violation of C.G.S. § 22-920, as amended by section 29, shall be subject to suit in Connecticut upon any cause of action arising out of such business.  *See* C.G.S. § 33-329(e).  Likewise, every foreign corporation shall be subject to suit in Connecticut, by a resident of this state or by a person having a usual

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising... (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortuous conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance. *See* C.G.S. § 33-329(f).

The Long-Arm Statute provides that service of process for any action brought under C.G.S. §§ 33-329(e) or (f) may be served by any proper officer or other person lawfully empowered to make served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office or, if it has no such office, or the address of such office is not known, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process. *See* C.G.S. §§ 33-329(b) and (g).

Pursuant to C.G.S. § 33-329(d), service is effective at the earliest of (1) the date the foreign corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the foreign corporation, and (3) five days after its deposit in the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed.  See § 33-329(d).

Here, the Third-Party Plaintiff has alleged that the Third-Party Defendants designed, manufactured, assembled, marketed, distributed, and sold the type of bakery machine involved in this case, including the bakery machine that was involved in this case.  See Third-Party Complaint.  Likewise, the Third-Party Plaintiff has alleged that the Third-Party Defendants designed, manufactured, assembled, marketed, distributed, and sold the type of bakery machine involved in this case, including the bakery machine that was involved in this case, with the reasonable expectation that such bakery equipment, including the bakery machine that was involved in this case, would be used in the State of Connecticut.  See id.  The Third-Party Plaintiff has further alleged that if the allegations contained in the Plaintiff's Complaint are true, which the Third-Party Plaintiff expressly denies, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of the Third-Party Defendants.  See id., inter alia.  As such, based on the sum of the allegations contained in the Third-Party Complaint, the Third-Party Defendants are subject to suit and service of process pursuant to the Long-Arm Statute.

Inasmuch as the F.R.C.P. Rules 4(h)(2), 4(f)(2)(c) and 4(f)(3), and Article 10(a) of the Hague Convention, permit a court order fashioning service of process through "postal channels," and the Long-Arm Statute provides for a method of service through "postal channels" (as well as a mechanism to identify the effective date of service on the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Third-Party Defendants), the Third-Party Plaintiff seeks a Court Order authorizing service of the Third-Party Complaint and Summonses on the Third-Party Defendants pursuant to the Long-Arm Statute.

### D. SERVICE OF PROCESS PURSUANT TO THE LONG-ARM STATUTE ESTABLISHES AN EFFECTIVE DATE OF SERVICE UPON THE THIRD-PARTY DEFENDANTS.

Pursuant to section C.G.S. § 52-577a(b), the Third-Party Plaintiff must effectuate service of the Third-Party Complaint on the Third-Party Defendants within one (1) year of the date on which the underlying complaint was filed. *See* Conn. Gen. Stat. § 52-577a(b). As discussed, *supra*, the Plaintiff filed the underlying Complaint on April 2, 2003. While Third-Party Plaintiff moved well-within the one-year period for leave to implead the Third-Party Defendants, compliance with the requirements of Articles 5 of the Hague Convention is time-consuming. As a result, not only is service likely to be near to the one-year anniversary of the filing of the complaint, but because it is likely that the Third-Party Defendants will wish to participate in any substantial discovery, this will also likely slow the prosecution of this case while service is effectuated.

Service under the Long-Arm Statute would avoid many of these problems. Under section (d) of the Long-Arm Statute, service of the Third-Party Complaint will be effective at the earliest of: (1) the date the Third-Party Defendants receive the mail; (2) the date shown on the return receipt, if signed on behalf of the Third-Party Defendants; and (3) five days after its deposit in the United States mail, as evidenced by the

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

postmark, if mailed postage prepaid and correctly addressed.  *See* Conn. Gen. Stat. § 33-929(d).

Conversely, service of process of the Third-Party Complaint on the Third-Party Defendants under Article 5 of the Hague Convention is not effectuated until the Italian Central Authority serves the Summonses and Third-Party Complaint on the Third-Party Defendants.  Because the Third-Party Plaintiff does not have control over the timing of the Italian Central Authority's service of the Summons and Third-Party Complaint on the Third-Party Defendants, Article 5 of the Hague Convention cannot insure that the Third-Party Complaint will be served in accordance with section 52-577a(b) of the Connecticut General Statutes.   The Long-Arm Statute, however, will enable the Third-Party Plaintiff to make service on the Third-Party Defendants in accordance with C.G.S. § 52-577a(b), thereby allowing for service (and continued prosecution of this action) far more quickly. Accordingly, the Third-Party Plaintiff seeks authority to serve the Third-Party Complaint on the Third-Party Defendants pursuant to the Long-Arm Statute.

### IV.   CONCLUSION

For the foregoing reasons, Third-Party Plaintiff, Sig Simonazzi North America, Inc., moves the Court for an order authorizing it to serve the summons and Third-Party Complaint on Third-Party Defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products, S.p.A. and Compagnie Industriali Riunite in accordance with C.G.S. § 33-929.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE THIRD-PARTY PLAINTIFF,
SIG SIMONAZZI NORTH AMERICA, INC.


By_____/S/_____
    Joseph G. Fortner, Jr.
    Fed. Bar #ct 04602
    Patrick M. Birney of
    Fed. Bar #ct 19875
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

## CERTIFICATION

This is to certify that on this 9th day of February 2004, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

_____/S/_____
Patrick M. Birney

512754.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105