1991 WL 169354                                                                                              Page 1
(Cite as: 1991 WL 169354 (N.D.Ill.))

H
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

GENERAL ELECTRO MUSIC CORPORATION, Plaintiff,
v.
SAMICK MUSIC CORPORATION, Defendant.
SAMICK MUSIC CORPORATION, Counterclaimant,
v.
GENERAL MUSIC S.P.A. and General Electro Music Corporation, Counterdefendants.

No. 90 C 5590.

Aug. 27, 1991.

MEMORANDUM OPINION AND ORDER

HART, District Judge.

## I. INTRODUCTION

*1 Counterdefendant, General Music, S.P.A. ("General Music"), is an Italian corporation. On March 26, 1991, defendant/counterclaimant, Samick Music Corporation ("Samick"), served a summons and complaint upon General Music by registered letter addressed to General Music at its regular place of business in Italy. General Music now moves to quash the summons as violative of its rights under the Hague Convention. [FN1] Samick has responded with a motion for sanctions and costs against General Music.

## II. MOTION TO QUASH

General Music argues that service pursuant to Fed.R.Civ.P. 4(i)(1)(D), [FN2] which allows service by mail in a foreign country, is prohibited by the Hague Convention. The Hague Convention sets forth several methods of service, none of which include service by mail. [FN3] Samick responds that Article 10(a) of the Hague Convention provides that litigants may "send judicial documents, by postal channels, directly to persons abroad." Federal courts of appeal differ on whether the word "send" includes service of process. *See Bankston v. Toyota Motor Corp.,* 889 F.2d 172 (8th Cir.1989) (Article 10(a) does *not* permit service of process by mail); *cf. Ackermann v. Levine,* 788 F.2d 830 (2d Cir.1986) (word "send" in Article 10(a) was intended to mean "service"). Because the Seventh Circuit has not ruled on the question, it must be decided which circuit to follow. [FN4] For the reasons set forth below, we follow the Eighth Circuit's decision in *Bankston* and hold that the word "send" in Article 10(a) does not refer to service of process.

The word "service" appears in other sections of the Hague Convention, where methods of service of process are expressly set forth. *See supra* note 3. The word "send" in Article 10(a) provides only that *subsequent* documents may be sent by mail; it does not provide for service by mail. Had the drafters of the Hague Convention meant to provide service by mail in Article 10(a), they would have used the word "service." *Bankston,* 889 F.2d at 173-74. Because the word "service" is specifically used throughout the Hague Convention, it is presumed that the drafters intentionally omitted the word "service" from Article 10(a). [FN5] *Id.* at 174; *cf. Ackermann,* 788 F.2d at 839 (use of word "send" in Article 10(a) attributed to careless drafting). Therefore, General Music's motion to quash the summons is granted, and Samick must proceed according to the mandates of the Hague Convention. [FN6]

## III. MOTION FOR SANCTION

Samick vigorously argues that *Winder Licensing, Inc. v. King Instrument Corp.,* 131 F.R.D. 538 (N.D.Ill.1990) is controlling in this case, and requests sanctions against General Music for not citing *Winder.* A careful reading of *Winder* reveals that its references to service by mail under Rule 4(i)(1)(D) is dicta and not the holding of the case. Further, the court in *Winder* was not presented with the issue of the conflict between the Hague Convention and service by mail under Rule 4(i)(1)(D). The Italian manufacturer in *Winder* did not raise the issue. Therefore, *Winder* is not controlling, and Samick's motion for sanctions and costs is denied.

*2 IT IS THEREFORE ORDERED that:

(1) Counterdefendant General Music S.P.A.'s

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1991 WL 169354                                                                                         Page 2
(Cite as: 1991 WL 169354 (N.D.Ill.))

motion to quash service of process by registered mail is granted.

(2) Defendant/counterclaimant Samick Music Corporation is granted a reasonable amount of time from the date of this order in which to effectuate service of process over General Music S.P.A. in compliance with the terms of the Hague Convention.

(3) Defendant/counterclaimant Samick's motion for sanctions and costs is denied.

FN1. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163, *reprinted at* 28 U.S.C.A.Fed.R.Civ.P. 4 at 142- 57 (West Supp.1991) (hereinafter *Hague Convention*). Both the United States and Italy are signatories to the Hague Convention.

FN2. Rule 4(i)(1)(D) reads:
(i) Alternative Provisions for Service in a Foreign Country.
(1) Manner. When the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: ...
(D) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; ....

FN3. The Hague Convention allows service of process (1) through a Central Authority designated by each party nation; (2) through the sending nation's diplomatic or consular agents; (3) through judicial officers, or other competent persons, of the state of destination; (4) pursuant to any other agreement between the nations involved; and (5) pursuant to the internal law of the receiving state. *Hague Convention, supra* note 1, at 139-141; *see also* Note, *Mailing Service to Japan:*  *Does Article 10(a) of the Hague Convention Authorize a Separate Method?*, 69 Wash.U.L.Q. 635 (1991) (hereinafter *Mailing Service*).

FN4. A district court should follow the decisions of other circuits, where the Seventh Circuit has not ruled. *Richards v. Local 134, Int'l Brotherhood of Electrical Workers,* 790 F.2d 633, 636 (7th Cir.1986).

FN5. In *Mailing Service, supra* note 3, the author points out that English and French are the official languages of the Hague Convention. In the parallel French text, a different word also is used for "send" than is used for "service."

FN6. Although General Music's motion is granted, it is noted that General Music is aware of the suit pending in this district. Samick will be given a reasonable time from the date of this order to effectuate service upon General Music according to the letter of the Hague Convention.

1991 WL 169354, 1991 WL 169354 (N.D.Ill.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works