UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA, as Administrator of the Estate of Jose Guerra | : | |
| | : | |
| Plaintiff | : | NO.   3:03cv597 (MRK) |
| | : | |
| v. | : | |
| | : | |
| SIG SIMONAZZI NORTH AMERICA, INC. as successor in interest by merger to Sasib North America, Inc. | : | |
| | : | |
| Defendant | : | |

**ORDER**

The Court having conferred telephonically with the parties on February 12, 2004 in the above-captioned matter, the following is hereby ordered:

1)  The Parties' Stipulated Protective Order [doc. #26] is **GRANTED** except with regard to Court filings. If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 579-99 (1978); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994).

    In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Id.* at 27 (citation omitted). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review. A blanket sealing order would rarely, if ever, be appropriate. Until either party demonstrates the existence of an extraordinary circumstance or compelling need to seal from public view any specific document filed in this case, this Court will not depart from its governing presumption of open access.

2)  Fact discovery shall close by **May 31, 2004**, and all discovery, both fact and expert, will close on **September 15, 2004**.

3)  Plaintiff's expert report shall be served by **June 15, 2004**; depositions of plaintiff's expert shall be completed by **July 15, 2004**. Defendants' expert report shall be served by **August 15, 2004**; depositions of defendants' experts shall be completed by **September 15, 2004**.

4)  Dispositive motions, if any, shall be filed by **October 15, 2004**.

5)  If no dispositive motions are filed, the parties' Joint Trial Memorandum is due on **October 29, 2004**. If dispositive motions are filed, parties shall submit their Joint Trial Memorandum thirty (3) days after the Court's ruling on the dispositive motions. The case shall be deemed trial ready upon the filing of the Joint Trial Memorandum.

6)  Defendant Sig Simonazzi North American, Inc.'s ('Third Party") shall have until **February 20, 2004** to file a supplement to its Motion For Order Allowing Additional Method Of Process On Third-Party Defendants [doc. #27] addressing the potential jurisdictional issues raised by the Third Party's request to rely on Fed. R. Civ. P. 4(f)(3) in attempting to serve Sasib Food Machinery MV, S.p.A, Sasib Bakery Italia, S.p.A. Dry Products, S.p.A. and Compagnie Industriali Riunite pursuant to Conn. Gen. Stat. § 33-929.

7)  A telephonic status conference is scheduled for **June 15, 2004 at 4:45 P.M.** Plaintiff's counsel shall initiate the conference call.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: February 13, 2004.