UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : <br> : | CIVIL ACTION NO.<br>303 CV 597 MRK |
| V. | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC.<br>_____ | :<br>:<br>:<br>:<br>:<br>: | |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br>    THIRD-PARTY PLAINTIFF | : <br> : | |
| V. | : | |
| SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE,<br>    THIRD-PARTY DEFENDANTS<br>_____ | :<br>:<br>:<br>: | FEBRUARY 20, 2004 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CONSENTED-TO
MOTION FOR ORDER ALLOWING ADDITIONAL METHOD OF SERVICE
OF PROCESS ON THIRD-PARTY DEFENDANTS**

Pursuant to the Court's Order of February 12, 2004, Sig Simonazzi North America, Inc. (the "Third-Party Plaintiff"), respectfully submits this Supplemental Memorandum Of Law In Support of Consented-To Motion for Order Allowing Additional Method of Service of Process On Third-Party Defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**I.    THIRD-PARTY PLAINTIFF HAS REASONABLY ATTEMPTED TO EFFECTUATE SERVICE ON THE THIRD-PARTY DEFENDANTS VIA ARTICLES 5 AND 10(A) OF THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS ("HAGUE CONVENTION") AND F.R.C.P. RULE 4(f)(2)(C)(ii)**

"By all indications court-directed service under F.R.C.P. Rule 4(f)(3) is as favored as service under F.R.C.P. Rule 4(f)(1) or Rule 4(f)(2)…it stands independently, on equal footing." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "F.R.C.P. Rule 4(f)(3) is an independent basis for service of process and is neither 'extraordinary relief' nor a 'last resort' to be used only when parties are unable to effectuate service under subjections (f)(1) or (f)(2)." *Rio Properties*, 284 F.3d at 1014. A court order under F.R.C.P. 4(f)(3) is appropriate if the Third-Party Plaintiff can show that it has reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary, for example, to obviate the need to undertake methods of service that are unduly burdensome or that are untried but futile. *See Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933 (W.D.N.Y. May 31, 2002) (copy attached as Exhibit A).

Third-Party Plaintiff has reasonably attempted to effectuate service upon the Third-Party Defendants pursuant to Article 5 and 10(a) of the Hague Convention, and F.R.C.P. Rule 4(f)(2)(C)(ii). Specifically, Third-Party Plaintiff retained the services of APS International, Ltd., to translate the Third-Party Complaint from English into Italian and serve the Summons, Third-Party Complaint, and the translation of each, on the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Italian Central Authority, as is required pursuant to Article 5 of the Hague Convention. With the exception of third-party defendant, Dry Products, S.p.A., APS International, Ltd., has dispatched the documents to the Italian Central Authority.[1]  As of February 19, 2004, Third-Party Plaintiff has not received notice that the Italian Central Authority has served the Third-Party Defendants with the Summons, Third-Party Complaint, or the translated documents.

The Third-Party Plaintiff has also effectuated service on Third-Party Defendants in accordance with Article 10(a) of the Hague Convention and F.R.C.P. Rule 4(f)(2)(C)(ii) by causing the Clerk of the United States District Court for the District of Connecticut to serve the Summons, Third-Party Complaint, and translations of same, on Third-Party Defendants via international return receipt mail.

Notwithstanding the utilization of these two methods of service, however, Third-Party Plaintiff cannot immediately and conclusively establish the date Third-Party Defendants will be served with the Third-Party Complaint.  Article 5 of the Hague Convention provides that once service has been effectuated by the Central Authority, the Central Authority completes a certificate which "states that the document has been served and shall include the method, place and the date of service and the person to whom the document was delivered." *Baker v. Kingsley*, 294 F.Supp.2d 970, 980 (N.D. Ill. 2003).  Thus, there will be no basis to determine the actual date that service is made

---

[1]  APS will be dispatching the Dry Products, S.p.A. documents to the Italian Central Authority on or about February 20, 2004.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

on the Third-Party Defendants until such time as the Central Authority completes service and returns the certificate.  Likewise, F.R.C.P. Rules 4(f)(2)(C)(ii) and 4(l) reflect that the effective date of service by the clerk is the date that appears on the signed return receipt card.  *See e.g. Macri v. Yamauchi*, No. 01C50168, 2002 WL 390223, *3 (N.D. Ill., March 11, 2002) (copy attached as Exhibit B) ("This court notes that the return receipt filed by Plaintiff does not appear to have been signed by Defendant Tannenbaum.  Therefore, Plaintiff has failed to demonstrate that he has obtained service on Defendant Tannenbaum.").  Not unlike service pursuant to Article 5 of the Hague Convention, then, there is no way to conclusively establish the date on which Third-Party Defendants were served with process under Article 10(a) of the Hague Convention and F.R.C.P. Rule 4(f)(2)(C)(ii) until such time as the clerk receives the signed international return receipt card.   As a result, Third-Party Plaintiff is left subject to the vagaries of entities and events outside of its control, a matter of some concern given the time limitations of CONN. GEN. STAT. § 52a-577.

   While Third-Party Plaintiff does not believe that service under Articles 5 and 10(a) of the Hague Convention and under F.R.C.P Rule 4(f)(2)(C)(ii) are unduly burdensome or futile, *see Brunswick*, 2002 WL 1628933, *2, it seeks such an order under F.R.C.P. Rule 4(f)(3) so that the effective date of service on Third-Party Defendants can be conclusively identified by way of the Long-Arm Statute.  The Long-Arm Statute identifies, conclusively, a date certain upon which the service is made upon the Third-Party Defendants:  under section (d), service will be effective at the earliest of:

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(1) the date the Third-Party Defendants receive the mail; (2) the date shown on the return receipt, if signed on behalf of the Third-Party Defendants; and (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed.  *See* CONN. GEN. STAT. § 33-929(d).

Inasmuch as Third-Party Plaintiff must serve the Third-Party Defendants within one year of the date the underlying complaint was filed, *see* CONN. GEN. STAT. § 52a-577, and the Long-Arm Statue provides a methodology by which the service date can be conclusively identified, Third-Party Plaintiff respectfully requests authority to serve Third-Party Complaint pursuant to the Long-Arm Statute.

## II. THE LONG-ARM STATUTE COMPORTS WITH DUE PROCESS AND DOES NOT DEPRIVE THIRD-PARTY DEFENDANTS OF THE RIGHT TO CHALLENGE THE SUFFICIENCY OF SERVICE OF PROCESS OR THE COURT'S PERSONAL JURISDICTION[2]

"Any alternative methods approved by the court must comport with due process requirements.  Specifically, any method of service approved under F.R.C.P. Rule 4(f)(3) must be 'reasonably calculated, under all circumstances to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *See Brunswick*, 2002 WL 1628933, *2 (*citing Mullane v. Cent. Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1945)).  Here, service under the Long-Arm Statute clearly

---

[2] Additionally, an order pursuant to F.R.C.P. Rule 4(f)(C) must not be prohibited by international agreement.  As argued in Third Party Plaintiff's Memorandum of Law In Support of Support of Consented-To Motion for Order Allowing Additional Method of Service of Process On Third-Party Defendants, service via "postal channels" is permitted by Article 10(a) of the Hague Convention.  Italy has not objected to Article 10(a) of the Hague Convention.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

comports with due process requirements because it effectuates service by certified or registered mail with a return receipt requirement.  *See e.g. Ackerman v. Levine*, 788 F.2d 830, 834 (2d Cir. 1986) (holding that service of process by registered mail satisfied due process); *Brunswick*, 2002 WL 1628933, *2 (setting forth that it is constitutionally permissible to authorize plaintiff to serve defendant by regular mail, *inter alia).*

Likewise, service upon the Third-Party Defendants pursuant to the Long-Arm Statute -- not unlike service upon any foreign corporation within the United States under F.R.C.P. Rules 4(h)(1) and 4(e)(1) and the Long-Arm Statute -- affords the Third-Party Defendants an opportunity to challenge the Court's personal jurisdiction or the sufficiency of service of process.  *See Ensign-Bickford Co. v. ICI Explosives USA Inc.*, 817 F.Supp. 1018, 1031 (D. Conn. 1993).[3]  Accordingly, an Order allowing Third-Party Plaintiff to serve the Summons and Third-Party Complaint on Third-Party Defendants pursuant to the Long-Arm Statute will not preclude Third-Party Defendants from attacking the sufficiency of service of process or challenging the Court's personal jurisdiction.

---

[3] There, the defendant Canadian corporation was sued in the District of Connecticut for patent infringement, breach of contract, and violations of the Connecticut Unfair Trade Practices Act.  *See Ensign-Bickford Co.*, 817 F.Supp., at 1031.  Plaintiff served the Canadian corporation under the Long-Arm Statute.  *See id.*, at 1031.  Thereafter, the defendant moved to dismiss the complaint under F.R.C.P. Rule 12(b)(5), claiming insufficiency of service of process, and Rule 12(b)(2), challenging the court's personal jurisdiction. *See id.*  While the court ultimately determined that it had personal jurisdiction over the Canadian corporation and that service under the Long-Arm Statute was sufficient, the Canadian corporation was not barred from challenging the sufficiency of service of process, or the Court's personal jurisdiction, merely because the plaintiff was authorized to effectuate service upon the Canadian corporation pursuant to the Long-Arm Statute.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. F.R.C.P. RULES 4(H) AND 4(F) DO NOT EXPRESSLY AUTHORIZE SERVICE UPON INDIVIDUALS OR CORPORATIONS PURSUANT TO THE LAW LONG-ARM STATUTE

While F.R.C.P. Rule 4(h) and 4(f) allow service of process upon a foreign corporation via postal channels, so long as that method is not prohibited by international agreement (which it is not in this instance), these rules do not expressly authorize for service pursuant to the Long-Arm Statute. *Cf.* F.R.C.P. Rules 4(h)(1), 4(e)(1) (setting forth that service upon a foreign corporation within the United States shall be effected pursuant to the law of the State in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State).

Thus, while service pursuant to the Long-Arm Statute is clearly contemplated by Rules 4(f)(2)(C)(iii) and 4(f)(3), and certainly not prohibited by Rules 4(h) and 4(f), it is not expressly authorized in F.R.C.P. Rule 4(h) and 4(f). Accordingly, Third-Party Plaintiff requests an Order permitting it to effectuate service pursuant to the Long-Arm Statute.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        THE THIRD-PARTY PLAINTIFF,
        SIG SIMONAZZI NORTH AMERICA, INC.

By_____/S/_____
    Joseph G. Fortner, Jr.
    Fed. Bar #ct 04602
    Patrick M. Birney of
    Fed. Bar #ct 19875
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103

## CERTIFICATION

      This is to certify that on this 20th day of February 2004, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

_____/S/_____
Patrick M. Birney

512754.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105