Not Reported in F.Supp.2d  
(Cite as: 2002 WL 1628933 (W.D.N.Y.))

Page 1

C  
Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

Susan RYAN, Individually and as Parent and Natural Guardian of Justin Ryan, Plaintiff,  
v.  
BRUNSWICK CORPORATION, (Ballistic) By U.S. International Co., Ltd. and Dick's Sporting Goods, Inc., Defendants.

No. 02-CV-0133E(F).

May 31, 2002.

MEMORANDUM and ORDER

ELFVIN, J.

*1 Plaintiff seeks an Order pursuant to section 1602(10) of New York's Civil Procedure Law and Rules ("CPLR") declaring that jurisdiction over defendant (Ballistic) By U.S. International Co., Ltd. ("Ballistic") cannot with due diligence be obtained. [FN1] This Court declines to issue such an Order at this time absent briefing by the defendants that have made an appearance in this action - to wit, Brunswick Corp. and Dick's Sporting Goods, Inc. Specifically, it is not clear to this Court whether a failure to effectuate service of process satisfies CPLR 1602(10), [FN2] which requires a plaintiff to show, by a preponderance of the evidence, "that jurisdiction over the manufacturer could not with due diligence be obtained * * *." [FN3]

   FN1. This is a personal injury action involving an allegedly defective bicycle component manufactured by Ballistic.

   FN2. This Court expresses no opinion on the issue of whether there exists personal jurisdiction over Ballistic, such issue not having been briefed.

   FN3. If plaintiff is able to show by a preponderance of the evidence that she is unable, through due diligence, to obtain jurisdiction over Ballistic, CPLR 1602(10) provides an exception to the general rule set forth in CPLR 1601(1), which states that joint tortfeasors in personal injury actions are only severally liable for plaintiff's non-economic loss to the extent of such tortfeasor's proportionate share of fault where such tortfeasors are 50% or less at fault; tortfeasors that are more than 50% at fault remain jointly and severally liable for all of plaintiff's non-economic loss.

This Court is not unsympathetic to plaintiff's dilemma with respect to serving process upon Ballistic in Taiwan. This Court, however, has the power to authorize plaintiff to serve Ballistic by means other than letter rogatory. [FN4] Rule 4(h) of the Federal Rules of Civil Procedure ("FRCvP") provides that

   FN4. Plaintiff is incorrect in her assertion that her last remaining option is to serve Ballistic by means of a letter rogatory or letter of request. LoTempio Aff. ¶¶ 11-16.

"Unless otherwise provided by federal law, service upon a domestic or foreign corporation * * *, and from which a waiver of service has not been obtained and filed, shall be effected:

* * *

"(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  
FRCvP 4(f) provides:  
"Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in a place not within any judicial district of the United States:  
(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

EXHIBIT A

http://print.westlaw.com/delivery.html?dest=atp&dataid=A005580000062910004237893...    2/20/2004

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1628933 (W.D.N.Y.))

Page 2

Extrajudicial Documents; or
(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or (C) unless prohibited by the law of the foreign county, by (i) delivery to the individual personally of a copy of the summons and the complaint; or (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
(3) by other means not prohibited by international agreement as may be directed by the court."

Taiwan is not a party to the Hague Convention or any other relevant international agreement. *See Emery v. Wood Indus., Inc.,* No. Civ. 98-480-M, 2001 WL 274747, at * 1-3 (D.N.H. Jan. 17, 2001) ( *"Emery I"* ) ("[T]he parties agree that Taiwan is not a member of the Hague Convention and no other applicable international agreement exists under which [plaintiff] might have effected service ."); *Cosmetech Int'l, LLC v. Der Kwei Enter.,* 943 F.Supp. 311, 316 (S.D.N.Y.1996) (holding that service of process on Taiwanese cosmetics manufacturer, via personal service on its general manager and vice-president of sales, was valid under FRCvP 4(f)(2) where the court found that "Taiwan is not a party to the Hague Convention. However, Taiwan law expressly permits service upon a corporation by delivery to 'the manager concerned.' *See* Taiwan Code of Civil Procedure Article 131."). [FN5] Accordingly, plaintiff may serve process on Ballistic under FRCvP 4(f)(2)(A) - if permitted by Taiwanese law. [FN6]

FN5. *Cheng v. Wang,* No. 96-C-0681, 1998 WL 27140, at *12 (N.D.Ill. Jan. 16, 1998) (citing *Cosmetech); Taylor Made Golf Co. v. Carsten Sports, Ltd.,* 175 F.R.D. 658, 661 (S.D.Cal.1997) (citing *Cosmetech* ). It is not clear, however, whether the *Cosmetech* court considered the proscription in FRCvP 4(h)(2) against serving a foreign corporation "as provided in paragraph (2)(C)(i) thereof," *i.e.,* by personal service. *See e.g., Emery,* at * 1-3 (finding that personal service upon

assistant manager of Taiwanese corporation was not permissible under either FRCvP 4(h)(2) or FRCvP 4(f)(2)(A) where the plaintiff apparently conceded that "Taiwan law does not specifically authorize service by personal delivery upon the named defendant."). The ostensible inconsistency between *Emery I* and *Cosmetech,* however, appears to be the result of inconsistent evidentiary submissions by the parties in the respective cases. Perhaps this is because Taiwanese law changed after *Cosmetech* or because the plaintiff in *Emery I* did not adequately research Taiwanese law. In any event, this Court makes no finding as to whether Taiwanese law permits personal service on a named defendant. This Court does find that, *if permitted* under Taiwanese law, personal service is permitted under FRCvP 4(f)(2)(A). The proscription against personal service on a foreign corporation in FRCvP 4(h)(2) is expressly limited to service under FRCvP 4(f)(2)(C) - not service under FRCvP 4(f)(2)(A). Indeed, despite the reasoning in *Rio, infra,* concerning the effect of the conjunction "or" in making separately numbered subsections independent of one another - *Rio,* at 1015 -, FRCvP 4(f)(2)(A) appears to be hierarchically superior to FRCvP 4(f)(2)(C) inasmuch as FRCvP 4(f)(2)(A) governs service of process where the law of the foreign country speaks to the manner of service at issue, whereas FRCvP 4(f)(2)(C) governs where the law of the foreign country is silent on the issue. *Cf.* FRCvP 4(f) advisory committee notes, 1993 amendment ("Subparagraphs (A) and (B) prescribe the more appropriate methods for conforming to local practice or using a local authority. Subparagraph (C) prescribes other methods authorized by the former rule.").

FN6. The Court voices no opinion as to whether Taiwanese law would permit plaintiff to serve process upon Ballistic via mail with return receipt dispatched by the Clerk of Court, as is permitted by FRCvP 4(f)(2)(C)(ii). *See e.g., Emery v. Wood Indus., Inc.,* No. Civ. 98-480-M, 2001 WL

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
(Cite as: 2002 WL 1628933 (W.D.N.Y.))

Page 3

951579, at *2 (D.N.H. Aug. 20, 2001) (permitting such service because plaintiff submitted some evidence that such service is not prohibited under Taiwanese law and referring to http://travel.state.gov/taiwan_legal.html) ("*Emery II*").

**2** Alternatively, however, this Court may, pursuant to FRCvP 4(f)(3), authorize "other means" of service as long as such means are "not prohibited by international agreement" and are "directed by the court." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir.2002) (affirming the propriety of allowing service of process by regular mail and e-mail under FRCvP 4(f)(3)). Indeed, as the Ninth Circuit Court of Appeals recognized in *Rio*,

"service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Ibid.* (citing *Mayoral-Army v. BHI Corp.*, 180 F.R.D. 456, 459 n. 4 (S.D.Fla.1998)).

Moreover, subsection (f)(3) is an independent basis for service of process and is neither "extraordinary relief" nor a "last resort" to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2). *Id.* at 1015. [FN7] Courts have relied on FRCvP 4(f)(3) (and its predecessor, FRCvP 4(i)(1)(E)) in authorizing alternative methods of service including, *inter alia*, service by fax, e-mail, ordinary mail and publication. *Id.* at 1016. [FN8] As the court held in *Rio*, a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Ibid.* Nonetheless, district courts may, in exercising the discretionary power permitted by FRCvP 4(f)(3), impose a threshold requirement for parties to meet before seeking the court's assistance. Accordingly, although a party need not exhaust all possible methods of service this Court will require parties seeking relief under FRCvP 4(f)(3) to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile. *Cf.* Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1134 (1990). This threshold requirement, although not expressly provided by FRCvP 4(f)(3), is necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts.

FN7. *See also Forum Fin. Group, LLC v. Harvard College*, 199 F.R.D. 22, 23-24 (D.Me.2001) (permitting service of process upon a defendant located in Russia by sending the summons and complaint by certified mail to the defendant's attorneys at the New York law firm of Skadden, Arps, Slate, Meagher & Flom LLP).

FN8. *See e.g., In re Int'l Telemedia Assoc.*, 245 B.R. 713, 719-720 (Bankr.N.D.Ga.2000) (authorizing service by fax, e-mail, and mail to the defendant's last known address); *New Eng. Merch. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F.Supp. 73, 80-81 (S.D.N.Y.1980) (authorizing service by telex to Iranian defendants); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-178 (2d Cir.) (approving service by ordinary mail to defendant's last known address), *cert denied*, 442 U.S. 941 (1979); *Levin v. Ruby Trading Corp.*, 248 F.Supp. 537, 541 (S.D.N.Y.1965) (approving service by ordinary mail upon defendant and defendant's attorneys); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir.1987) (approving service by publication); *Smith v. Islamic Emirate of Afghanistan*, Nos. 01 Civ. 10132 and 01 Civ. 10144, 2001 WL 1658211, at * 2-3 (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication upon Osama bin Laden and the al-Qaeda organization).

Any alternative methods approved by this Court must comport with due process requirements. Specifically, any method of service approved under FRCvP 4(f)(3) must be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 399 U.S. 306, 314 (1945). This Court finds that it is constitutionally permissible to authorize plaintiff to serve Ballistic by regular mail, fax and/or by e-mail. As of May 17, 2002 Ballistic maintained a web-site at *www.ballisticfork.com,* which directs parties to communicate with it by regular mail at 4F-4, No. 137, Sec. 1, Hwa Mei W. Street, Taichung, 403 Taiwan, by phone at 886-4-23169601, by fax at 886-4-23149603, and by e-mail at *ben @ballisticfork.com.* Inasmuch as Ballistic conducts its business through these means of communication, such are reasonably calculated to apprize Ballistic of the pendency of this action and afford it an opportunity to respond. *Rio,* at 1016-1017 ("In proper circumstances, this broad constitutional principle [enunciated in *Mullane* ] unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance."); *In re Telemedia,* at 721. Although Ballistic does not appear to have been as elusive as the defendant in *Rio,* this Court nonetheless finds it appropriate to authorize alternate means of service under FRCvP 4(f)(3).

*3 Accordingly, it is hereby ORDERED that plaintiff's request for an Order pursuant to CPLR 1602(10) declaring that plaintiff cannot obtain jurisdiction over Ballistic is hereby denied without prejudice for the plaintiff to seek such relief at a later time, that, pursuant to FRCvP 4(f)(3), plaintiff may serve process upon Ballistic by regular mail, fax and/or e-mail and that plaintiff must also serve a copy of this Order upon Ballistic.

2002 WL 1628933 (W.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works