UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : | CIVIL ACTION NO.<br>303 CV 597 MRK |
| | : | |
| V. | | |
| | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC.<br>_____ | :<br>:<br>:<br>:<br>: | |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br>        THIRD-PARTY PLAINTIFF | : | |
| | : | |
| V. | | |
| | : | |
| SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE,<br>        THIRD-PARTY DEFENDANTS<br>_____ | :<br>:<br>:<br>: | March 25, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF SECOND CONSENTED-TO MOTION
FOR ORDER ALLOWING ADDITIONAL METHOD OF SERVICE
OF PROCESS ON THIRD-PARTY DEFENDANTS**

I.   **INTRODUCTION**

Pursuant to Rules 4(h)(2) and 4(f)(3) of the Federal Rules of Civil Procedure

("F.R.C.P."), Sig Simonazzi North America, Inc. (the "Third-Party Plaintiff"), moves the

Court for an order authorizing the Third-Party Plaintiff to serve the summons and Third-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Party Complaint on defendants Sasib Bakery Italia, S.p.A., Dry Products, S.p.A. and Compagnie Industriali Riunite, S.p.A. (the "Third-Party Defendants"), by facsimile.

Service of the Third-Party Complaint on the Third-Party Defendants by facsimile is permitted under F.R.C.P. Rule (4)(f)(3), which grants the court a wide degree of flexibility and discretion in dealing with questions of alternative methods for service of process in foreign countries. Likewise, The Hague Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters (the "Hague Convention") does not prohibit service of process by facsimile. Moreover, service of process by facsimile on the Third-Party Defendants comports with constitutional notions of due process. Service of process by facsimile is also proper in this instance inasmuch as it will provide an additional means of identifying an effective date of service of the Third-Party Complaint on the Third-Party Defendants, within the period required by C.G.S. § 52-577a(b).

The plaintiff has consented to the relief sought herein.

## II.  FACTS

On April 2, 2003, the plaintiff, Bill L. Gouveia, as Administrator of the Estate of Jose Guerra (the "Plaintiff"), filed this action against the Third-Party Plaintiff for fatal injuries resulting from an April 27, 2001, incident. Plaintiff alleges that Jose Guerra (the "Decedent") was fatally injured while allegedly working at the Chaves Bakery in Bridgeport, Connecticut, when a bakery machine struck the Decedent. He has asserted a products liability claim under C.G.S. § 52-572n of the Connecticut General Statutes.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiff alleges that the Third-Party Plaintiff is responsible for the defective bakery machine and for failure to warn of such a defect, as well as for breach of implied warranties and representations.

On July 17, 2003, the Third-Party Plaintiff filed its Answer and Affirmative Defenses. The Third-Party Plaintiff denied all allegations of liability, and expressly averred, in its Third Affirmative Defense, that the Decedent's injuries were the result of the conduct of independent third parties.

Based upon its investigation, the Third-Party Plaintiff believes that four Italian corporations share whatever responsibility may exist in this matter. It believes that Sasib Food Machinery MV, S.p.A., and Sasib Bakery Italia, S.p.A., participated in whole or in part, in the design, manufacture, assembly, and/or sale of the bakery machine involved in this case. Likewise, the Third-Party Plaintiff believes that Dry Products, S.p.A. and Compagnie Industriali Riunite, S.p.A., have assumed the liabilities of Sasib Food Machinery MV, S.p.A., and Sasib Bakery Italia, S.p.A. Based upon this, on December 12, 2003, the Third-Party Plaintiff sought leave to file its Third-Party Complaint against the Third-Party Defendants, relying, in part, on C.G.S. § 52-577a. This Motion was granted on January 8, 2004, and on January 22, 2004, the Third-Party Plaintiff filed the Third-Party Complaint and the court issued Summonses.

Starting in late-January 2004, the Third-Party Plaintiff has attempted to effectuate service of process pursuant to four methods of service: (1) pursuant to F.R.C.P Rule 4(f)(1) and Article 5 of the Hague Convention; (2) pursuant to F.R.C.P. Rule 4(f)(2)(C)(ii)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and Article 10(a) of the Hague Convention; (3) pursuant to F.R.C.P. 4(f)(3), Article 10(a) of the Hague Convention, and section 33-929 of the Connecticut General Statutes; and, most recently, (4) pursuant to F.R.C.P. 4(f)(1) and Articles 10(b) and (c) of the Hague Convention.

Unfortunately, as of this date, Third-Party Plaintiff has received only one return receipt card that acknowledges receipt of the Third-Party Complaint. This return-receipt was received from the third-party defendant, Sasib Food Machinery, M.V., S.p.A. Accordingly, the Third-Party Plaintiff seeks an order authorizing it to serve the Third-Party Defendants by facsimile. Service of process by facsimile will provide an additional means of identifying an effective date of service of the Third-Party Complaint on the Third-Party Defendants within the period required by C.G.S. § 52-577a(b).[1]

### III. ARGUMENT

#### A. LEGAL STANDARD.

F.R.C.P. Rule 4(h)(2) authorizes service on Third-Party Defendants in any manner prescribed for individuals by Rule 4(f), except personal delivery. F.R.C.P. Rule 4(f)(3) allows for other means of service not prohibited by international agreement as may be directed by the Court.

---

[1] Third-Party Plaintiff must serve the Third-Party Defendants within one year of the date the underlying complaint was filed. *See* CONN. GEN. STAT. § 52a-577. The Complaint was filed on or about April 2, 2003. Accordingly, the Third-Party Complaint must be served on or about April 1, 2004.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"By all indications court-directed service under F.R.C.P. Rule 4(f)(3) is as favored as service under F.R.C.P. Rule 4(f)(1) or Rule 4(f)(2)…it stands independently, on equal footing." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "F.R.C.P. Rule 4(f)(3) is an independent basis for service of process and is neither 'extraordinary relief' nor a 'last resort' to be used only when parties are unable to effectuate service under subjections (f)(1) or (f)(2)." *Rio Properties*, 284 F.3d at 1014. A court order under F.R.C.P. 4(f)(3) is appropriate if the Third-Party Plaintiff can show that it has reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary, for example, to obviate the need to undertake methods of service that are unduly burdensome or that are untried but futile. *See Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933 (W.D.N.Y. May 31, 2002) (copy attached as Exhibit A).

"Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of laws of the foreign country." *Rio Properties*, 284 F.3d at 1014 (citing *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**B.    F.R.C.P. RULE 4(F)(3) AUTHORIZES SERVICE BY FACSMILE, IS NOT PROHIBITED BY THE HAGUE CONVENTION, AND COMPORTS WITH CONSTITUTIONAL NOTIONS OF DUE PROCESS**

Courts have allowed service of process by facsimile under Rule 4(f)(3) on defendants residing in foreign countries.  See *Broadfoot v. Dias (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000); *see also G & H Partners, Ltd. v. Boer Goats Int'l Ltd.*, 896 F.Supp. 660, 663 (W.D. Tex. 1995)(implying that service by facsimile would comport with F.R.C.P. Rule 4(f)(3) if directed by the Court).  Indeed, courts have authorized a wide range of alternate methods of service under Rule F.R.C.P. Rule 4(f)(3).  *See Rio*, 284 F.3d at 1014 (allowing service of process by email); *SEC v. Tome*, 833 F.2d. 1086, 1094 (2d Cir. 1987)(condoning service of process by publication in *Int'l Herald Tribune*); *Smith v. Islamic Emirate*, Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 WL 1658211, at *2-*3 (S.D.N.Y. Dec. 26, 2001)(authorizing service of process on terrorism impresario Osama bin Laden and al-Queda by publication); *Levin v. Ruby Trading Corp.*, 248 F.Supp. 537, 541-44 (S.D.N.Y. 1965)(employing service by regular mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979)(approving service by last known address); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F.Supp. 73, 80 (S.D.N.Y. 1980)(allowing service by telex for Iranian defendants); Broadfoot, 245 B.R. 719-20 (Bankr. N.D. Ga 2000)(authorizing service via email).

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Here, service of process on the Third-Party Defendants by facsimile is appropriate. The Third-Party Plaintiff is attempting to effectuate service upon the Third-Party Defendants by four different methods. See Section II, *supra*. Notwithstanding the utilization of these four methods of service, however, Third-Party Plaintiff has not received return-receipt cards from the Third-Party Defendants, which return-receipt cards duly acknowledge receipt of the Third-Party Complaint. While Third-Party Plaintiff is confident that the date of service is immediately and conclusively established pursuant to the service it made pursuant to the Court's February 25, 2004 Order -- which authorized service pursuant to F.R.C.P. 4(f)(3), Article 10(a) of the Hague Convention, and section 33-929 of the Connecticut General Statutes -- service by facsimile will provide the Third-Party Plaintiff an additional and alternate means of identifying an effective date of service of the Third-Party Complaint on the Third-Party Defendants within the period required by C.G.S. § 52-577a(b).

Likewise, service of process by facsimile on the Third-Party Defendants is also appropriate under F.R.C.P. 4(f)(3) because it is not expressly prohibited by international agreement. See F.R.C.P. Rule 4(f)(3); *see also Rio Properties*, 284 F.3d at 1014 (noting that F.R.C.P. Rule 4(f)(3) must not be prohibited by international agreement). Italy and the United States are parties to the Hague Convention. See *General Electro Music Corp. v. Samick Music Corp.,* No. CV-N-95-00379, 1991 WL 169354, *1, n. 1 (N.D. Ill. August 27, 1991) (copy attached as Exhibit B). The Hague Convention does not expressly or implicitly prohibit service of process by facsimile. *See generally* the

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Hague Convention. As such, the Hague Convention does not preclude the Third-Party Plaintiffs from effectuating service of process on the Third-Party Defendants by facsimile.

Finally, service of process by facsimile comports with constitutional notions of due process because it is reasonably calculated to apprise the Third-Party Defendants of the pendency of the action and affords them an opportunity to respond. *See e.g. Rio Properties*, 284 F.3d at 1017 (holding that service of process by email comports with constitutional notions of due process).

### IV.   CONCLUSION

For the foregoing reasons, Third-Party Plaintiff, Sig Simonazzi North America, Inc., moves the Court for an order authorizing it to serve the summons and Third-Party Complaint on the third-party defendants Sasib Bakery Italia, S.p.A., Dry Products, S.p.A. and Compagnie Industriali Riunite in accordance with F.R.C.P. Rule 4(f)(3).

THE THIRD-PARTY PLAINTIFF,
SIG SIMONAZZI NORTH AMERICA, INC.

By_____
Joseph G. Fortner, Jr.
Fed. Bar #ct 04602
Patrick M. Birney of
Fed. Bar #ct 19875
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

      This is to certify that on this 25th day of March 2004, I hereby dispatched a copy of the foregoing by facsimile and a copy was sent via first class mail on March 26, 2004 to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

The Honorable Mark R. Kravitz
United States District Court Judge
141 Church Street
New Haven, CT 06510

_____
Patrick M. Birney

531236.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105