UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA<br><br>V.<br><br>SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | : CIVIL ACTION NO.<br>: 303 CV 597 MRK<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br>      THIRD-PARTY PLAINTIFF<br><br>V.<br><br>SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.<br>      THIRD-PARTY DEFENDANTS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: September 7, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING
ISSUANCE OF LETTER OF REQUEST**

The Defendant, Sig Simonazzi North America, Inc. ("SSNA"), hereby submits this Memorandum of Law in Support of Motion Requesting Issuance of Letter of Request in the above-captioned matter, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, §1781(b)(2) of Title 28 of the United States Code, the Hague Convention of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and the Italian Rules of Civil Procedure relating to discovery.

I.  **BACKGROUND**

On April 2, 2003, the plaintiff, Bill L. Gouveia, as Administrator of the Estate of Jose Guerra ("Plaintiff") filed an action against SSNA fatal injuries resulting from an April 27, 2001, industrial accident at Chavez Bakery II, Inc. ("Chavez"), which is located in Bridgeport, Connecticut.  Plaintiff alleges that Jose Guerra was fatally injured while allegedly working on a bakery line at Chaves.  Plaintiff has asserted a products liability claim under C.G.S. § 52-572n of the Connecticut General Statutes.  Plaintiff alleges that SSNA is responsible for the defective bakery machine and for failure to warn of such a defect, as well as for breach of implied warranties and representations.

On July 17, 2003, SSNA filed its Answer and Affirmative Defenses.  SSNA denied all allegations of liability, and expressly averred, in its Third Affirmative Defense, that the Decedent's injuries were the result of the conduct of independent third parties.

Based upon its investigation, SSNA believed that four Italian corporations share whatever responsibility may exist in this matter.  It believes that Sasib Food Machinery MV, S.p.A. ("Sasib Food") and Sasib Bakery Italia, S.p.A. ("Sasib Bakery") participated in whole or in part, in the design, manufacture, assembly, and/or sale of the bakery machine involved in this case.  Likewise, SSNA believes that Dry Products, S.p.A. ("Dry Products") and Compagnie Industriali Riunite, S.p.A. ("CIR"), have assumed the liabilities of Sasib Food and Sasib Bakery.  Based upon this, on December 12, 2003,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

SSNA sought leave to file its Third-Party Complaint against Sasib Food, Sasib Bakery, Dry Products and CIR (collectively "Third-Party Defendants"), relying, in part, on C.G.S. § 52-577a. This Motion was granted on January 8, 2004, and on January 22, 2004, SSNA filed the Third-Party Complaint and the court issued Summonses. On April 19, 2004 Sasib Food and Sasib Bakery appeared and filed an Answer to the Third-Party Complaint on April 26, 2004. Dry Products and CIR filed an Answer on May 17, 2004. Since that time, the parties have entered into discovery whereby SSNA seeks to adduce information regarding the responsibility of the Third-Party Defendants in this matter. SSNA believes, *inter alia*, that the Third-Party Defendants participated, in whole or in part, in the design, manufacture, assembly or sale, or all four, of the bakery machine involved in this case or have assumed the liabilities regarding the design, manufacture, assembly, or sale, or all four, of the bakery machine involved in the case. However, in order to fully discover the responsibilities of the Third-Party Defendants in this matter, SSNA is required to depose fact witnesses now or formerly employed by, or associated with, the Third-Party Defendants in Italy.

## II.  ARGUMENT

Rule 28(b)(2) of the Federal Rule of Civil Procedure provides that "[d]epositions may be taken in a foreign country pursuant to (1) any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter of rogatory)..." *See* Fed. R. Civ. P. 28(b)(2). "A letter of request shall be issued upon on application and notice and on terms that are just and appropriate." *Id.* Section 1781(b)(2) of Title 28 of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the United States Code allows for the issuance of letters rogatory or letters of request from the Court to a foreign or international tribunal, officer, or agency. *See* 28 U.S.C. 1781(b)(2).

The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad (the "Hague Convention") provides for both formal and informal techniques for gathering evidence in a civil proceeding, including the authority for "a judicial authority in one contracting state" to request a competent authority of another contracting state to obtain evidence or to perform some other judicial act. *See Hudson v. Hermann Pfauter*, 117 F.R.D. 33, 35 (N.D.N.Y. 1987). The United States and Italy are signatories to the Hague Convention. *See* Hague Convention for the Taking of Evidence Abroad in Civil and Commercial Matters, March 18, 1970, 23 U.S.T. 2555.

"Because they generally provide useful evidence, letters rogatory have long been issued by the federal courts to request the assistance of foreign courts in obtaining testimony from witnesses in civil cases." *United States v. Salim*, 664 F.Supp. 682, 690 (E.D.N.Y. 1987).[1] Moreover, the language of Rule 28(b)(2) of the Federal Rules of Civil Procedure is mandatory in providing that a letter of request "shall be issued on application and notice and on terms that are just and appropriate." *In the Matter of Central Gulf Lines, Inc.*, No. 97-3829-99-1888, 2000 WL 713185 (E.D. La. May 31,

---

[1] Although there has been some confusion as to whether a letter rogatory (more commonly referred to as letter of request) is an order requiring a motion, the safer course appears to be to move for its execution with the Court. *Security Insurance Company of Hartford v. Trustmark Insurance Company*, 218 F.R.D. 24, 27 (D. Conn. 2003).

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2000) (attached hereto as Exhibit A). Thus, it is the burden of the party opposing its issuance to demonstrate why such a request is improper. In determining whether to issue a letter rogatory, evidence sought from the proposed discovery will not be weighed and no attempt will be made to predict whether such evidence will ultimately be obtained through discovery. *See Security Insurance, at 27;* citing *DBMS Consultants Ltd. V. Computer Associates Int'l, Inc.*, 131 F.R.D.367, at 369. (D.Mass. 1990)

A letter of request is the appropriate vehicle by which the parties may gain access to the testimony of the individuals having the most knowledge of the underlying facts of this matter, as the parties are otherwise powerless to make any direct request to the Italian court. Given that this is an American proceeding and requires the testimony of witnesses in a foreign country (witnesses who may not be willing to testify voluntarily), the most efficient method of receiving authorization from an Italian court for such depositions is through a direct request from this Court, where the current action is pending, outlining the necessity of such testimony. As demonstrated above, federal courts have the power to issue such requests based on both §1781 of Title 28 of the United States Code, Rule 28(b) of the Federal Rules of Civil Procedure, and their "inherent authority." *See U.S. v. Lopez*, 688 F.Supp. 92 (E.D.N.Y. 1988); citing *U.S. v. Staples*, 256 F.2d 188 (9th Cir. 1958); *B&L Drilling Electronics v. Totco*, 87 F.R.D. 543 (W.D. Okl. 1978).

In the instant matter, the depositions of the individuals designated are necessary for full discovery of the facts constituting the basis of the claims in this matter. This

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery serves the vital role of ensuring that vital information and testimony is unearthed that is relevant to the claims and defenses in this matter. Specifically, upon information and belief, employees or agents, or former employees or agents, of Sasib Food or Sasib Bakery, or both, participated in whole or in part in the design, manufacture, assembly, and/or sale of the bakery machine involved in this case. Likewise, upon information and belief, Dry Products and CIR have assumed the liabilities of Sasib Food and Sasib Bakery. Inasmuch as the designated individuals are located in Italy, and possess vital information and testimony that is relevant to the claims and defenses in this matter, SSNA respectfully requests that the relief sought in the Attached Request for Judicial Assistance be granted.

### III. CONCLUSION

For the foregoing reasons, SSNA respectfully requests that the Court execute and issue the attached Request for Judicial Assistance.

DEFENDANT/THIRD-PARTY PLAINTIFF

By: _____
Joseph G. Fortner, Jr.
Patrick M. Birney
HALLORAN & SAGE LLP
Fed. Bar #ct04602
Fed. Bar #ct19875
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

    This is to certify that on this 7th day of September 2004, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

Deborah S. Russo, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

John R. Horan, Esq.
Fox Horan & Camerini
825 Third Avenue
New York, NY 10022
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

                   Patrick M. Birney

576696v1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105