UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

SEP 13   2 05 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSÉ GUERRA, Plaintiff | |
|---|---|
| v. | CIVIL ACTION No. 303CV597 MRK |
| SIG SIMONAZZI NORTH AMERICA, INC., Defendant | |
| v. | |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., and COMPAGNIE INDUSTRIALI RIUNITE, Third-Party Defendants | Dated: September 8, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

NOW COMES the plaintiff and files this memorandum of law in support of the Plaintiff's Motion to Amend the Complaint allowing the plaintiff to assert a direct cause of action against the third-party defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A.

**I.    Facts**

On or about April 27, 2001, the plaintiff's decedent, José Guerra, died as a result of the blunt force trauma to his head and neck while he was lawfully on the premises of Chaves Bakery, located in Bridgeport, Connecticut, and performing his regular duties as a baker, which included working near the a Bakery Line Bread and Roll Making Machine, model/order number 3444 CHA ("the "Bakery Machine").

On or about April 2, 2003, the plaintiff commenced a cause of action pursuant to Connecticut Products Liability Act, C.G.S. §§52-572m, *et seq.* and 52-555 against the defendant Sig Simonazzi North America, Inc., alleging the defendant was the designer, developer, manufacturer, tester, fashioner, packager, marketer, inspector, distributor, supplier, installer, maintainers, seller, supervisor, deliverer, and modifier of the subject

bakery machine and/or its component parts. The plaintiff's claims were based upon an agreement and order confirmation numbered 115964, and dated December 4, 1997, which agreement was made between the defendant Sig Simonazzi North America, Inc. and the plaintiff's decedent employer Chaves Bakery.

Thereafter the defendant, Sig Simonazzi North America, Inc., filed a Motion for Leave to File a Third-Party Complaint. On or about January 8, 2004, the Court allowed the defendant's Motion to File a Third-Party Complaint against Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A. The defendant, Sig Simonazzi North America, Inc., has alleged that the third-party defendants designed, developed, manufactured, tested, fashioned, packaged, marketed, inspected, distributed, supplied, installed, maintained, sold, supervised, delivered, and modified the subject bakery machine.

## II.    Plaintiff May Assert a Cause of Action Against The Third-Party Defendants

Plaintiff seeks to assert a cause of action against the third-party defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A. The third-party defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A are alleged to be the designers, developers, manufacturers, testers, fashioners, packagers, marketers, inspectors, distributors, suppliers, installers, maintainers, sellers, supervisors, deliverers, and modifiers of the subject bakery machine.

Federal Rule of Civil Procedure 14(a) states, "the plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." The claims alleged by the defendant, third-party plaintiff Sig Simonazzi North America, Inc., against the third-party defendants, Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A., arise from the same subject matter as the plaintiff's claims against the defendant, third-party plaintiff.

The third party-defendants are now a part of this litigation and would not be prejudiced by allowance of the plaintiff's Motion to Amend the Complaint. Federal Rule

of Civil Procedure 15(a) provides that a party may file an amended pleading by leave of Court and that, "leave shall be freely given when justice so requires." Federal Rule Of Civil Procedure Rule 15(c) provides that whenever a claim asserted in an amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the original pleading. Plaintiff's claims against the third-party defendants are based upon the same facts and occurrences set forth in the pending action against Sig Simonazzi North America, Inc. Therefore, the plaintiff's claims against the third-party defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A. should relate back to the commencement of his action against Sig Simonazzi North America, Inc.

## III. Conclusion

The plaintiff seeks to add claims that are directly related to the events surrounding the plaintiff's decedent accident on April 27, 2001. The proposed amendments relate to conduct, transactions and occurrences that occurred on or about April 27, 2001, are directly related to the plaintiff's claims against the defendant Sig Simonazzi North America, Inc., and should be allowed. For the forgoing reasons the Court should allow the plaintiff's Motion to Amend the Complaint.

Respectfully submitted,
THE PLAINTIFF, BILL L. GOUVEIA AS
ADMINISTRATOR OF THE ESTATE
OF JOSÉ GUERRA,
By his attorney,

Richard J. Sullivan
Fed Bar # CT24914
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
Telephone (781) 263-9400
Fax (781) 239-1360

## CERTIFICATION

This is to certify that on this day I served, by first-class mail postage prepaid, a copy of the foregoing to:

Patrick M. Birney, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Deborah S. Russo, Esq.
Day Berry & Howard, LLP
CityPlace I
Hartford, CT 06103-3499

John J. Horan, Esq.
Jonathan Mazer, Esq.
Fox Horan & Camerini, LLP
825 Third Avenue
New York, NY 10022

RICHARD J. SULLIVAN

Dated: September 8, 2004