UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC.,<br><br>Defendant, | CIVIL ACTION NO: 3:03 CV 597(MRK)<br><br><br><br><br><br>October 29, 2004 |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br><br>Third-Party Plaintiff<br><br>v.<br><br>SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., AND COMPAGNIE INDUSTRIALI RIUNITE<br><br>Third-Party Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DRY PRODUCTS, S.P.A.'S AND COMPAGNIE INDUSTRALI RIUNITE S.P.A.'S MOTION FOR SUMMARY JUDGMENT**

Dry Products, S.P.A. ("Dry Products") and Compagnie Industrali Riunite, S.P.A. ("CIR") ("the holding companies") have opposed Plaintiff's Motion to Amend the Complaint to add them as defendants in the main action based on *inter alia* the arguments that: (1) Dry Products and C.I.R. have no contacts with the forum state, Connecticut, and consequently the Court lacks

1

personal jurisdiction over them (this defense was raised as the Third Affirmative Defense in their Answer to the Third-Party Complaint, which is annexed to the Motion for Summary Judgment as Exhibit 1); and (2) Dry Products and CIR are holding companies only, not involved with the sale, design or manufacture of the bakery machinery at issue in this case (or any machinery), and thus are not "product sellers" as that term is defined in Conn. Gen. Stat. §52-572m(a), and cannot be liable for the claims that the Third-Party Plaintiff asserts against them.

In opposition to Plaintiff's motion to amend, the holding companies submitted:

1. Declaration of Dr. Alberto Piaser executed on October 26, 2004;

2. Declaration of Jonathan Mazer executed on October 28, 2004;

3. Third-Party Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint dated October 29, 2004;

and hereby incorporate the above mentioned declarations and the arguments set forth in the Memorandum in Opposition to Plaintiff's Motion to Amend the Complaint (except with respect to the procedural objections to the motion to amend, which are not relevant to the instant summary judgment motion).

This Court recently set forth the standard for summary judgment in *Svege v. Mercedes-Benz Credit Corp*, 329 F. Supp. 2d 272 (D. Conn. 2004), as follows:

> Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The "District Court must resolve any factual issues of controversy in favor of the nonmoving party," *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990), mindful that its ultimate concern is to ascertain "whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

*Svege*, 329 F. Supp. 2d at 277.  In *Svege*, the Court also ruled that "Whether [a] defendant is a 'product seller' is a question of law for the court to decide." *Id.* at 278.  Moreover, the Court is fully justified in relying on the declaration of Dr. Piaser to establish jurisdictional facts and grant the motion for summary judgment dismissing the case as to Dry Products and CIR based on lack of personal jurisdiction.  *Ghazoul v. Int'l Mgmt. Services, Inc.*, 398 F. Supp. 307, 309 (S.D.N.Y. 1975) ("The plaintiff has the burden of sustaining an assertion of personal jurisdiction against a challenge . . . .   In deciding a motion to dismiss for lack of personal jurisdiction, it is proper for the Court to rely on affidavits to establish jurisdictional facts.") (internal citations and quotations omitted).

## CONCLUSION

The holding companies submit that a sufficient showing has been made to require the Court to grant summary judgment dismissing them from the third-party action based on the papers before the Court.

THIRD-PARTY DEFENDANTS, SASIB FOOD
MACHINERY MV, S.P.A., SASIB BAKERY
ITALIA, S.P.A. DRY PRODUCTS, S.P.A. AND
COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.


By: _____
    Deborah S. Russo (ct 18818)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    dsrusso@dbh.com


    John R. Horan, Esq. of
    Fox Horan & Camerini LLP
    Fed Bar #ct JRH 8238
    825 Third Avenue
    New York, New York 10022
    (212) 480-4800
    Their Attorneys


Of Counsel:   Jonathan Mazer, Esq.
                Alison M. Rende, Esq.

# **CERTIFICATION**

      This is to certify that on this 29th day of October, 2004, I hereby mailed a copy of the foregoing, first class mail, postage prepaid, to:

| | |
|---|---|
| Joseph G. Fortner, Jr., Esq. | Richard J. Sullivan, Esq. |
| Halloran & Sage LLP | Sullivan & Sullivan, LLP |
| One Goodwin Square | 31 Washington Street |
| 225 Asylum Street | Wellesley, MA 02481 |
| Hartford, CT 06103 | |

_____
Deborah S. Russo