**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 3:03 CV 597MRK<br>:<br>:<br>:<br>:  October 29, 2004<br>:<br>:<br>:<br>:<br>: |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., AND COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.,<br><br>Third-Party Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**LOCAL RULE 56(a)1 STATEMENT**

The following are material facts as to which Third-Party Defendants contend there is no genuine issue to be tried:

1.      Compagnie Industriali Riunite, S.p.A. ("CIR") and Dry Products, S.p.A. ("Dry Products") do not have any contacts with Connecticut.

1

2. CIR and Dry Products ("the holding companies") are holding companies which are not engaged in the design, manufacture or sale of the bakery machine at issue in this case or any machinery.

3. The holding companies did not participate in the day-to-day management of Sasib Food Machinery Medium Volume, S.p.A. ("SFMMV") or Sasib Bakery Italia, S.p.A. ("SBI").

4. SBI and SFMMV have merged into a single company and have been re-named Food Machinery Medium Volume, S.p.A. ("FMMV").

5. CIR, Dry Products and FMMV are all separate entities duly registered with the Chamber of Commerce in Italy, which maintains the "Register of Enterprises."

6. Neither the name nor trademark of CIR or Dry Products appeared on the bakery machine which is now claimed to be defective.

7. The name Sasib Bakery Italy appeared on the bakery machine which is now claimed to be defective.

8. The holding companies do not engage in manufacturing or managing of manufacturing operations.

9. The holding companies do not produce or sell any product or hold themselves out as the producer or seller of any product.

10. CIR owns stock in companies in various sectors for investment purposes.

11. The holding companies did not participate in any way whatsoever in the manufacturing, design, engineering, assembly, fabrication, construction, processing, packaging, preparation, shipping or sale of the bakery machine at issue in this case or any of its components (or any other machinery sold in the marketplace).

12.     The holding companies have never held title to the bakery machine or any of its components.

13.     The holding companies have never been the lessor or bailor of the bakery machine or any of its components, never financed the sale of the bakery machine or any of its components, never held a security interest in the bakery machine or any of its components, never advertised the bakery machine or any of its components or otherwise exercised any direct control over the bakery machine or any of its components.

14.     The holding companies do not have (and have never had) any director in common with FMMV, SFMMV or SBI.

15.     The holding companies do not have (and have never had) any employee or officer in common with FMMV, SFMMV or SBI.

16.     The holding companies have never agreed to assume the liabilities of FMMV, SFMMV or SBI.

17.     The holding companies maintain (and have always maintained) separate offices from each other and from FMMV, SFMMV and SBI.  CIR and Dry Products both have offices in Milan, while FMMV has its registered office at San Bonifacio (Verona).

18.     CIR and Dry Products maintain separate assets and accounts from each other and from FMMV (and prior to the merger and re-naming from SFMMV and SBI).

19.     Neither CIR nor Dry Products is named or mentioned in the Order Confirmation No. 115964, for the bakery machine at issue in this case.  (*See* Exhibit 4 to the Declaration of Jonathan Mazer executed October 28, 2004 ("Decl. Mazer").)

3

20. The "Seller" listed on the final acceptance certificate for the "Peel Board Conveyor," a component of the bakery machine at issue in this case, lists SFMMV. The names of the holding companies do not appear on the final acceptance certificate. (Decl. Mazer, Ex. 2.)

21. SFMMV was the main contractor that designed and installed the bakery machine at issue in this case.

                              THE THIRD-PARTY DEFENDANTS,
                              SASIB FOOD MACHINERY MV, S.P.A.,
                              SASIB BAKERY ITALIA, S.P.A.,
                              DRY PRODUCTS, S.P.A., AND
                              COMPAGNIE INDUSTRIALI RIUNITE,
                              S.P.A.

By: _____
     Deborah S. Russo (ct 18818)
     DAY, BERRY & HOWARD LLP
     CityPlace I
     Hartford, Connecticut 06103-3499
     (860) 275-0100
     (860) 275-0343 (fax)
     drusso@dbh.com

     John R. Horan, Esq. of
     FOX HORAN & CAMERINI LLP
     Fed. Bar #ct
     825 Third Avenue
     New York, New York 10022
     (212) 480-4800

     Their Attorneys

Of counsel:    Jonathan Mazer, Esq.
                  Alison M. Rende, Esq.

## **CERTIFICATION**

  This is to certify that on this 29th day of October, 2004, I hereby mailed a copy of the foregoing to:

| | |
|---|---|
| Joseph G. Fortner, Jr. | Richard J. Sullivan, Esq. |
| Halloran & Sage LLP | Sullivan & Sullivan, LLP |
| One Goodwin Square | 31 Washington Street |
| 225 Asylum Street | Wellesley, MA 02481 |
| Hartford, CT 06103 | |

                _____
                Deborah S. Russo