UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC.,<br><br>　　　　Defendant, | **Civil Action No. 3:03 CV 597 MRK** |
| SIG SIMONAZZI NORTH AMERICA, INC.,<br><br>　　　　Third-Party Plaintiff<br><br>v.<br><br>SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., AND COMPAGNIE INDUSTRIALI RIUNITE<br><br>　　　　Third-Party Defendants. | October 28, 2004 |

## DECLARATION OF JONATHAN MAZER

　　　I, Jonathan Mazer, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

　　　1.　　I am over the age of 18 and I understand and believe in the obligations of an oath.

　　　2.　　I am associated with Fox Horan & Camerini, LLP, attorneys for the Third-Party Defendants in this action along with Day, Berry & Howard, LLP.  I submit this declaration in

1

support of the Third-Party Defendants' opposition to Plaintiff's Motion to Amend the Complaint to add them as parties to the main action.

3. The documents exchanged in discovery show that Plaintiff knew well before the expiration of the statute of limitations that Sasib Bakery Italia, S.p.A. ("SBI") and Sasib Food Machinery Medium Volume, S.p.A. ("SFMMV") were potential defendants.[1] Indeed, the Third-Party Plaintiff moved for leave to file the third-party action against SFMMV, SBI and the holding companies in December of 2003 in which the Defendant/Third-Party Plaintiff made similar allegations as to SBI and SFMMV that Plaintiff now seeks to make. That motion was filed well before the expiration of the statute. Moreover, during discovery in this case, at least one document was exchanged from which Plaintiff knew that SFMMV was a potential defendant. Specifically, the document bates stamped D001693 was the final acceptance certificate for the "Peel Board Conveyor", a component of the bakery machinery at issue in this case, which lists SFMMV as the Seller. A copy is attached hereto as Exhibit 2. Photographs of the machinery at issue produced by Plaintiff in this litigation show that a sign with the words "Sasib Bakery Italy" appears on the machine. Copies of those photographs are attached hereto as Exhibit 3.

4. The Declaration of Alberto Piaser submitted along with this declaration demonstrates that the holding companies were not "product sellers" and did not have any contacts with Connecticut. In addition, the Order Confirmation No. 115964 for the bakery machine, which is incorporated into in each cause of action in Plaintiff's proposed pleading, nowhere mentions either of the holding companies, which is further proof that no valid claim

---

[1] SBI and SFMMV have merged into one company and which has been re-named Food Machinery Medium Volume, S.p.A. A copy of SBI's answer's to Interrogatories reciting some of the details of the merger and re-naming is attached hereto as Exhibit 1.

2

under Connecticut's product liability law can be asserted against them. A copy of the Order Confirmation is attached hereto as Exhibit 4.

5.  FMMV answered all of Third Party Plaintiff's interrogatories in great detail and specifically admitted that SFMMV was the main contractor that designed and installed the bakery machine which is at issue in this case. Attached hereto as Exhibit 5 is a copy of the signed responses of FMMV to the Third Party Plaintiff's Interrogatories but not the questions. Attached hereto as Exhibit 6 is a copy of the Third Party Plaintiff's Interrogatories and the responses in a single unsigned document for the convenient review of the Court and the parties. In answer to Interrogatory 3, FMMV states that "We were involved as the main contractors and took care of design and installation at customer's premises of the Bakery Machine." In that response FMMV also provides "a detailed prospectus which identifies [the parts of the Bakery Machine] item by item the name of the designer, the manufacturer / supplier and who took care of installation." Neither Dry Products nor CIR is included in the chart that follows.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 28, 2004

JONATHAN MAZER

## CERTIFICATION

      This is to certify that on this 29th day of October, 2004, I hereby mailed a copy of the foregoing to:

| | |
|---|---|
| Joseph G. Fortner, Jr.<br>Halloran & Sage LLP<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | Richard J. Sullivan, Esq.<br>Sullivan & Sullivan, LLP<br>31 Washington Street<br>Wellesley, MA 02481 |

*/s/ Deborah S. Russo*
Deborah S. Russo