UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA | : CIVIL ACTION NO.<br>: 3:03 CV 597(MRK)<br>: |
| VS. | : <br>: |
| SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>: |
| SIG SIMONAZZI NORTH AMERICA, INC. | :<br>: |
| VS. | :<br>: |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., and COMPAGNIE INDUSTRIALI RIUNITE | :<br>:<br>:<br>: NOVEMBER 2, 2004 |

## AMENDED LOCAL RULE 56(a)1 STATEMENT

The following are material facts as to which Third-Party Defendants contend there is no genuine issue to be tried:

1.  Compagnie Industriali Riunite, S.p.A. ("CIR") and Dry Products, S.p.A. ("Dry Products") do not have any contacts with Connecticut. (*See* Declaration of Dr. Alberto Piaser executed October 26, 2004 ("Decl. Piaser") at ¶ 12.)

2.  CIR and Dry Products ("the holding companies") are holding companies which are not engaged in the design, manufacture or sale of the bakery machine at issue in this case or any machinery. (Decl. Piaser ¶¶ 3-4.)

3.  The holding companies did not participate in the day-to-day management of Sasib Food Machinery Medium Volume, S.p.a. ("SFMMV") or Sasib Bakery Italia, S.p.A. ("SBI"). (Decl. Piaser ¶ 5.)

4.     SBI and SFMMV have merged into a single company and have been re-named Food Machinery Medium Volume, S.p.A. ("FMMV").  (Decl. Piaser ¶ 2.)

5.     CIR, Dry Products and FMMV are all separate entities duly registered with the Chamber of Commerce in Italy, which maintains the "Register of Enterprises."  (Decl. Piaser ¶ 3.)

6.     Neither the name nor trademark of CIR or Dry Products appeared on the bakery machine which is now claimed to be defective.  (Decl. Piaser ¶ 8.)

7.     The name Sasib Bakery Italy appeared on the bakery machine which is now claimed to be defective.  (*See* Exhibit 3 to the Declaration of Jonathan Mazer executed October 28, 2004 ("Decl. Mazer").)

8.     The holding companies do not engage in manufacturing or managing of manufacturing operations.  (Decl. Piaser ¶ 3.)

9.     The holding companies do not produce or sell any product or hold themselves out as the producer or seller of any product.  (Decl. Piaser ¶ 3.)

10.    CIR owns stock in companies in various sectors for investment purposes.  (Decl. Piaser ¶ 3.)

11.    The holding companies did not participate in any way whatsoever in the manufacturing, design, engineering, assembly, fabrication, construction, processing, packaging, preparation, shipping or sale of the bakery machine at issue in this case or any of its components (or any other machinery sold in the marketplace).  (Decl. Piaser ¶ 4.)

12.    The holding companies have never held title to the bakery machine or any of its components.  (Decl. Piaser ¶ 4.)

13. The holding companies have never been the lessor or bailor of the bakery machine or any of its components, never financed the sale of the bakery machine or any of its components, never held a security interest in the bakery machine or any of its components, never advertised the bakery machine or any of its components or otherwise exercised any direct control over the bakery machine or any of its components. (Decl. Piaser ¶ 4.)

14. The holding companies do not have (and have never had) any director in common with FMMV, SFMMV or SBI. (Decl. Piaser ¶ 6.)

15. The holding companies do not have (and have never had) any employee or officer in common with FMMV, SFMMV or SBI. (Decl. Piaser ¶ 9.)

16. The holding companies have never agreed to assume the liabilities of FMMV, SFMMV or SBI. (Decl. Piaser ¶ 7.)

17. The holding companies maintain (and have always maintained) separate offices from each other and from FMMV, SFMMV and SBI. CIR and Dry Products both have offices in Milan, while FMMV has its registered office at San Bonifacio (Verona). (Decl. Piaser ¶ 10.)

18. CIR and Dry Products maintain separate assets and accounts from each other and from FMMV (and prior to the merger and re-naming from SFMMV and SBI). (Decl. Piaser ¶ 11.)

19. Neither CIR nor Dry Products is named or mentioned in the Order Confirmation No. 115964, for the bakery machine at issue in this case. (Decl. Mazer, Ex. 4.)

20. The "Seller" listed on the final acceptance certificate for the "Peel Board Conveyor," a component of the bakery machine at issue in this case, lists SFMMV. The names of the holding companies do not appear on the final acceptance certificate. (Decl. Mazer, Ex. 2.)

21. SFMMV was the main contractor that designed and installed the bakery machine at issue in this case. (Decl. Mazer ¶ 6 & Ex. 5 (response to interrogatory 3).)

>THIRD-PARTY DEFENDANTS, SASIB
>FOOD MACHINERY MV, S.P.A., SASIB
>BAKERY ITALIA, S.P.A., DRY PRODUCTS,
>S.P.A. and COMPAGNIE INDUSTRIALI
>RIUNITE, S.P.A.
>
>By_____
>Deborah S. Russo (ct 18818)
>Day, Berry & Howard LLP
>CityPlace I
>Hartford, Connecticut 06103-3499
>(860) 275-0100
>(860) 275-0343 (fax)
>*dsrusso@dbh.com*
>Its Attorneys
>
>John R. Horan, Esq. of
>FOX HORAN & CAMERINI LLP
>Fed. Bar #ct JRH 8238
>825 Third Avenue
>New York, New York 10022
>(212) 480-4800

Of counsel:   Jonathan Mazer, Esq.
              Alison M. Rende, Esq.

### **CERTIFICATION**

THIS IS TO CERTIFY that on this date, a copy of the foregoing was mailed first class, postage prepaid, to all counsel and pro se parties of record, as follows:

| | |
|---|---|
| Richard J. Sullivan, Esq.<br>Sullivan & Sullivan<br>31 Washington Street<br>Wellesley, MA  02481 | Joseph G. Fortner, Jr., Esq.<br>Halloran & Sage<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 |

_____
Deborah S. Russo

4