UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA | : CIVIL ACTION NO.<br>: 3:03 CV 597(MRK)<br>: |
| VS. | :<br>: |
| SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>: |
| SIG SIMONAZZI NORTH AMERICA, INC. | :<br>: |
| VS. | :<br>: |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., and COMPAGNIE INDUSTRIALI RIUNITE | :<br>:<br>:<br>: NOVEMBER 3, 2004 |

**THIRD-PARTY DEFENDANTS' MEMORANDUM OF LAW ON THE PROPER SCOPE OF DEPOSITION QUESTIONING WITH RESPECT TO THE THIRD-PARTY DEFENDANTS' FINANCIAL CONDITION**

**Preliminary Statement**

During a conference call before the Court on October 18, 2004, Sig Simonazzi North America, Inc., Defendant in the main action and Third-Party Plaintiff herein, raised the issue of whether it would be appropriate to question the Third-Party Defendants with respect to their financial condition during the depositions scheduled for November 2004.

**Statement of Facts**

This action is a product liability case brought by Plaintiff against Sig Simonazzi North America, Inc., the American seller of certain bakery equipment. In turn, Defendant commenced a third-party action against four Italian entities said to be liable to indemnify Defendant. These entities are Sasib Food Machinery MV, S.p.a. ("SFMMV") and Sasib Bakery Italia, S.p.A.

("SBI"), which have merged and been renamed Food Machinery Medium Volume, S.p.A. ("FMMV"), Dry Products, S.p.A. ("Dry Products") and Compagnie Industriali Riunite, S.p.A. ("CIR").

After the expiration of the statute of limitations, Plaintiff moved to amend the complaint in the main action to, *inter alia*, add direct claims against the Third-Party Defendants. The Third-Party Defendants have opposed that motion to amend on the grounds that: (1) Plaintiff did not allege (and cannot show) a mistake as required to permit an amended pleading to relate back, and thus the motion should be denied as to all of the Third-Party Defendants, (2) the Plaintiff will be unable to establish personal jurisdiction over CIR and Dry Products, and (3) CIR and Dry Products cannot be liable in the product liability action because they are not "product sellers" as that term is defined under Conn. Gen. Stat. § 52-572m(a). A copy of the Third-Party Defendants' memorandum in opposition is attached hereto as Exhibit 1.

On October 28, 2004, the Third-Party Defendants voluntarily transmitted a copy of the profit and loss statement, without waiver of objection, for FMMV in an effort to narrow the issues for the Court. A copy of the statement and cover letter is attached hereto as Exhibit 2. The Third-Party Defendants also intend to permit questioning with respect to the statement.

FMMV will object to any questions about its financial plans or anticipated financial situation because such information is private and carefully protected business information and not relevant to the indemnification claim presently pending against it in this case, nor is it reasonably calculated to lead to relevant or admissible evidence. Upon information and belief, such information would be sought only for purposes of harassment and as part of a settlement strategy, and is not within the proper scope of discovery in this action.

**ARGUMENT**

**THE COURT SHOULD DENY THIRD-PARTY PLAINTIFF'S REQUEST FOR DISCOVERY OF THE THIRD-PARTY DEFENDANTS' FINANCIAL CONDITION BECAUSE SUCH INFORMATION IS NOT RELEVANT TO THE PENDING INDEMNIFICATION CLAIM AGAINST THE THIRD-PARTY DEFENDANTS**

It is the Third-Party Defendants' understanding that Third-Party Plaintiff will seek discovery with respect to the Third-Party Defendants' financial condition that is forward-looking and goes beyond what is included in the financial statement already produced. It is the Third-Party Defendants' position that such a request for discovery is impermissible under Federal Rule of Civil Procedure 26(b)(1) because the Third-Party Defendants' financial condition is not relevant to the pending indemnification claim, and information with respect to the Third-Party Defendants' financial condition beyond what is included in the FMMV financial statement is private and carefully protected business information and not reasonably calculated to lead to relevant or admissible evidence.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). "[W]hether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action." *In re: PE Corp. Sec. Litigation*, 221 F.R.D. 20, 23 (D. Conn. 2003) (quoting James Wm. Moore, Moore's Federal Practice § 26.41[6][c] (3d ed. 2002)). "Generally, the federal rules do not allow the discovery of a party's financial status, or his ability to satisfy a judgment unless such facts are relevant to the subject matter of the action." *Sullivan v. Marshall Hopkins, Jr.*, 40 Conn. Supp. 183, 184, 485 A.2d 942 (Conn. Super. Ct. 1984) (citing

3

Fed. R. Civ. P. 26; *Ranney-Brown Distributors, Inc. v. E. T. Barwick Industries, Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977); *Karwoski v. Rappa*, 25 Conn. Sup. 147, 148, 198 A.2d 226 (1964)). "Discovery . . . is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they have at least a modicum of objective support." *Tottenham v. Trans World Gaming Corp.*, 2002 U.S. Dist. LEXIS 11313, at *3 (S.D.N.Y. 2002) (citations omitted).

Here, the Third-Party Defendants have raised the defense that FMMV, Dry Products and CIR are separate entities with separate assets and distinct corporate structures. (*See* Ex. 1 at 14-15.) Moreover, neither CIR nor Dry Products has agreed to assume the liabilities of FMMV. (*See* Ex. 1 at 15.) As these matters are "relevant to the claim or defense of [a] party," the Third-Party Defendants agree that Rule 26(b)(1) permits discovery on those corporate and financial relationships and as such are properly the subject of questioning by Third-Party Plaintiff. However, the Third-Party Defendants disagree that the financial condition of FMMV, Dry Products and CIR is relevant in any other respect. The Third-Party Defendants' future or anticipated financial condition is not relevant to the indemnification claim pending against them.

The factual circumstances under which courts have allowed discovery with respect to a party's financial condition are distinguishable from the facts present here. For example, in a sexual harassment case where a party asserted a non-frivolous punitive damages claim against another party, financial information was discoverable. *See, e.g.*, *Turner v. Vermont Center for the Deaf & Hard of Hearing, Inc.*, 2003 U.S. Dist. LEXIS 20552, at *11-12 (D. Vt. 2003). Third-Party Plaintiff has made no claim of punitive damages against the Third-Party Defendants here. Instead, Third-Party Plaintiff seeks indemnification of any punitive damage award against it. Where a party alleged a corporate officer breached his fiduciary duties by using corporate

4

funds to pay personal expenses and supported such allegation with objective evidence, the court permitted some discovery of the corporate officer's personal finances, but limited such discovery to documents that pertained to specific instances of defalcation. *See Tottenham*, 2002 U.S. Dist. LEXIS 11313, at *6. No such claim is made here.

The Third-Party Defendants are willing to testify as to matters within the proper scope of discovery, i.e., matters that are relevant to the claims asserted or defenses raised with respect to the corporate relationships of FMMV, Dry Products and CIR, but not matters that are irrelevant in this action, in particular, the future or anticipated financial condition of the Third-Party Defendants.

## CONCLUSION

The Third-Party Defendants' future or anticipated financial condition is not an appropriate area of discovery except to the extent that the Third-Party Defendants have raised the defense that FMMV, Dry Products and CIR are separate entities with separate assets and distinct corporate structures.

        THIRD-PARTY DEFENDANTS, SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A. and COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.


By_____
    Deborah S. Russo (ct 18818)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    *dsrusso@dbh.com*
    Its Attorneys

    John R. Horan, Esq. of
    FOX HORAN & CAMERINI LLP
    Fed. Bar #ct JRH 8238
    825 Third Avenue
    New York, New York 10022
    (212) 480-4800

Of counsel:    Jonathan Mazer, Esq.
                Alison M. Rende, Esq.

## **CERTIFICATION**

      THIS IS TO CERTIFY that on this date, a copy of the foregoing was mailed first class, postage prepaid, to all counsel and pro se parties of record, as follows:

| | |
|---|---|
| Richard J. Sullivan, Esq. | Joseph G. Fortner, Jr., Esq. |
| Sullivan & Sullivan | Halloran & Sage |
| 31 Washington Street | One Goodwin Square |
| Wellesley, MA 02481 | 225 Asylum Street |
| | Hartford, CT 06103 |

                                      _____
                                      Deborah S. Russo