UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 NOV -4  A 9: 41

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSÉ GUERRA, Plaintiff<br><br>v.<br><br>SIG SIMONAZZI NORTH AMERICA, INC., Defendant<br><br>v.<br><br>SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., and COMPAGNIE INDUSTRIALI RIUNITE, Third-Party Defendants | CIVIL ACTION No. 303CV597 MRK<br><br>Dated: November 3, 2004 |

### PLAINTIFF'S MEMORANDUM REGARDING THE DISCLOSURE OF ASSETS AND CORPORATE STRUCTURE OF THE THIRD-PARTY DEFENDANTS

### INTRODUCTION

The plaintiff seeks an Order from this Honorable Court that during depositions in the United States, representatives of the third-party defendants be required to testify as to information regarding their corporations' net worth, disclose such financial statements as would disclose net worth and the analysis used to determine net worth, disclose the existence of any and all property or assets in which the third-party defendants have an interest, disclose the amount of any and all debts owing to each of them, and disclose any and all information identifying the corporate structure of each of the third-party defendants. The information requested is discoverable pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, because the material is not privileged and is relevant to the prosecution of the plaintiff's claim. Additionally, Rule 26 states that for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. The plaintiff asserts that the underlying principle for this request is that the discovery of financial information from the third-party defendants while they are in the United States will best serve the interests of judicial economy.

## FACTS

This case arises from a fatal injury caused by a Sasib Bakery Line Bread and Roll Making Machine, model/order number 3444 CHA. The subject machine is made up of several component parts. A majority of the component parts of the subject bakery line machine are parts that were designed by the third-party defendants. The third-party defendants Sasib Food Machinery MV, s.p.a. ("SFM") and Sasib Bakery Italia s.p.a. ("SBI") have asserted that they were the main contractors and took care of design and installation of the subject bakery line machine. The state of the evidence is that the subject bakery line machine was equipped with an automatic loading and conveyor system, which was designed to transfer rolls from an inspection station to a cooking oven via a product transfer trolley.

The state of the evidence is that surrounding the transfer-trolley area was a wire metal cage with a single access door with no electronic safeguards. Additionally, the third-party defendants altered or modified the design of the cage and eliminated minimal locking mechanisms for the cage. The trolley itself had no type of safety devices to detect the presence of an individual. By designing, manufacturing, and as a result of, the subsequent modification of this area, the machine failed to comply with reasonable industry standards and governmental regulations to protect and promote the safety of, or to minimize the dangers to, those using the product or who would foreseeably use the equipment, including a bakery worker such as the plaintiff's decedent, Jose Guerra. Based on the state of the evidence, there is a strong likelihood that the plaintiff will prove that the third-party defendants SFM and SBI were negligent in the design of the subject machine.

## ARGUMENT

The plaintiff has asserted claims for punitive damages against the third-party defendants in the amended Complaint pursuant to §52-240b of the Connecticut General Statutes. Connecticut trial courts and district courts have held that punitive damages serve as a deterrent function and therefore are appropriately calculated with reference to a defendant's financial status. <u>Lenz v. CNA Assurance Co.</u>, 42 Conn. Supp. 514, (Conn. Super. 1993) (Flynn, J.). The state of the evidence in this case is that the third-party defendants SFM and SBI designed and installed a majority of the component parts of the machine that injured and killed the plaintiff's decedent. Moreover, the third-party defendants SFM and SBI altered or modified the subject machine, effectively eliminating even minimal safeguards. If the Court determines that the actions of the third-party defendants rise to the level of outrageous misconduct and/or reckless disregard for the health, safety and well-being of human life, then the financial status of the third-party defendants will be necessary for an award of punitive damages.

Additionally, it has already been agreed that representatives from the third-party defendants, each being an Italian based entity, will appear in the United States for depositions in this matter. Upon review of the third-party defendants' discovery responses, it is clear that the subject bakery line machine was designed and installed by SFM and SBI. They were the entities responsible for its condition at the time of Jose Guerra's accident. Upon deposition, fact witnesses have identified the machine as having no electronic safety interlocks on the access door or any type of safety device on or around the transfer-trolley as would required by good engineering practices and/or the various state, national and international standards that apply to such a machine. Moreover, the other component parts that were part of the other "bakery line" did have such guarding around parts that did not pose such a lethal threat. The third-party defendants have produced no evidence to contradict the information that has been ascertained through fact witnesses. It is the plaintiff's position therefore, that liability in this matter is reasonably clear. However, despite the strength of the plaintiff's claims against the third-party

defendants, the third-party defendants have asserted that they do not have insurance coverage for this matter. Moreover, the third-party defendants SFM and SBI have asserted that they are the same business entity and are now identified as Food Machinery Medium Volume s.p.a. ("Food Machinery"). It is further asserted by the third-party defendants that Food Machinery is presently in liquidation. Since two of the four third-party defendants are in liquidation and without insurance coverage, there exist issues of liability allocation and, at present, it is unclear what has happened to the assets of SFM or SBI as a result of their transition into Food Machinery.

Moreover, the third-party defendants Compagnie Industriali Riunite, s.p.a. ("CIR") and Dry Products s.p.a. ("Dry Products") claim that they are mere holding companies wherein Dry Products maintains 100% of the stock of Food Machinery and CIR maintains 55% of the stock of Dry Products. However, Alberto Piaser, the Chief Executive Officer for both CIR and Dry Products, the majority stockholder of Food Machinery, has asserted by sworn declaration that CIR was the controlling entity that decided to place Food Machinery, the alter ego of SFM and SBI, into liquidation in order to reduce its exposure in the food machinery sector. The plaintiff further alleges that Dry Products is a successor in interest to SFM and/or SBI, has directly or indirectly engaged in the business of designing, manufacturing, assembling, selling and distributing bakery equipment, and has assumed the liabilities of SFM and/or SBI. Moreover, is asserted by Mr. Piaser that an employee of Dry Products, Andrea Silvestroni, was appointed as the liquidator for Food Machinery. Therefore, based upon these assertions by Dry Products and CIR, there are substantial questions of fact as to who is or was in control of the assets and liabilities of SFM and SBI, the designers and the installers of the subject bakery line machine. In view of these outstanding issues regarding Dry Products and CIR and the strength of the plaintiff's claims against SFM and SBI, the plaintiff requests the right to examine the representatives from the third-party defendants on issues regarding business assets and corporate structure.

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

The reason why discovery of this information is significant now is that even though it has no affect on the value of the case[1] it will impact the plaintiff's ability to recover a judgment and that without this information the parties will be forced to expend considerable expense to travel to Italy, retain Italian counsel and hire Italian financial investigators, with estimated costs of approximately $100,000 per party. These excessive costs will be saved if the third-party defendants were required to disclose at the upcoming depositions such financial information that would allow the parties to track and/or identify assets. Further, in light of their admission of no insurance coverage and the fact that the principal designers and installers of the subject machine are in liquidation, it is reasonable to conclude that there is only a limited pool of resources available to the third-party defendants to satisfy a judgment and therefore it may be necessary for the plaintiff to seek a prejudgment remedy to protect the plaintiff's interests. Therefore time is of the essence as the third-party defendants SFM and SBI are admittedly in liquidation and are, therefore, in the process of distributing their assets.

Federal Rule of Civil Procedure 64 provides the proper vehicle for plaintiffs seeking to restrain defendant's assets with an eye towards satisfying a potential money judgment. Pursuant to Rule 64, the Court should look to a state's attachment statutes for evaluating a request for preliminary injunctive relief that is, in essence, a request for prejudgment remedy. Thus in determining whether or not to grant the plaintiff's request for the disclosure of asset information, the Court should apply the probable cause standard that is applied by Connecticut Courts pursuant to Connecticut General Statues § 52-278d(a)(1). Similar to an application for prejudgment remedy, the plaintiff in this case is seeking the disclosure of asset and corporate structure information that will be used to secure a potential money judgment or to form the basis for an award of punitive damages. Additionally, the plaintiff seeks the Court's protection in preventing the

---

[1] Pursuant to Connecticut General Statutes § 52-572o(d) any judgment in this matter will be entered against those parties liable on the basis of common law joint and several liability. However, § 52-572o(d) also requires that a judgment shall specify the proportionate amount of damages allocated against each party liable, according to the percentage of responsibility established for such party. Therefore, since the third-party defendants were responsible for designing and installing a majority of the subject bakery line machine it is likely that a large proportion of the liability will be allocated against them.

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

needless and unwarranted expenditure of excessive litigation costs. The plaintiff asserts that, in view of the strength of the case against the third-party defendants, the disclosure of financial information by the third-party defendants and the disclosure of corporate structure information while their representatives are in the United States is appropriate and would save enormous financial resources for all parties.

For the foregoing reasons and in the interests of judicial economy the plaintiff respectfully seeks an Order from this Honorable Court that the third-party defendants disclose their net worth, disclose such financial statements as would disclose net worth and the analysis used to determine net worth, disclose the existence of any and all property or assets in which the third-party defendants have an interest, disclose the amount of any and all debts owing to each of them, and disclose any and all information identifying the corporate structure of each of the third-party defendants.

            Respectfully submitted,

            THE PLAINTIFF, BILL L. GOUVEIA AS
            ADMINISTRATOR OF THE ESTATE OF JOSÉ
            GUERRA,

            Richard J. Sullivan
            Fed Bar # CT24914
            Sullivan & Sullivan, LLP
            31 Washington Street
            Wellesley, MA 02481
            Telephone (781) 263-9400
            Fax (781) 239-1360

## CERTIFICATION

This is to certify that on this day I served, by first-class mail postage prepaid, a copy of the foregoing to:

Joseph Fortner, Esq.
Patrick M. Birney, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Deborah S. Russo, Esq.
Day Berry & Howard, LLP
CityPlace I
Hartford, CT 06103-3499

John J. Horan, Esq.
Jonathan Mazer, Esq.
Fox Horan & Camerini, LLP
825 Third Avenue
New York, NY 10022

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　RICHARD J. SULLIVAN

Dated: November 3, 2004

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360