UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR | : | CIVIL ACTION NO. |
| OF THE ESTATE OF JOSE GUERRA | : | 303 CV 597 MRK |
| | | |
| V. | : | |
| | | |
| SIG SIMONAZZI NORTH AMERICA, INC. | : | |
| AS SUCCESSOR IN INTEREST BY MERGER | : | |
| TO SASIB NORTH AMERICA, INC., AS | : | |
| SUCCESSOR IN INTEREST BY MERGER TO | : | |
| SASIB BAKERY NORTH AMERICA, INC. | : | |
| _____ | : | |
| | | |
| SIG SIMONAZZI NORTH AMERICA, INC. | : | |
| | | |
| V. | : | |
| | | |
| SASIB FOOD MACHINERY MV, S.P.A., | | |
| SASIB BAKERY ITALIA, S.P.A., | | |
| DRY PRODUCTS, S.P.A., AND | | |
| COMPAGNIE INDUSTRIALI RIUNITE | : | NOVEMBER 3, 2004 |

**DEFENDANT'S/THIRD-PARTY PLAINTIFF'S MEMORANDUM
OF LAW IN SUPPORT OF LEAVE TO CONDUCT REGARDING
DISCOVERY REGARDING THIRD-PARTY DEFENDANTS'
ASSETS, CORPORATE STRUCTURE, AND GOVERNANCE.**

The Defendant/Third-Party Plaintiff, Sig Simonazzi North America, Inc.

("SSNA"), respectfully submits this Memorandum of Law, in support of its

entitlement to discover information about the assets, corporate structure and

governance of the Third-Party Defendants Sasib Food Machinery MV, S.P.A.

("Sasib Food"), Sasib Bakery Italia, S.P.A. ("Sasib Bakery"), Dry Products, S.P.A.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

08742.0583

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

("Dry Products"), and Compagnie Industriali Riunite ("CIR").  In brief, given the

assertions that have been made by the Third-Party Defendants regarding their

assets and potential responsibilities, and the Declaration submitted by Dry

Products and Cir to support their recently filed Motion for Summary Judgment,

the litigants are entitled at this stage to full discovery regarding these issues.[1]

## INTRODUCTION

### A. FACTS

In its Third Party Complaint ("Compl."), dated January 21, 2004, SSNA

impleaded four Italian entities – Sasib Food, Sasib Bakery, CIR and Dry Products

(collectively, the "Italian Entities").  SSNA alleges that Sasib Food and Sasib

Bakery designed, manufactured, assembled, marketed, sold and distributed

bakery equipment, including that which is at issue in this case.  *See* Compl., ¶¶

3, 4.  SSNA further alleges that Dry Products is a successor in interest to Sasib

Food and/or Sasib Bakery, has directly or indirectly engaged in the business of

designing, manufacturing, assembling, selling and distributing bakery equipment,

and has assumed the liabilities of Sasib Food and/or Sasib Bakery.  *Id.,* ¶ 4.  It is

alleged that CIR is 100% owner of one or more of the other three Italian Entities,

was directly or indirectly engaged in the business of designing, manufacturing,

---

[1] F.R.C.P. Rule 30(b)(6) depositions of representatives of all four of the Third-Party Defendants have been
noticed for November 15 through 18, 2004, and the subjects of deposition include matters relating to
corporate governance and control, successor liability, and assets.  Although during a telephone conference
with the Court on November 1, 2004, counsel for the Third-Party Defendants was instructed to provide
proposed deposition dates by November 3, 2004, as of this filing he has failed to do so, and instead has
indicated that he will not provide such dates until November 5.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

assembling, marketing, selling and distributing the bakery equipment, or is the success in interest to Sasib Food or Sasib Bakery. *Id., ¶* 5.

In response, all four Italian Entities chose to file one joint answer. *See* Answer to the Third Party Complaint, dated May 14, 2004. These Third-Party Defendants flatly denied all allegations in paragraphs 3 through 5 (*id., ¶¶* 3-5), thereby placing at issue all averments concerning the operation, ownership, control, and successor status of the four Italian Entities.[2]

In response to discovery requests which addressed, *inter alia,* the ownership, control and structure of the various Italian Entities, the Italian Entities offered four sets of so-called Interrogatory Reponses.[3]  In brief, one person (Alberto Piaser), the General Manager and CEO[4]  of CIR  and Chairman of Dry Products, provided cursory answers for those entities, but admitted that Dry Products owns 100% of the entity which is the successor of Sasib Food and Sasib Bakery. *See* Exhs. A, B.  According to the responses by Sasib Food (Exh. C), this entity is in "liquidation" (*see* p. 2) and was subject to dissolution "by virtue of a shareholders meeting of June 24, 2002" (*see* p. 34).  Leaving aside the questions this raises, of especial interest is that Andrea Silvestroni -- who signed

---

[2] Further, the Italian Entities vaguely pleaded "failure to join a necessary party" (Second Affirmative Defense), begging the question as to who or what is such "necessary party."

[3] The responses for CIR are attached as Exhibit A; of Dry Products as Exhibit B; of Sasib Food as Exhibit C; and of Sasib Bakery as Exhibit D.

[4] Although Piaser did not admit to this role in CIR's and Dry Products Interrogatory Responses, his Declaration submitted with the Third-Party Defendants' recent Motion for Summary Judgment attests to his being the CEO of both CIR and Dry Products. *See* Exh. E, ¶ 1.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

on the behalf of Sasib Food -- is the liquidator of the entity which was previously both Sasib Food and Sasib Bakery, and by his own admission, is an employee of Dry Products. *Id.*

Most recently, the Italian Entities offered a Declaration by Alberto Piaser, CEO of both Dry Products and CIR (Exh. E). There, Piaser admits that Dry Products owns *100%* of an entity previously known as Sasib Bakery and Sasib Food (¶ 3); that CIR owns *55%* of the stock of Dry Products (*id.*), and that while these entities are "holding companies," *CIR* appointed an employee of *Dry Products* to be the liquidator of Sasib Bakery's and Sasib Food's successor (*see* ¶ 9). These materials, then, raise more questions about control, management and legal succession than they answer, especially since they are cited to seek summary disposition.

### B. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure ("F.R.C.P.") governs the scope of discovery and provides in relevant part that:

> Parties may obtain discovery regarding *any matter, not privileged, that is relevant to the claim or defense of any party*, . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

(Emphasis added.)

– 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"The purpose of discovery is to remove surprise from trial preparation so

the parties can obtain evidence necessary to evaluate and resolve their dispute.

Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging

discovery of all information reasonably calculated to lead to discovery of

admissible evidence; but the discoverable information need not be admissible at

the trial."  *U.S. v. City of Torrance,* 164 F.R.D. 493 (C.D.Cal. 1995).

The standard—"relevant to the claim or defense of any party" -- is very

broad.  8 Wright & Miller, *Federal Practice and Procedure* § 2008 (2d ed. 1987)

("Miller").  Although the pleadings should serve as a starting point, "it would be a

mistake to argue that no fact may be discovered unless it directly correlates with

a factual allegation in the complaint or answer."  *Thompson v. Dept of Housing*

*and Urban Development,* 199 F.R.D. 168, 172  (D.Md. 2001).   This is because:

> [a] variety of types of information not directly pertinent to the
> incident in suit could be relevant to the claims or defenses raised in
> a given action. . . . Information about *organizational arrangements*
> or filing systems of a party could be discoverable if likely to yield or
> lead to the discovery of admissible information.  . . . In each
> instance,  the  determination  whether  such  information  is
> discoverable because it is relevant to the claims or defenses
> depends on the circumstances of the pending action.

Id. at 172 (citing Commentary to Rule Changes, Court Rules, 192 F.R.D. 340,

389; emphasis added).  Lastly, discovery is considered relevant where there is

any possibility that the information sought may be relevant to subject matter of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

action. *U.S. v. Int'l Business Machines Corp.,* 66 F.R.D. 215, 218 (S.D.N.Y. 1974); *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997).

I.     **DISCUSSION.**

    **1.  SSNA CAN INQUIRE ABOUT THE ASSETS OF THIRD PARTY DEFENDANTS ALTHOUGH <u>LIABILITY HAS NOT YET BEEN DETERMINED.</u>**

    Generally speaking, information about the assets of a defendant are discoverable before judgment when they are pertinent to a claim or defense in a particular case. *Bank of China v. NBM, L.L.C.,* 2001 WL 604083, *1 (S.D.N.Y. 2001); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1361, 1367 (2d Cir.1991) (plaintiff allowed to examine records of banking transactions and corporate assets to establish alter ego theory). Indeed, where a defense to the imposition of liability under the ADEA was premised upon corporate distinctiveness, this court ordered that tax records of an individual defendant be produced to compare that individual's income with that of all corporations. *Scott v. Arex, Inc.*, 124 F.R.D. 39, 40-41 (D.Conn.1989). Here, as corporate distinctiveness is one of the defenses raised by CIR and Dry Products, asset disclosure is appropriate.

    In addition, "[w]hen a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages." *Mid Continent Cabinetry, Inc. v. George*

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D.Kan. 1990); *Hazeldine v. Beverage Media, Ltd.*, 1997 WL 362229, *2 (S.D.N.Y. 1997) *see also* 6 Moore's, § 26.41[8][c].[5]  Here, Plaintiff's Complaint seeks punitive damages against SSNA (*see* Complaint, Second Count, ¶ 30).  While SSNA believes that neither punitive nor any other damages are warranted here, it seeks indemnification and contribution from the Third-Party Defendants to the extent that it is held liable to the Plaintiff's claims; including its claim for punitive damages.  Given this, SSNA is entitled to discover information relating to all of the Italian Entities' financial condition because such information is directly correlated to its claim for indemnification and contribution.

Asset discovery is further relevant not just because it bears upon SSNA's claim that Dry Products and CIR are successors to Sasib Food and/or Sasib Bakery (*see* discussion below), but also because the respective assets and liabilities may indicate whether Dry Products and CIR have sufficient control of Sasib Food and Sasib Bakery so as to make them liable for their conduct.  In addition, where, as here, counsel for Sasib Food and Sasib Bakery claim they are in liquidation, they have opened the door to discovery about their assets,

---

[5] "Financial information is relevant to punitive damages claims because one of the questions the finder of fact frequently considers in arriving at the amount of its award is how high the award should be, considering the defendant's financial condition, to punish it for engaging in the misconduct that led to the punitive damages award and to deter it from doing so again in the future." Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

even before judgment.  *Thomas v. Union Institute,* 2004 WL 1152142, *4 (6th Cir.
2004) (company's claim of dissolution subject to discovery) .

Asset discovery is also relevant to SSNA's claim that Dry Products and
CIR as successors in interests to Sasib Food and/or Sasib Bakery and have
assumed the liabilities of Sasib Food and/or Sasib Bakery.  (Comp. ¶ 4); *See e.g.*
*Abu-Nassar v. Elders Futures Inc.*, 1991 WL 45062, at * 15-160, * 19 n. 20
(S.D.N.Y. 1991) (permitting discovery pertaining to changes in "corporate form,
transfers of assets and information regarding related entities" where information
sought was "entirely relevant" to "claims of alter ego liability and fraudulent
conveyance").  Finally, information relating to assets is critical to SSNA's claim
that the corporate veil should be pierced.

i.  **Successor Liability**

Under Connecticut law, the general rule of successor liability is that:

a corporation which purchases all the assets of another company
does not become liable for the debts and liabilities of its
predecessor unless (1) the purchase agreement expressly or
impliedly so provides; (2) there was a merger or consolidation of
the two firms; (3) the purchaser is a mere continuation of the seller;
or (4) the transaction is entered into fraudulently for the purposes of
escaping liability.

*Ricciardello v. J.W. Gant & Company,* 717 F. Supp. 56, 57-58 (D.Conn. 1989).

"Cases involving the issue of whether a successor has expressly or
impliedly agreed to assume liability for products issued by a predecessor
predominantly turn on the construction of the asset purchase agreement through

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

which the successor had acquired the assets of the manufacturer of the allegedly defective product. . ." Annotation, *Liability Of Successor Corporation,* 112 A.L.R.5th 113, § 2.  Thus, production of the asset purchase agreement – and information about the assets so purchased -- is crucial in cases where, as here, the plaintiff seeks to establish that a defendant is the successor of a predecessor manufacturer because it assumed the liabilities of the predecessor.

Moreover, for SSNA to prosecute its claim that the Italian Entities are liable as successors based on the merger and consolidation exception, it must be allowed to discovery information about, *inter alia,* continuity of management and/or the inadequacy of consideration for the transfer of assets.  *J.W. Gant & Company,* 717 F. Supp. at 57-58.  63 Am. Jur. 2d Products Liability § 126.  *See also*, 112 A.L.R.5th 113, § 30.  SSNA must be allowed to explore the transfers of assets and, most critically, whether Sasib Food and Sasib Bakery were left with assets and/or liabilities (*see generally, Schmoll v. ACandS, Inc.,* 703 F.Supp. 868 (D.Or. 1988), *aff'd,* 977 F.2d 499 (9th Cir.1992) (purchasing corporation liable as successor where manufacturer sold assets to company owned by manufacturer's shareholders, leaving manufacturer only with overwhelming liabilities); and thus it should be allowed to examine through deposition and document discovery all assets, liabilities, banking and other financial transactions, especially when such documents may prove or disprove whether there was adequate consideration for a given transfer.

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

ii.     **Corporate Veil.**

Access to corporate records and documents concerning banking and

other financial transactions is essential to the determination of whether the Italian

Entities' corporate veils should be pierced.  Courts in Connecticut employ two

tests to determine whether to pierce the corporate veil:  the instrumentality test,

*see Davenport v. Quinn,* 53 Conn.App. 282, 300 (1999); and the identity test, *id.*.

A brief review of the elements of these tests reveals that information relating to

the assets of the Italian Entities is significant in determining whether CIR and/or

Dry Products exercised control over Sasib Food and/or Sasib Bakery.   Such

information is also relevant to show unity of interest and ownership.

Court recognize that "cases involving an attempt to pierce a corporate veil

are complicated," *Compagnie Francaise d'Assurance Pour le Commerce Exterior*

*v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984), and have held that

when a party seeks discovery about the relationships between individuals and a

corporation, "relevance is broadly and liberally construed." *Benchmark Design,*

*Inc. v. BDC, Inc.,* 1989 WL 81618, *1 (D.Or.1989).  "The issue is not whether [the

party] may ultimately prevail on the 'piercing the corporate veil' theory, but

whether the allegations are sufficient to allow them to conduct discovery in an

attempt to prove their allegations." *Jackam v. Hospital Corp. of America Mideast,*

*Ltd.,* 800 F.2d 1577, 1579-80 (11th Cir.1986); *see also Edgar v. Fred Jones*

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Lincoln-Mercury,* 524 F.2d 162,167 (10th Cir.1975) (plaintiff entitled to pursue

discovery to establish existence of facts to justify piercing of corporate veil).

Indeed, the court in *M/V Fakredine,* 951 F.2d at 1367-68, sanctioned a

party for failure to comply with discovery notices which "sought basic corporate

records, and documents (1) concerning banking and other financial transactions,

(2) relating to transactions between the corporations, and (3) relating to corporate

assets." Id. at 1367-68.  This was because, the court noted, the deposition to be

taken "was largely focused on issues of corporate ownership and control." *Id.* at

1368; *see also e.g. NBM, L.L.C.*, 2001 WL 604083, *1 (discovery of assets

permitted where plaintiff made out sufficient *prima facie* showing to support

cause of action for piercing corporate veil); Annotation, *Inadequate Capitalization

As Factor In Disregard Of Corporate Entity*, 63 A.L.R.2d 1051, § 2; Annotation,

*Failure To Issue Stock As Factor In Disregard Of Corporate Entity,* 8 A.L.R.3d

1122, § 5 (commingling of funds).

Here, the Third-Party Complaint put discovery of assets at issue.  Were

that not enough, the Italian Entities' claim that Sasib Bakery and Sasib Food are

in "liquidation" warrants full disclosure of the assets of each of the Italian Entities.

## 2.  SSNA IS ENTITLED TO DISCOVER INFORMATION REGARDING CORPORATE STRUCTURE AND GOVERNANCE.

SSNA should be allowed to discover information regarding the corporate

structure and governance of each of the Italian Entities because such information

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

is relevant to a determination as to whether Dry Products and/or CIR are liable for the acts or omissions Sasib Food and/or Sasib Bakery, including as successors, or because the corporate veil should be pierced.  Indeed, in light of the fact that CIR has admitted it appointed an employee of Dry Products to liquidate the two Italian Sasib companies, questions of corporate control and governance are clearly at issue.

     i.    **Successor Liability**.

In order to recover under the "mere continuation" exception (such as would warrant imposition of liability for products liability claims on a successor), it must be shown that "there is such a continuity of ownership and control between the corporations that the transfer constitutes an arrangement whereby the same persons establish another corporation in order to take over and concentrate the control of the predecessor's property, or where the successor merely represents a new hat for the predecessor."  63 Am. Jur. 2d Products Liability § 126; 109 A.L.R.5th 301, §§ 3, 12-15, 20-26; *J.W. Gant & Company,* 717 F. Supp. at 57-58. Factors to be examined include, *inter alia,* "a common identity of the officers, directors, and stockholders in the selling and purchasing corporations; continuation of the business operations of the predecessor, evidenced by the use of the same name, the same location, and the same employees; and the existence of only one corporation at the conclusion of the transaction, that is, the predecessor corporation must be extinguished."  63 Am. Jur. 2d Products

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Liability § 126; Annotation, *Similarity Of Ownership Or Control As Basis For Charging Corporation Acquiring Assets Of Another With Liability For Former Owner's Debts*, 49 A.L.R.3d 881, § 5. Courts have recognized the importance of obtaining information relevant to the corporate structure and history in order to advance successor liability claims. *Montgomery v. Jones Chemicals, Inc.,* 1995 WL 523617, *3 (N.D.Ohio 1995) (summary judgment motions denied on successor liability issues where state unable to obtain information regarding corporate history, structure and employment.); *Vogt v. Greenmarine Holding, LLC,* 318 F.Supp.2d 136 (S.D.N.Y. 2004) (plaintiffs entitled to discovery pertaining to corporate structure and governance).

Because SSNA alleged that Dry Products and/or CIR are successors to Sasib Food and/or Sasib Bakery, based in part on the continuation theory, it is entitled to discover information relating to this allegation. Such information includes the identity of the officers, directors, and stockholders of the corporations, business operations of the Italian Entities, the corporate structure of those entities, and corporate history and employment.

ii.    **Piercing The Corporate Veil.**

As noted above, Connecticut courts employ two tests in determining whether to pierce the corporate veil -- the instrumentality rule and the identity rule. *Quinn,* 53 Conn.App. at 300. At the heart of these two tests is control of policy and business practice, *id.,* and thus, information relating to the corporate

- 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

structure and governance is relevant to this claim.  *See e.g. Monchinski v. Caserta,* 2004 WL 2376485, *2 (N.Y.Sup. 2004) (defendants barred from disputing claim that corporate veil should be pierced where they dissolved corporations and destroyed corporate records during pendency of action.)  Here, the allegations of the Third-Party Complaint clearly encompass corporate structure and governance issues.  Moreover, even were the Third-Party Complaint not enough, the Declaration of Alberto Piaser (Exh. E) and the discovery responses propounded by the Italian Entities themselves raise questions of corporate control, ownership and operation which mandate full discovery regarding each of these corporations.

## II.   CONCLUSION

For the foregoing reasons, it is respectfully submitted that Third-Party Plaintiff should be permitted to discover full and complete information and documents about the assets of the Third-Party Defendants, and regarding the corporate structure, history, control and governance of such entities.

By_____
Joseph G. Fortner, Jr.
HALLORAN & SAGE LLP
Fed. Bar #ct 04602
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

– 14 –

225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 3rd day of November 2004, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481
Attorneys for Plaintiff

Deborah S. Russo, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

Jonathan Mazer, Esq.
John R. Horan, Esq.
Fox Horan & Camerini
825 Third Avenue
New York, NY  10022
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

Joseph G. Fortner, Jr.

610961

- 15 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105