UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA : | **Civil Action No. 303 CV 597 MRK** |
| : | |
| v. : | |
| : | |
| SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC. : | |
| SIG SIMONAZZI NORTH AMERICA, INC. : | |
| v. : | |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., AND COMPAGNIE INDUSTRIALI RIUNITE : | |

**DECLARATION OF ALBERTO PIASER**

Dr. Alberto Piaser declares pursuant to 28 U.S.C. ' 1746 and under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the CEO of Dry Products S.p.A. ("Dry Products") and also the CEO of Compagnie Industriali Riunite, S.p.A. ("CIR"). I make this declaration in opposition to the plaintiff's motion to amend to the complaint in this action to include Dry Products and CIR as defendants in the main action.

2.  In addition to CIR and Dry Products, the plaintiff seeks to add as defendants Sasib Food Machinery MV, S.p.A. ("SFMMV") and Sasib Bakery Italia, S.p.A. ("SBI"). Those companies have merged into one entity and been renamed Food Machinery Medium Volume, S.p.A. ("FMMV"). In this declaration, I will review the relationship between CIR and Dry Products on the one hand and SFMMV and SBI on the other. I will sometimes refer to SFMMV and SBI by their present name FMMV.

3.  Dry Products and CIR are holding companies only. Dry Products owns 100% of the stock of FMMV (previously known as SBI and SFMMV). CIR owns 55% of the stock of Dry Products but does not own any of the stock of FMMV (previously known as SBI and SFMMV). All of the companies mentioned are (or were) separate entities duly registered with the Chamber of Commerce in Italy which maintains the "Register of Enterprises." Copies of the Certificates of Status for each holding company and for FMMV are attached hereto as Exhibits 1, 2 and 3 respectively. As explained in more detail below, neither CIR nor Dry Products engages in manufacturing or managing of manufacturing operations. Neither CIR nor Dry Products produces or sells any product or holds itself out as the producer or seller of any product. For convenience, I will refer to CIR and Dry Products collectively as "the holding companies." The holding companies engage in ownership of the stock of various companies for investment purposes. CIR owns stock in companies in various sectors including media, energy and automotive parts. The Certificate of Status for Dry Products shows that its purpose is limited to activity as a holding company. The purposes set forth on CIR's certificate is broader but its balance sheet and profit and loss account, which is attached hereto as Exhibit 4, shows that, in fact, its activities are limited to financial activities only as described in detail in this declaration.

4. The holding companies did not participate in any way whatsoever in the manufacturing, design, engineering, assembly, fabrication, construction, processing, packaging, preparation, shipping or sale of the bakery machinery which is at issue in this case ("the bakery machine") or any of its components (or any other machinery or product sold in the market place). The holding companies have never held title to the bakery machine or any of its components, never been the lessor or bailor of the bakery machine or any of its components, never financed the sale of the bakery machine or any of its components, never held a security or other interest in the bakery machine or any of its components, never advertised the bakery machine or any of its components or otherwise exercised direct control over the bakery machine or any of its components.

5. The holding companies do not have (and have never had) any role in the day to day management of FMMV, SFMMV or SBI.

6. The holding companies do not have (and have never had) any director in common with FMMV, SFMMV or SBI.

7. The holding companies have never agreed to assume liabilities of FMMV, SFMMV or SBI.

8. Neither the name nor trademark of either of the holding companies appear (or has ever appeared) on the machinery or products sold by FMMV, SFMMV or SBI (or any other products).

9. Because CIR decided as part of its investment strategy to reduce its exposure to the food machinery sector, FMMV is being liquidated. An employee of Dry Products, Andrea Silvestroni, has been appointed as liquidator. Mr. Silvestroni is involved in the financial aspects of the liquidation only and has never had any role in production of machinery or any operation of FMMV, SFMMV or SBI. Other than the liquidation, the holding companies have had no role whatsoever (other than the ownership of stock by Dry Products) in FMMV, SFMMV or SBI. Other then the facts mentioned in this paragraph with respect to Mr. Silvestroni, the holding companies do not have (and have never had) any employee or officer in common with FMMV, SFMMV or SBI.

10. The holding companies maintain (and have always maintained) separate offices from each other and from FMMV, SFMMV and SBI. CIR and Dry Products both have offices in Milan while FMMV has its registered office at San Bonifacio (Verona) at via Camporosolo, No. 198.

11. CIR and Dry Products maintain separate assets and accounts from each other and from FMMV (and prior to the merger and renaming from SFMMV and SBI).

12. The holding companies do not have any contact with the State of Connecticut. In particular, the holding companies: do not have any office in Connecticut, do not have any employees in Connecticut, do not hold meetings in Connecticut, are not party to any contracts to be performed in Connecticut, have not brought any lawsuits in Connecticut and are not engaged in any other activity in Connecticut. CIR and Dry Products are named as defendants in the third party action in this case but intend to seek dismissal from that action in a separate motion.

13. Based on the forgoing, CIR and Dry Products asks that the plaintiff's motion seeking leave to add CIR and Dry Products as defendants in this action be denied.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on: 26 . 10 . _____, 2004

Dr. Alberto Piaser