UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : CIVIL ACTION NO.<br>: 303 CV 597 MRK |
| V. | : |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>: |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>        THIRD-PARTY PLAINTIFF | : |
| V. | : |
| SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.<br>        THIRD-PARTY DEFENDANTS | :<br>:<br>:<br>:<br>: NOVEMBER 18, 2004 |



### MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY PLAINTIFF'S MOTION TO CONTINUE SUMMARY JUDGMENT

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the third-party plaintiff, Sig Simonazzi North America, Inc. ("SSNA"), hereby respectfully submit its Memorandum of Law in Support of Third-Party Plaintiff's Motion to Continue Summary Judgment Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure ("Rule 56(f) Motion").

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

08742.0583
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## I. INTRODUCTION

SSNA respectfully requests that the Motion for Summary Judgment (the "Motion") filed by the third-party defendants, Dry Products, S.p.A. ("Dry Products" or collectively "Third-Party Defendants") and Compagnie Industriali Riunite, S.p.A. ("CIR" or collectively "Third-Party Defendants") on or about October 29, 2004, be denied as premature and further requests that CIR and Dry Products be prohibited from re-filing the Motion, if at all, until a reasonable time after the close of fact witness discovery.

Fact witness discovery is not scheduled to close until December 31, 2004 and SSNA continues to conduct discovery regarding its claims against Dry Products and CIR, and issues of personal jurisdiction.

Alternatively, SSNA moves this Court to continue the hearing on the Motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure until a reasonable time after the close of fact witness discovery.[1] SSNA has propounded written discovery and served Rule 30(b)(6) deposition notices on Dry Products and CIR to obtain discovery pertaining to, inter alia, the exercise of personal jurisdiction over Dry Products and CIR.

Dry Products and CIR's responses to SSNA's Second Set of Interrogatories, which deal exclusively with issues of personal jurisdiction, are not due until on or about

---

[1] SSNA further requests that in the event the Court denies SSNA's Rule 56(f) Motion, that SSNA shall not be required to file its Memorandum in Opposition to Motion for Summary Judgment until no earlier than 21 days after the Court enters its Order denying the Rule 56(f) Motion.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

December 12, 2004.[2] Likewise, the Rule 30(b)(6) depositions of Dry Products and CIR, which will include matters of personal jurisdiction, are not to take place until December 2004. Additionally, SSNA is currently taking the Rule 30(b)(6) depositions of Sasib Bakery Italia, S.p.A. ("Sasib Bakery" or collectively "Third-Party Defendants") and Sasib Food Machinery, Medium Volume, S.p.A. ("Sasib Food" or collectively "Third-Party Defendants"), which depositions will include matters pertaining to personal jurisdiction.

Once this written discovery is completed, SSNA has a reasonable basis to believe that there will be questions of material fact regarding the exercise of personal jurisdiction over Dry Products and CIR such that summary judgment in this case is not appropriate.

## II. BACKGROUND

On April 2, 2003, the plaintiff, Bill L. Gouveia, as Administrator of the Estate of Jose Guerra (the "Plaintiff"), filed this action against SSNA for fatal injuries resulting from an April 27, 2001, incident. Plaintiff alleges that Jose Guerra (the "Decedent") was fatally injured while allegedly working at the Chaves Bakery in Bridgeport, Connecticut, when a bakery machine struck the Decedent. He has asserted a products liability claim under C.G.S. § 52-572n of the Connecticut General Statutes. The Plaintiff alleges that SSNA is responsible for the defective bakery machine and for failure to warn of such a defect, as well as for breach of implied warranties and representations.

---

[2] Further, Dry Products and CIR have supplemented their responses to the First Set of Interrogatories and Requests for Production on November 10, 2004, pursuant to the Court's Order. SSNA continues to analyze these supplemental responses.

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In its Third Party Complaint ("Compl."), dated January 21, 2004, SSNA impleaded four Italian entities –Sasib Food, Sasib Bakery, CIR and Dry Products. SSNA alleges that Sasib Food and Sasib Bakery designed, manufactured, assembled, marketed, sold and distributed bakery equipment, including that which is at issue in this case. See Compl., ¶¶ 3, 4. SSNA further alleges that Dry Products is a successor in interest to Sasib Food, Sasib Bakery, or both, has directly or indirectly engaged in the business of designing, manufacturing, assembling, selling and distributing bakery equipment, and has assumed the liabilities of Sasib Food or Sasib Bakery, or both. Id., ¶ 4. It is alleged that CIR is 100% owner of one or more of the other Third-Party Defendants, was directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling and distributing the bakery equipment, or is the successor in interest to Sasib Food or Sasib Bakery, or both. Id., ¶ 5.

In lieu of filing a Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, CIR and Dry Products, along with Sasib Bakery and Sasib Food, chose to file one joint answer.[3] See Answer to the Third Party Complaint, dated May 14, 2004. CIR denied that it was the 100% owner of Dry Products, Sasib Food, or

---

[3] Indeed, SSNA suggests that CIR and Dry Products filed their Answer because they knew that they would have been unsuccessful in their efforts to dismiss the case on personal jurisdiction grounds under Rule 12(b)(2) of the Federal Rules of Civil Procedure. See Tomra of North America, Inc. v. Environmental Products Corp., 4 Supp. 2d 90, 92-2 (D. Conn. 1998)(Setting forth that at a preliminary stage of litigation, prior to the parties engaging in discovery, plaintiff need only make a prima facie showing of personal jurisdiction); see also American Wholesalers Underwriting, Inc. v. American Wholesale Ins., 312 F. Supp.2d 247, 251 (D. Conn. 2004)("Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction and by making a prima facie case of jurisdiction"). The prima facie burden may be met by good faith allegations in the pleadings. See id.; see also Fed. R. Civ. P. 11.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Sasib Bakery, denied that it directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling bakery equipment, including the bakery line which is the subject matter of the plaintiff's complaint, denied being the successor of Sasib Food or Sasib Bakery, and denied assuming the liabilities of these two entities. See Answer, ¶ 5. Likewise, Dry Products denied, inter alia, that it directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling bakery equipment, including the bakery line which is the subject matter of the plaintiff's complaint, denied being the successor of Sasib Food or Sasib Bakery, and denied assuming the liabilities of these two entities. See Answer, ¶ 4. Both CIR and Dry Products denied knowledge and information sufficient to form a belief as to SSNA's allegations pertaining to the Court's personal jurisdiction over them, see id., ¶ 6; however, all the third-party defendants raised lack of personal jurisdiction as an affirmative defense. See Answer, Third-Affirmative Defense.

On July 28, 2004, SSNA served its First Set of Interrogatories and Requests for Production on the Third-Party Defendants, including CIR and Dry Products. See Affidavit of Patrick M. Birney ("Birney Aff."), ¶ 3, attached as Exhibit A to the Rule 56(f) Motion. With regard to CIR and Dry Products, the written discovery requests sought information regarding the interrelationship between CIR, Dry Products, Sasib Bakery and Sasib Food. See Birney Aff., ¶ 3. On or about September 27, 2004, the Third-Party Defendants filed their Motion for Modification of Scheduling Order and Motion for Enlargement of Time to Respond to Plaintiff's Motion to Amend Complaint ("Motion for

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Enlargement"). In the Motion for Enlargement, the Third-Party Defendants stated that "responses to the extensive discovery demands is difficult and time consuming because of the extensive nature of the demands and the language difficulties involved in preparing responses by foreign witnesses to complicated questions and demands promulgated in English." See Motion for Enlargement, pp. 1-2.

On and after October 1, 2004, the Third-Party Defendants offered four sets of so-called Interrogatory Reponses. In brief, one person (Alberto Piaser), the General Manager and CEO[4] of CIR and Chairman of Dry Products, provided cursory answers for those entities, but admitted that Dry Products owns 100% of the entity which is the successor of Sasib Food and Sasib Bakery. According to Sasib Food's interrogatory responses, this entity is in "liquidation" and was subject to dissolution "by virtue of a shareholders meeting of June 24, 2002." See Responses to First Written Discovery, attached to the Rule 56(f) Motion as Exhibit B, pp. 2, 34. Leaving aside the questions of fact these responses raise, of especial interest is that Andrea Silvestroni -- who signed on the behalf of Sasib Food -- is the liquidator of the entity which was previously both Sasib Food and Sasib Bakery, and by his own admission, is an employee of Dry Products. Id.

Prior to responding fully to SSNA's first written discovery requests, on October 29, 2004, Dry Products and CIR filed the Motion, along with their supporting

---

[4] Although Piaser did not admit to this role in CIR's and Dry Products Interrogatory Responses, his Declaration submitted with the Third-Party Defendants' recent Motion for Summary Judgment attests to his being the CEO of both CIR and Dry Products. See Exh. C, ¶ 1.

– 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

memorandum. In the Motion, Dry Products and CIR claim that that there is no issue of material fact with regard to the issue of personal jurisdiction and that CIR and Dry Products, accordingly, are entitled to judgment as a matter of law. In support of the Motion, Dry Products and CIR offered a Declaration by Alberto Piaser, CEO of both Dry Products and CIR. See attached Declaration of Alberto Piaser, attached as Exhibit C to the Rule 56(f) Motion. In the Piaser Declaration, Piaser admits that Dry Products owns 100% of an entity previously known as Sasib Bakery and Sasib Food (¶ 3); that CIR owns 55% of the stock of Dry Products (id.), and that while these entities are "holding companies," CIR appointed an employee of Dry Products to be the liquidator of Sasib Bakery's and Sasib Food's successor. See ¶ 9. These materials raise more questions about control, management and legal succession than they answer, especially since they are cited to seek summary disposition.

On November 1, 2004, the Court Ordered CIR and Dry Products to supplement their responses to SSNA's first discovery requests by November 10, 2004.[5]

On November 12, 2004, SSNA served its Second Set of Interrogatories ("Second Discovery Requests") on CIR and Dry Products, which propound additional questions relating to the Court's personal jurisdiction over CIR and Dry Products. See Second Discovery Requests, attached as Exhibit D to the Rule 56(f) Motion. Additionally, on November 18, 2004, SSNA re-noticed the depositions of Dry Products and CIR

---

[5] At this time this motion is filed, SSNA continues to analyze the sufficiency of the responses to the written discovery requests served in late-July on CIR and Dry Products, including whether additional motion practice is needed pursuant to Rule 37 of the Federal Rules of Civil Procedure.

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and included matters in the notice pertaining to the Court's personal jurisdiction over them. See 30(b)(6) Deposition Notices, attached as Exhibit E to the Rule 56(f) Motion. On November 17 and 18, 2004, SSNA will also be conducting Rule 30(b)(6) depositions of Sasib Bakery and Sasib Food, wherein it will also inquire as to issues of the Court's personal jurisdiction over the Third-Party Defendants.

SSNA respectfully requests that the Motion filed by Dry Products and CIR be denied and that CIR and Dry Products be prohibited from re-filing the Motion, if at all, until after the close of fact witness discovery. Alternatively, SSNA requests that the hearing on the Motion be continued pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

## III. ARGUMENT

### A. STANDARD OF REVIEW

Rule 56(f) of the Federal Rules of Civil Procedure provides that:

> Should it appear from affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit the facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The policy behind this rule is straightforward: Summary judgment should not be granted where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition. See Trebor Sportswear Co. v.

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Limited Stores, 865 F.2d 506, 511 (2d. Cir. 1989) ("The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment.").

Thus, Rule 56(f) provides an alternative procedure to a response on the merits when the motion is so premature that it is unfair to require a response on the merits. See Pasternak v. Lear Petroleum Exploration, Inc., 790 F.3d 828, 833 (10th Cir. 1992) (quoting 10A Wright, Miller, & Kane Federal Practices and Procedure § 2740 (1983)). If a motion for summary judgment is filed, "[t]he nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Shoes, 865 F.2d 506, 511 (2d Cir. 1989)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). Summary judgment should only be granted if after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." See Hellstrom v. U.S. Dept. of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). That is, a grant of summary judgment is premature until the nonmoving party has had a fully adequate opportunity for discovery. See Trebor Sportswear Co., 865 F.2d at 511. Indeed, the Second Circuit has consistently denied motions for summary judgment as premature in cases where the nonmoving party did not have a "fully adequate opportunity for discovery" at the time the moving party sought summary judgment. See id.; Hellstrom, 201 F.3d at 97, Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996); Sutera v. Shering Corp., 73 F.3d 13, 18, (2d Cir. 1995);

-9-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Crystallien H20 Inc. v. D. Orminski, 105 F.Supp.2d 3 (N.D.N.Y. 2000). "Discovery is strongly favored and generally denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a Rule 56(f) affidavit." Miller v. United States Dep't of Transp., 710 F.2d 656, 666 (10th Cir. 1983).

A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts. See Fed. R. Civ. P. 56(f); see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994). Consistent with its underlying policy, courts treat Rule 56(f) motions and affidavits liberally. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521-22 (10th Cir. 1992).

### B. THE MOTION SHOULD BE DENIED AND CIR AND DRY PRODUCTS SHOULD BE BLOCKED FROM RE-FILING THE MOTION, IF AT ALL, UNTIL AFTER THE CLOSE OF FACT WITNESS DISCOVERY

The Motion filed by Dry Products and CIR must be denied because it is so premature that it is unfair to require a response on the merits. See Pasternak, 790 F.3d at 833. Currently, fact-witness discovery is not scheduled to close until December 31, 2004. See Birney Aff., ¶ 2. In fact, the Third-Party Defendants moved for this latest extension, with the consent of Plaintiff and SSNA. See id. As discussed in more detail

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in Section II, C, infra, SSNA has utilized and will continue to utilize this period of time to establish, through discovery, inter alia, that the Court has personal jurisdiction over CIR and Dry Products. See id. Because SSNA must have an opportunity to discover information related to the Court's exercise of personal jurisdiction over CIR and Dry Products, the Motion is premature and must be denied. See Trebor Sportswear Co., 865 F.2d at 511; see also Hellstrom, 201 F.3d at 97; Berger, 87 F.3d at 65; Shering Corp., 73 F.3d at 18, (2d Cir. 1995). Moreover, CIR and Dry Products should be prevented from re-filing the Motion, if at all, until after the close of fact witness discovery.

### C. SSNA IS DILLIGENTLY PURSUING DISCOVERY RELATED TO THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER CIR AND DRY PRODUCTS

In the alternative, SSNA respectfully request that the Motion be continued until after the close of fact witness discovery because SSNA continues to diligently pursue discovery related to the Court's exercise of personal jurisdiction over CIR and Dry Products. See Birney Aff., ¶ 2. In addition to conducting written discovery and depositions regarding the issues of contribution and indemnification as against the Third-Party Defendants, SSNA is also conducting written discovery and depositions with regard to the exercise of personal jurisdiction over Dry Products and CIR under, inter alia, Connecticut's Long-Arm Statute, C.G.S.§33-929(f). See Birney Aff., ¶¶ 5-7. As discussed in Section II, supra, SSNA has previously served its First Set of Interrogatories and Requests for Production on the Third-Party Defendants, including

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

CIR and Dry Products. See id., ¶ 3. With regard to CIR and Dry Products, the written discovery requests sought information, inter alia, regarding the interrelationship between CIR, Dry Products, Sasib Bakery and Sasib Italia. See id.[6] Pursuant to the Court's November 1, 2004 Order, Dry Products and CIR have supplemented their initial responses. See id., ¶ 4. SSNA has received these supplemental responses on or about November 10, 2004, and continues to analyze these responses at the time this Motion is filed. See id.

On November 12, 2004, SSNA served Third Party Plaintiff's Second Set of Interrogatories Directed to Third-Party Defendants Dry Products and CIR ("Second Written Discovery Requests"). See Birney Aff., ¶ 5. As set forth more fully therein, the Second Written Discovery Requests deal with issues pertaining to the exercise of personal jurisdiction over the Dry Products and CIR, including jurisdiction under Connecticut's Long-Arm Statute, C.G.S.§33-929(f), See id.; see also Exh. E. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the responses of Dry Products and CIR are due on or about December 12, 2004. See Birney Aff., ¶ 5.

On November 18, 2004, Plaintiff re-served Notices of Deposition on CIR and Dry Products. The matters outlined in the Notices of Deposition detail both issues pertaining to bakery line, which is the subject matter of the third-party complaint, and

---

[6] By way of one example, Interrogatory Number 50 asks "whether there has ever been overlap in management, personnel, physical location (including telephone numbers), assets, ownership, officers, directors, and general business operations between [Dry Products] and Sasib Bakery, Sasib Food, or CIR."

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

issues pertaining to the exercise of personal jurisdiction over Dry Products and CIR. See Birney Aff., ¶ 6; see also Exh. F. The 30(b)(6) depositions of CIR and Dry Products are scheduled to commence on December 3, 2004. See Birney Aff., ¶ 6.

SSNA will also be conducting the 30(b)(6) depositions of Sasib Bakery and Sasib Food on November 17 and 18, 2004, wherein it intends to ask specific questions pertaining to issues related to both the bakery line and, generally, issues pertaining to the exercise of personal jurisdiction over Dry Products and CIR. See Birney Aff., ¶ 7. Because SSNA continues to diligently pursue discovery channels regarding these personal jurisdiction issues, it cannot properly characterize its efforts as unsuccessful at this juncture. See id. As such, and in the event the Court does not opt to deny the Motion outright at this time, SSNA respectfully requests that the Motion be continued until after the close of fact witness discovery inasmuch as SSNA continues to diligently pursue discovery related to the Court's exercise of personal jurisdiction over CIR and Dry Products.

### D. THE WRITTEN DISCOVERY PROPOUNDED ON AND RULE 30(B)(6) DEPOSITIONS OF CIR AND DRY PRODUCTS WILL CREATE AN ISSUE OF MATERIAL FACT REGARDING THE EXERCISE OF PERSONAL JURISDICTION OVER DRY PRODUCTS AND CIR

SSNA has not completed its discovery regarding the exercise of personal jurisdiction by this Court over CIR and Dry Products. See Birney Aff., ¶ 9.

-13-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Case 3:03-cv-00597-MRK    Document 104    Filed 11/19/2004    Page 15 of 19

Nevertheless, SSNA has a good faith basis to believe that when discovery has been completed, genuine issues of material fact will exist regarding the exercise of personal jurisdiction by this Court over CIR and Dry Products. See id.

As an example, SSNA will not be given an opportunity to question Alberto Piaser, the Chief Executive Officer of both Dry Products and CIR, regarding issues pertaining to personal jurisdiction and the averments he made in his declaration, dated October 26, 2004, until on or about December 3, 2004. See id., ¶ 10. In his declaration, Mr. Piaser avers that as part of CIR's investment strategy, it decided to reduce its exposure to the food machinery sector and chose to liquidate Food Machinery Medium Volume, S.p.A. ("FMMV"), the admitted successor of Sasib Food and Sasib Bakery. See Piaser Declaration, attached as Exhibit C. Mr. Piaser further avers that he has retained an employee of Dry Products to effectuate the liquidation of FMMV. See id. Cleary, a nexus between CIR, Dry Products, FMMV, Sasib Bakery, and Sasib Italia has been established by the averments submitted by Mr. Piaser, which nexus needs to be further developed, and which may be one of a handful of possible bases that subject CIR and Dry Products to the personal jurisdiction of the Court. See Birney Aff., ¶ 10. Because SSNA reasonably believes that additional discovery will create a genuine issue of material fact regarding the issue of personal jurisdiction, SSNA moves that the Motion be continued until after the close of fact witness discovery.

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Case 3:03-cv-00597-MRK    Document 104    Filed 11/19/2004    Page 17 of 19

## IV. CONCLUSION

For the foregoing reasons, SSNA respectfully requests that the Motion for Summary Judgment filed by CIR and Dry Products be denied without prejudice and that CIR and Dry Products be prohibited from re-filing the Motion, if at all, until after the close of fact witness discovery. In the alternative, SSNA respectfully requests that the Motion be continued until after the close of fact witness discovery because SSNA continues to diligently pursue discovery related to the Court's exercise of personal jurisdiction over CIR and Dry Products.

THE DEFENDANT,
SIG SIMONAZZI NORTH AMERICA, INC.

By_____
Joseph G. Fortner, Jr.
Patrick M. Birney of
HALLORAN & SAGE LLP
Fed. Bar #ct 04602
Fed. Bar #ct 19875
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 18th day of November 2004, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

Deborah S. Russo, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

John R. Horan, Esq.
Jonathan Mazer, Esq.
Fox Horan & Camerini
825 Third Avenue
New York, NY 10022
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

_____
Patrick M. Birney

611368.2(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105