UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSÉ GUERRA,<br>    Plaintiff<br><br>v.<br><br>SIG SIMONAZZI NORTH AMERICA, INC.,<br>    Defendant<br><br>v.<br><br>SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., and<br>COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.<br>    Third-Party Defendants | CIVIL ACTION No. 303CV597 MRK<br><br><br><br>Dated: November 29, 2004 |

MEMORANDUM OF LAW IN REPLY TO THE THIRD PARTY DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

The plaintiff, Bill L. Gouveia as Administrator of the Estate of José Guerra, respectfully submits this Memorandum of Law in reply in to the third-party defendants' Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A. Opposition to the plaintiff's Motion to Amend the Complaint.  The third-party defendants oppose the plaintiff's Motion to Amend on several grounds, but their opposition must fail as the plaintiff has the right to file a direct cause of action against the third-party defendants.

**I.      Personal Jurisdiction**

Pursuant to Connecticut General Statutes §33-929(f), the plaintiff's claims against the third-party defendants arise out of a contract which was intended to be performed in Connecticut, because the third-party defendants had a reasonable expectation that the subject bakery machine would be used in Connecticut at the time the third-party defendants designed, manufactured, distributed and assembled the

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

subject bakery machine, and the bakery machine was used in Connecticut, and because the alleged tortious conduct, which is the subject of the plaintiff's claims against the defendant and the third-party defendants, occurred in Connecticut.

The third-party defendants Sasib Food Machinery MV, S.p.A. ("SFM") and Sasib Bakery Italia S.p.A. ("SBI") have asserted that they were the main contractors and took care of the design and installation of the subject bakery line machine that injured and killed the plaintiff's decedent.  However, the third-party defendants Dry Products S.p.a. ("Dry Products") and Compagnie Industriali Riunite, S.p.A. ("CIR") assert that they have insufficient contacts with the forum state to come within the jurisdiction of this Court. The third-party defendants further assert that the plaintiff has not presented documentation or other proof to support his claims of personal jurisdiction over the third-party defendants Dry Products and CIR.  However, as this Court has stated, discovery in this matter is incomplete and, in particular, the parties are in the process of seeking discovery with respect to evidence of the corporate and business structures and fiscal relations of the third-party defendants.  This process includes the taking of depositions of several representatives of the various Italian entities.

The November 18, 2004 deposition testimony of Mr. Marco Pimmazoni on behalf of SFM and/or SBI revealed that the third-party defendants SFM and/or SBI were the entities responsible for the installation of the subject bakery line machine.  Prior to this time the evidence regarding the supply and installation of the subject bakery line machine came from a December 20, 2000 Agreement executed between the defendant Sig Simonazzi North America, Inc., formally known as Sasib Bakery North America, Inc. and the plaintiff's decedent employer Chaves Bakery.  Page one, Paragraph A of that Agreement states that "Pursuant to that certain Sasib Order Confirmation No. 115964 dated December 22, 1997, (the "Order"), Sasib delivered to Chaves and installed at Chaves' facility in Bridgeport, Connecticut, a certain bread and roll bakery production system (the "Line")."  As a result of the disclosures and assertions by the third-party defendants, the plaintiff alleges that Dry Products is a successor in interest to SFM and/or SBI, and has directly or indirectly engaged in the business of designing, manufacturing, assembling, selling and distributing bakery equipment, specifically the

bakery line machine that is the subject of this litigation, and further has assumed the liabilities of SFM and/or SBI.

The third-party defendants SFM and SBI have asserted that they are in fact the same business entity, now identified as Food Machinery Medium Volume S.p.A. ("Food Machinery"). It has been further asserted by the third-party defendants that Food Machinery is presently in liquidation. However, while the third-party defendants CIR and Dry Products claim that they are mere holding companies, discovery thus far evidences that Dry Products maintains 100% of the stock of Food Machinery and CIR maintains 55% of the stock of Dry Products. Further, Alberto Piaser, the Chief Executive Officer for both CIR and Dry Products, the majority stockholder of Food Machinery, has asserted by sworn declaration that CIR was the controlling entity that decided to place Food Machinery, the alter ego of SFM and SBI, into liquidation in order to reduce exposure in the food machinery sector.

Moreover, while Dry Products and CIR claim to be mere holding companies, the state of the evidence is that CIR maintained sufficient control over the third-party defendants to appoint an employee of Dry Products, Andrea Silvestroni, as the liquidator for SBI and SFM's legal successor Food Machinery. Thus, based upon these decisions and the assertions by the principals of Dry Products and CIR, there are substantial questions of fact as to who is or was in control of the assets and liabilities of SFM and SBI. Therefore, in light of these questions regarding control, management and legal succession, the third-party defendants' assertion that there is no personal jurisdiction over Dry Products and CIR must fail. The third-party defendants' opposition to the plaintiff's Motion to Amend the Complaint is, in essence, a request for Summary Judgment, however, before judge can be rendered, the plaintiff must be given and opportunity to complete discovery. For these reasons and because discovery regarding the respective assets and liabilities of the third-party defendants is ongoing and may indicate whether Dry Products and CIR have sufficient control of SFM and/or SBI so as to make them liable for their conduct, the third-party defendants' claims that neither Dry Products nor CIR is a "product seller" must also fail.

Finally, plaintiff respectfully asserts that any and all claims that the third-party defendants Dry Products and CIR should not be a party to this action are not applicable

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

to the third-party defendants SFM and/or SBI.  Based on the state of the evidence, the third-party defendants SFM and/or SBI are directly responsible for the supply and installation of the subject bakery line machine that injured and killed the plaintiff's decedent.  There is no evidence to support the third-party defendants' position as to plaintiff proceeding against these two entities and therefore the plaintiff's Motion should be allowed as a matter of course as to Sasib Food Machinery and Sasib Bakery Italia.

## II.    Timeliness of Plaintiff's Claims

The third-party defendants mistakenly assert to the Court that, "[I]t is undisputed that the Plaintiff's proposed amended complaint, which seeks to add SFMMV, SBI, Dry Products, and CIR as defendants in a product liability claim, is untimely."  On April 2, 2003, the plaintiff timely filed his cause of action against the defendant Sig Simonazzi North America, Inc. (hereinafter referred to as "SSNA").  Thereafter the defendant SSNA timely filed a third-party action pursuant Connecticut General Statutes §52-577a(b) which states in relevant part that "in any such action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court." Federal Rule of Civil Procedure 14(a) was the vehicle used by the defendant to implead the third-party defendants.

The plaintiff thereafter filed his Motion to Amend the Complaint adding claims against the third-party defendants pursuant to Federal Rules of Civil Procedure 14(a), which states unequivocally "the plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."  As stated in the Advisory Committee notes to the 1946 Amendment to Federal Rules of Civil Procedure Rule 14(a), the language of Rule 14(a) has been "… revised to make clear that the plaintiff may, if he desires, assert directly against the third-party defendant either by amendment or by a new pleading any claim he may have against him arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

plaintiff. In such a case, the third-party defendant then is entitled to assert the defenses, counter-claims and cross-claims provided in Rules 12 and 13."

In support of their opposition, the third-party defendants mistakenly rely upon a series of New York and Connecticut cases wherein the common facts are that a plaintiff filed a cause of action against a defendant and, without any further action by the parties, attempted to amend his Complaint adding a new defendant, not previously a party to the litigation, after the running of the applicable statue of limitations. These are not the facts in the case at bar.  The third-party defendants have been properly implead into this action by the defendant pursuant to F. R. Civ. P. 14(a).  The plaintiff's claims against the third-party defendants arise out of the same transaction or occurrence that is the subject matter of the plaintiff's claim against the defendant SSNA.  Thus, Federal Rules of Civil Procedure Rule 15 is applicable in this matter because a responsive pleading has been filed and therefore the plaintiff must seek leave of Court to file an amended complaint. However, Federal Rules of Civil Procedure Rule 14(a) rather than Rule 15(c)(3) is the mechanism by which the plaintiff has asserted his claims against the third-party defendants.

The Court should allow the plaintiff's Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 14(a) and the claims should relate back pursuant to Federal Rule of Civil Procedure Rule 15(c)(2) which states, similar to the requirements of Rule 14(a), that, "an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading."

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

Respectfully submitted,


THE PLAINTIFF, BILL L. GOUVEIA AS
ADMINISTRATOR OF THE ESTATE OF JOSÉ
GUERRA,


By his attorney,


\s\
Richard J. Sullivan
Bar # Pending
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
Telephone (781) 263-9400
Fax (781) 239-1360


Dated: November 29, 2004

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360

CERTIFICATION

This is to certify that on this day I served, by first-class mail postage prepaid, a copy of the foregoing to:

Joseph Fortner, Esq.
Patrick M. Birney, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Deborah S. Russo, Esq.
Day Berry & Howard, LLP
CityPlace I
Hartford, CT 06103-3499

John J. Horan, Esq.
Jonathan Mazer, Esq.
Fox Horan & Camerini, LLP
825 Third Avenue
New York, NY 10022


                                          \s_____
                                          RICHARD J. SULLIVAN

Dated: November 29, 2004

Richard J. Sullivan, Sullivan & Sullivan, LLP
31 Washington Street – Wellesley, MA 02481
Telephone (781) 263-9400 – Fax (781) 239-1360