UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA | Civil Action No. 303 CV 597 MRK |
| v. | |
| SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC. | AFFIDAVIT OF JONATHAN MAZER |
| SIG SIMONAZZI NORTH AMERICA, INC. | |
| v. | |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., AND COMPAGNIE INDUSTRIALI RIUNITE | December 6, 2004 |

**JONATHAN MAZER**, being duly sworn and upon personal knowledge deposes and states as follows:

1. I am over 18 years old and believe in the obligations of an oath. I am associated with Fox Horan & Camerini LLP, attorneys for the Third-Party Defendants in the above referenced matter. I submit this affidavit to the Court: (1) to withdraw certain arguments from the opposition to the Plaintiff's Motion to Amend the Complaint; (2) to withdraw the Summary Judgment motion with leave to re-submit at a later point in this litigation; and (3) to request that the Court accept the 5 page Sur-Reply Memorandum of Law submitted herewith in further opposition to the Plaintiff's Motion to Amend.

1

**WITHDRAWAL**

     2.     It has come to the attention of the Third-Party Defendants that certain portions of Dr. Piaser's Declaration executed October 26, 2004, and filed in support of the opposition to the Motion to Amend the Complaint with respect to Compagnie Indutriali Riunite, S.p.A. ("CIR") and Dry Products, S.p.A. ("Dry Products") and in support of the motions of those entities seeking summary dismissal from the Third-Party action are incorrect. CIR and Dry Products believe those inaccuracies to be immaterial. However, in order to prevent the Court from relying on inaccurate information (whether or not material), CIR and Dry Products withdraws the motion for Summary Judgment without prejudice to re-submission at a later point in this litigation. The Piaser Declaration is also submitted in opposition to the Plaintiffs Motion to Amend the Complaint to the extent that that opposition argues that CIR and Dry Products are not "product sellers" under Connecticut law and that there is no personal jurisdiction over those entities. Because those points in opposition rely on the Piaser Declaration those points are withdrawn from the opposition without prejudice to a dismissal or other motion based on those points if the amendment is permitted.

     3.     Prior to the deposition of Dr. Piaser on December 3, 2004, I brought the problem with the Piaser Declaration to the attention of the opposing parties and stated on the record that the summary judgment motion and the above mentioned points in opposition to the motion to amend were withdrawn without prejudice to re-submission at a later point in the litigation. I also invited the opposing parties to question the witness with respect to the Piaser Declaration. A copy of the statement made into the record along with the responses of the Third-Party Plaintiff and the Plaintiff are attached hereto as Exhibit 1.

4.	Since the Summary Judgment motion is withdrawn, it appears to the Third-Party Defendants that the motion of Third-Party Plaintiff seeking relief under Rule 56(f) of the Federal Rules of Civil Procedure is rendered moot.  If that motion is not explicitly withdrawn by Third-Party Plaintiff, it should be denied without prejudice to re-submission if and when the Summary Judgment motion is re-filed.

**OPPOSITION TO THE MOTION TO AMEND**

5.	The Third-Party Plaintiffs continue to maintain that the Plaintiff's Motion to Amend to add the Third-Party Defendants is time barred.  Because Plaintiff argues in reply that the cases cited in the Third-Party Defendants' opposition with respect to this point are not factually similar to the instant case, we have prepared a short Sur-Reply which specifically addresses the distinction that Plaintiff tries make for the first time in his reply papers.  We believe that the Sur-Reply which is filed herewith will assist the Court in adjudicating the motion to amend and ask that the Court consider it.

```
                                    _____
                                    JONATHAN MAZER
```

Sworn to before me this
6th day of December, 2004

_____
NOTARY PUBLIC

3