167291-120304-STMT

1

2          UNITED STATES DISTRICT COURT

3            DISTRICT OF CONNECTICUT

4  ----------------------------------x

5  BILL L. GOUVEIA as administrator
   of THE ESTATE OF JOSE GUERRA,
6
                Plaintiff,           CIVIL ACTION NO.
7  v.                                303 CV 597 MRK

8  SIG SIMONAZZI NORTH AMERICA,
   INC., as successor in interest
9  by merger to SASIB NORTH
   AMERICA, INC., as successor in
10 interest by merger to SASIB
   BAKERY NORTH AMERICA, INC.,
11              Defendants.
   ----------------------------------x
12
   SIG SIMONAZZI NORTH AMERICA, INC.,
13
           Third-Party Plaintiff,
14 v.

15 SASIB FOOD MACHINERY MV, S.P.A.,
   SASIB BAKERY ITALIA, S.P.A.,
16 DRY PRODUCTS, S.P.A., and
   COMPAGNIE INDUSTRIALI RIUNITE,
17 S.P.A.,

18         Third-Party Defendants.
   ----------------------------------x
19

20           STATEMENT ON THE RECORD

21              New York, New York

22           Friday, December 3, 2004

23

24 Reported by:
   Bryan Nilsen
25 JOB NO. 167291-STMT

2

2

167291-120304-STMT

3
4
5
6               December 3, 2004
7               9:15 a.m.
8
9        Statement on the record, held at the
10   offices of Fox Horan & Camerini, LLP, 825
11   Third Avenue, New York, New York, before
12   Bryan Nilsen, a Notary Public of the State
13   of New York.
14
15
16
17
18
19
20
21
22
23
24
25

♀
                                              3

2  A P P E A R A N C E S:
3
4  SULLIVAN & SULLIVAN, LLP
5  Attorneys for Plaintiff
6     31 Washington Street

167291-120304-STMT

7   Wellesley, Massachusetts 02481
8   BY:  RICHARD J. SULLIVAN, ESQ.
9
10  HALLORAN & SAGE, LLP
11  Attorneys for Defendants and Third-Party
12  Plaintiffs
13    One Goodwin Square
14    225 Asylum Street
15    Hartford, Connecticut 06103
16  BY:  JOSEPH G. FORTNER, JR., ESQ.
17       -and-
18  BY:  PATRICK M. BIRNEY, ESQ.
19
20  WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
21  Attorneys for Defendants and Third-Party
22  Plaintiffs
23    150 East 42nd Street
24    New York, New York 10017
25  BY:  ROSARIO M. VIGNALI, ESQ.

♀

4

2   APPEARANCES (Continued)
3
4   FOX HORAN & CAMERINI, LLP
5   Attorneys for Third-Party Defendants
6     825 Third Avenue
7     New York, New York 10022
8   BY:  JONATHAN MAZER, ESQ.
9

```
                       167291-120304-STMT
10
11  ALSO PRESENT:
12
13  JOSEPHINE TRAVERSA, Interpreter, Italian Language
14     CORPS DIPLOMATIQUE ASSOCIATES
15
16
17
18
19
20
21
22
23
24
25
```

♀

                                    5

```
 2         MR. MAZER:  Before getting started
 3    with the questioning of today's witness,
 4    Dr. Piaser, I'd like to make a statement
 5    with respect to the declaration of
 6    Dr. Piaser that was submitted to the court
 7    in support of opposition to the plaintiff's
 8    motion to amend, and also in support of the
 9    third-party defendant's motion for summary
10    judgment.  That declaration is dated as
11    executed on October 26, 2004.
12         With respect to that declaration, the
13    documents which have been voluntarily
```

167291-120304-STMT

14  produced in the depositions this week and
15  over the last week or two, highlight that a
16  mistake in the affidavit, which we believe
17  is immaterial but which is incorrect,
18  provides the court and recites incorrect
19  information in the affidavit.  Consequently,
20  the incorrect information is with respect to
21  the recitation in paragraph six of the
22  affidavit.  Also incorrect are the positions
23  in the first paragraph of the witness,
24  specifically his position in C.I.R.
25           Naturally, we invite the opposing

♀

6

2   counsel to question the witness with respect
3   to that incorrect information which we
4   believe is due to a confusion in what draft
5   of the affidavit was signed.
6           In any case, as a consequence of the
7   problem, what we intend to do, and do hereby
8   do, is to withdraw our motion for summary
9   judgment because it relies on the
10  declaration without prejudice to
11  resubmission of our summary judgment motion
12  at a later point in this litigation.
13          Now, in respect of the summary
14  judgment motion, the third-party plaintiff
15  has made a motion under rule 56F of the
16  federal rules of civil procedure seeking

167291-120304-STMT

17 relief, in essence, seeking to have the
18 summary judgment motion heard at a later
19 time in this litigation.
20    In any case, it would appear to the
21 third-party defendants that in light of the
22 withdrawal of the summary judgment motion
23 without prejudice to resubmission, that the
24 relief sought in the third-party plaintiff's
25 motion pursuant to 56F is moot, or the

7

2 request for relief in that motion is
3 rendered moot by the withdrawal of the
4 summary judgment motion. And we would
5 invite the third-party plaintiff, after I
6 finish this statement, to make a statement
7 with respect to that, and the idea being
8 that this portion of the transcript would be
9 printed up separately from the remainder of
10 the transcript of the witness' testimony
11 today. And that would be something we would
12 make available to the judge.
13    It's our intention, of course, we
14 expect to be in deposition all day today,
15 it's our intention early next week to
16 formally submit to the court a written
17 withdrawal of the motion in the proper form
18 of which this portion of the transcript
19 might be useful.
20    Now, as I mentioned earlier in the

167291-120304-STMT

21  record, the declaration of the witness is
22  also used in opposition to the motion of the
23  plaintiff in this action to amend the
24  complaint.  In particular, there are
25  two-points which raised by the third-party

♀
                                                              8

2   defendants in opposition to the motion to
3   amend to which the affidavit of the witness
4   is relevant.  Those being a claim that there
5   would be no personal jurisdiction over the
6   third-party defendant, C.I.R. and Dry
7   Products, and that those entities are not
8   product sellers within Connecticut product
9   liability laws.
10       To the extent that those points rely
11  on this declaration, those points are going
12  to be withdrawn from the opposition as well.
13  It's my understanding that the plaintiff
14  also takes the position that those points
15  should be litigated at a later time in this
16  litigation.  However, we will maintain in
17  opposition to the plaintiff's motion for an
18  amendment of the complaint.  Our position
19  that the action plaintiff seeks to amend,
20  that the action against the third-party
21  defendants that the plaintiff seeks to amend
22  his complaint to permit, should be denied
23  because those claims are time barred.

```
                         167291-120304-STMT
24         That point does not rely on the
25    declaration, and we will continue to oppose
```

9

```
 2    and do continue to oppose the amendment
 3    motion based on the statute of limitations
 4    argument.
 5         We maintain that that argument is
 6    strong particularly in light of cases such
 7    as Vincent v. Litchfield Farms, Inc. 574A 2d
 8    834, 21 Conn. App. 524 (Conn. App. Ct. 1990)
 9    a case from 1990 cert. denied, 576A. 2d,
10    546, 215 Conn. 815 (1990).
11         And also such as Collin v. Securi
12    International and Long View Recreational
13    Vehicle, 322F. Supp. 2d 170 (D. Conn. 2004)
14    District of Connecticut.
15         And in light of those and other cases,
16    we continue to view plaintiff's attempt to
17    amend the complaint to add the third-party
18    defendants as direct defendants as
19    time-barred claims.
20         Now, prior to giving this statement, I
21    was informed by third-party plaintiff's
22    counsel, Mr. Fortner, that he had heard from
23    Mr. Sullivan, the plaintiff's counsel, that
24    he would not be here at 9:00 this morning,
25    that, in fact, he would be here at
```

167291-120304-STMT

10

2   approximately 11:00 and had authorized us to
3   proceed with this deposition questioning in
4   his absence.
5       Because he's not here, and because
6   he's not hearing this statement at this
7   time, I've requested that the court reporter
8   segregate this statement in the record and
9   make it available for Mr. Sullivan to read
10  or hear as soon as he arrives. And if he
11  wishes to make any statement with respect to
12  this aspect, he would have that opportunity.
13  And his statement with respect to this would
14  be included in a segregated transcript which
15  would only include my statement, any
16  response the third-party plaintiff's counsel
17  wants to make, and any point that
18  Mr. Sullivan wants to make with respect to
19  these issues.
20      So having said all that, I would
21  invite Mr. Fortner to respond in any way he
22  cares to or decline to do so.
23      MR. FORTNER: I appreciate your
24  explaining these issues with the declaration
25  of Mr. Piaser this morning. I appreciate

11

2   your doing that and I think the court will

167291-120304-STMT

3  as well. Obviously, I can't respond for
4  Mr. Sullivan because he's not here. And
5  when he arrives, I'm sure, given past
6  history, he'll have some comments.
7      As far as our position is concerned,
8  obviously we have no objection to you
9  withdrawing your motion for summary for
10 judgment at this point. With respect to our
11 rule 56 motion, I'm going to take a little
12 time to consider the implications of your
13 withdrawal of the motion. Theoretically, I
14 can understand why it would potentially
15 render our motion moot.
16     Having said that, if the motion for
17 summary judgment is refiled during a period
18 when fact discovery is incomplete, then
19 we're going back down that road again which
20 there may be no other choice but to do that.
21 But I want to give a little consideration to
22 any procedural issues before I state for the
23 record unequivocally that we will be
24 withdrawing that motion without prejudice to
25 renewal at a later date.

12

2      MR. MAZER: And just in very brief
3  response to that. I have a copy of that
4  motion here and would endeavor to provide
5  you with a copy of it. If you don't have a
6  copy with you, that is your 56F motion, we

167291-120304-STMT

7   would give you a copy. And I will also
8   endeavor to make a small conference room
9   available to you, not this conference room,
10  if you care to have a conference with your
11  associate about that.
12       MR. FORTNER: Actually, what I would
13  care to do is start this deposition. We've
14  been told that we have only until 6:00 p.m.
15  this evening and we have a lot to cover.
16  And we want to get as much done as we can
17  before 6:00 p.m. of this witness who is the
18  30(b)(6) deponent for two of the third-party
19  defendants.
20       (Time noted: 9:32 a.m.)
21       (Statement resumed: 1:37 p.m.)
22       MR. R. SULLIVAN: I join in with
23  Mr. Fortner in appreciating the correction
24  in the suggestion that the motion of
25  judgment be withdrawn at this time. I would

13

2   also join Mr. Fortner's comments that if, in
3   fact, it is the intention of the third-party
4   defendant to renew such motion prior to the
5   close of discovery, I would be troubled.
6        As to the motion to amend the
7   complaint and the new cases that are cited,
8   as Mr. Mazer pointed out in his recitation,
9   we're here for an all-day deposition in New

```
                              167291-120304-STMT
10    York. My office is 200 miles away. I
11    haven't seen the cases. I have no access to
12    a library. I will respond to that in a
13    timely fashion once I see them and stand by
14    the third-party practice as described in the
15    federal rules. And we have a difference of
16    opinion as to what portion of 14A rule 15
17    apply.
18         With that, we can move on and address
19    the motion of judgment at a later time.
20         (Time noted: 1:39 p.m.)
21
22
23
24
25
```

                                                          14

```
 2                    CERTIFICATE
 3
 4    STATE OF NEW YORK )
 5                      )ss:
 6    COUNTY OF NEW YORK)
 7
 8         I, BRYAN NILSEN, a Notary Public
 9    within and for the State of New York, do
10    hereby certify that the foregoing record of
11    proceedings is a full and correct transcript
12    of the stenographic notes taken by me
13    therein.
```

```
                    167291-120304-STMT
14       IN WITNESS WHEREOF, I have hereunto
15   set my hand this ___ day of _____ , 2004.
16
17       _____
         BRYAN NILSEN
18
19
20
21
22
23
24
25
```