**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR OF THE ESTATE OF JOSE GUERRA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: |
| | : | 3:03 CV 597 MRK |
| | : | |
| SIG SIMONAZZI NORTH AMERICA, INC. AS SUCCESSOR IN INTEREST BY MERGER TO SASIB NORTH AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO SASIB BAKERY NORTH AMERICA, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| SIG SIMONAZZI NORTH AMERICA, INC., | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| | : | |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., AND COMPAGNIE INDUSTRIALI RIUNITE, S.P.A., | : | |
| | : | |
| Third-Party Defendants. | : | DECEMBER 7, 2004 |

**THIRD-PARTY DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Third-party defendants Sasib Food Machinery MV, S.p.A., Sasib Bakery Italia, S.p.A.,

Dry Products, S.p.A. and Compagnie Industriali Riunite, S.p.A. (collectively "Third-Party

Defendants") file this Sur-Reply to respond to Plaintiff's argument that the Court "should allow

Plaintiff's Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 14(a)

and the claims [against the Third-Party Defendants] should relate back pursuant to Federal Rule

of Civil Procedure 15(c)(2) . . . ."  Pl.'s Mem. in Reply to Third Party Defs.' Opp'n to Pl.'s Mot.

Amend Compl. at 5.  Under Plaintiff's reading of the federal rules, a plaintiff may bring a claim

that would otherwise be time-barred against a third-party defendant at any time, where that

plaintiff's claims arise out of the same transaction or occurrence as its claim against the

defendant, because the defendant acted in a timely manner to implead the third-party defendants.

*Id.*  Plaintiff cites no case law to support this position.  In construing Rules 14(a) and 15(c), both

the federal courts and the Connecticut courts have consistently rejected Plaintiff's argument.

The court in *Vincent v. Litchfield Farms, Inc.* examined "the interaction between Rule

14(a) and statutes of limitation."  *Vincent v. Litchfield Farms, Inc.*, 574 A.2d 834, 835, 21 Conn.

App. 524, 527 (Conn. App. Ct. 1990), *cert. denied* 576 A.2d 546, 215 Conn. 815 (1990).  In

*Vincent*, the plaintiff amended her complaint to assert a claim against the third-party defendants

after the statute of limitations on the plaintiff's claims had expired.  The third-party defendants

moved for summary judgment, arguing that the claims sought to be asserted against them were

time-barred.  The trial court agreed, and dismissed the claims against the third-party defendants.

Affirming the dismissal, the appellate court adopted the federal courts' construction of Federal

Rule of Civil Procedure 14(a), on which the Connecticut impleader statute was based.  *Id*., 574

A.2d at 835, 21 Conn. App. at 527.  The appellate court held that "[t]he filing of a third-party

complaint by the original Defendant does not toll the running of the statute [of limitations] on a

cause of action between the Plaintiff and a third-party Defendant," and thus, that the claims

asserted in plaintiff's amended complaint were time-barred.  *Id*., 574 A.2d at 835, 21 Conn. App.

at 528 (quoting *Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 9 (M.D. Pa. 1980); citing *Monarch

Indus. Corp. v. Am. Motorists Ins. Co.*, 276 F. Supp. 972, 981 (S.D.N.Y. 1967); *Zaveta v.

Portelli*, 127 App. Div. 2d 760, 761, 512 N.Y.S.2d 152 (App. Div. 1987)).  Recent Connecticut

decisions, attached for the Court's convenience as Exhibits A through C because they are

unreported, have applied the rule that the filing of a third-party complaint does not toll the statute

of limitations on a plaintiff's cause of action against a third-party defendant and that the failure

of the plaintiff to amend its complaint to assert claims against the third-party defendant within

the statute of limitations results in dismissal of those claims. *See, e.g.*, *Esposito v. G & I*

*Danbury, LLC*, 2004 Conn. Super. LEXIS 3079, at *3 (Conn. Super. Ct. Oct. 15, 2004) (granting

summary judgment in favor of third-party defendant against whom plaintiff sought to assert a

claim after the statute of limitations had run) (Ex. A); *Frances v. Omni Ins. Co.*, 2001 Conn.

Super. LEXIS 3492, at *12 (Conn. Super. Ct. Dec. 11, 2001) (same) (Ex. B); *Shoreline Care*

*Limited Partnership v. Jansen & Rogan Consulting Engineers, P.C.*, 2001 Conn. Super. LEXIS

1733, at *13 (Conn. Super. Ct. June 20, 2001) (same) (Ex. C).  Federal courts have routinely held

the same. *See, e.g.*, *Frankel v. Doerr*, 37 F.R.D. 545 (E.D. Pa. 1965) ("It is . . . well established

that the filing of a third party complaint by the original defendant does not toll the running of the

Statute of Limitations on a cause of action between the plaintiff and the third party defendant.")

(citations omitted); *Straub*, 88 F.R.D. at 8 (cited in *Vincent*, *supra*).

Rule 15(c)(2) does not save Plaintiff's claims. *Collin v. Securi International and Long*

*View Recreational Vehicle*, 322 F. Supp. 2d 170 (D. Conn. 2004), a products liability case,

teaches why.  As here, in *Collin*, the plaintiff sought to assert claims against the third-party

defendants after the statute of limitations had expired by way of an amended complaint, pursuant

to Rule 15(c)(2).  The plaintiff reasoned that his claim against the third-party defendant arose out

of the same transaction or occurrences as those giving rise to the third-party complaint, and

therefore should relate back.  The court disagreed with the plaintiff's analysis and found that

Rule 15(c)(3) applied:

> In order to name a new party in the amended complaint after the statute of
> limitations has passed, plaintiff must meet the requirements of Federal Rule of
> Civil Procedure 15(c). Under the Rule, a plaintiff may change a party or add
> additional parties only if (1) the claim arose of the same conduct or transaction;
> and (2) within 120 days, the party to be named or added has received notice of the
> original institution of the complaint; and (3) the party to be named or added knew
> or should have known that, but for a mistake concerning the identity of the proper
> party, the action would have been brought against it.

*Id*. at 175 (citing Rule 15(c); *Scharrer v. Conrail*, 792 F. Supp. 170, 172-73 (D. Conn. 1992);

*Aslanidis v. United States Lines Inc.*, 7 F.3d 1067, 1075-76 (2d Cir. 1993)). Discussing the

*Scharrer* case, which was factually very similar to *Collin* and the instant case, the court found

that "plaintiff knew the identity of the [third-party defendant] as a possible defendant and had

ample opportunity to investigate and initiate a claim against [the third-party defendant] within

the statutory period." *Id*. at 176. As such, "[w]here there has been no mistake in identifying a

party, and no other explanation for the delay in filing, Rule 15(c) does not apply." *Id*. Thus, the

plaintiff's amended complaint did not relate back, its claims were untimely, and accordingly,

dismissed.

As in *Collin*, here, "[i]f the amendment were allowed to relate back in this situation, the

purpose of the statute of limitations would be defeated." *Collin*, 322 F. Supp. 2d at 176 (citing

*Scharrer*, 792 F. Supp. at 173); *see also Bishop v. Atmos Energy Corp*., 161 F.R.D. 339 (W.D.

Ky. 1995) (holding that a plaintiff could not circumvent a statute of limitations defense by

seeking to amend its complaint pursuant to Rule 15(c)(2)). Plaintiff has sought to add a claim

against the Third-Party Defendants, whose identities Plaintiff knew well before the statute of

limitations expired. Plaintiff chose not to assert any claim against the Third-Party Defendants,

and now seeks to circumvent the statute of limitations based on an incorrect reading of the

Federal Rules. Because Plaintiff's claims are time-barred, regardless of whether or not the

4

defendant properly impleaded the Third-Party Defendants, Plaintiff's Motion to Amend the

Complaint to add the Third-Party Defendants as defendants in the main action should be denied.

Dated: Hartford, Connecticut
       December 7, 2004

                                    Respectfully submitted,

                                    THE THIRD-PARTY DEFENDANTS,
                                    SASIB FOOD MACHINERY MV, S.P.A.,
                                    SASIB BAKERY ITALIA, S.P.A.,
                                    DRY PRODUCTS, S.P.A., AND
                                    COMPAGNIE INDUSTRIALI RIUNITE,
                                    S.P.A.

                                    By: _____
                                        Deborah S. Russo (ct 18818)
                                        *drusso@dbh.com*
                                        DAY, BERRY & HOWARD LLP
                                        CityPlace I
                                        Hartford, Connecticut 06103-3499
                                        (860) 275-0100
                                        (860) 275-0343 (fax)

                                      John R. Horan, Esq. (ct JHR8238)
                                      Jonathan Mazer, Esq. (ct 26939)
                                      FOX HORAN & CAMERINI LLP
                                      825 Third Avenue
                                      New York, New York 10022
                                      (212) 480-4800

                                      Their Attorneys

Of counsel:     Alison M. Rende, Esq.

## **CERTIFICATION**

THIS IS TO CERTIFY that on this date, a copy of the foregoing was mailed first class, postage prepaid, to all counsel and pro se parties of record, as follows:

Richard J. Sullivan, Esq.
Sullivan & Sullivan
31 Washington Street
Wellesley, MA  02481

Joseph G. Fortner, Jr., Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

_____
  Deborah S. Russo