LEXSEE 2004 CONN. SUPER. LEXIS 3079

Sue Esposito v. G&I Danbury, LLC et al.

CV030347964S

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF DANBURY**

*2004 Conn. Super. LEXIS 3079*

**October 15, 2004, Decided
October 15, 2004, Filed**

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**LexisNexis(R) Headnotes**

**JUDGES:** Shay, J.

**OPINIONBY:** Shay

**OPINION:**

MEMORANDUM OF DECISION

The third-party defendant, SSR Equipment, Inc., has moved for summary judgment with regard to the fourth count of the plaintiff's second amended complaint, on the grounds that it is barred by the applicable statute of limitations. The plaintiff argues that the provisions of *General Statutes § 52-102a(c)* control, and that the complaint against the recently impleaded party is not so barred.

A complaint, dated December 20, 2002, was filed with this court alleging negligence against three separate defendants, all arising out of an incident that occurred on January 3, 2001. On June 20, 2003, one of the original defendants, REI Property & Asset Management, Inc., moved to implead A to Z Property Management, Inc. as a third-party defendant. The motion was granted. By motion dated May 21, 2004, the third-party defendant, A to Z Property Management, in turn, sought permission to implead SSR Equipment, Inc. The motion was granted, and a third-party complaint, [*2] dated July 15, 2004, was served upon SSR Equipment, Inc. on July 21, 2004.

SSR Equipment, Inc. then filed an appearance on August 11, 2004. The plaintiff, in turn, filed a second amended complaint, dated August 20, 2004, within twenty days thereof, pursuant to *General Statutes § 52-102a(c)*, which added a fourth count, which was directed against SSR Equipment, Inc., also sounding in negligence. However, the filing of the second amended complaint was more than three years after the underlying act of negligence complained of in the original complaint.

The question before the court was whether or not the plaintiff's statutory right to assert a claim against a third-party defendant by way of an amended complaint within twenty days after he has filed an appearance takes the claim out of the applicable statute of limitations. The court heard argument by counsel and took the papers.

Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000)*. [*3] In *Vincent v. Litchfield Farms, Inc., 21 Conn.App. 524, 528, 574 A.2d 834 (1990)*, a case virtually on all fours with the present case, the Appellate Court decided the very issue raised by the plaintiff. There, the court found that the amendment of a complaint to include a third-party defendant is time-barred as to that party if it is filed after the period of the applicable statute of limitations has run. The trial court's grant of summary judgment was sustained.

Here, the original action sounds in negligence and is controlled by *General Statutes § 52-584*, which provides in part that: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is

first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . ." It is uncontroverted that the filing of the second amended complaint against the third-party defendant SSR Equipment, Inc. was made well after the three-year limitation had passed. [*4]

Accordingly, for the foregoing reasons, the motion for summary judgment as to the defendant SSR Equipment, Inc., as set forth in the fourth count of the amended complaint, is GRANTED.

The Court

Shay, J.