LEXSEE 2001 CONN. SUPER. LEXIS 3492

Khadijah Frances et al. v. Omni Insurance Co.

CV000375135

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF FAIRFIELD, AT BRIDGEPORT

2001 Conn. Super. LEXIS 3492

December 11, 2001, Decided
December 11, 2001, Filed

NOTICE: [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

LexisNexis(R) Headnotes

JUDGES: Daniel E. Brennan, Jr., J.

OPINIONBY: Brennan

OPINION: MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT # 125 AND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT # 137

The court must determine whether National Kidney Foundation's motions for summary judgment as to the defendant's indemnification claim and plaintiffs' claims against it because these claims are time barred and there are no genuine issues of material fact as to the possession and ownership of the vehicle that allegedly caused the plaintiffs' injuries. The court denies National Kidney Foundation's motion for summary judgment as to the defendant's indemnification claims and grants the motion for summary judgment as to plaintiffs' claims against it.

On June 14, 2000, the plaintiffs, Khadijah Francis and Tamara Titre filed a two-count complaint (# 101) against the defendant Omni Insurance Company (Omni). The plaintiffs allege that they were injured in an automobile accident on October 1, 1998, while Francis was driving her vehicle and Titre was [*2] a passenger therein, and they were struck by another vehicle. The driver of the other vehicle fled the scene. Further, the plaintiffs allege that Francis's vehicle was insured by Omni and that the policy was in full force and effect as of the date of the accident.

On August 10, 2000, Omni filed its answer and special defenses (# 103) and a motion for permission to implead third-party defendants (# 105). In its motion to implead, Omni alleges that either National Kidney Foundation or Superior Auto Sales owned the other vehicle that was involved in the accident with the plaintiffs. On September 29, 2000, the court, Moran, J., granted Omni's motion. On October 27, 2000, Omni filed a third-party complaint (# 114) against National Kidney Foundation and Superior Auto Sales. In its third-party complaint, Omni seeks indemnification of any judgment rendered against it and in favor of the plaintiffs; and reimbursement for costs and expenses, and attorneys fees incurred in defending the action. Process was served on National Kidney Foundation on October 25, 2000, and on Superior Auto Service on October 27, 2000. n1 National Kidney Foundation filed an appearance on November 21, 2000. On December 4, 2000, the [*3] plaintiffs filed a claim against third-party defendants (# 120). In their claim, the plaintiffs assert that if National Kidney Foundation is found liable to Omni in the plaintiffs' action against Omni, National Kidney Foundation should pay the plaintiffs its proportional share of the damages.

n1 On June 15, 2001, the court granted Omni's motion to enter a default against Superior Auto Sales for failure to appear.

On February 2, 2001, in response to Omni's third-party complaint and the plaintiffs' claim against it, National Kidney Foundation filed a motion for summary judgment (# 125) and a memorandum in support of the motion for summary judgment (# 126). In its motion, National Kidney Foundation contends that there are no genuine issues of material fact and that its motion should be granted because Omni's third-party complaint and the plaintiffs' claim are barred by the applicable statute of limitations. On March 14, 2001, Omni filed its opposition to National Kidney Foundation's motion for summary judgment [*4] (# 131). The plaintiffs, however, have not filed an opposition or objection to the motion. On July 30, 2001, National Kidney Foundation filed a supplemental motion for summary judgment (# 137) and a memorandum of law in support (# 138). In its supplemental motion, National Kidney Foundation asserts that it cannot be held liable to Omni because, at the time of the accident, it did not own the vehicle that allegedly struck the plaintiffs' vehicle. On August 9, 2001, Omni filed a supplemental objection to the third-party defendant's motion for summary judgment (# 140). In the supplemental objection, Omni asserts that there is an issue of material fact as to what entity possessed the other vehicle at the time of the accident. The court heard oral arguments on the motion during short calendar on August 13, 2001.

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . [*5] The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitled him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) *Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co.*, 254 Conn. 387, 397-98, 757 A.2d 1074 (2000). "A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Hammer v. Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." *Miller v. United Technologies Corp.*, 233 Conn. 732, 751, 660 A.2d 810 (1995).

"Summary judgment may be granted where the claim is barred by the statute of limitations." *Doty v. Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment [*6] is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute . . ." *Burns v. Hartford Hospital*, 192 Conn. 451, 452, 472 A.2d 1257 (1984).

National Kidney Foundation asserts that there are no genuine issues of material fact in dispute and that Omni's third-party complaint and the plaintiffs' claims against it were served after the two-year statute of limitations for negligence claims found in *General Statutes § 52-584* had run. Omni argues in opposition that its claim against National Kidney Foundation is a claim of indemnity and that the three-year statute of limitations period under *General Statutes § 52-598a* n2 applies rather than the two-year period under *General Statutes § 52-584*.

> n2 Section 52-598a provides in pertinent part: "Notwithstanding any provision of this chapter, an action of indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement."

[*7]

Omni's action against National Kidney Foundation is *not* an action in negligence. It is a claim for indemnity. The Connecticut legislature enacted *General Statutes § 52-598a* to allow an action for indemnification to be brought "within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." *General Statutes § 52-598a*. "Section 52-598a sets forth the statute of limitations for actions for indemnification and provides 'an action for indemnification may be brought within three years from the date of the determination of the action against the party be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.' Section 52-598a expressly provides that a cause of action for indemnity does not arise until the determination of the underlying action against the party seeking indemnification. Thus, where an indemnity is against loss, as it is here, the loss must actually occur and be ascertainable before the indemnitee can maintain an action." [*8] *Sivilla v. Philips Medical Systems of North America, Inc.*, 46 Conn. App. 699, 711, 700 A.2d 1179 (1997); see also *DeSanti v. Shelton Square L.P.*, 1998 Conn. Super. LEXIS 2717, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338065

(September 14, 1998) (Skolnick, J.) (22 Conn. L. Rptr. 65).

When "the underlying action has not yet been determined . . . the three-year statute of limitations imposed by the [statute] has not even started to run." *Violette v. Dunkin' Ventures Corporation, 1995 Conn. Super. LEXIS 1035*, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 459314 (April 5, 1995) (Handy, J.). Because the underlying action between the plaintiffs and Omni is still pending, the statutory period for Omni's indemnification claim against National Kidney Foundation has not begun to run. Thus, it is clear that Omni's indemnification action is not barred by the statute of limitations.

National Kidney Foundation also moves for summary judgment as to Omni's indemnification action on the ground that there is no genuine issue of material fact that it did not own possess or control the other vehicle involved in the accident on October 1, 1998, the date of [*9] the accident, and, therefore, it cannot be liable to Onmi for indemnification or contribution. In support of its argument, National Kidney Foundation submitted deposition testimony from its assistant vice president of auto placement, Joseph Hearn. (National Kidney Foundation's Supplemental Memorandum # 138, Exhibit C.) Hearn testified that Superior Auto picked up the vehicle from City Auto on September 20, 1998 and that National Kidney Foundation issued a bill of sale on the vehicle to Superior Auto on September 14, 1998. (National Kidney Foundation's Supplemental Memorandum # 138, Exhibit C, p.21.)

National Kidney Foundation also provided testimony from Nunio Xavier, president of Superior Auto, who stated that National Kidney Foundation never took possession of the vehicle. (National Kidney Foundation's Supplemental Memorandum # 138, Exhibit G, p. 11.) Omni, however, also provided the court with deposition testimony from Hearn. In this testimony, Hearn indicates that he did not know when title to the vehicle was signed over to Superior Auto. (Omni's Supplemental Objection # 140, Exhibit 2, p.55.) Thus, the court does not have definitive evidence as to the ownership of the vehicle [*10] at the time of the accident. Further, there is no conclusive evidence as to who maintained possession and control of the vehicle at the time of the accident. See *Budris v. Allstate Ins. Co., 44 Conn. App. 53, 59, 686 A.2d 533 (1996)* (reversing trial court's decision to grant summary judgment because there were genuine issues of material fact as to who owned the vehicle at the time of alleged accident). The court denies National Kidney Foundation's motion for summary judgment as to Omni's action for indemnification because there is a genuine issue of material fact as to who owned the vehicle at the time involved.

National Kidney Foundation also asserts that it is entitled to summary judgment as to the plaintiffs' claim against it because there is no genuine issue of material fact that the plaintiffs filed this claim after the statute of limitations had run. " *General Statutes § 52-584* is the statute of limitations applicable in an action to recover damages for injury to the person or property caused by negligence . . . ." (Internal quotation marks omitted.) *Johnson v. North Branford, 64 Conn. App. 643, 648, 781 A.2d 346*, cert. denied, [*11] *258 Conn. 926, 783 A.2d 1028 (2001)*. *General Statutes § 52-584* provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . ."

The plaintiffs allege that the negligent conduct in this case took place on October 1, 1998. The plaintiffs filed their action against National Kidney Foundation on December 4, 2000. Thus, this action was commenced beyond the time period permitted by *General Statutes § 52-584*. The Appellate Court has stated that in this state, as under federal law, under *Rule 14(a) of the Federal Rules of Civil Procedure*, "a plaintiff's amendment of a complaint in order to bring a direct action against a third-party defendant is treated as the filing of an original action by the plaintiff against the third-party defendant . . . Consequently, [*12] the filing of a third-party complaint by the original Defendant does not toll the running of the statute [of limitations] on a cause of action between the Plaintiff and a third-party Defendant." (Citation omitted; internal quotation marks omitted.) *Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 527-28, 574 A.2d 834*, cert. denied, *215 Conn. 815, 576 A.2d 545 (1990)*. Accordingly, because in this case, the plaintiffs' claim against National Kidney Foundation was not filed until after the statute of limitations had run, "the plaintiffs' claims are time-barred and the court may grant summary judgment." Id. n3 There is no genuine issue of material fact as to whether the plaintiffs' claim

---

n3 This court is fully aware of the careful, thoughtful, analysis and equitable evaluations noted by Rubino, J., in *Lemp v. Town of East Granby, 2000 Ct.Sup. 15508 (2000)*, which led to a different result. The differences in the factual context mitigate against a *Lemp* guided-decision in this matter. Further, a difference in the willing activism of the courts involved may explain the

seemingly different results. This court is unwilling to stretch the elastic to the extent that equitable considerations can overcome the clearly stated statutory time mandates in the case presented.

This court is persuaded that the statutory provision would be expanded beyond the intent of the "injustice . . ." language was allowed to become a hiding spot for avoiding clear time limits.

If the legislature has some intent, beyond the high standard entitled "INJUSTICE" for waiver of the time requirement, it is the body to address the issue, not this court.

[*13]

For the reasons stated above National Kidney Foundation's motion for summary judgment should be denied as to Omni's indemnification complaint and granted as to the plaintiffs' claim against it.

Daniel E. Brennan, Jr., J.