UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA<br><br>V.<br><br>SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC.<br>_____<br><br>SIG SIMONAZZI NORTH AMERICA, INC.<br><br>V.<br><br>SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE | CIVIL ACTION NO.<br>303 CV 597 MRK<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>DECEMBER 23, 2004 |

## MOTION FOR LEAVE TO AMEND THIRD-PARTY COMPLAINT

The defendant and third-party plaintiff, Sig Simonazzi North America, Inc., ("SSNA"), hereby respectfully moves to amend the Third-Party Complaint, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure ("F.R.C.P.").

In support of this motion, SSNA submits the following:

In its Third Party Complaint ("Compl."), dated January 21, 2004, SSNA impleaded four Italian entities -- Sasib Bakery Italia, S.p.A. ("Sasib Bakery"), Sasib Food Machinery, Medium

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Volume, S.p.A. ("Sasib Food"), Compagnie Industriali Riunitie, S.p.A. ("CIR") and Dry Products, S.p.A. ("Dry Products") (collectively, the four Italian entities are referred to as the "Third-Party Defendants"). In its Third-Party Complaint, SSNA alleges that Sasib Food and Sasib Bakery designed, manufactured, assembled, marketed, sold and distributed bakery equipment, including that which is at issue in this case. *See* Compl., ¶¶ 3, 4. It further alleges that Dry Products is a successor in interest to Sasib Food and/or Sasib Bakery, has directly or indirectly engaged in the business of designing, manufacturing, assembling, selling and distributing bakery equipment, and has assumed the liabilities of Sasib Food and/or Sasib Bakery. *Id.,* ¶ 4. SSNA also alleges that CIR is 100% owner of one or more of the other three Italian entities, was directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling and distributing the bakery equipment, or is the successor in interest to Sasib Food or Sasib Bakery. *Id.,* ¶ 5.

On May 14, 2004, the four Third-Party Defendants jointly appeared through one counsel and filed one joint answer. *See* Answer to the Third Party Complaint. On July 28, 2004, SSNA served discovery requests which addressed, *inter alia,* the ownership, control and structure of the various Third-Party Defendants. The Responses by Sasib Food and Sasib Bakery – which were not served until October 11, 2004 – reflected that Sasib Food had changed its name to Food Machinery Medium Volume, S.p.A. ("Food Machinery") as a result of a special shareholders meeting held on May 8, 2003. *See* Responses of Sasib Food Machinery MV, S.p.A., Response No. 1, attached hereto as Exh. A. Testimony during depositions taken in November and December of 2004 reflected that Food Machinery is, in fact, an Italian corporation which is the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

successor of Sasib Food and Sasib Bakery. *See* proposed Amended Third-Party Complaint, ¶ 4, attached hereto as Exh. B. Given that testimony, SSNA seeks to amend its Third-Party Complaint to include Food Machinery as an additional defendant.

In furtherance of discovery, Alberto Piaser, a long-time CIR employee who at present is the Chairman of Dry Products, a Director and General Manager of CIR, and the Chairman of Food Machinery, was produced as the sole representative to testify about all matters contained in F.R.C.P. 30(b)(6) deposition notice served on both CIR and Dry Products.[1] Sasib Food and Sasib Bakery produced as their sole Rule 30(b)(6) witness Andrea Silvestroni, who was hired by Mr. Piaser (who was both with CIR and acting, purportedly, as Chairman of Dry Products) to serve as the "liquidator" of Sasib Food (now known as Food Machinery). Mr. Silvestroni, who had been an employee of Sasib, S.p.A. from 1993 to 1997, and with CIR directly from 1997 until 2001, provided testimony reflecting, among other things, that in June of 2002, Sasib Food made a capital distribution of 500,000 Euro to its shareholder -- Dry Products (which at that time was wholly owned by CIR).

While SSNA continues to pursue discovery on the questions of corporate control and domination,[2] this testimony appears to reflect that CIR, directly and through its then-wholly owned subsidiary, Dry Products, has operated Food Machinery (and its predecessor entities) without any real regard to the existence of corporate divisions. Further, it appears that some

---

[1] Mr. Piaser had also previously been Managing Director of Sasib, S.p.A., Chairman of Sasib Food, represented Sasib Food in the "sale" of one of its subsidiaries to Dry Products (when he was also Chairman of Dry Products) and (at CIR's request) acted as the "representative" of the sole shareholder of Dry Products at least one Dry Products shareholder's meeting.
[2] This includes not just the aforementioned depositions, but also written discovery requests.

– 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

transfers of both money and valuable operating assets have been made without adequate consideration and in situations in which CIR, directly and through its Dry Products "group," has controlled all sides of the transaction. Likewise, SSNA believes that Food Machinery's capitalization was unreasonably small after the said transfers were made.

In sum, it appears from the testimony to date that CIR, through a high-level executive, completely dominated and exercised control over Food Machinery and Dry Products. It controlled finances, policies, and business practices of Food Machinery and Dry Products, to the point that those companies had and have no separate mind, will, or existence of their own. Similarly, the asset transfers are, upon information and belief, in violation of the Uniform Fraudulent Transfer Act, as adopted in Connecticut, where the instant action is pending and Delaware, SSNA's corporate residence.

Accordingly, SSNA also seeks to amend the Third-Party Complaint to further enunciate the bases upon which SSNA seeks to impose liability on Food Machinery, Dry Products, and CIR, in the event that plaintiff succeeds in proving the allegations in his underlying Complaint. In addition, SSNA seeks to include a count under the Uniform Fraudulent Transfer Act.

This Motion is also based on all the papers and records on file in this action, including Exhibits A through E, attached hereto and made a part hereof, the Memorandum of Law in Support of Defendant's Motion for Leave to Amend Third-Party Complaint, dated December 23, 2004, as well as on any argument and evidence presented at the hearing of this Motion.

WHEREFORE, The defendant and Third-Party Plaintiff, Sig Simonazzi North America, Inc., ("SSNA"), hereby respectfully moves to amend the Third-Party Complaint, pursuant to

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Rules 15 and 21 of the Federal Rules of Civil Procedure, and seeks such other and further relief the Court deems just and proper.

                THE THIRD PARTY PLAINTIFF,
                SIG SIMONAZZI NORTH AMERICA, INC.

                By _____
                Joseph G. Fortner, Jr.
                Fed. Bar #ct 04602
                Patrick M. Birney
                Fed. Bar #ct 19875
                HALLORAN & SAGE LLP
                One Goodwin Square
                225 Asylum Street
                Hartford, CT 06103
                Its Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to all counsel on this 23rd day of December, 2004, including:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481
Attorneys for Plaintiff

Deborah S. Russo, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103
Attorneys for Third-Party Defendants

Jonathan Mazer, Esq.
John R. Horan, Esq.
Fox Horan & Camerini
825 Third Avenue
New York, NY 10022
Attorneys for Third-Party Defendants.

_____
Patrick M. Birney

631306v1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105