UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA | : <br> : | CIVIL ACTION NO.<br>303 CV 597 MRK |
| V. | : | |
| SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | :<br>:<br>:<br>:<br>:<br>: | |
| SIG SIMONAZZI NORTH AMERICA, INC. | : | |
| V. | : | |
| SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE, FOOD<br>MACHINERY MEDIUM VOLUME, S.P.A. | :<br>:<br>:<br>:<br>: | DECEMBER 23, 2004 |

## AMENDED THIRD-PARTY COMPLAINT

The Third-Party Plaintiff, Sig Simonazzi North America, Inc., as and for its Third-Party Complaint against the Third-Party Defendants, Sasib Food Machinery MV, S.p.A, Food Machinery Medium Volume, S.p.A., Sasib Bakery Italia, S.p.A., Dry Products S.p.A., and Compagnie Industriali Riunite, S.p.A, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  The third-party plaintiff, Sig Simonazzi North America, Inc. ("SSNA"), is a

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

08742.0583
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Delaware corporation having its principal place of business in the State of Texas.

2. The third-party defendant, Sasib Bakery Italia, S.p.A ("Sasib Bakery"), was, at relevant times, an Italian corporation with a registered office and principal place of business in Verona, Italy, which was engaged, at relevant times, in the business of designing, manufacturing, assembling, marketing, selling, distributing, and installing bakery equipment, including the including the Bakery Line Bread and Roll Making Machine, model/order number 3444 CHA, which is claimed by the plaintiff to have caused the injuries involved in this case (the "Bakery Machine"). The name of Sasib Bakery was changed to "Sasib Food Machinery Medium Volume."

3. The third-party defendant, Sasib Food Machinery MV, S.p.A ("Sasib Food"), was, at relevant times, an Italian corporation, with a registered office and principal place of business in Verona, Italy, which was engaged, at relevant times, in the business of designing, manufacturing, assembling, marketing, selling, distributing, modifying and installing bakery equipment, including the Bakery Machine. Sasib Food is a successor by name change to Sasib Bakery.

4. The third-party defendant, Food Machinery Medium Volume, S.p.A. ("Food Machinery"), is an Italian corporation with a registered office and principal place of business in Italy. Food Machinery is the successor in interest by reorganization, merger, name change, continuation and/or continuation of product line to Sasib Food and/or Sasib Bakery, and has been directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling, modifying, and distributing

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

bakery equipment, including the Bakery Machine. Alternatively, Food Machinery, as successor in interest by reorganization, merger, name change, continuation and/or continuation of product line to Sasib Food and/or Sasib Bakery, assumed or is responsible for the liabilities of Sasib Food or Sasib Bakery, or both.

5.     The third-party defendant, Dry Products S.p.A. ("Dry Products") is an Italian corporation with a registered office and principal place of business in Italy. Dry Products is the successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food, Sasib Bakery, and/or Food Machinery. In addition, Food Machinery, Sasib Food and Sasib Bakery are or have been the instrumentality and/or controlled by Dry Products, and are the alter ego of Dry Products. Dry Products has thus, directly or indirectly, engaged in the business of designing, manufacturing, assembling, marketing, selling, installing, modifying and distributing bakery equipment, including the Bakery Machine. Alternatively, or in addition, Dry Products, assumed or is otherwise responsible for the liabilities of Sasib Food, Sasib Bakery, Food Machinery, or all three.

6.     The third-party defendant, Compagnie Industriali Riunite, S.p.A ("CIR"), is an Italian corporation with a registered office and principal place of business in Leini (Turin) Italy, which at all times relevant hereto was directly or indirectly the majority owner of Sasib Food, Sasib Bakery, Food Machinery and Dry Products, or all of them, and controlled, directly or indirectly, Sasib Food, Sasib Bakery, Food Machinery and Dry Products. Dry Products, Food Machinery, Sasib Food and Sasib Bakery are or were

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the instrumentality and/or controlled by CIR, and are the alter ego of CIR. As a result, CIR directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling, installation, modification, and distributing bakery equipment, including the Bakery Machine. Alternatively, or in addition, CIR assumed or otherwise is responsible for the liabilities of Sasib Food, Sasib Bakery, Food Machinery, and Dry Products.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a), as SSNA's claims against Sasib Food, Sasib Bakery, Dry Products, CIR, and Food Machinery (collectively "Third-Party Defendants") are so related to the claims asserted by the plaintiff, Bill L. Gouveia, as Administrator of the Estate of Jose Guerra (the "Administrator") against SSNA in the Complaint, which allegations are expressly denied by SSNA, in that they form part of the same case and controversy under Article III of the United States Constitution.

8. The Court has personal jurisdiction over the Third-Party Defendants pursuant to section 33-929(f) of the Connecticut General Statutes because the Third-Party Complaint arises out of a contract which was intended to be performed in Connecticut, because the Third-Party Defendants had a reasonable expectation that the Bakery Machine would be used in Connecticut at the time the Third-Party Defendants designed, manufactured, distributed, installed, modified, and assembled the Bakery Machine, and the Bakery Machine was used in Connecticut, because the Third Party Defendants, either directly or indirectly through subsidiaries that they control and/or

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

which are their alter egos, shipped the Bakery Machine and its components into Connecticut and installed, assembled and/or modified such Bakery Machine in Connecticut, and because the alleged tortious conduct which is the subject matter of the Third-Party Complaint occurred in Connecticut.

9.   Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims which are the subject matter of the Third-Party Complaint occurred in Connecticut.

## BACKGROUND

10.   SSNA incorporates the allegations of paragraphs 1 through 9 as if fully set forth herein.

11.   On or about April 2, 2003, the Administrator filed this action against SSNA in the United States District Court for the District of Connecticut. A copy of the Administrator's Complaint is attached hereto as Exhibit A.

12.   On or about July 17, 2003, SSNA filed its Answer and Affirmative Defenses. A copy of the Answer and Affirmative Defenses is attached hereto as Exhibit B.

13.   In the Complaint, the Administrator claims that on or about April 27, 2001, the decedent, Jose Guerra (the "Decedent"), was lawfully on the premises of Chaves Bakery, located in Bridgeport, Connecticut, performing his regular duties as a baker, which included working near the Bakery Machine.

14.   The Administrator further alleges that on or about April 27, 2001, after the

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Decedent entered an access door adjacent to the Bakery Machine, the Bakery Machine, and in particular a product transfer trolley, started and struck the Decedent's shoulder, neck, and head with great force, and caused the Decedent catastrophic and fatal injuries.

15. The Administrator further alleges, and SSNA expressly denies, that the Bakery Machine was defective in that it failed to have any interlock, sensor, or safety switch to stop the product transfer trolley once the Decedent opened the access door and/or came into contact with the product transfer trolley, and that the Bakery Machine was defective, unsafe and unreasonably dangerous by virtue of a design and/or manufacturing defect.

16. The Administrator further alleges, and SSNA expressly denies, that SSNA failed and/or refused to warn or advise the Decedent of the purported dangerous characteristics of the Bakery Machine; inadequately provided the Decedent with sufficient notice of the Bakery Machine's purported dangerous characteristics; misrepresented that the Bakery Machine was safe to use; negligently failed to comply with reasonable industry standards and governmental regulations; negligently failed to fully and properly test and study the Bakery Machine; negligently failed to correct the Bakery Machine's alleged defects after having learned of the hazards associated with the Bakery Machine's use; and negligently failed to recall the Bakery Machine once it had knowledge of the purported life-threatening hazards associated with its use.

17. The Administrator further alleges, and SSNA expressly denies, that SSNA

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

breached certain implied warranties and representations pertaining to the Bakery Machine.

18. The Administrator also claims punitive damages under C.G.S. § 52-240b, to which SSNA denies the Plaintiff is entitled.

### FIRST COUNT AS TO SASIB BAKERY

19. SSNA incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. Upon information and belief, Sasib Bakery designed, manufactured, assembled, marketed, distributed, installed and sold the Bakery Machine involved in this case.

21. Sasib Bakery is a designer, manufacturer, distributor, installer or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the type of bakery machine involved in this case.

22. Sasib Bakery designs, produces, manufactures, distributes, installs or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

23. If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of Sasib Bakery, its agents, servants, or

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

employees, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

24. Sasib Bakery, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

25. SSNA did not know of the negligence of Sasib Bakery, its agents, servants, or employees, had no reason to anticipate it, and could reasonably rely upon Sasib Bakery, its agents, servants, or employees, not to be negligent.

26. If SSNA is held liable to the Administrator, then Sasib Bakery is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## SECOND COUNT AS AGAINST SASIB BAKERY

27. SSNA incorporates the allegations of paragraphs 19 through 22 as if fully set forth herein.

28. If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Sasib Bakery, its agents, servants, or employees, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

29. Sasib Bakery, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

30. SSNA did not know of the actions of Sasib Bakery, its agents, servants, or employees, had no reason to anticipate them, and could reasonably rely on Sasib Bakery, its agents, servants, or employees, not to act in such a manner.

31. If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Sasib Bakery, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

### THIRD COUNT AS TO SASIB FOOD

32. SSNA incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

33. Upon information and belief, Sasib Food and its predecessor Sasib Bakery designed, manufactured, assembled, marketed, distributed, installed and sold the Bakery Machine involved in this case.

34. Sasib Food is a designer, manufacturer, distributor, installer or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of manufacturing, selling and installing the Bakery Machine involved in this case.

35. Sasib Food designs, produces, manufactures, distributes, installs or sells

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

bakery equipment, including the Bakery Machine claimed to be involved in this case, with the reasonable expectation that such bakery equipment, and this Bakery Machine in particular, would be used in the State of Connecticut, and the Bakery Machine was so used in the State of Connecticut.

36. If the allegations in the Complaint are true, which allegations are expressly denied as set forth more fully in the Answer filed by SSNA, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of Sasib Food, its agents, servants, or employees, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

37. Sasib Food, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

38. SSNA did not know of the negligence of Sasib Food, its agents, servants, or employees, had no reason to anticipate it, and could reasonably rely upon Sasib Food, its agents, servants, or employees, not to be negligent.

39. If SSNA is held liable to the Administrator, then Sasib Food is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## FOURTH COUNT AS TO SASIB FOOD

40. SSNA incorporates the allegations of paragraphs 32 through 35 as if fully

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105