set forth herein.

41.  If the allegations of the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Sasib Food, its agents, servants, or employees, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

42.  Sasib Food, its agents, servants, or employees, were in control of the situation to the exclusion of SSNA.

43.  SSNA did not know of the actions of Sasib Food, its agents, servants, or employees, had no reason to anticipate them, and could reasonably rely on Sasib Food, its agents, servants, or employees, not to act in such a manner.

44.  If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Sasib Food, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

### FIFTH COUNT AS TO FOOD MACHINERY

45.  SSNA incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

46.  Upon information and belief, Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

alter ego, designed, manufactured, assembled, marketed, distributed, installed and sold the Bakery Machine involved in this case.

47. Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, is a designer, manufacturer, distributor, installer or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the Bakery Machine involved in this case.

48. Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, designs, produces, manufactures, distributes, installs, or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

49. If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

50. Food Machinery, directly or through a subsidiary for which it is responsible

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

as a successor or because such subsidiary is its alter ego, were in control of the situation to the exclusion of SSNA.

51.     SSNA did not know of the negligence of Food Machinery, had no reason to anticipate it, and could reasonably rely upon Food Machinery not to be negligent.

52.     If SSNA is held liable to the Administrator, then Food Machinery is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## SIXTH COUNT AS TO FOOD MACHINERY

53.     SSNA incorporates the allegations of paragraphs 45 through 52 as if fully set forth herein.

54.     If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

55.     Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, were in control of the situation to the exclusion of SSNA.

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

56. SSNA did not know of the actions of Food Machinery, had no reason to anticipate them, and could reasonably rely on Food Machinery not to act in such a manner.

57. If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Food Machinery, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

## SEVENTH COUNT AS TO FOOD MACHINERY

58. SSNA incorporates the allegations of paragraphs 45 through 57 as if fully set forth herein..

59. Because Food Machinery is the successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery, Food Machinery assumed the liabilities of Sasib Food or Sasib Bakery, or both, and SSNA is thereby entitled to indemnification and contribution for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

60. Because Sasib Bakery or Sasib Food are the alter ego of Food Machinery, including because each company is an instrumentality of Food Machinery and there is an identity of corporate entities, Food Machinery is liable for the liabilities of Sasib Food or Sasib Bakery, or both, and SSNA is thereby entitled to indemnification and contribution against Food Machinery for any judgment rendered against SSNA,

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

## EIGHTH COUNT AS TO DRY PRODUCTS

61.     SSNA incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

62.     Upon information and belief, Dry Products, directly or through subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, designed, manufactured, assembled, marketed, distributed, and sold the Bakery Machine involved in this case.

63.     Dry Products, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, is a designer, manufacturer, distributor, or seller of the type of bakery machine involved in this case, including the one involved in this case, and is or was engaged in the business of selling the Bakery Machine involved in this case.

64.     Dry Products, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, designs, produces, manufactures, distributes, or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

65.     If the allegations in the Complaint are true, which allegations are expressly

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

denied, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of Dry Products, directly or through a subsidiary for which it is responsible as successor or because such subsidiary is its alter ego, which negligence was active, primary and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

66.   Dry Products, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, were in control of the situation to the exclusion of SSNA.

67.   SSNA did not know of the negligence of Dry Products, had no reason to anticipate it, and could reasonably rely upon Dry Products not to be negligent.

68.   If SSNA is held liable to the Administrator, then Dry Products is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

## NINTH COUNT AS TO DRY PRODUCTS

69.   SSNA incorporates the allegations of paragraphs 61 through 64 as if fully set forth herein.

70.   If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the actions of Dry Products, directly or through a subsidiary for which it is responsible as a successor or because

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

such subsidiary is its alter ego, which actions were active, primary, and the direct and immediate cause of the defective condition, the accident, injuries, and damages, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

71. Dry Products, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, were in control of the situation to the exclusion of SSNA.

72. SSNA did not know of the actions of Dry Products, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, had no reason to anticipate them, and could reasonably rely on Dry Products not to act in such a manner.

73. If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Dry Products, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

### TENTH COUNT AS TO DRY PRODUCTS

74. SSNA incorporates the allegations of paragraphs 61 through 73 as if fully set forth herein.

75. Because Dry Products is the successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food, Sasib Bakery, or Food Machinery, Dry Products assumed the liabilities of Sasib Food, Sasib Bakery, or

- 17 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Food Machinery, or all of them, and SSNA is thereby entitled to indemnification and contribution for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

76. Because Sasib Bakery, Sasib Food, or Food Machinery are the alter ego of Dry Products, including because each company is an instrumentality of Dry Products, and there is an identity of corporate entities, Dry Products is liable for the liabilities of Sasib Food, Sasib Bakery, Food Machinery, or all of them, and SSNA is thereby entitled to indemnification and contribution against Dry Products for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

## ELEVENTH COUNT AS TO CIR

77. SSNA incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

78. Upon information and belief, CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego, designed, manufactured, assembled, marketed, distributed, and sold the Bakery Machine involved in this case.

79. CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego, is a designer, manufacturer, distributor, or seller of the type of bakery machine involved in

– 18 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

this case, including the one involved in this case, and is or was engaged in the business of selling the Bakery Machine involved in this case.

80. CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego, designs, produces, manufactures, distributes, or sells bakery machines, such as the one involved in this case, including the one involved in this case, with the reasonable expectation that the Bakery Machine would be used in the State of Connecticut and it was so used in the State of Connecticut.

81. If the allegations in the Complaint are true, which allegations are expressly denied, then the accident, injury, and damages were due to the negligence, carelessness, wanton care, or culpable conduct of CIR, which negligence was active, primary and the direct and immediate cause of his accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

82. CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego, was in control of the situation to the exclusion of SSNA.

83. SSNA did not know of the negligence of CIR, had no reason to anticipate it, and could reasonably rely upon CIR not to be negligent.

84. If SSNA is held liable to the Administrator, then CIR is liable to indemnify SSNA for any judgment rendered against it along with reimbursing SSNA for all costs associated with this litigation, including attorneys' fees, expenses and other costs.

- 19 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## TWELFTH COUNT AS TO CIR

85.  SSNA incorporates the allegations of paragraphs 76 through 79 as if fully set forth herein.

86.  If the allegations of the Complaint are true, which is expressly denied, then the accident, injury, and damages were due to the actions of CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego,, which actions were active, primary, and the direct and immediate cause of the alleged accident and injury, as opposed to any actions on behalf of SSNA, which actions were passive and secondary in nature.

87.  CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego, were in control of the situation to the exclusion of SSNA.

88.  SSNA did not know of the actions of CIR, directly or through a subsidiary or subsidiaries for which it is responsible as successor or because subsidiary or subsidiaries are its alter ego,, had no reason to anticipate them, and could reasonably rely on CIR not to act in such a manner.

89.  If SSNA is held liable to the Administrator for any of the Administrator's claims, then SSNA is entitled to indemnification and contribution, including attorneys' fees, costs and expenses, from Sasib, pursuant to Connecticut's Product Liability Act, C.G.S. § 52-572(m), et seq.

- 20 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### THIRTEENTH COUNT AS TO CIR

90. SSNA incorporates the allegations of paragraphs 76 through 88 as if fully set forth herein.

91. Because CIR is the successor in interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food, Sasib Bakery, Food Machinery or Dry Products, or all of them, CIR assumed the liabilities of Sasib Food, Sasib Bakery, Food Machinery or Dry Products, or all of them, and SSNA is thereby entitled to indemnification and contribution for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

92. Because Sasib Bakery, Sasib Food, Food Machinery, or Dry Products, or all of them, are the alter ego of CIR, including because each company is an instrumentality of CIR, and there is an identity of corporate entities, CIR is liable for the liabilities of Sasib Bakery, Sasib Food, Food Machinery, Dry Products or all of them, and SSNA is thereby entitled to indemnification and contribution against CIR for any judgment rendered against SSNA, including attorneys' fees, costs, and expenses, pursuant to the Product Liability Act and the common law.

### FOURTEENTH COUNT AS TO DRY PRODUCTS, CIR, AND FOOD MACHINERY

93. SSNA incorporates the allegations of paragraphs 1 through 90 as if fully set forth herein

94. Food Machinery, Dry Products and CIR are obligated to SSNA for

- 21 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

indemnification or contribution, or both.

95. SSNA's right to indemnification or contribution, or both, constitutes a "claim" within the meaning of the Uniform Fraudulent Transfer Act, as adopted in Delaware and Connecticut.

96. SSNA is a "creditor" within the meaning of the Uniform Fraudulent Transfer Act, as adopted in Delaware and Connecticut, as a result of its right to indemnification or contribution, or both.

97. Upon information and belief, certain assets, including stock, owned by Food Machinery, directly or through a subsidiary for which it is responsible as a successor or because such subsidiary is its alter ego, were transferred to Dry Products, and other business entities, at the direction of a high-level CIR executive.

98. Upon information and belief, certain assets transferred from Food Machinery to Dry Products, or other business entities, at the direction of the high-level CIR executive, on behalf of CIR, were transferred for less than reasonably equivalent value.

99. Upon information and belief, Food Machinery, and/or the subsidiary or subsidiaries for which it is responsible as a successor or because such subsidiary or subsidiaries are its alter ego, were insolvent on the date or dates said transfers were made, or became insolvent as a result of said asset transfers.

100. Upon information and belief, the capitalization of Food Machinery, and/or the subsidiary or subsidiaries for which it is responsible as a successor or because such

- 22 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

subsidiary or subsidiaries are its alter ego, were unreasonably small after the said transfers were made.

101. The certain assets transferred to Dry Products, or other business entities, at the direction of the high-level CIR executive, on behalf of CIR, constitute fraudulent transfers under the Uniform Fraudulent Transfer Act, as adopted in Delaware and Connecticut..

102. SSNA has been damaged as a result of said fraudulent transfers, including its costs of prosecuting this action.

WHEREFORE, the defendant and third-party plaintiff, Sig Simonazzi North America, Inc., demands from the Third-Party Defendants, Sasib Food Machinery MV, S.p.A, Sasib Bakery Italia, S.p.A., Dry Products S.p.A., Compagnie Industriali Riunite, S.p.A., and Food Machinery Medium Volume, S.p.A., jointly and severally:

1. Indemnification;

2. Contribution;

3. Damages;

5. Interest;

6. Any and all remedies provided by the Uniform Fraudulent Transfer Act, as adopted in Delaware and Connecticut.

7. Payment of all costs associated with the defense of this action from its inception, including, but not limited to, attorneys' fees, court costs, and expenses;

8. Such other and further relief as in equity or law may apply.

- 23 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dated at Hartford, Connecticut on this 23rd day of December 2004.

> THE THIRD PARTY PLAINTIFF,
> SIG SIMONAZZI NORTH AMERICA, INC.
>
> By_____
> Joseph G. Fortner, Jr.
> Patrick M. Birney of
> HALLORAN & SAGE LLP
> Fed. Bar #ct 04602
> Fed. Bar #ct 19875
> One Goodwin Square
> 225 Asylum Street
> Hartford, CT 06103
> (860) 522-6103

- 24 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 23rd day of December 2004, I hereby mailed a copy of the foregoing to:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481

Deborah S. Russo, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

John R. Horan, Esq.
Jonathan Mazer, Esq.
Fox Horan & Camerini
825 Third Avenue
New York, NY 10022
Attorneys for Compagnie Industriali Riunite, S.p.A.,
Dry Products, S.p.A., Sasib Bakery Italia, S.p.A., and
Sasib Food Machinery MV, S.p.A.

Patrick M. Birney

625810.3(HSFP)

- 25 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105