Page 167

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------x
BILL L. GOUVEIA as Administrator
of the Estate of JOSE GUERRA,

        -v-

                                     Civil Action No.
SIG SIMONAZZI NORTH AMERICA, INC.  303 CV 597 MRK
as Successor in Interest by Merger
to SASIB NORTH AMERICA, INC. as
Successor in Interest by Merger to
SASIB BAKERY NORTH AMERICA, INC.
------------------------------------------x
SIG SIMONAZZI NORTH AMERICA, INC.
        Third-Party Plaintiff,
        -v-
SASIB FOOD MACHINERY MV, S.P.A.,
SASIB BAKERY ITALIA, S.P.A.,
DRY PRODUCTS, S.P.A., and
COMPAGNIE INDUSTRIALI RIUNITE, S.P.A.,
        Third-Party Defendants
------------------------------------------x

                ANDREA SILVESTRONI
                New York, N.Y.
                December 1, 2004

**COPY**

JOB NUMBER   1946

1        A. Silvestroni

2  document No. 37.

3           Is this a proposal -- or a drawing,
4  rather -- that was provided by one of the
5  suppliers regarding this project?
6     A.    Well, I don't see any reference to
7  the Chaves project here.  That's all I can say.
8     Q     Okay, fair enough.
9     A.    It is a fax from the supplier.
10    Q.    To Mr. Zambelli?
11    A     To -- yes, and then -- but the name
12  of the company is not correct because it is
13  addressed to Sasib Beverage.
14    Q.    But somehow it seems to have
15  gotten directed to the right place, given the
16  stamp; right?
17    A.    Oh, yes, that was -- that says
18  Bakery Italia stamp.  The question is, who was
19  the supplier writing to Bakery Italia, to Sasib
20  Beverage.
21    Q.    Seemed to be to the attention of
22  Zambelli?
23    A.    Zambelli.
24           MR. FORTNER:  It is now 7:18 and I
25       know the Reporter needs to leave at

Page 356

1  A. Silvestroni

2  7:30. And my guess is we'll probably
3  have a little housekeeping to do here
4  which may include some statements on the
5  record.
6       Unless counsel disagree, it is my
7  suggestion at this time that we suspend.
8  We'll talk about the mechanism by which
9  we can complete this deposition, which I
10 know has been proposed that we do a video
11 position which, if we can work out the
12 logistics, may make a lot of sense,
13 because I appreciate that Mr. Silvestrone
14 has been over here twice and has spent a
15 lot of time with us.
16      MR. SULLIVAN: We can do it in
17 Hartford.
18      MR. FORTNER: Yes, we can do it in
19 Hartford. We have a video conferencing
20 system in Hartford.
21      Do you have access to a video
22 conferencing system in Italy?
23      THE WITNESS: I do. I don't know
24 whether it is comparable or not.
25      MR. MAZER: Is this on the record?

Page 357

1       A. Silvestroni

2       MR. FORTNER: No, that doesn't need
3   to be on. Let's go off.
4       (Off-the-record discussion held.)
5       MR. FORTNER: On the record.
6       We've had a discussion with counsel
7   off the record in trying to
8   cooperatively work out a way to complete
9   this deposition. We have discussed such
10  propositions as doing a videotape
11  continuation -- not videotape -- video
12  conference continuation of this
13  deposition with the witness being in
14  Italy and the attorneys likely being in
15  our office in Hartford with a stipulation
16  that the court reporter could be in the
17  United States rather than in Italy.
18      And over the next few days we'll
19  work on the logistics of that and then
20  resume the deposition hopefully utilizing
21  that as a mechanism either later this
22  month or with the agreement of counsel
23  sometime in January during the discovery
24  period in this case.
25      Is that acceptable to all counsel?

Page 358

1    A. Silvestroni

2    MR. MAZER: Yes. And let me state
3    our position very briefly.
4         Our position is this witness has
5    been deposed extensively already and has
6    been deposed in our view too extensively,
7    and we don't concede that you are
8    entitled to further depositions. But
9    nonetheless, to avoid having a dispute
10   and avoid getting the judge involved, we
11   are willing to discuss which dates we
12   might be able to possibly continue in the
13   fashion you just mentioned.
14        MR. FORTNER: Okay. Without any
15   kind of acrimonious discussion I will
16   just respond this is one witness
17   identified as the sole 30(b)(6)
18   witness for two Third-Party Defendants,
19   85 categories for each of those
20   Third-Party Defendants.
21        And in addition it has become clear
22   he is a very knowledgeable fact witness
23   on corporate history and financial
24   affairs, not just with respect to Sasib
25   Bakery Italy and Sasib Food Machinery

ESQUIRE DEPOSITION SERVICES
1-866-619-3925

Page 359

1   A. Silvestroni

2   Medium Volume, but also to some degree

3   with respect to D.P. and C.I.R.

4   So we can all debate --

5   MR. MAZER: We don't need to debate

6   that on the record.

7   MR. SULLIVAN: My position is as

8   the Plaintiff that I noticed his

9   deposition as a fact witness.

10   It has been clear up until this

11   moment we are suspending Mr. Fortner has

12   had the foor and it has begun strictly

13   with the 30(b)(6) topics.

14   So I have been estopped from

15   ever addressing my issues. That

16   being been said, I think we will

17   again try to work it out in a civil way.

18   MR. FORTNER: And we will say to

19   everyone good night.

20   THE WITNESS: Good night.

21   MR. MAZER: Good night.

22   (Whereupon, at 7:30 p.m. the

23   deposition was adjourned as indicated

24   above.)

25