UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA AS ADMINISTRATOR<br>OF THE ESTATE OF JOSE GUERRA<br><br>V.<br><br>SIG SIMONAZZI NORTH AMERICA, INC.<br>AS SUCCESSOR IN INTEREST BY MERGER<br>TO SASIB NORTH AMERICA, INC., AS<br>SUCCESSOR IN INTEREST BY MERGER TO<br>SASIB BAKERY NORTH AMERICA, INC. | CIVIL ACTION NO.<br>303 CV 597 MRK |
| SIG SIMONAZZI NORTH AMERICA, INC.<br><br>V.<br><br>SASIB FOOD MACHINERY MV, S.P.A.,<br>SASIB BAKERY ITALIA, S.P.A.,<br>DRY PRODUCTS, S.P.A., AND<br>COMPAGNIE INDUSTRIALI RIUNITE | DECEMBER 23, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND THIRD-PARTY COMPLAINT**

The defendant and third-party plaintiff, Sig Simonazzi North America, Inc., ("SSNA"), submits this Memorandum of Law In Support of its Motion for Leave to Amend the Third-Party Complaint, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure ("F.R.C.P.").

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In its Third Party Complaint ("Compl."), dated January 21, 2004, SSNA impleaded four Italian entities – Sasib Bakery Italia, S.p.A. ("Sasib Bakery"), Sasib Food Machinery, Medium Volume, S.p.A. ("Sasib Food"), Compagnie Industriali Riunitie, S.p.A. ("CIR") and Dry

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Products, S.p.A. ("Dry Products") (collectively, the four Italian entities are referred to as the "Third-Party Defendants"). In its third-party complaint, SSNA alleges that Sasib Food and Sasib Bakery designed, manufactured, assembled, marketed, sold and distributed bakery equipment, including that which is at issue in this case. *See* Compl., ¶¶ 3, 4. It further alleges that Dry Products is a successor in interest to Sasib Food and/or Sasib Bakery, has directly or indirectly engaged in the business of designing, manufacturing, assembling, selling and distributing bakery equipment, and has assumed the liabilities of Sasib Food and/or Sasib Bakery. *Id.,* ¶ 4. SSNA also alleges that CIR is 100% owner of one or more of the other three Italian Entities, was directly or indirectly engaged in the business of designing, manufacturing, assembling, marketing, selling and distributing the bakery equipment, or is the successor in interest to Sasib Food or Sasib Bakery. *Id.,* ¶ 5.

On May 14, 2004, the four Third-Party Defendants jointly appeared through one counsel and filed one joint answer. *See* Answer to the Third Party Complaint. On July 28, 2004, SSNA served discovery requests which addressed, *inter alia,* the ownership, control and structure of the various Third-Party Defendants. The Responses by Sasib Food and Sasib Bakery – which were not served until October 11, 2004 – reflected that Sasib Food had changed its name to Food Machinery Medium Volume, S.p.A. ("Food Machinery") as a result of a special shareholders meeting held on May 8, 2003. *See* Responses of Sasib Food Machinery MV, S.p.A., Response No. 1. attached to the Motion as Exh. A. Testimony during depositions taken in November and December of 2004 reflected that Food Machinery is, in fact, an Italian corporation which is the successor of Sasib Food and Sasib Bakery. *See* proposed Amended Third-Party Complaint,

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

attached as Exh. B to the Motion to Amend Third-Party Complaint (the "Motion") ¶ 4. Given that testimony, SSNA seeks to amend its Third-Party Complaint to include Food Machinery as an additional defendant.

In furtherance of discovery, SSNA served Notices of Depositions for each of the third-party defendants under F.R.C.P. Rule 30(b)(6). After Third-Party Defendants initially resisted producing any witnesses for CIR and Dry Products on the basis that their Motion for Summary Judgment based upon a claim of a lack of personal jurisdiction allowed them to avoid such depositions,[1] witnesses were produced at the court's urging. In particular:

Alberto Piaser, a long-time CIR employee who at present is the Chairman of Dry Products, a Director and General Manager of CIR, and the Chairman of Food Machinery, was produced as the sole representative to testify about all issues for both corporations.[2] Mr. Piaser had also previously been Managing Director of Sasib, S.p.A., Chairman of Sasib Food, represented Sasib Food in the "sale" of one of its subsidiaries to Dry Products (when he was also Chairman of Dry Products) and (at CIR's request) acted as the "representative" of the sole shareholder of Dry Products at at least one Dry Products shareholder's meeting.

Sasib Food and Sasib Bakery produced as their sole Rule 30(b)(6) witness Andrea

---

[1] This motion was withdrawn because, as Third-Party Defendants indicated, mistakes had been "highlighted" in the supporting Declaration of CIR's General Manager, Alberto Piaser. These "immaterial" "mistakes" were in paragraph 6 (see Motion, Exh. C, p. 5) – that is, the portion in which Mr. Piaser stated that there were not and never had been any directors in common between CIR and Dry Products, and Food Machinery, Sasib Food or Sasib Bakery.

[2] Despite the facts that he was produced for two separate entities on well-over one hundred categories of topics, that his deposition had to be translated from Italian and involved the use of documents produced in Italian, and that when his deposition was suspended at the end of one day, it was believed that Mr. Piaser would be produced by videoconference for the continuation of his deposition, CIR and Dry Products have recently refused to produce Mr. Piaser for more than one day of testimony.

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Silvestroni,[3] who was hired by Mr. Piaser (who was both with CIR and acting, purportedly, as Chairman of Dry Products) to serve as the "liquidator" of Sasib Food (now known as Food Machinery). Mr. Silvestroni, who had been an employee of Sasib S.p.A. from 1993 to 1997, and with CIR directly from 1997 until 2001, provided testimony reflecting, among other things, that in June of 2002, Sasib Food made a capital distribution of 500,000 Euro to its shareholder – Dry Products (which at that time was wholly owned by CIR).

While SSNA continues to pursue discovery on the questions of corporate control and domination,[4] this testimony appears to reflect that CIR, directly and through its then-wholly owned subsidiary, Dry Products, has operated Food Machinery (and its predecessor entities) without any real regard to the existence of corporate divisions. Further, it appears that some transfers of both money and valuable operating assets have been made without adequate consideration and in situations in which CIR, directly and through its Dry Products "group," has controlled all sides of the transaction. Likewise, SSNA believes that Food Machinery's capitalization was unreasonably small after the said transfers were made.

In sum, it appears from the testimony to date that CIR, through a high-level executive, completely dominated and exercised control over Food Machinery and Dry Products. It controlled finances, policies, and business practices of Food Machinery and Dry Products, to the point that those companies had and have no separate mind, will, or existence of their own.

---

[3] Again, notwithstanding that this witness was produced for two separate entities on well-over one hundred categories of topics, that his deposition involved complex corporate forms and asset transfers for which all documentation produced by the Third-Party Defendants was in Italian, and that at the conclusion of his last deposition session, the parties were discussing the logistics of resuming the deposition (*see* Motion, Exh. D, pp. 355-59), the third-party defendants have now refused to produce Mr. Silvestroni to complete his deposition.

[4] This includes not just the aforementioned depositions, but also written discovery requests.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Similarly, the asset transfers are, upon information and belief, in violation of the Uniform Fraudulent Transfer Act, as adopted in Connecticut, where the instant action is pending and Delaware, SSNA's corporate residence.

Accordingly, SSNA also seeks to amend the Third-Party Complaint to further enunciate the bases upon which SSNA seeks to impose liability on Food Machinery, Dry Products, and CIR, in the event that plaintiff succeeds in proving the allegations in his underlying Complaint. In addition, SSNA seeks to include a count under the Uniform Fraudulent Transfer Act.

## II. ARGUMENT

### A. LEGAL STANDARDS

An amendment to add parties to a civil suit is governed by F.R.C.P. Rule 21, which permits their addition by order of the Court "at any state of the action and on such terms as are just." *Momentum Luggage & Leisure Bags v. Jansport,* No. 00CVI7909(DLC), 2001 WL 58000, at *2 (S.D.N.Y. Jan 23 2001)(attached hereto as Exhibit A). Here, because an answer has been filed, the showing necessary to join parties under Rule 21, however, is the same as that required under F.R.C.P. Rule 15(a). *See Rissman v. City of New York,* No. 01 Civ. 6284(SHS)(DF) 2001 WL 1398655, at *1 (S.D.N.Y. Nov 9, 2001)(attached hereto as Exhibit B).

Similarly, when a plaintiff seeks to join additional claims against existing parties, such is accomplished by amending the original complaint pursuant to F.R.C.P. Rule 15. *See Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251 (2d Cir. 1994). Rule 15(a) sets a liberal standard for the amendment of pleadings: the second sentence of that rule states that, even after the issues have been joined, "leave [to amend] shall be freely given when justice so

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

requires." The United States Supreme Court has emphasized that Rule 15(a) requires courts to look favorably on motions to amend the pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded.").

### B. FOOD MACHINERY MEDIUM VOLUME, S.P.A., IS A PROPER THIRD-PARTY DEFENDANT IN THIS ACTION

On or about May 8, 2003, Sasib Food changed its name to Food Machinery pursuant to a special shareholders meeting. *See* Motion, Exh. A, Response No. 1. Based upon this, and the recent testimony about this name change, the Third-Party Plaintiff seeks to amend its Third-Party Complaint to seek indemnification and contribution from Food Machinery under the same theories asserted against Sasib Food and Sasib Bakery -- the corporate predecessors of Food Machinery -- as well as Dry Products and CIR.

Food Machinery will not be prejudiced in maintaining a defense to these claims if the instant Motion is granted. Food Machinery originally accepted service in this matter on behalf of Sasib Food and Sasib Bakery and, accordingly, received timely notice of the claims that are being alleged against it. *See* Motion, Exh. E, Return of Service, p. 4. In addition, Food Machinery has been well-aware, from the outset, of these claims, and indeed its "liquidator" (Andrea Silvestroni) and its Chairman (Alberto Piaser) have signed all discovery responses and affidavits submitted for the Third-Party Defendants. Indeed, the Food Machinery "liquidator" has been the designated F.R.C.P. Rule 30(b)(6) witness for Sasib Food and Sasib Bakery. Given this, there is no prejudice to adding as a third-party defendant Food Machinery. Accordingly,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

SSNA's Third-Party Complaint should be amended to include claims against Food Machinery.

### C. THE THIRD-PARTY COMPLAINT SHOULD BE AMENDED TO CONFORM TO THE RECENT EVIDENCE AGAINST CIR, DRY PRODUCTS, AND FOOD MACHINERY

SSNA also seeks to amend its Third-Party Complaint to further enunciate the bases of its claims for indemnification and contribution against Food Machinery, Dry Products, and CIR. Specifically, SSNA has sought indemnification and contribution from Dry Products and CIR based on, *inter alia*, theories that each was the successor-in-interest by reorganization, merger, continuation and/or continuation of product line to Sasib Food or Sasib Bakery. Recent discovery – and most particular documents and testimony during the recent depositions of Messrs. Piaser and Silvestroni – reflects that that Food Machinery, Dry Products, and CIR are liable to SSNA for indemnification and contribution under theories of alter ego, as well. As discussed in Section I, *supra,* CIR, directly and through Dry Products, completely dominated and exercised control over Food Machinery, Dry Products, and earlier of Sasib, S.p.A., including but not limited to through domination over the finances, policies, and business practices of those companies, the sale of assets of Sasib, S.p.A. and Food Machinery, and the distribution of "capital" of Food Machinery, such that Food Machinery and Dry Products (and earlier, Sasib, S.p.A.) had no separate mind, will, or existence of their own. CIR's agents have served as the controlling persons (as board members and officers) for Dry Products and for Food Machinery. CIR decided when personnel should be discharged from Sasib, S.p.A. due to problematic performance. CIR's agents have been on both sides of transactions involving Food Machinery and Dry Products. Very simply, regardless of what corporate structures may be been created, the

- 7 –

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

evidence reflects that Food Machinery, Dry Products, Sasib Food, and earlier, Sasib, S.p.A., have all been controlled and dominated by CIR.

Given this, amendment is clearly warranted. Moreover, the Third-Party Defendants will not be unduly prejudiced if SSNA is allowed to amend its Third-Party Complaint to seek indemnification and contribution under theories of alter-ego, in addition to those theories that have been already plead. The operative Third-Party Complaint seeks indemnification and contribution from the Third-Party Defendants under multiple theories. The amendment of the Third-Party Complaint to include theories under alter-ego merely allows the pleadings to conform to the evidence that has been elicited from the Third-Party Defendants in discovery in this matter. Indeed, until the recent depositions of the Third-Party Defendants' witnesses, movant was reticent about seeking this amendment. Now, however, with the factual predicates established, amendment should be allowed.[5]

Additionally, as discussed in Section II, *supra*, SSNA has also recently learned of the transfer of certain assets from Food Machinery to Dry Products and other business entities, which transfers occurred at the direction of the high-level CIR executive. These transfers may affect SSNA's ability to enforce a judgment, if any, against the Third-Party Defendants. Accordingly, SSNA also seeks to amend its Third-Party Complaint to add a claim against Food Machinery, CIR, and Dry Products under the Uniform Fraudulent Transfer Act, which has been adopted in Connecticut and Delaware. It is appropriate for the Court to consider judicial

---

[5] If the Third-Party Defendants seek an extension of discovery to address these issues, certainly Third-Party Plaintiff has no objection. Indeed, movant has also sought an extension so as to complete fact discovery on these points.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

economy and the most expeditious way to dispose of the merits of the litigation in ruling on a Motion to Amend. *See Dussouy v. Gulf Cost Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Inasmuch as the transfer of assets from Food Machinery to Dry Products, or other entities, may affect SSNA's ability to collect a judgment against the Third-Party Defendants, considerations of judicial economy weigh in favor of granting SSNA's Motion.

### III.  CONCLUSION

In sum, the Plaintiff's proposed amendment will not result in any delay or prejudice. Accordingly, under the principles governing amendments of pleadings, leave to amend the Complaint should be granted.

THE THIRD PARTY PLAINTIFF,
SIG SIMINOZZI NORTH AMERICA, INC.

By _____
Joseph G. Fortner, Jr.
Fed. Bar #ct 04602
Patrick M. Birney
Fed. Bar #ct 19875
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Its Attorneys

- 9 -

HALLORAN & SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to all counsel on this 23rd day of December, 2004, including:

Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481
Attorneys for Plaintiff

Deborah S. Russo, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103
Attorneys for Third-Party Defendants

Jonathan Mazer, Esq.
John R. Horan, Esq.
Fox Horan & Camerini
825 Third Avenue
New York, NY 10022
Attorneys for Third-Party Defendants.

_____
Patrick M. Birney

626441v3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105