

Not Reported in F.Supp.2d
2001 WL 58000 (S.D.N.Y.)
(Cite as: 2001 WL 58000 (S.D.N.Y.))

Page 1

**H**
**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

MOMENTUM LUGGAGE & LEISURE BAGS, a partnership between Robert Rudko and William M. Greystone, Plaintiff,
v.
JANSPORT, INC., Luggage & Leather Goods Manufacturers of America, Inc., and Business Journals, Inc., Defendants.

No. 00 Civ. 7909(DLC).

Jan. 23, 2001.

John P. Bostany, New York, NY, for Plaintiff.

Thomas A. Canova, Gianni P. Servodidio, Pennie & Edmonds LLP, New York, NY, for Defendant Jansport, Inc.

*OPINION AND ORDER*

COTE, J.

*1 This dispute arises out of defendants' alleged infringement of plaintiff's trademark. Plaintiff seeks leave to amend the complaint to add seven additional defendants. For the reasons stated below, plaintiff's request to amend the complaint is denied.

Procedural History

This action was filed on October 17, 2000. Plaintiff alleged that defendants Jansport, Inc. ("Jansport"), and Luggage & Leather Goods Manufacturers of America, Inc. ("Luggage & Leather"), violated the Lanham Act and New York's General Business Law by infringing plaintiff's trade dress, diluting plaintiff's trademark, and engaging in acts of unfair competition, false designation of origin, and false description or representation. [FN1] Pursuant to the Court's Pretrial Scheduling Order of October 23, 2000, entered in response to plaintiff's request for an expedited resolution of this case, all fact discovery is to be completed by February 23, 2001. The Joint Pretrial Order must be filed by March 23, 2001, and the case has been placed on the April 2001 trial ready calendar.

> FN1. On November 16, 2000, plaintiff voluntarily dismissed its claims against a third defendant, Business Journals, Inc., pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P.

Jansport served, and attempted to file, an answer on December 7, 2000. [FN2] As of December 20, 2000, the date on which the amended complaint was filed, Luggage & Leather had neither served nor filed an answer. Pursuant to the Court's December 28, 2000 Order, however, Luggage & Leather had until January 15, 2001 to answer, move, or otherwise respond to the complaint. As of the writing of this Opinion, Luggage & Leather has not responded to the complaint. Plaintiff filed an amended complaint without the Court's leave on December 20, 2000, adding seven additional defendants. Jansport opposes the amendment. Plaintiff asserts that it is free to amend as of right, but in the alternative, seeks leave *nunc pro tunc* to amend the complaint.

> FN2. On December 7, 2000, Jansport filed and served its answer to the complaint. On December 11, 2000, Jansport filed and served its Rule 1.9 Statement. On December 12, however, without knowing that Jansport had filed and served the Rule 1.9 Statement the day before, the Court directed the Clerk's Office to return the answer to Jansport pending the filing of the Rule 1.9 Statement. The answer has since been filed *nunc pro tunc.*

DISCUSSION

Plaintiff claims that, pursuant to Rule 15(a),

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A

Not Reported in F.Supp.2d
2001 WL 58000 (S.D.N.Y.)
(Cite as: 2001 WL 58000 (S.D.N.Y.))

Page 2

Fed.R.Civ.P., it was entitled to amend its complaint to add new defendants. Under Rule 15(a), Fed.R.Civ.P., "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." As stated above, Jansport served its answer before plaintiff filed the amended complaint. [FN3] Once a responsive pleading has been "served", a party may amend its pleadings "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

> FN3. Under Rule 15(a), plaintiff would need leave to amend its complaint against Jansport. *See, e.g., Bruno v. Shoreline Oil Co.,* No. 87 Civ. 9175(PKL), 1988 WL 142476, at *2 (S.D.N.Y. Dec. 27, 1988) ("[defendant]'s answer is a 'responsive pleading' under Rule 15(a) precluding amendment as of right as to [defendant]"); *Rose v. Associated Universities,* No. 00 Civ. 0460(DAB), 2000 WL 1457115,*3 (S.D.N.Y. Sept. 28, 2000) (" 'where some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants' ") (quoting *Barksdale v. King,* 699 F.2d 744, 747 (5th Cir.1983)). *See also* 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.11, at 15-13 (3d ed. 1997) ("If some, but not all, of the defendants have answered, the plaintiff has the right to amend only the claims asserted against the non-answering parties and must obtain leave to amend the complaint as to answering parties."); William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 8:379, at 8-83 (1997) ("Common sense suggests that amendments may be made as a matter of course as to defendants who have not yet answered; but leave of court must be obtained insofar as the amendment affects defendants who have already answered.").

Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs. *See Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y.1966) ("It has been held that the specific provisions of Rule 21 govern over the general provisions of Rule 15, and that an amendment changing parties requires leave of Court even though made at a time when under Rule 15 amendment may be made as of course."); *see also United States v. Hansel,* 999 F.Supp. 694, 697 (N.D.N.Y.1998); *Sheldon v. PHH Corp.,* No. 96 Civ. 1666(LAK), 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997) ("[A] broad reading of Rule 15 would permit amendments for any purpose, including changes of parties.... Nevertheless, the preferred method is to consider such motions under Fed.R.Civ.P. 21, which specifically allows for the addition and elimination of parties."), *aff'd on other grounds,* 135 F.3d 848 (2d Cir.1998); *Holtzman v. Richardson,* 361 F.Supp. 544, 552 (E.D.N.Y.1973), *rev'd on other grounds,* 484 F.2d 1307 (2d Cir.); *Gordon v. Lipoff,* 320 F.Supp. 905, 923 (D.Mo.1970) ("Neither Rule 15(a) nor the Notes of the Advisory Committee intimate that an exception to Rule 21 was intended by the provision of Rule 15(a) which permits a party to amend without leave of court before a responsive pleading is filed."). *But cf. Washington v. New York City Board of Estimate,* 709 F.2d 792, 795 (2d Cir.1983) (analyzing motion to add new parties under Rule 15(a) when defendant had not answered, and not addressing Rule 21).

*2 There are sound reasons why Rule 21 should govern the addition and elimination of parties. Whether parties should be dropped from or added to an action presents problems of judicial administration over which the court, rather than the parties and their counsel, should maintain control at every stage of the action. *See Gordon v. Lipoff,* 320 F.Supp. at 923. In adding or eliminating parties, courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action.

These policy reasons are particularly applicable in this case because of the substantial effect this amendment of the complaint would have on the party who has already answered, as well as on the conduct of the litigation as a whole. Plaintiff requested expedited litigation, and the Court agreed to the request. Jansport has answered the complaint

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 58000 (S.D.N.Y.)
(Cite as: 2001 WL 58000 (S.D.N.Y.))

Page 3

and both Jansport and the plaintiff--as well as the Court--have spent substantial resources in accommodating the expedited schedule. [FN4]

> FN4. In any event, even if leave were not necessary, Jansport has made a motion to strike and, in the alternative, to stay. The Court would grant these motions for the reasons stated *infra*. *See generally Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir.2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. In deciding whether to allow joinder, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.*, 86 F.R.D. 524, 527-28 (S.D.N.Y.1980) (internal quotation omitted); *see Clarke v. Fonix Corp.*, 98 Civ. 6116(RPP), 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.") (internal quotation omitted), *aff'd*, 199 F.3d 1321 (2d Cir.1999); *Sheldon*, 1997 WL 91280, at *3 ("While plaintiffs' motion [to add a new defendant] properly is considered under Rule 21 rather than Rule 15, nothing material turns on this distinction. Under either rule, leave of the Court is required.... To the extent the limited case law under Rule 21 permits a conclusion, the standard under that rule is the same as under Rule 15."); *FTD Corp. v. Banker's Trust Co.*, 954 F.Supp. 106, 109 (S.D.N.Y.1997) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule.") (quoting *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y.1972)); *Kaminsky*, 41 F.R.D. at 170.

In the context of amendment to pleadings under Rule 15, the Supreme Court has emphasized that a refusal to grant leave to amend must be justified by grounds such as undue delay, bad faith, futility, or prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Refusal to grant leave to amend "without justification is 'inconsistent with the spirit of the Federal Rules.' " *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir.1995) (quoting *Foman*, 371 U.S. at 182). The decision to grant leave to amend falls within the sound discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir.1998).

*3 Jansport will be prejudiced by the delay in this litigation which joinder of additional defendants will cause. This case was put on an expedited schedule at plaintiff's request. The addition of seven new defendants will delay both discovery and trial as well as the final resolution of this case. [FN5] Plaintiff's claim that the joinder will not cause a delay is unpersuasive.

> FN5. Plaintiff's claim that the addition of new defendants will not delay discovery or trial, because it will quickly serve them with the complaint and provide them with copies of all discovery, is unpersuasive. The briefs regarding the amendment of the complaint were not fully submitted until January 10, 2001, and depositions are scheduled to start on January 24, 2001. If new defendants were added, the Court would grant them the full time to answer or move. New parties would also have a right to be heard as to the appropriate schedule for this litigation. All of this would necessarily increase the length and expense of discovery and delay the trial date.

Because of the contentious nature of this case, it has consumed an unusual amount of time and resources of the parties and the Court in what should have been a relatively straightforward trademark infringement case. Over the past few months, the parties and the Court have spent considerable time resolving disputes regarding, among other things, Jansport's two motions to compel discovery from plaintiff, Jansport's objections to plaintiff's document requests and interrogatories, the location, timing, and payment of travel expenses and fees for depositions of Jansport witnesses, plaintiff's three requests to send letters to Jansport's customers, plaintiff's request for sanctions, Jansport's Motion to Dismiss the statutory damages claim, and disputes over briefing

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 58000 (S.D.N.Y.)
**(Cite as: 2001 WL 58000 (S.D.N.Y.))**

Page 4

schedules. It is in the interest of all to bring this litigation to the speedy resolution for which plaintiff has successfully argued in order to put some limit on the burden and cost of this litigation.

Finally, plaintiff has provided no answer to several of the arguments presented by Jansport. First, Jansport points out that the amended complaint was not even served on it. Second, Jansport contends that plaintiff's proposed amendment is evidence of plaintiff's bad faith. [FN6] Jansport argues that plaintiff seeks to add Jansport's customers as party defendants after agreeing in writing before Magistrate Judge Katz to a notification letter that Jansport already sent its customers. Jansport also states that the Court has twice denied plaintiff's requests to send threatening letters to Jansport's entire customer base. Jansport asserts that it has demonstrated its willingness and ability to contact specific customers and others to stop any use of the disputed name. Jansport also points out that six of the proposed new defendants have discontinued any use of the Momentum name, and the seventh proposed new defendant has never used the disputed name. Third, Jansport argues that plaintiff can obtain complete relief in the form of damages and/or an injunction without the additional defendants. Finally, Jansport points out that adding additional parties will dramatically increase the scope of this action. Plaintiff's failure to respond to these arguments leaves them as additional reasons to deny the amendment.

> FN6. Nor has plaintiff explained why it did not inform the Court of the amended complaint during a teleconference on December 21, 2000, the day after plaintiff filed and purported to serve its amended complaint on Jansport. During the December 21, 2000 teleconference, plaintiff sought leave to send threatening letters to Jansport's customers. Because these customers included the same entities that plaintiff had filed an amended complaint against on December 20, 2000, plaintiff should have mentioned the amendment during the teleconference.

CONCLUSION

For the reasons stated, plaintiff's request for leave *nunc pro tunc* to amend the complaint is denied.

SO ORDERED:

2001 WL 58000 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**
- 1:00CV07909 (Docket)

(Oct. 17, 2000)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.