**Westlaw.**

Page 1

Not Reported in F.Supp.2d
2001 WL 1398655 (S.D.N.Y.)
(Cite as: 2001 WL 1398655 (S.D.N.Y.))

**H**
**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Garry RISSMAN, Plaintiff,
v.
THE CITY OF NEW YORK, et. al., Defendants.

No. 01Civ.6284 (SHS)(DF).

Nov. 9, 2001.

MEMORANDUM AND ORDER

FREEMAN, Magistrate J.

*1 Plaintiff Garry Rissman ("Rissman"), proceeding *pro se,* has moved both to extend his time to serve the First Amended Complaint in this action and to amend the complaint further to add two individual New York City police officers as defendants. For the reasons stated below, Rissman's motion to amend is granted, and a Second Amended Complaint may be filed and served by the deadlines set forth below.

*DISCUSSION*

Because Rissman has already amended his complaint once as a matter of right, he must obtain leave of Court in order to amend the complaint again. Fed.R.Civ.P. 15(a). The decision whether to grant leave to amend is generally governed by Rule 15(a), and is within the sound discretion of the Court. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Where the proposed amendment seeks to add new defendants, however, Rule 21 governs. *See Momentum Luggage & Leisure Bags v. Jansport, Inc.,* No. 00 Civ. 7909(DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001). Under Rule 21, a party may be added to an action "at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15. *Clarke v. Fonix Corp.,* 98 Civ. 6116(RPP), 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999), *aff'd,* 199 F.3d 1321 (2d Cir.1999).

Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires," and this Court has thus held that a "motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (internal quotations and citation omitted); *see also Foman,* 371 U.S. at 182.

In this case, it appears that Rissman has not served either the original Complaint or the First Amended Complaint on any defendants, and therefore the proposed second amendment is neither unduly delayed nor prejudicial. [FN1] In addition, Rissman's motion to amend alleges grounds, based on personal knowledge, for the assertion of claims against each newly proposed defendant. Because Rissman "has at least colorable grounds for relief," the amendment is not futile, and therefore "justice requires" that his motion be granted. *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 783 (2d Cir.1984) (internal quotations and citation omitted).

FN1. In determining whether a party's interests have been unduly prejudiced, the Second Circuit has instructed district courts to consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Block,* 988 F.2d 344, 350 (2d Cir.1993) (citations omitted). These factors are not implicated by the instant motion, as discovery has not yet commenced. *See Nwanze v. Philip Morris*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT B

Not Reported in F.Supp.2d  
2001 WL 1398655 (S.D.N.Y.)  
**(Cite as: 2001 WL 1398655 (S.D.N.Y.))**

Page 2

*Companies, Inc.*, No. 97 Civ. 7344(LBS), 1999 WL 292597, at *2 (granting motion to amend because "liberal amendment of [a complaint] is not inappropriate" when "at an early stage of the proceedings," and due to the "heightened obligation to ensure that the litigation proceeds in an equitable fashion" where plaintiffs were proceeding *pro se* ).

In light of the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for leave to file a Second Amended Complaint to add Barbara Sicilia and William H. Allee as defendants is granted.

2. Plaintiff shall file the Second Amended Complaint, naming these additional defendants *and* containing allegations concerning the specific conduct of each named defendant, no later than December 10, 2001.

*2 3. Plaintiff shall serve the Second Amended Complaint upon all named defendants no later than April 9, 2002.

2001 WL 1398655 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**
- 1:01CV06284 (Docket)     (Jul. 11, 2001)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.