**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BILL L. GOUVEIA, as Administrator of the Estate of José Guerra, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| SIG SIMONAZZI NORTH AMERICA, INC. as successor in interest by merger to Sasib North America, Inc., | : <br> :    NO.   3:03cv597 (MRK) <br> : <br> : |
| Defendant, | : <br> : |
| v. | : <br> : |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., and COMPAGNIE INDUSTRIALI RIUNITE, | : <br> : <br> : <br> : <br> : |
| Third-Party Defendants. | : |

## RULING AND ORDER

This case arises from the death of José Guerra on April 27, 2001 while Mr. Guerra was working near bread making machinery at his place of employment. About two years later, on or about April 2, 2003, Plaintiff filed this action against Defendant Sig Simonazzi North America, Inc. ("Simonazzi") under Connecticut's Product Liability Act, Conn. Gen. Stat. §§ 52-572m *et seq.* (the "PLA"), alleging, among other things, that Simonazzi (or its predecessor in interest) was the designer, manufacturer, installer and/or seller of the bread machinery and its components, which Plaintiff claimed were defective and unreasonably dangerous. *See* Compl. [doc. # 1]. On

1

January 8, 2004, this Court granted Simonazzi's Motion to File a Third-Party Complaint [doc. #22] against Sasib Food Machinery MV, Sasib Bakery Italia, Dry Products and Compagnie Industriali Riunite ("CIR"), and Simonazzi filed its Third-Party Complaint [doc. #25] against the Third-Party Defendants on January 22, 2004.  In brief, the Third-Party Complaint asserts that if Simonazzi is liable to Plaintiff, which Simonazzi denies, then the Third-Party Defendants must indemnify Simonazzi for, or contribute to, any judgment rendered because the Third-Party Defendants (or their predecessors in interest) were, in fact, the designers, manufacturers, distributors and/or sellers of the bread machinery in question and therefore they were "in control of the situation to the exclusion of [Simonazzi]." *See, e.g.*, Third-Party Compl. ¶ 36 [doc. #25].

Pending before this Court is Plaintiff's Motion to Amend the Plaintiff's Complaint [doc. #72] to assert products liability claims directly against the Third-Party Defendants.  The Third-Party Defendants oppose the motion, because, among other grounds, Plaintiff's claims against them are time-barred.  The Court agrees with the Third-Party Defendants and DENIES Plaintiff's Motion to Amend [doc. # 72] because the amendment would be futile.[1]  *See McGill v. Goff*, 17 F.3d 729, 734 (5th Cir. 1994) (affirming denial of motion to amend on grounds of futility because claims were time-barred); *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989) (court need not allow an amendment where amendment would be futile); *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y. 1996) ("A motion to amend is futile if the claims sought to be added are barred by the relevant statute of limitations.").

I.

---

[1] Because the Court concludes that Plaintiff's claims against the Third-Party Defendants are time-barred, the Court does not reach the other arguments advanced by the Third-Party Defendants.

There is no dispute that if the statute of limitations on Plaintiff's claims against the Third-Party Defendants is measured from the date of Mr. Guerra's death, April 27, 2001, to the date of Plaintiff's Motion to Amend, September 13, 2004, Plaintiff's claims against the Third-Party Defendants are barred by the three-year statute of limitations governing actions under Connecticut's PLA. The three-year statute of limitations period expired at the end of April 2004, approximately four and one-half months before Plaintiff moved to amend his complaint. *See* Conn. Gen. Stat. § 52-577a(a) (products liability claims must be brought within three years of date of death or injury).[2] Likewise, there is no question that if the timeliness of Plaintiff's claims against the Third-Party Defendants is determined by the date on which Plaintiff filed this action, April 2, 2003, Plaintiff's claims are timely.

Plaintiff argues that because Rule 14(a) of the *Federal Rules of Civil Procedure* allows plaintiffs to file direct claims against third-party defendants who have been properly impleaded into a case, Plaintiff's amended complaint is proper and should be allowed. *See* Mem. of Law in Reply to the Third-Party Defs.' Opp. to Pl.'s Mot. to Am. Compl. [doc. # 108] at 4. Rule 14(a) provides that "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claims against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 . . ."

While Rule 14(a) authorizes a plaintiff to assert direct claims against a third-party defendant, that rule does not answer the question posed by this case. For the fact that Rule 14(a) authorizes the filing of direct claims against third-party defendants "does not revive any claims

---

[2] Plaintiff does not claim that the statute of limitations should be tolled for any reason.

the original plaintiff may have had against [the third-party defendant] that should have been asserted earlier but have become unenforceable." 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1459, at 450 (2d ed.1990). Thus:

> [A]ny claim existing between plaintiff and the third-party defendant is subject to the applicable statute of limitations; the statute is neither tolled nor waived upon the third-party defendant's entry into the action but continues to run until plaintiff actually asserts a claim against him, or, if the time period runs before the action is commenced, serves as a bar to the claim [against the third-party defendant].

*Id.*; *see Collin v. Securi Int'l et al.*, 322 F. Supp. 2d 170, 175 (D. Conn. 2004) ("[T]he filing of a cross-claim by a defendant in the original action does not toll the statute of limitations on a plaintiff's claim against a third-party defendant."); *Scharrer v. Consolidated Rail Corp.*, 792 F. Supp. 170, 172-73 (D. Conn. 1992) (same); *Frankel v. Back*, 37 F.R.D. 545, 547 (E.D. Pa. 1965) ([I]t is "well established that the filing of a third party complaint by the original defendant does not toll the running of the Statute of Limitations on a cause of action between the plaintiff and the third party defendant." ). As one court observed years ago:

> [W]hen the plaintiff seeks to amend his complaint to charge the third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against such third-party defendant, which cause of action is barred by the statutes of limitations.

*Lommer v. Scranton-Spring Brook Water Serv. Co.*, 3 F.R.D. 27, 28 (E.D. Pa. 1943).

Thus, the answer to the question posed by this case – whether Plaintiff's direct claims against the Third-Party Defendants are time barred – is found not in Rule 14(a), as Plaintiff contends, but rather, in Rule 15(c), which sets forth the rules governing when an amended pleading relates back to the date of the original pleading. Rule 15(c) provides as follows: An amendment of a pleading relates back to the date of the original pleading when

>   (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
>   (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
>   (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Plaintiff asserts that his amendment is governed by Rule 15(c)(2) and that since his amended complaint arises out of the same occurrence that gave rise to his original complaint, his claims against the Third-Party Defendants relate back to the original Complaint and are, therefore, timely.[3]  *See* Mem. of Law in Reply to the Third-Party Defs.' Opp. to Pl.'s Mot. to Am. Compl. [doc. #108] at 5.  However, when an amendment seeks to add a party, as Plaintiff's proposed Amended Complaint assuredly does, the proponent of the amendment must comply

---

[3] Plaintiff does not rely on Rule 15(c)(1). And for good reason. Connecticut courts hold that "[t]he filing of a third-party complaint by the original Defendant does not toll the running of the statute [of limitations] on a cause of action between the Plaintiff and the third-party Defendant" and that the failure of a plaintiff to amend his complaint to assert claims against the third-party defendant within the limitations period warrants dismissal of the third-party defendant claims. *Vincent v. Litchfield Farms, Inc.*, 21 Conn. App. 524, 527 (1990) (affirming dismissal of claims that plaintiff asserted directly against a third-party defendant on the ground that plaintiff's amendment to assert those claims was beyond the limitations period); *Esposito v. G & I Danbury, LLC et al.*, No. CV030347964S, 2004 WL 2663947, at * 1 (Conn. Super. Ct. Oct. 15, 2004) (granting summary judgment where plaintiff's claim against third-party defendant was barred by the statute of limitations); *Frances v. Omni Insurance Co.,* No. CV000375135, 2001 WL 1669264, at * 4 (Conn. Super. Ct. Dec. 11, 2001) (same); *Shoreline Care Ltd v. Jansen & Rogan Consulting Engineers, P.C.*, No. X06CV940155982S, 2001 WL 822206, at * 4 (Conn. Super. Ct. June 20, 2001) (same).

with the requirements of *both* Rule 15(c)(2) and Rule 15(c)(3)(A) and (B). *See, e.g., Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 130 n.4 (E.D.N.Y. 2003) ("[A] new party cannot be added to a complaint solely under Rule 15(c)(2)."); *Bass v. World Wrestling Fed. Entertainment, Inc.*, 129 F. Supp. 2d 491, 507 n.12 (E.D.N.Y. 2001) (party seeking to change defendants must comply with both Rule 15(c)(2) and 15(c)(3)); *Olin v. George E. Logue, Inc.*, 119 F. Supp. 2d 464, 472 (M.D. Pa. 2000) (plaintiffs seeking to add a new party cannot succeed under Rule 15(c)(2) alone, amended complaint must also relate back under Rule 15(c)(3)). Any other conclusion would run counter to the express language of Rule 15(c)(3).

Therefore, in order for Plaintiff's direct claims against the Third-Party Defendants to relate back to Plaintiff's original Complaint, Plaintiff must satisfy each of the following three conditions: (1) his claims against the Third-Party Defendant must have arisen out of the conduct, transaction, or occurrence set forth in the original Complaint; (2) the Third-Party Defendants must have received such notice of the institution of the action that they will not be prejudiced in maintaining a defense on the merits; and (3) the Third-Party Defendants must have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. *See Collin*, 322 F. Supp. 2d at 175 (citing *Aslandis v. United States Lines Inc.*, 7 F.3d 1067, 1075-76 (2d Cir. 1993)).

Plaintiff cannot satisfy the requirements of Rule 15(c)(3). In truth, he has not even tried. Instead, he has instead devoted all of his brief to arguing that Rule 15(c)(3) has no application to this case. *See* Mem. of Law in Reply to the Third-Party Defs.' Opp. to Pl's Mot. to Amend the Compl.[doc. # 108] at 5 ("Federal Rules of Civil Procedure Rule 14(a) rather than Rule 15(c)(3) is the mechanism by which the plaintiff has asserted his claims against the third-party

defendants"). In particular, Plaintiff cannot establish that his delay in asserting claims against the Third-Party Defendant was due to a mistake concerning identity, as required by Rule 15(c)(3)(B).

It is undisputed that Plaintiff was on notice of the Third-Party Defendants' potential liability as January 2004, when Simonazzi filed its Third-Party Complaint against the Third-Party Defendants. This was well before the statute of limitations expired in April 2004. Yet, inexplicably (for Plaintiff makes no attempt to explain his inaction) Plaintiff waited until September 2004 to file his claims against the Third-Party Defendants. As the Third Circuit held in *Lundy v. Adamar, Inc.*, 34 F.3d 1173 (3d Cir. 1994), a case in which a plaintiff unsuccessfully sought to add direct claims against a third-party defendant:

> Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15(c)(3) is not met.

*Id.* at 1183; *see Rendell-Speranza v. Nassim*, 107 F.3d 913, 918-19 (D.C. Cir. 1997) ("Nothing in [Rule 15(c)(3)] or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity."); *Collin*, 322 F. Supp. 2d at 176 ("Where there has been no mistake identifying a party, and no other explanation for the delay in filing, Rule 15(c) does not apply."); *Jordan v. Tapper*, 143 F.R.D. 575, 588 (D. N. J. 1992) ("[R]elation back will be refused if the court finds that there is no reason why the proposed parties should have understood that they were not named due to a mistake."). Or, as the Second Circuit has put it, "[t]he requirement that a new defendant 'knew' he was not being named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in

identity" rather than a matter of choice. *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994).

Here, there is no claim of mistake; nor could any such claim be credibly made in view of the filing of the Third-Party Complaint several months before the statute of limitations expired. Since Plaintiff's claims against the Third-Party Defendants in proposed Amended Complaint would not relate back to the date of the original Complaint, they are barred by the applicable three-year statute of limitations. Accordingly, Plaintiff's Motion to Amend is futile and must be denied for that reason. That result may strike some as harsh since the Third-Party Defendants admittedly were well aware of their potential liability before expiration of the limitations period and they are already in this case on Simonazzi's third-party claims. However, Plaintiff's wound is self-inflicted. Plaintiff had ample time to assert direct claims against the Third-Party Defendants before the limitations period ran, and nothing in the rules permits this Court to ignore the statute of limitations in such circumstances.

## II.

For the foregoing reasons, Plaintiff's Motion to Amend the Plaintiff's Complaint [**doc. #72**] is DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **January 11, 2005**.