LEXSEE 1997 U.S. DIST. LEXIS 23511

## DAVID MAGUIRE v. MISOMEX OF NORTH AMERICA

### Civil No. 3:96cv1507(AHN)

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*1997 U.S. Dist. LEXIS 23511*

**February 4, 1997, Decided**
**February 4, 1997, Filed**

**DISPOSITION:** [*1] Defendant's motion to dismiss [doc. # 6] GRANTED. Action TRANSFERRED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For DAVID MAGUIRE, plaintiff: Charles I. Miller, O'Connell, Flaherty & Attmore, Hartford, CT.

For DAVID MAGUIRE, plaintiff: Robert H. Weinstein, Weinstein & Associates, West Hartford, CT.

For MISOMEX OF NA, INC, defendant: Richard Voigt, Wendi J. Kemp, Cummings & Lockwood, Hartford, CT.

**JUDGES:** Alan H. Nevas, United States District Judge.

**OPINIONBY:** Alan H. Nevas

**OPINION:**

RULING ON DEFENDANT'S MOTION TO DISMISS

This action arises out of the employment of the plaintiff, David Maguire ("Maguire"), by the defendant Misomex of North America ("Misomex"). Pending before the court is Misomex's motion to dismiss pursuant to *Rule 12(b)(2), Fed. R. Civ. P.,* for lack of personal jurisdiction. For the following reasons, the motion to dismiss [doc. # 6] is GRANTED. In the interests of justice, this case is TRANSFERRED to the United States District Court for the Northern District of Illinois pursuant to *28 U.S.C. § 1406.*

STANDARD

In ruling on a motion to dismiss for lack of personal jurisdiction pursuant to *Rule 12(b)(2), Fed. R. Civ. P.,* the court's task is clear. In a diversity action, a [*2] federal district court looks to the state law of the forum state to determine if there is personal jurisdiction over a foreign corporation. *Arrowsmith v. United Press Intl, 320 F.2d 219, 231 (2d Cir. 1963); Fuehrer v. Owens-Corning Fiberglas Corp., 673 F. Supp. 1150, 1153 (D. Conn. 1986); Air Kaman, Inc. v. Penn-Aire Aviation, Inc., 542 F. Supp. 2, 3 (D. Conn. 1981).* This requires a two-tiered inquiry: (1) does the Connecticut long-arm statute reach the foreign corporation; and, if so, (2) does the statute's jurisdictional reach as applied to that foreign corporation meet the "minimum contacts" requirement to satisfy constitutional due process. *Fuehrer, 673 F. Supp. at 1153; Air Kaman, 542 F. Supp. at 3; McFaddin v. National E xec. Search, Inc., 354 F. Supp. 1166, 1168 (D. Conn. 1979).* See also *World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).*

In a motion to dismiss for lack of personal jurisdiction the plaintiff bears the burden of proving the requisite facts that establish proof of personal jurisdiction. *Air Kaman, 542 F. Supp. at 4;* [*3] *Bowman v. Grolsche Bierbrouwerij B.V., 474 F. Supp. 725, 728 (D. Conn. 1979).* In a diversity action, however, the plaintiff need make only a prima facie showing, through affidavits and other materials, that the two-tiered inquiry is satisfied. *Marine Midland Bank, N. A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).*

FACTS

Maguire is a resident of Massachusetts. Misomex is a Delaware corporation with its principal place of business in Illinois. Maguire alleges that he was

employed by Misomex as national sales manager from March, 1983 to July, 1995. In connection with his employment he sold computer software, computer hardware and other products throughout his territory, which included Canada, Massachusetts, New Hampshire, Vermont, Maine and Connecticut. Maguire alleges that Misomex did business in Connecticut by selling and servicing products here over the past twelve years, but did so without registering with the Secretary of State as required by Conn. Gen. Stat. § 33-396.

In this action for, inter alia, breach of his employment contract, Maguire seeks damages for unpaid commissions, unpaid travel expenses and for benefits that he did [*4] not receive during his employment.

DISCUSSION

Misomex maintains that the court does not have personal jurisdiction over it under the relevant provisions of the Connecticut long-arm statute which pertain to foreign corporations that are not registered to do business in Connecticut because (1) Maguire has not established that this action arises out of business, if any, which Misomex transacted in Connecticut, see Conn. Gen. Stat. § 33-411(b), n1 and (2) Maguire is not a resident of Connecticut and does not have a usual place of business in Connecticut. See Conn. Gen. Stat. § 33-411(c). n2 Misomex also maintains that its alleged activities in Connecticut do not constitute transacting business according to Conn. Gen. Stat. § 33-397.

n1 Conn. Gen. Stat. § 33-411(b) provides that a foreign corporation which transacts business in Connecticut in violation of § § 33-395 or 33-396 is subject to suit here "upon any cause of action arising out of such business." Conn. Gen. Stat. § 33-411(b).

n2 Conn. Gen. Stat. § 33-411(c) provides that a foreign corporation is subject to suit in Connecticut by a Connecticut resident, or by a person having a usual place of business in Connecticut, regardless of whether the corporation transacts business in Connecticut, on any cause of action arising out of (1) a contract made or performed in Connecticut; (2) business repeatedly solicited in Connecticut; (3) goods produced, manufactured or distributed with the expectation that they would be used in Connecticut; or (4) tortious conduct in Connecticut. Conn. Gen. Stat. § 33-411(c).

[*5]

Maguire asserts that the requirements of section 33-411(b) are met because Misomex has conducted business in Connecticut in violation of section 33-396, which requires foreign corporations to register with the Secretary of State, and that the business Misomex transacted is sufficiently connected to this cause of action. Maguire maintains that the "arising out of" language of the long-arm statute should not be construed narrowly and does not require a causal connection between the defendant's forum-connected activities and the plaintiff's injuries.

I. Jurisdiction Under § 33-411(b)

Subsection (b) of section 33-411 confers jurisdiction over a foreign corporation which transacts business in violation of section 33-396 n3 only upon proof of two conditions: (1) the transaction of business in this state; and (2) a cause of action arising out of the transaction of such business. See *Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78, 86, 670 A.2d 1296 (1996)* (quoting *Lombard Bros. Inc. v. General Asset Management Co., 190 Conn. 245, 251, 460 A.2d 481 (1983)).* "Decisions addressing 33-411(b) have consistently held that the statutory language [*6] mandating 'any cause of action arising out of the transaction of such business' requires some showing that the present litigation bears some connection with the business conducted by the foreign corporation in this state." *Lombard Bros., 190 Conn. at 252* (citing *Apolinario v. Avco Corp., 561 F. Supp. 608, 611-13 (D. Conn. 1982)).*

n3 Conn. Gen. Stat. § 33-396 provides that no foreign corporation shall transact business in this state until it has procured a certificate of authority to do so from the secretary of the state.

Maguire has failed to make a showing of the necessary relationship between his cause of action and the business allegedly transacted by Misomex in Connecticut. See *Guthrie v. Ciba-Geigy Corp., Ltd., 620 F. Supp. 91, 92 (D. Conn. 1984).* None of the alleged facts constituting Maguire's causes of action occurred in Connecticut. Rather, all of the plaintiff's claims arise out of his general employment relationship with Misomex, not out of any business [*7] Misomex transacted in Connecticut.

Moreover, Maguire's reliance on *Thomason v. Chemical Bank, 234 Conn. 281, 661 A.2d 595 (1985)* is misplaced. Thomason only involved section 33-411(c)(2) of the long arm statute which confers jurisdiction over foreign corporations on any cause of action arising out of business solicited in Connecticut. Thomason did not involve section 33-411(b), which pertains to jurisdiction over unregistered foreign corporations transacting business in Connecticut. Nonetheless, even if the court

were to extend the reasoning in Thomason to section 33-411(b) and the facts of this case, the court would not have jurisdiction over Misomex.

The Thomason court held that section 33-411(c)(2) does not require a plaintiff to show that, because of the defendant's solicitation, the defendant was on notice that it might be sued by that particular plaintiff. The statute also does not require the plaintiff to show that the defendant solicited its business in Connecticut. The statute only requires the plaintiff to demonstrate that the defendant "could reasonably have anticipated being haled into court here by some person who had been solicited [*8]  in Connecticut and that the plaintiff's cause of action is not materially different from an action that might have resulted directly from that solicitation." *Id. at 296* (emphasis in original).

Applying this standard to the circumstances presented here, the court still concludes that it does not have jurisdiction over Misomex. Maguire's causes of action for breach of employment contract, quantum meruit, fraudulent misrepresentation, breach of the covenant of good faith and fair dealing, and CUTPA arise directly out of the employee-employer relationship, not out of business transacted by Misomex in Connecticut. Maguire's action against Misomex is materially different from a cause of action that could be brought by a plaintiff who had transacted business with Misomex in Connecticut.

Even if Misomex transacted business in Connecticut in violation of Conn. Gen. Stat. § 33-396, the plaintiff's cause of action did not arise out of that business and Misomex is not subject to personal jurisdiction here pursuant to section 33-411(b).

## II. Jurisdiction Under § 33-411(c)

Subsection 33-411(c) only applies if the plaintiff has a usual place of business in Connecticut [*9]  or was a resident of Connecticut at the time the action was brought.

Maguire alleges in the Complaint that he is a resident of Massachusetts. He does not claim to be a Connecticut resident or to have a usual place of business here. Because these requirements of section 33-411(c) have not been met, Maguire can not avail himself of this section of the Connecticut long arm statute to confer jurisdiction over Misomex. See *Wilkinson, 236 Conn. at 87.*

Because Maguire has failed to establish that Misomex comes within the reach of the Connecticut long-arm statute, the court need not decide the second issue of whether the statute's reach, as applied to Misomex, meets the requirements of constitutional due process.

## III. Transfer Pursuant To *28 U.S.C. § 1406*

In the interests of justice, the plaintiff's action against Misomex should be transferred, pursuant to *28 U.S.C. § 1406,* to the United States District Court for the Northern District of Illinois, the location of Misomex's principal place of business and an appropriate district where this lawsuit could have been brought.

## CONCLUSION

For the foregoing reasons, [*10]  the defendant's motion to dismiss [doc. # 6] is GRANTED. This action is hereby TRANSFERRED to the United States District Court for the Northern District of Illinois.

SO ORDERED. Dated this 4 day of February, 1997 at Bridgeport, Connecticut.

Alan H. Nevas

United States District Judge