LEXSEE 2002 U.S. DIST. LEXIS 20948

**MARY ANN JAGGER, Plaintiff, v. MOHAWK MOUNTAIN SKI AREA, INC., and JAMES COURTOT, Defendants.**

Case No. 3:01CV2163 (RNC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*2002 U.S. Dist. LEXIS 20948*

**September 24, 2002, Decided**

**SUBSEQUENT HISTORY:** Certified question answered by *Jagger v. Mohawk Mt. Ski Area, Inc., 269 Conn. 672, 849 A.2d 813, 2004 Conn. LEXIS 237 (2004)*

**DISPOSITION:** Court certified questions to Connecticut Supreme Court.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Mary Ann Jagger, PLAINTIFF: Andrew W Bray, Regnier, Taylor, Curran & Eddy, Hartford, CT USA.

For Mohawk Mountain Ski Area, Inc, DEFENDANT: Philip T Newbury, Jr, Howd & Ludorf, Hartford, CT USA.

For James Courtot, DEFENDANT: Christopher M Vossler, Howd & Ludorf, Hartford, CT USA. Philip T Newbury, Jr, Howd & Ludorf, Hartford, CT USA.

**JUDGES:** Robert N. Chatigny, United States District Judge

**OPINIONBY:** Robert N. Chatigny

**OPINION:**

CERTIFICATION ORDER

Plaintiff Mary Ann Jagger brings this diversity action against Mohawk Mountain Ski Area, Inc., and its ski instructor, James Courtot, alleging that she broke a leg while skiing at Mohawk Mountain when Courtot collided with her from behind. Count one of the complaint seeks damages against the ski area based on its vicarious liability for Courtot's conduct and its own negligence in failing to properly train and supervise him. Count two alleges that the collision was caused by Courtot's negligence in that he was skiing at an unreasonable speed and failed to keep a lookout, slow down, turn, or stop, although he reasonably could have done so.

The defendants have moved to dismiss the action in its entirety. They contend that the claim against [*2] the ski area is barred by *Conn. Gen. Stat. § 29-212*, which provides that skiers "assume the risk of and legal responsibility for any injury . . . arising out of the hazards inherent in the sport of skiing, unless the injury was proximately caused by the negligent operation of the ski area by the ski area operator, his agents or employees" including the hazard of "collisions with any other person by any skier while skiing." They further contend that the claim against Courtot is barred by the rule established in *Jaworski v. Kiernan, 241 Conn. 399, 696 A.2d 332 (1997),* that negligence is insufficient to create liability for injuries arising from participation in contact sports.

Connecticut law permits a federal district court to certify questions of state law directly to the Connecticut Supreme Court. See *Conn. Gen. Stat. § 51-199b*. In my opinion, certification is appropriate in this case. The motion to dismiss raises controlling questions of Connecticut law concerning the meaning of the skier's assumption of risk statute and the scope of the rule laid down in Jaworski for which no answer is provided by an appellate decision. These questions involve the public [*3] interest and are likely to recur. For these reasons, with the consent of the parties, the following questions will be certified to the Connecticut Supreme Court:

QUESTIONS OF LAW

1. Pursuant to *Conn. Gen. Stat. § 29-212*, does a skier assume the risk of, and legal responsibility for, an injury arising out of a collision with a ski instructor, acting in the course of his employment with the ski area operator, when the collision is caused by the instructor's negligence?

2. Does the fellow-participant immunity against liability for sports injuries caused by negligence recognized in *Jaworski v. Kiernan, 241 Conn. 399, 696 A.2d 332 (1997),* apply to collisions between a skier and a ski instructor caused by the instructor's negligence?

The Connecticut Supreme Court may reformulate either of the foregoing questions as it deems appropriate.

Counsel of Record

```
        Plaintiff                 Defendants
Regnier, Taylor, Curran &  Howd & Ludorf
Eddy                       65 Wethersfield Ave.
CityPlace                  Hartford, CT 06103
28th Floor
Hartford, CT 06103-3402
```

Statement of Facts

Pursuant to *Conn. Gen. Stat. § 51-199b(g)*, the parties have stipulated to the following facts: [*4]

1. The plaintiff, Mary Ann Jagger, is a resident of the State of New York.

2. The defendant, Mohawk Mountain Ski Area, Inc., is a Connecticut corporation with its principal place of business located at 47 Great Hollow Road, Cornwall, Connecticut.

3. The defendant, James M. Courtot, is a resident of Thomaston, Connecticut.

4. On December 4, 1999, the plaintiff purchased a lift ticket and was skiing at Mohawk Mountain.

5. On that date, at approximately 2:10 P.M., the plaintiff was skiing on an intermediate trail known as Arrowhead.

6. On that date, James M. Courtot was a ski instructor employed by the Mohawk Mountain Ski School, and was attending a pre-season clinic at Mohawk Mountain.

7. On that date, at approximately 2:10 P.M., a collision ensued between the plaintiff and Mr. Courtot in the vicinity of Lift Tower # 9 on Arrowhead trail.

8. At the time of the collision, Mr. Courtot was not providing ski instruction to the plaintiff.

9. The collision was allegedly caused by the negligence of Mr. Courtot.

10. As a result of the collision, the plaintiff sustained personal injuries.

11. As a result of the accident and resulting injuries, the plaintiff brought an action in the [*5] U.S. District Court for the District of Connecticut bearing docket number 3:01-CV-2163(RNC).

12. The defendants have filed a motion to dismiss the plaintiff's action pursuant to *Fed.R.Civ.P. 12(b)(6)*, which remains pending.

Accordingly, it is hereby ordered that the Clerk of the Court transmit to the Connecticut Supreme Court a certificate in the form attached, together with a copy of this Certification Order, the complaint, the motion to dismiss, the memoranda of law filed by the parties, and their stipulation of facts.

So ordered.

Dated at Hartford, Connecticut this 24th day of September 2002.

Robert N. Chatigny

United States District Judge