LEXSEE 1999 CONN. SUPER. LEXIS 2167

**Nationwide Mutual Ins. v. Lawrence Davidson**

**545891**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW LONDON, AT NEW LONDON**

*1999 Conn. Super. LEXIS 2167*

**August 3, 1999, Decided
August 3, 1999, Filed**

**NOTICE:** [*1]   THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Motion to dismiss granted.

**LexisNexis(R) Headnotes**

**JUDGES:** Mihalakos, J.

**OPINIONBY:** MIHALAKOS

**OPINION:** Memorandum of Decision

The plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), is an Ohio corporation in the business of writing insurance policies. Nationwide is authorized by the Insurance Commissioner of the State of Connecticut to transact business in Connecticut.

On March 19, 1998, Nationwide commenced an action in this court against Lawrence Davidson, Richard Bittone, Towmasters, Inc., Parasol, Inc., Fours S Leasing Co., Inc., and Frederick Sacco for damages incurred by its insured, Phyllis Nyahay, as a result of a motor vehicle accident with the defendant, Davidson. Said accident occurred in Franklin, Connecticut on or about March 19, 1996.

Nationwide alleges that Bittone, Towmasters and Parasol employed Davidson, and that the vehicle operated by Davidson was uninsured for the damages incurred by Nyahay. Nationwide further alleges that to the extent that it must pay uninsured motorist benefits to Nyahay, it is subrogated [*2]  to any rights Nyahay has against these defendants in the amount of such payments.

On December 23, 1998, Bittone, Parasol and Towmasters filed a six-count third-party complaint against Robert L. Massa ("Massa") and his employer, Associated Programs Agency, Inc. ("APAI"). The third-party plaintiffs allege that the third-party defendants agreed to obtain for them a policy of liability insurance, wherein Empire Fire and Marine Insurance Co. of Omaha, Nebraska, would pay all sums which they would become obligated to pay as damages arising out of their ownership, maintenance or use of the vehicle operated by Davidson. The third-party plaintiffs further allege that the policy was canceled effective December 24, 1995 and, therefore, was not in effect on the date of the subject accident due to the negligence of the third-party defendants.

On March 17, 1999, the third-party defendants moved to dismiss the complaint on the grounds that Connecticut has no longarm jurisdiction.

"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.  [*3]  ) *Knipple v. Viking Communications, Ltd., 236 Conn. 602, 605, 674 A.2d 426 (1996).*

The third-party defendants argue that there is no longarm jurisdiction because: (1) Massa does not reside in Connecticut and APAI does not have a principal place of

business in Connecticut; (2) Massa and APAI do not transact business in Connecticut, or have any contacts with the State of Connecticut; and (3) all of the underlying transactions which form the basis for the alleged claims occurred outside the state of Connecticut.

In opposition, the third-party plaintiffs argue that it is proper to utilize Connecticut's impleader rules to implead third-party defendants in an action already properly commenced.

Connecticut uses a two-part inquiry to determine whether there is personal jurisdiction over a foreign corporation. *Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986).* "The trial court must first decide whether the applicable state longarm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] [*4] would violate constitutional principles of due process." (Internal quotation marks omitted.) *Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606.*

*General Statutes 33-929* (formerly 33-411) is Connecticut's longarm statute governing jurisdiction over foreign corporations. Section 33-929(f) provides that a foreign corporation will be subject to suit in the state of Connecticut by a resident of the state, regardless of whether the foreign corporation transacts business in the state, on any cause of action arising out of a 1) contract, 2) solicitation, 3) production, manufacture, distribution of goods, or 4) tortious conduct, by or with the foreign corporation. *General Statutes 33-929(f).*

As the court recognized in *Winkelman v. Dohm, "the United States District Court [has] interpreted Section 33-411(c) [now Section 33-929(f)] as directed toward assertions of original jurisdiction and not [to] extensions of existing jurisdiction to third parties."* (Internal quotation marks omitted.) *Winkelman v. Dohm, 1992 Conn. Super. LEXIS 1130,* Superior Court, judicial district of Waterbury, Docket No. 096682, 6 CONN. L. RPTR. 381 (April 27, 1992) (*Barnett, J.*), citing *Connecticut General Life Ins. Co. v. SVA, 743 F. Supp. 107, 109 (D.Conn. 1990).* [*5]

"Where, as here, there is jurisdiction of the underlying claim, there is personal jurisdiction over the impleaded parties . . . The relevant statute is not Section 33-411(c), but rather Section 52-102a (impleading of third parties by defendant) about which no complaint as to a lack of compliance has been made." (Citation omitted.) *Id.* Similarly, in the present case, compliance with state law jurisdictional statutes does not complete the analysis however. Once a trial court determines that the statutory requirements for jurisdiction have been met, the court must then determine whether the statutory requirements are sufficient to meet the "minimum contacts" requirements for constitutional due process.

Under the federal analysis, the contacts must be of a nature where the "traditional notions of fair play and substantial justice" are not offended by requiring a party to defend his case in the forum state." *International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).* "The defendant's conduct and connection with the forum State [should be] such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).* [*6] "The substantial connection between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposely directed toward the forum state." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).*

Here, the third-party plaintiffs allege negligence and breach of contract against the third-party defendants for failing to reinstate and/or obtain replacement coverage subsequent to the cancellation of their automobile policy of insurance.

The agreement to obtain insurance coverage for the third-party plaintiffs was entered into in the state of New Jersey. The alleged service to be performed--retention of a contract of insurance--was to be performed in New Jersey. Without more, the execution of this contract and its alleged breach fails to invoke Connecticut's longarm jurisdiction.

Nevertheless, the third-party plaintiffs argue that the underlying contract of insurance contemplated that vehicles would be driven in Connecticut, and as a result, claims would arise in Connecticut which would require the contract of insurance [*7] to be performed in Connecticut through the defense and/or payment of any disputed claims.

The court, however, is not presented with the factual scenario posed by the third-party plaintiffs. Here, the third-party plaintiffs have alleged that the third-party defendants are responsible for a gap in insurance coverage during which the incident involving the plaintiff occurred. Hence, the third-party plaintiffs do not allege the existence of an active contract of insurance with the third-party defendants when the accident in Connecticut occurred.

1999 Conn. Super. LEXIS 2167, *

As a result, this court is faced with determining whether it has jurisdiction--that is sufficient to meet the minimum contacts requirements of federal due process--over defendants who do not reside in Connecticut/have a principal place of business in Connecticut, do not transact business in Connecticut or have any contacts with Connecticut, and where the underlying transaction which forms the basis for the third-party plaintiff's claims is a contract of insurance which was neither negotiated nor signed in Connecticut, and which was not even in effect at the time the accident in Connecticut occurred.

Based on the foregoing, this court [*8] finds that it lacks jurisdiction over the defendants due to insufficient minimum contacts. Accordingly, the motion to dismiss is granted.

    Mihalakos, J.