LEXSEE 1990 CONN. SUPER. LEXIS 456

SECURITY CAPITAL MANAGEMENT, INC. v. A. NICHOLAS DE MONICO

No. D.N. CV89 0101795 S

Superior Court of Connecticut, Stamford-Norwalk Judicial District, at Stamford

*1990 Conn. Super. LEXIS 456*

**June 12, 1990, Decided**
**June 12, 1990, Filed**

**NOTICE:** [*1]

THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**LexisNexis(R) Headnotes**

**JUDGES:**

Lewis, J.

**OPINIONBY:**

LEWIS

**OPINION:**

MEMORANDUM OF DECISION

Plaintiff, Security Capital Management, Inc., instituted this action to recoup monies allegedly advanced to defendant DeMonico, a former employee. The complaint alleges that it hired the defendant for a one year period and gave him an advance of $ 425,574.08 on a possible bonus; that the defendant resigned from plaintiff's employ before the year had expired; and that defendant had earned $ 67,793.03 over the course of some ten months of employment, but that the balance, or $ 357,779.25, was to be repaid the plaintiff pursuant to the employment agreement of the parties. The four counts of the complaint allege breach of contract, money had and received, conversion, and unjust enrichment. Defendant DeMonico then asserted a five-count counterclaim alleging breach of contract, constructive discharge, anticipatory breach of contract, repudiation, and fraud against plaintiff, Security Capital. Essentially the defendant argues that he was constructively [*2] discharged and that the plaintiff owes him over a million dollars, plus punitive damages.

Defendant now moves the court (#122) for permission to implead Jon Victor and Robert Brewer, the alleged principals and sole owners of Security Capital, on the ground that they "are or may be liable" to defendant for the plaintiff's claim against him. In a five-count third-party complaint, defendant third-party plaintiff DeMonico alleges claims sounding in breach of contract, constructive discharge, anticipatory breach of contract, repudiation, and fraud. Paragraphs five (5) through twenty-six (26) of defendant DeMonico's counterclaim are the same as paragraphs twelve (12) through thirty-three (33) of his proposed third-party complaint. The only identifiable difference between the two claims is that in the third-part complaint, defendant DeMonico alleges that Security Capital was merely an instrument of Victor and Brewer and that they, as principals, completely dominated Security Capital's financing, policies, and practices and are the refore liable to DeMonico for claims brought against DeMonico by Security Capital. The third-party complaint seeks identical relief as that sought in the defendant [*3] DeMonico's counterclaim. The relief sought includes actual damages in excess of one million dollars, punitive damages, an accounting of Security Capital's value, interest, and attorney's fees, such further relief as the court deems just, but not idemnity or contribution.

Plaintiff Security Capital opposes defendant DeMonico's motion to implead Victor and Brewer on the basis that the claims against them do not seek

indemnification or contribution, and are in reality simply a reiteration of the counterclaim.

This motion involves the meaning and scope of our impleader statute, *General Statutes § 52-102a*, which provides:

(a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ . . . upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion . . . may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.

See Practice Book § 117 to the same effect.

The Connecticut Supreme Court recognized [*4] that the statute's explicit language refers to causes of action for indemnity and contribution. *Malerba v. Cessna Aircraft Co., 210 Conn. 189, 195, 554 A.2d 289 (1989)* (". . . the language of § 52-102a . . . refers to causes of action for indemnity and contribution respectively.") The statute "accelerate[s] the right to assert a claim against the impleaded person . . . ." *Senior v. Hope, 156 Conn. 92, 97, 239 A.2d 486 (1968)*. The language of § 52-102a was taken almost verbatim from *Rule 14(a) of the Federal Rules of Civil Procedure* which furnishes the court some guidance to the statute's construction. See *Senior, supra, 96; Teulon v. Johnson, 36 Conn. Sup. 134, 135-36, 414 A.2d 818 (1980)*.

Rule 14 is interpreted as permitting impleader of one whose liability is contingent. "Liability is contingent where the third party will be liable to the defendant only if the defendant is found liable to the plaintiff. See Wright, Law of Federal Courts (4th Ed.) § 76, p.512 n.18 (1983), citing 6 Wright & Miller, Civil § 1451. Consonant with this interpretation, federal courts recognize that entirely separate and independent claims cannot be maintained [*5] against a third party under Rule 14 even though they arise out of the same set of facts as the main claim. See *States v. Joe Grasso & Sons, Inc., 380 F.2d 749 (5th Cir. 1967)*. The limitation upon the use of Rule 14 is further enumerated in 35A C.J.S. Federal Civil Procedure § 118 which provides:

The rule is remedial, and should be liberally construed to effectuate its intended purposes, to save further litigation, and to the ends that circuity of action may be avoided and that disputed jural relationships growing out of the same matter be resolved in one action. The purposes of the Rule should not be thwarted in the absence of substantial and impelling reasons, or frustrated by too liberal an exercise of the court' power to allow a plaintiff to dismiss his case.

The Rule is, or should be, liberally applied at least where there is no jurisdictional objections, it should be applied whenever the application thereof will simplify procedure, secure a speedy trial . . .

The Rule should never be applied when the application tends to serve a purpose opposite to its intended purpose, as where the addition of the third party would complicate, rather than simplify, the disposition [*6] of the case, or introduce complexity into the disposition of pending actions. Its purposes must be balanced against any prejudice which the impleaded party might suffer, and defendant's motion for leave, as a third-party plaintiff, to serve a summons and complaint on a person not a party to the action should not be granted if it would prejudice the rights of plaintiff in the original action, or if it would not promote the ends of justice.

The third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims, or for changing the cause of action as asserted, or substituting another action for it, and is not a device for bringing into an action any controversy which may have some relation to it. It has also been avoided where it would require trial in the one case of two separate and distinctly different kinds of negligence. In particular circumstances, it may be unnecessary as a means of securing defendant in his defenses. However, the fact that a third-party proceeding would involve different issues [*7] and rules of law from those involved in the original proceeding, or will present to the jury issues which are more difficult than usual, is not ground for disallowing the third-party proceedi ng, nor is the fact that different defenses may be available to the various parties. (footnotes omitted). See also *Majors v. American National Bank of Huntsville, 426 F.2d 566, 568 (5th Cir. 1970)*. Therefore, "[f]or impleader to be proper, the third-party's liability must 'depend upon the outcome of the main claim', and the third-party claim must be an attempt to 'pass on to the third party all or part of the liability asserted against the defendant.'"

*Southern Mortgage Co. v. O'Dom, 699 F. Supp 1223, 1225 (S.D. Miss. 1987);* see *Clearview Dodge Sales, Inc. v. Jefferson Bank and Trust Co., 574 F.2d 848, 849 (5th Cir. 1978)* (court held that plaintiff had a direct cause of action against third-party defendant but improperly brought under Rule 14).

In this case, plaintiff Security Capital brought this action against its former employee DeMonico. DeMonico's third-party complaint essentially asserts that Security Capital's principals, Victor and Brewer,

maintained [*8] total control over the corporation. To succeed on this claim, defendant and third-party plaintiff DeMonico must establish personal liability of Victor and Brewer by "piercing the corporate veil" in order to obtain recovery. This action would constitute a separate and distinct "direct" cause of action against the third-party defendants and would not impose liability upon them as a result of the facts proven concerning the issues of the original trial. See generally, *Beaudoin v. Town Oil Co., 207 Conn. 575, 577-78, 581 n.3, 542 A.2d 1124 (1988)* (court upheld trial court's striking of third-party complaint on grounds that claim was entirely independent of main action). Since the third-party defendants' liability would not be contingent upon the finding of defendant DeMonico's liability to plaintiff Security Capital, impleader is an inappropriate procedural vehicle to support DeMonico's third-party claims, and therefore his motion to implead is denied.

SO ORDERED

Dated at Stamford, Connecticut this 12th day of June, 1990.