LEXSEE 1996 CONN. SUPER. LEXIS 278

PAUL SCHULTZ, JR. VS. DIRECT MAIL SERVICES, ET AL

NO. CV 305653

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF FAIRFIELD, AT BRIDGEPORT

1996 Conn. Super. LEXIS 278

February 1, 1996, Decided
February 1, 1996, filed

**NOTICE:** [*1]   THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**LexisNexis(R) Headnotes**

**JUDGES:** BALLEN, J.

**OPINIONBY:** BALLEN

**OPINION:**

MEMORANDUM OF DECISION

RE: MOTION TO STRIKE (#190)

The plaintiff, Paul Schultz, Jr., filed a one count complaint against the defendants, Direct Mail Services, Inc. ("DMS") and Mark Wertheim, its principal, on June 23, 1993, alleging that the defendants violated the Connecticut Unfair Trade Practices Act, *General Statutes § 42-110a* et seq. ("CUTPA"), by unlawfully depriving the plaintiff of possession and use of his computers, software, files, and records after the defendants unilaterally ended a business arrangement between the parties. n1 Following a series of amendments the plaintiff filed a substituted complaint on August 24, 1994, which added, inter alia, a third count alleging that defendant Mark Wertheim fraudulently conveyed property he owned to his wife, Allicia Wertheim, in 1992 in order to avoid his creditors, including the plaintiff.

n1 The plaintiff and the defendant entered into a business arrangement in October 1991, whereby each was to perform a different but related service for direct mail business customers. The two businesses were maintained separately at all times.

[*2]

On September 20, 1995, Allicia Wertheim, who has been made a party defendant, filed a motion to strike count three of the plaintiff's substituted complaint, alleging that the plaintiff does not have standing to assert a fraudulent conveyance claim because he was not a creditor or claimant of defendant Mark Wertheim when the property was transferred in 1992. Specifically, Ms. Wertheim argues that since the acts constituting an alleged tort against the plaintiff did not occur until May 1993, when the defendants allegedly withheld his computer and office equipment, the plaintiff could not have been a creditor or claimant of the defendants when the transfer took place in 1992.

The plaintiff filed an opposition brief on October 19, 1995, asserting that he was a creditor of the defendant Mark Wertheim, within the meaning of the Uniform Fraudulent Transfer Act, *General Statutes § § 52-552a* et seq. ("Act"), n2 at the time the property was transferred in 1992. Specifically, the plaintiff claims that the defendant owed him an ongoing duty which commenced at the inception of their business alliance in 1991. n3

n2 *General Statutes § § 52-552b(3)* and *52-552b(4)* provide:

(3) "Claim" means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

(4) "Creditor" means a person who has a claim.

[*3]

n3 The plaintiff made several other assertions in his opposition brief. In support of his position that the parties engaged in a joint business effort, the plaintiff asserted that testimony "will show" that the parties often jointly billed clients. The court will not consider this assertion, as it was not pleaded in the plaintiff's complaint. See *Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992)*. In fact, the plaintiff's complaint asserts that "at all times" the parties billed separately.

The plaintiff also now asserts that a bailor-bailee relationship was created by the plaintiff housing his computer equipment at the defendants' place of business, and that the defendants owed him a duty of good faith and fair dealing based on their joint business effort. Neither of these allegations find support in the plaintiff's complaint, and the court cannot now entertain them. See *Novametrix Medical Systems v. BOC Group, Inc., supra*.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state [*4] a claim upon which relief can be granted." (Internal quotation marks omitted.) *Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992)*. In considering a motion to strike, courts "construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." *RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994)*, citing *Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980)*.

General Statutes § 52-552e and § 52-552f, read concurrently, essentially provide that a transfer made or obligation incurred by a debtor is fraudulent if the creditor's claim arose before the transfer was made or the obligation was incurred, and the transfer was made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either (1) made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor, or (2) was insolvent at the time or became insolvent as a result of the transfer. [*5] *General Statutes §§ 52-552e* and *52-552f*.

The defendants argue that, when the transfer took place in 1992, the plaintiff was not a creditor or claimant of the defendants within the meaning of the Act, as provided by the definitions set forth in *General Statutes § 52-552b*. n4 Specifically, the defendants allege that, because the actions of the defendants constituting the alleged tort in this case did not occur until May 1993, the plaintiff could not have been a claimant or creditor of the defendants when the transfer took place in 1992. Thus, according to the defendant, the plaintiff does not have standing to assert a claim for fraudulent transfer against the defendants.

n4 See footnote 2, supra, for the pertinent text of that statute.

The plaintiff argues that he was a present creditor of the defendants, within the meaning of the Act, at the time the transfer took place. This argument, in turn, is based upon an alleged "ongoing duty" the defendants owed him as a result of their "business efforts". In support [*6] of this argument, plaintiff cites *Coan v. Andersen, 166 Bankr. 516 (Bkrtcy. D.Conn. 1994)*, where the U.S. Bankruptcy Court, construing Connecticut's former fraudulent transfer statute, *General Statutes § 52-552*, refused to grant summary judgment on the ground that questions of fact existed as to whether limited partners in a partnership were creditors of the general partner (now the bankruptcy debtor) at the time he transferred certain personal property to his wife. The Coan case does not aid the plaintiffs argument and is factually distinguishable. n5

n5 In Coan, a transfer was made by the general partner during the course of an ongoing limited partnership, and the limited partners alleged that the general partner made the transfer to avoid debts he knew would ripen as a result of the partnership purpose and partnership agreement. Although the ultimate purpose of the partnership was simply to sell a piece of real property and make appropriate distributions, the

court found that a question of fact existed as to whether the general partner should have made distributions to the limited partners at points occurring before the transfer. *Id. at 525.*

[*7]

A literal reading of the definitions provided in *General Statutes § § 52-552b(3)* and *52-552b(4)* and the requirements set forth in *General Statutes § § 52-552e* and *52-552f* demonstrate that the plaintiff is required to allege that he was a person who has a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, which arose before the transfer was made. Here, the allegations in the complaint do not demonstrate such a right to payment. Although a "contingent" or "unmatured" claim is protected under the statute in the proper circumstances, the plaintiff has not alleged facts sufficient to establish that a "contingent" or "unmatured" claim existed, or that the defendant was exposed to liability at the time the property was transferred in 1992. Furthermore, although th e plaintiff might be protected as a "future creditor" if he had pleaded facts sufficient to show there was actual intent on the part of the defendant to avoid other creditors at the time of the transfer; *Rocklen Inc. v. Radulesco, 10 Conn. App. 271, 277-78, 522 A.2d 846 (1987);* the [*8] plaintiff has pleaded mere legal conclusions or opinions as to the defendant's intent to avoid other creditors. As such, the court will not consider those allegations. *Westport Bank & Trust v. Corcoran, Mallin & Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992).*

Accordingly, the court finds that the plaintiff has failed to establish he was a "creditor" within the meaning of *General Statutes § 52-552b(4)* because he has not established that he had a "right to payment", pursuant to *General Statutes § 52-552b(3)*, before the transfer occurred. *General Statutes § § 52-552e* and *52-552f.* The defendant's motion to strike Count Three of the plaintiff's substituted complaint is granted, as is the plaintiff's third prayer for relief which corresponds with that count.

BALLEN, J.