LEXSEE 1998 CONN. SUPER. LEXIS 2378

**Great Spring Water v. Porter Chadburn, Inc. et al.**

CV 960155158

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF STAMFORD - NORWALK, AT STAMFORD

*1998 Conn. Super. LEXIS 2378*

**August 24, 1998, Decided
August 24, 1998, Filed**

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Motion to strike the second count of the third-party complaint granted. The portions of the third party's prayer for relief seeking money damages for economic loss and interest on these damages stricken.

**LexisNexis(R) Headnotes**

**JUDGES:** WILLIAM BURKE LEWIS, JUDGE.

**OPINIONBY:** WILLIAM BURKE LEWIS

**OPINION:** Memorandum of Decision

The defendants/third-party plaintiffs, Porter Chadburn, Inc., Porter Chadburn, Inc. d/b/a Lord Label East, Inc., Lord Label Group, Inc., Lord Label Manufacturing Company of Michigan, Inc., and Lord Label East, Inc. ("Lord Label"), filed a two-count third-party complaint against the third-party defendant, Trinity Graphics (USA) ("Trinity"). The underlying action is a breach of contract claim by the plaintiff, Great Spring Waters of America, Inc. ("Great Spring"), against the defendants. The first count of the third-party complaint alleges that Trinity breached contractual obligations and warranties to Lord Label and as a result "Lord Label is exposed to potential liability to Great Spring and has suffered expenses in conjunction [*2] with the defense of Great Spring's claims against it . . ." The second count of the third-party complaint alleges a breach of contract claim against Trinity arising from the same facts.

The third-party defendant, Trinity, has moved (# 114) to strike the third-party complaint dated September 4, 1997. The purpose of a motion to strike is "to allow testing of the legal sufficiency of the pleadings . . ." *George v. St. Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980).* Therefore, "an attack upon the sufficiency of an impleader complaint should be made by a motion to strike." *Commissioner v. Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102 n.2, 485 A.2d 580 (1985).* "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." *Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980).*

Trinity argues that the first count of Lord Label's third-party complaint is legally insufficient because it fails to meet the pleading requirements of *General Statutes 52-102a*. Trinity maintains that Lord Label has failed to allege that Trinity "is or may be liable to the third-party plaintiffs for all or part of the [*3] plaintiff['s] claim against the third-party plaintiffs." Lord Label counters that the allegations in the third-party complaint do fulfill the requirements of the impleader statute.

*General Statutes 52-102a* provides "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him." "An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute . . . As a fundamental and threshold

requirement, a third-party plaintiff must allege that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against him." *Commissioner v. Lake Phipps Land Owners Corp., supra, 3 Conn. App. 102.* This requirement does not mandate that the third-party complaint contain the exact language contained in the statute. *American States Insurance Company v. Wright Electric, Inc., 1993 Conn. Super. LEXIS 3203,* Superior Cour t, Judicial District of Hartford/New Britain at Hartford, Docket No. 509923 (November 23, 1993) (Wagner, [*4] J.). Rather, the burden is on the [third-party] plaintiff to allege facts to bring his proceeding within the requirements of the statute. *Senior v. Hope, 156 Conn. 92, 98, 239 A.2d 486 (1968).*

"The language of 52-102a . . . refers to causes of action for indemnity and contribution." *Malerba v. Cessna Aircraft Co., 210 Conn. 189, 195, 554 A.2d 287 (1989).* "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." *Burkert v. Petrol Plus of Naugatuck, 216 Conn. 65, 74, 579 A.2d 26 (1991),* citing *Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 411, 207 A.2d 732 (1965).*

In the first count of the third-party complaint, Lord Label alleges that Trinity breached its contractual and warranty obligations to Lord Label. As a result of the breach of contract, Lord Label is potentially liable to Great Spring. As such, Lord Label has alleged that Trinity "dishonored a contractual provision." Additionally, in its prayer for relief, Lord Label seeks indemnification. Thus, Lord Label properly [*5] alleges a claim for indemnification based on violation of a contract obligation and the motion to strike is denied.

Trinity moves to strike the second count of the third-party complaint because it claims that Lord Label may not join a breach of contract claim with its indemnification claim. Trinity also seeks to strike the portions of the prayer for relief that seek damages in excess of those sought in the original complaint. Lord Label contends that pleading an independent action against a third-party defendant is proper when the claim arises out of the same transaction as alleged in the original complaint.

The trial courts in this state are divided on how to handle joinder of claims in third-party complaints. The Connecticut impleader statute is based on *Rule 14(a) of the Federal Rules of Civil Procedure. Senior v. Hope, supra, 156 Conn. 96.* While 52-102a incorporates the language of Rule 14(a), it does not incorporate the accompanying language of *Rule 18 of the Federal Rules of Civil Procedure*, which allows for the joinder of any claims against a properly impleaded party. This has been the reasoning behind trial court decisions prohibiting the joining of any claims [*6] other than indemnification or contribution. See *Parkridge Condominium Association, Inc. v. Parkridge Trust, 1991 Conn. Super. LEXIS 1884,* Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 333748, 4 CONN. L. RPTR. 433 (August 22, 1991) (Hennessey, J.); *State v. Kement,* 12 Conn. L. Trib., No. 7, 20 (1986). The th ird sentence of 52-102a states: "the writ, summons and complaint . . . shall be the equivalent in all aspects to an original writ, summons and complaint . . ." Some courts have found this language in 52-102a to make up for the lack of incorporating Rule 18 into Connecticut law. See *Wise v. Bickford, 1997 Conn. Super. LEXIS 2520,* Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 571001 (September 17, 1997) (Teller, J.) (20 CONN. L. RPTR. 218); *Middlesex Mutual Assurance Co. v. Black, 40 Conn. Supp. 63, 65-66, 480 A.2d 614 (1984).*

This court has previously ruled upon the interpretation of 52-102a in the present context. See *Security Capital Management, Inc. v. DeMonico, 1990 Conn. Super. LEXIS 456,* Superior Court, Judicial District of Stamford/Norwalk at Stamford (June 12, 1990) (Lewis, J.) (1 CONN. L. RPTR. 735). While that case involved a motion to implead rather than a motion [*7] to strike, the court had occasion to look to the construction of 52-102a and its federal counterparts in reviewing the proposed third-party complaint. Connecticut Superior Courts have recognized that "the statute's explicit language refers to causes of action for indemnity and contribution." *Id*., citing *Malerba v. Cessna Aircraft Co., supra, 210 Conn. 195.* Therefore, "for impleader to be proper, the third party's liability must depend upon the outcome of the main claim, and the third-party claim must be an attempt to pass on to the third party all or part of the liabi lity asserted against the defendant . . ." (Citations omitted, internal quotations omitted.) *Security Capital Management, Inc. v. DeMonico, supra.*

Lord Label's second count of the third-party complaint does not attempt to pass on liability to Trinity. It attempts to raise an independent claim and is an inappropriate use of the impleader statute. Therefore, the motion to strike the second count of the third-party complaint is granted. In addition, the portions of the third party's prayer for relief seeking money damages for economic loss and interest on these damages is stricken.

So ordered.

Dated at [*8] Stamford, Connecticut, this 25th day of August, 1998

WILLIAM BURKE LEWIS, JUDGE