# EXHIBIT 3

**Westlaw.**

Not Reported in A.2d                                                                                                    Page 1
1992 WL 91805 (Conn.Super.), 6 Conn. L. Rptr. 381
**(Cite as: 1992 WL 91805 (Conn.Super.))**

C
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Waterbury.
Tina WINKELMAN, et al.
v.
Darrel DOHM.
**No. 096682.**

April 27, 1992.

*MEMORANDUM OF DECISION RE: MOTION TO DISMISS FILED BY EAGLE INTERNATIONAL TRUCK SALES, INC.*

BARNETT, Judge.

*1 The parties to the dispute embodied in the motion to dismiss are Darrell Dohm (hereinafter Dohm) and Central Transport (hereinafter Central), defendants and third party plaintiffs, and Eagle International Truck Sales, Inc. (hereinafter Eagle) a third party defendant. From the original complaint Dohm appears to be a resident of Ohio and Central is a Michigan corporation authorized to do business in Connecticut. Eagle is a Delaware corporation with its principal place of business in Ohio.

The original complaint is predicated upon an accident that occured on December 2, 1989 in Cheshire between a car operated by the plaintiff Tina Winkelman and a tractor trailer driven by Dohm. In addition to having been the driver of the tractor trailer, Dohm was also the owner of the tractor. The trailer portion of the vehicle belonged to Central. In the original complaint, negligence and recklessness is claimed against Dohm and negligence is asserted against Central.

Sometime after the plaintiffs initiated their suit, Dohm and Central brought a third party products liability complaint against Eagle and Copco Steel & Engineering Co. of South Bend, Indiana (hereinafter Copco). According to the third party complaint, Dohm purchased the tractor from Eagle and the tractor was manufactured by Copco. The third party complaint recites that a spare tire rack at the rear of the tractor, alleged to have been defectively designed, manufactured or installed by the third party defendants, was a cause of the accident in that the tractor trailer stopped in the course of making a turn because its air and power lines had become pinched upon contact with the spare tire rack.

Eagle contends that as to it, the third party complaint should be dismissed for the reason that the court lacks in personam jurisdiction. A three-pronged attack has been mounted. Both sides submitted affidavits in compliance with Practice Book Section 143. Eagle maintains that (1) the affidavits submitted by the third party plaintiffs are insufficient for their purpose; (2) the third party plaintiffs have not shown facts sufficient to bring Eagle within the "long arm" jurisdiction statute Section 33-411(c); and (3) the third party plaintiffs have not demonstrated minimal contacts by Eagle with Connecticut to satisfy the due process requirements of the federal constitution.

I.
Whenever in personam jurisdiction is attached, the burden to prove jurisdiction is on the party asserting it--in this instance Dohm and Central. *Standard Tallow Corporation v. Jowdy,* 190 Conn. 48, 54 N. 6 (1983); see *Packer Plastics Inc. v. Laundon,* 214 Conn. 52, 55 (1990). The applicability of Section 33-411(c) should be discussed first.

The parties are in seeming agreement that the pertinent statutory language is that of Section 33-411(c)(3). They have ignored, however, the explicit language of this subsection that limits the privilege of long-arm jurisdiction to parties who reside or have a usual place of business within the state. See *Beachboard v. Trustees of Columbia University,* 6 Conn.App. 43, 45 cert. denied 199 Conn. 801 (1986); *Hill v. W.R. Grace & Co.,* 42 Conn.Sup. 25, 28 (1991). Even more important,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1992 WL 91805 (Conn.Super.), 6 Conn. L. Rptr. 381  
**(Cite as: 1992 WL 91805 (Conn.Super.))**

Page 2

they have ignored the fact that the complaint at issue is a third impleader complaint.

*2 This court is in full agreement with *Connecticut General Life Ins. Co. v. SVA, Inc.,* 743 F.Supp. 107, 109, (D.Conn.1990) where the United States District Court interpreted Section 33-411(c) as "directed toward assertions of original jurisdiction and not [to] extensions of existing jurisdiction to third parties." Where, as here, there is jurisdiction of the underlying claim, there is personal jurisdiction over the impleaded parties. *Id.* The relevant statute is not Section 33-411(c) but rather Section 52-102a (impleading of third parties by defendant) about which no complaint as to a lack of compliance has been made.

II.

Compliance with state law jurisdictional statutes is of course not the whole story. As explained in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) a state court can render a valid personal judgment against a nonresident defendant only so long as there exist at least "minimum contacts" between the defendant and the forum state. Pursuant to Practice Book Section 143 the parties have submitted affidavits on the issue of minimum contacts. A determination of whether there were such minimum contacts must first take into account Eagle's claims of deficiencies in the affidavits supplied by Dohm and Central.

Eagle's attacks on the affidavits focuses upon the "best of knowledge and belief" language in paragraphs 6 through 8 of the affidavit of Joe Michetti and in paragraphs 5 through 7 of the affidavit of Churck Huffman. Both Michetti and Huffman represent themselves as employees of Central.

The court agrees with Eagle's contention that statements made on an affiant's best knowledge and belief are insufficient. Practice Book Section 143 allows affidavits "as to facts not apparent on the record." A similar requirement of factual assertions is contained in Practice Book Section 381 dealing with the requirements of an affidavit in motions for summary judgment.

In summary judgment situations, affidavits based on knowledge and belief would clearly be inadequate. *Farrell v. Farrell,* 182 Conn. 34, 39 (1980). And the same rule should pertain to motions to dismiss where affidavits are utilized to supply jurisdictional facts. *See Barde v. Board of Trustees,* 207 Conn. 59, 61-62 (1988). Moreover, the very concept of an affidavit is a document stating facts within the knowledge of the affiant. *Rosenblit v. Danaher,* 206 Conn. 125, 136-37 (1988).

The court's ruling means that on the questions of minimum contacts, the provisions of paragraphs 6 through 8 of the Michetti affidavit and paragraphs 5 through 7 of the Huffman affidavit cannot be considered. In effect both affidavits are eliminated because it was in these paragraphs that the affiants suggested that Eagle's business dealings with Central could serve as notice to Eagle that a driver for Central, such as Dohm, would be pulling Central's trailer in Connecticut.

Unaffected by the court's ruling are the affidavit of Dohm and the affidavit of Thomas L. Warren, the president of Eagle. Dohm purchased the used tractor on October 28, 1989 at which time he gave his address as 7286 Hyde Park Drive, Middlebury Heights, Ohio. Warren's affidavit states that Eagle, a Delaware corporation with a principal place of business in Cleveland, Ohio, is engaged in the selling and servicing of new and used trucks and parts thereof and does not manufacture trucks or parts. Warren's affidavit contains flat denials of any act by Eagle whereby the in personam jurisdiction of Connecticut courts could be presumed. In opposition, Dohm's affidavit says that the tractor was purchased for interstate driving and when it was purchased, he was attempting to get a job with Central and that agents and employees of Eagle knew of his intentions. Dohm's affidavit also says that Eagle does business with Central and has knowledge of Central's activities that include an extensive involvement in interstate commerce with terminals in many states one of which is Connecticut.

The "minimum contacts" mentioned earlier must be of such nature that maintenance of a suit does not offend traditional concepts of fair play and substantial justice, ideas that the due process clause protects. *International Shoe Co. v. Washington supra; see Insurance Corp. of Ireland v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1992 WL 91805 (Conn.Super.), 6 Conn. L. Rptr. 381  
**(Cite as: 1992 WL 91805 (Conn.Super.))**

Page 3

*Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 & n. 10, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Although the minimum contacts test is nebulous and determinable only on an ad hoc basis, *United States Trust Co. v. Bhart,* 197 Conn. 34, 40 (1985) decisions subsequent to *International Shoe* have supplied proper guideposts.

**\*3** Traditional notions of fair play and substantial justice mean that it is reasonable to require the nonresident defendant to defend a certain suit brought in a particular state. The burden on the defendant, while a primary concern, must be considered in light of the plaintiff's desire for convenient and effective relief and the forum state's interest in adjudicatiing the dispute. *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Our Supreme Court has posited the due process analysis in terms of the "Twin Touchstones" of foreseeability and fairness. *United States Trust Co. v. Bohart, supra* at 41. But no matter what designations are used, there is agreement that the forseeability appropriate for the due process analysis is not the mere likelihood that a product will find its way into the forum state. Instead, the critical aspect of foreseeability is that the defendant's conduct and connection with the forum state are such that he or it should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson, supra* at 297; *United States Trust Co. v. Bohart, supra.*

More to the point are decisions such as *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In both cases, the Supreme Court held that "the substantial correction between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state. The placement of a product into the stream of commerce, without more is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal Industry, supra* at 112; *see Burger King Corp, supra* at 475 for substantially identical language.

Viewed from these precepts, it is clear that the affidavits do not establish a prima facie case for jurisdiction. Accordingly, Eagle's motion to dismiss is granted.

1992 WL 91805 (Conn.Super.), 6 Conn. L. Rptr. 381

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.