# EXHIBIT 4

Westlaw.

Not Reported in F.Supp.2d  
2002 WL 31654853 (S.D.N.Y.)  
(Cite as: 2002 WL 31654853 (S.D.N.Y.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
S.D. New York.  
HARTFORD FIRE INSURANCE COMPANY as  
subrogor of A.J. Cianciulli, Inc.,  
Plaintiff,  
v.  
COUNTY ASPHALT, INC. Defendant.  
COUNTY ASPHALT, INC., Third-Party Plaintiff,  
v.  
A.J. CIANCIULLI, INC., Jensen Koerner Crane  
Service, Inc., ACE Fire  
Underwriters Insurance Company f/n/a Cigna Fire  
Insurance Company, and CGU  
Insurance Group Third-Party Defendants.  
No. 01Civ.6176(AGS)(GWG).

Nov. 22, 2002.

Subrogee of crane owner brought suit against lessee in negligence and breach of contract to recover for damage to crane. Lessee brought third party claims against its insurers, alleging breach of duties to defend and indemnify. Third-party defendant insurers moved to strike, or in alternative, to sever third-party claims. The District Court, Gorenstein, United States Magistrate Judge, held that: (1) claims against insurers were not obviously unmeritorious so as to qualify for striking, and (2) claims would not be severed from main claims against insured.

Motions denied.

West Headnotes

**[1] Federal Civil Procedure** 🔑289  
170Ak289 Most Cited Cases  
In suit to recover for property damage to leased crane, third-party claim against lessee's property and liability insurer for indemnity was not obviously unmeritorious, and thus would not be stricken, notwithstanding exclusion from liability coverage for rented property, where property coverage extended to personal property in insured lessee's custody or control. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

**[2] Federal Civil Procedure** 🔑81  
170Ak81 Most Cited Cases  
Insurer was not entitled to severance of third-party claim seeking indemnity from main claim alleging that insured breached its rental contract by not securing adequate insurance on rental crane; same issues and facts were involved in both claims, both claims were triable before jury, and proof of insurance policy was necessary regardless of whether claims were severed. Fed.Rules Civ.Proc.Rules 14(a), 42(b), 28 U.S.C.A.

**[3] Federal Civil Procedure** 🔑289  
170Ak289 Most Cited Cases  
Third-party claim that insurer had obligation to defend insured on main claim would not be stricken as obviously unmeritorious, where policy provision, stating that insurer could either settle loss or provide defense, provided basis for third-party claim. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

**[4] Federal Civil Procedure** 🔑289  
170Ak289 Most Cited Cases  
Insurer was not entitled to striking of third-party claim alleging breach of duty to defend by virtue of its payment of $200,000 on insured's behalf, where policy limits were $750,000. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

**[5] Insurance** 🔑3564(7)  
217k3564(7) Most Cited Cases  
Under New York law, "loss" for purposes of limitations provision in liability policy that barred bringing of legal actions against insurer more than two years after knowledge of loss, referred to date on which legal action was filed against insured, not date on which insured became aware of underlying damage.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 31654853 (S.D.N.Y.)
(Cite as: 2002 WL 31654853 (S.D.N.Y.))

Page 2

James P. Donohue, Jr., Gilbride, Tusa, Last & Spellane, LLC, New York, NY, for Defendant County Asphalt.

Francis J. Dixon, Paganini & Herling, New York, NY, for Third-Party Defendant OneBeacon Insurance Group.

Michael T. Glascott, Lustig & Brown, LLP, Buffalo, NY, for Third-Party Defendant Ace Fire Underwriters Insurance Company.

*OPINION AND ORDER*

GORENSTEIN, Magistrate J.

*1 Third-Party defendants ACE Fire Underwriters Insurance Company f/n/a Cigna Fire Insurance Company ("ACE") and OneBeacon Insurance Group [FN1] have moved to strike portions of the third-party complaint filed by defendant/third-party plaintiff County Asphalt, Inc. ("County Asphalt"). In the alternative, both ACE and OneBeacon have moved to sever the claims against them from the main action. For the reasons stated below, the motions are denied.

> FN1. OneBeacon has apparently assumed the liabilities of CGU Insurance Group, the party actually named in the complaint. This party will be referred to hereafter as "OneBeacon."

I. INTRODUCTION

A. *Factual History*

This lawsuit arises on account of damage sustained to a crane that had been rented to County Asphalt by A.J. Cianciulli, Inc. ("Cianciulli"). *See* Complaint, filed July 9, 2001 ("Complaint") ¶¶ 7, 8. Cianciulli had an inland marine insurance policy with the Hartford Fire Insurance Company ("the Hartford"), which covered the crane. *Id.* ¶ 5. The Hartford paid Cianciulli $312,866.24 under their insurance policy to repair the damages sustained by the crane. *Id.* ¶ 9. As a result, the Hartford became subrogated to the rights of Cianciulli. *Id.*

On July 9, 2001, the Hartford, as subrogor to Cianciulli, filed suit in the Southern District of New York against County Asphalt. The Hartford alleges that County Asphalt is liable for the damage done to the crane because of County Asphalt's negligence and/or because County Asphalt breached the terms of their rental contract with Cianciulli. *See* Complaint ¶¶ 10-19. County Asphalt answered the complaint on October 16, 2001.

B. *The Third-Party Action*

On January 2, 2002, County Asphalt filed a third-party complaint against Cianciulli, ACE, OneBeacon, and Jensen Koerner Crane Service, Inc. The allegations in the third-party complaint relevant to the instant motions are those against OneBeacon and ACE.

County Asphalt alleges that it holds an insurance policy with OneBeacon that covers the crane incident. *See* Third-Party Complaint, filed January 2, 2002 ("Third-Party Complaint") ¶¶ 21-22. It alleges that OneBeacon has breached an obligation to defend County Asphalt and is also obligated to indemnify County Asphalt for any damages it is forced to pay to the Hartford. *See id.* ¶ 23 (second). Although OneBeacon paid the Hartford $200,000 under the policy, County Asphalt alleges that this payment is insufficient to discharge its obligations under the insurance policy. *See id.* ¶ 24 (first).

County Asphalt also alleges that it holds a policy with ACE that covers both general liability and property damage and that the policy covers the damages arising from the crane incident. *See id.* ¶ 27. County Asphalt alleges that the policy requires ACE to defend it in this lawsuit and to indemnify County Asphalt for any damages paid to the Hartford. *Id.* ¶¶ 30-31, 33. County Asphalt alleges that ACE has refused to defend County Asphalt in this action and is thus in breach of its obligations under the policy. *Id.* ¶¶ 30, 32.

C. *Procedural History*

*2 ACE and OneBeacon filed answers to the Third-Party Complaint on February 8, 2002. On February 11, 2002, ACE moved to strike the Third-Party Complaint or in the alternative for severance. This motion was originally denied by United States District Judge Allen G. Schwartz on

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=B00558000000...    2/9/2005

Not Reported in F.Supp.2d  
2002 WL 31654853 (S.D.N.Y.)  
**(Cite as: 2002 WL 31654853 (S.D.N.Y.))**

Page 3

March 14, 2002, for failing to adhere to the Judge's individual rules. *See* Order, issued March 19, 2002 (Docket # 24). ACE refiled the motion on March 15, 2002 and OneBeacon filed its motion on April 8, 2002. County Asphalt has opposed the motions.

II. *DISCUSSION*

A. *Law Governing Third Party Practice*

Third-party practice, or impleader, in the federal courts is governed by Rule 14 of the Federal Rules of Civil Procedure. A defendant may, as of right within ten days of serving an answer to the complaint or thereafter by leave of court, file a third-party complaint (thereby becoming a third-party plaintiff) and implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). The party brought into the case becomes the third-party defendant and may assert any defenses available under Fed.R.Civ.P. 12 against the third-party plaintiff or the original plaintiff. *Id.*

To bring a third party action, the defendant/third-party plaintiff must plead that if it is liable to the plaintiff on the underlying claim, the third-party defendant is liable to it. *See Gabriel Capital, L.P. v. Natwest Fin., Inc.,* 137 F.Supp.2d 251, 257 (S.D.N.Y.2000); *see also Unilease Computer Corp. v. Major Computer, Inc.,* 126 F.R.D. 490, 492 (S.D.N.Y.1989) ("Third-party practice ... is permitted ... only where the defendant can show that if he is found liable to the plaintiff then the third-party defendant will be liable to him.") (citation omitted). The third-party defendant's potential liability is derivative or secondary to that of the third-party plaintiff in the original action. *See, e.g., Gabriel Capital,* 137 F.Supp.2d at 258; *Stratagem Dev. Corp. v. Heron Int'l N.V.,* 153 F.R.D. 535, 549 (S.D.N.Y.1994). The third-party defendant's liability must be "dependent upon the outcome of the main claim" and "potentially secondarily liable as a contributor to the defendant." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29, 31 (2d Cir.1984). Nonetheless, "impleader is proper even though the third-party defendant's liability is not automatically established once the third-party plaintiff's liability to the original plaintiff has been determined." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 *Federal Practice and Procedure,* § 1446 at 373 (2d ed.1990).

B. *ACE's Motion*

ACE has moved to strike the third-party claims against it or, in the alternative, to sever its case from the main action. Each contention will be addressed in turn.

1. *Motion to Strike*

*3 [1] Under Fed.R.Civ.P. 14(a), "[a]ny party may move to strike the third-party claim...." The text of the rule itself does not set forth the basis on which a motion to strike should be granted. The Advisory Committee Notes, however, state that "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim...." Fed.R.Civ.P. 14, advisory committee note, 1963 Amendment. Case law also recognizes that a motion to strike should be granted where the claim is "obviously unmeritorious." *See, e.g., Aiello v. Midwest Operating Engineers Health and Welfare Fund,* 1992 WL 122933, at *1 (N.D.Ill. May 28, 1992); *Perez Cruz v. Fernandez Martinez,* 551 F.Supp. 794, 798-99 (D.P.R.1982).

County Asphalt argues that ACE must indemnify it under its insurance policy. A claim such as this for indemnity "is the basis and foundation of all insurance law." *McAnarney v. Newark Fire Ins. Co.,* 247 N.Y. 176, 184, 159 N.E. 902 (1928) (citations omitted). ACE does not contest that County Asphalt's third party complaint makes a claim for indemnity. Instead, it moves to strike the third-party complaint on the ground that it cannot be held liable under the relevant policy. Specifically, ACE argues that the exclusions listed in the "liability" portion of the policy do not permit claims for property damage to rented property. *See* Memorandum of Law, filed March 18, 2002 ("ACE Mem."), at 1-2. In response, County Asphalt states that its coverage was in fact both under the Commercial Property Coverage part as well as the Commercial General Liability part and that the damage to the crane would be covered under either. *See* Memorandum of Law in Opposition to Motion to Strike or Sever, filed March 25, 2002 ("County Asphalt Mem."), at 3-9.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 4
2002 WL 31654853 (S.D.N.Y.)
**(Cite as: 2002 WL 31654853 (S.D.N.Y.))**

ACE contends that it cannot be liable because the Commercial General Liability part excludes coverage for property damage, including damage to rented property. *See* Commercial General Liability Coverage Form (reproduced in Affidavit of Michael T. Glascott, dated March 15, 2002 ("Glascott Aff."), Ex. D), at 71. County Asphalt points to a clause in the Commercial Property Coverage portion stating that the policy covers personal property "in your custody or control, and you are responsible for it, even though it belongs to someone else." Commercial Property Coverage (reproduced in Glascott Aff. Ex. D), at 29. [FN2] County Asphalt contends that this clause binds ACE to cover any losses to rental property, including the crane in this case, and therefore would make ACE liable to indemnify County Asphalt should they lose the underlying lawsuit. County Asphalt Mem. at 4-5. ACE has not even filed a reply brief responding to County Asphalt's argument that the Commercial Property Coverage part requires indemnification here. Because it cannot be said that County Asphalt's contention is "obviously unmeritorious," there is no basis for striking the claims against ACE.

> FN2. The references to page numbers in the exhibit reproduced in the Glascott Affidavit are to the page numbers that appear in the lower left hand corner.

2. *Motion for Severance*

*4 ACE moves in the alternative to sever the third-party complaint from the main action. ACE apparently relies both on Rule 14(a), which permits motions to sever third-party complaints, and Fed.R.Civ.P. 42(b), which states that a Court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim."

[2] "Federal courts view severance as a 'procedural device to be employed only in exceptional circumstances."' *Wausau Bus. Ins. Co. v. Turner Const. Co.,* 2001 WL 963943, at *1 (S.D.N.Y. Aug.23, 2001) (quoting *Marisol A. by Forbes v. Giuliani,* 929 F.Supp. 662, 693 (S.D.N.Y.1996)). The decision whether or not to sever claims rests within the discretion of the trial court. *See New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir.), *cert. denied,* 488 U.S. 848 (1988); *see also Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.) (Rule 42(b) "vests the district court with broad discretion to sever a third-party claim for a separate trial."), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). In its discretion, the Court

> may consider (1) whether the issues sought to be tried separately are significantly different; (2) whether the issues are triable by the jury or the court; (3) whether the posture of discovery as to the respective issues favors separate trials; (4) whether the issues require different proof; and (5) whether the non-movant will be prejudiced by a severance.

*Flair Broadcasting Corp. v. Powers,* 1995 WL 507314, at *2 (S.D.N.Y. Aug.28, 1995) (citations omitted). ACE contends that the third-party claims will involve factual issues separate from the main action, severance will not prejudice County Asphalt, and that ACE, as an insurer, will be prejudiced if included "in light of the inclination of a jury to be affected by knowing the alleged availability of insurance." ACE Mem. at 4.

Upon consideration of all the factors, the Court concludes that severance should not be granted. First, the issues sought to be tried are based on the same incident and will likely require proof of the same facts. The Hartford alleges that County Asphalt breached its contract by failing to procure adequate insurance for the crane. Complaint ¶ 14. In response, County Asphalt may raise a defense that they obtained the requisite insurance (with ACE and/or OneBeacon) and therefore are not in breach. *See* Answer, filed October 16, 2001, ¶ 33. Whether severance is granted or not, proof of County Asphalt's insurance policy with ACE (and/or OneBeacon) will be necessary. Second, both the original and the third-party claims are triable before a jury. Third, discovery is ongoing in this matter. In addition, it is likely that County Asphalt would be prejudiced by severance. If severance was granted to ACE (and/or OneBeacon), County Asphalt would potentially have to go through two (or three) trials to resolve the same issues involving the same facts. Severance here would also go against the purpose of third-party practice. *See Tourangeau v. Uniroyal, Inc.,* 189 F.R.D. 42, 48 (D.Conn.1999) ("The objective of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2002 WL 31654853 (S.D.N.Y.)  
**(Cite as: 2002 WL 31654853 (S.D.N.Y.))**

Page 5

rule is to avoid a situation ... [where] a defendant has been held liable to a plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant").

**\*5** Finally, the Court rejects ACE's argument that severance is justified because a jury will be biased against ACE. The logic of this argument is unclear inasmuch as a jury hearing the severed claim would presumably exhibit the same prejudice. In any event, the argument is rejected because the Court assumes the jury will follow instructions not to indulge any such prejudice.

C. *OneBeacon's Motion*

OneBeacon also moves to strike the third-party claims against it or in the alternative to sever its trial from the main action.

1. *Motion to Strike*

OneBeacon argues that this Court should strike the third-party complaint against it because (1) it has no duty to defend County Asphalt under the relevant policy and that a payment made by OneBeacon therefore fulfilled its obligations to County Asphalt and (2) a limitation period on claims within the OneBeacon policy has passed. *See* Memorandum of Law on behalf of Third-Party Defendant OneBeacon Insurance Group, filed April 8, 2002 ("OneBeacon Mem."), at 1-5. Each contention will be examined in turn.

a. *Payment & Coverage Limitations.* OneBeacon's first argument is that the policy that County Asphalt held with OneBeacon is not a "liability policy" and, therefore, does not require OneBeacon to defend County Asphalt. *See* OneBeacon Mem. at 2.

In New York, "the duty to defend is broader than the duty to indemnify." *Fitzpatrick v. Am. Honda Motor Co.,* 78 N.Y.2d 61, 65, 571 N.Y.S.2d 672, 575 N.E.2d 90 (1991) (citations omitted). "An insured's right to be accorded legal representation is a contractual right and consideration upon which his premium is in part predicated." *Int'l Paper Co. v. Continental Cas. Co.,* 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974). "A court applying New York law ... should only excuse an insurer from its duty to defend if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held liable to indemnify the insured." *City of Johnstown v. Bankers Standard Ins. Co.,* 877 F.2d 1146, 1149 (2d Cir.1989).

[3] Whether an insurance policy is labeled "liability insurance" or not, "where the insurer has made promises to defend 'it is clear that [the coverage] is in fact 'litigation insurance' as well." ' *Seaboard Sur. Co. v. Gillette Co.,* 64 N.Y.2d 304, 310, 486 N.Y.S.2d 873, 476 N.E.2d 272 (1984) (quoting *Int'l Paper Co.,* 35 N.Y.2d at 326, 361 N.Y.S.2d 873, 320 N.E.2d 619)). Here, the insurance policy between OneBeacon and County Asphalt explicitly contemplates that OneBeacon would be required to defend County Asphalt. The policy states that in the event of a "loss" under the policy, OneBeacon may either settle the loss with the claimant or "[p]rovide a defense for legal proceedings brought against [County Asphalt]." Commercial Inland Marine Conditions (reproduced in Affidavit in Opposition to Motion by OneBeacon Insurance s/h/a CGU Insurance to Strike or Sever, dated April 17, 2002 ("Donohue OneBeacon Aff."), Ex. A), at 1-2. [FN3]

> FN3. OneBeacon attached a number of pages to its motion papers that it asserted contained the insurance policy between it and County Asphalt. *See* Affirmation of Francis J. Dixon, dated April 5, 2001, Ex. A. However, it is clear that this version did not include the entire policy. As a result, the Court will refer to the more complete copy of the policy contained in County Asphalt's moving papers.

To support its contention that the policy does not obligate it to provide a defense, OneBeacon cites to *Kriegler v. Aetna Cas. and Sur. Co.,* 108 A.D.2d 708, 485 N.Y.S.2d 1017 (1st Dep't 1985). *Kriegler* is inapposite, however, as it dismissed a claim only with respect to a policy that did not cover the plaintiff; it refused to dismiss a claim involving another policy where the plaintiff may have been covered. *See* 108 A.D.2d at 709. OneBeacon also cites to a case where there was no provision of the insurance policy that called for the insurer to defend the action. *See Henderson v. Aetna Cas. and Sur. Co.,* 55 N.Y.2d 947, 948, 449 N.Y.S.2d 178, 434

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 31654853 (S.D.N.Y.)
**(Cite as: 2002 WL 31654853 (S.D.N.Y.))**

Page 6

N.E.2d 247 (1982). Here, however, there is a provision that creates a duty to defend on the part of OneBeacon.

*6 Thus, OneBeacon has not demonstrated that its duty to defend is excluded under the policy with County Asphalt. *See, e.g., Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.,* 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 690 N.E.2d 866 (1997). Because County Asphalt's claim that OneBeacon owes it a duty to defend is not "obviously unmeritorious," it will not be struck from the third-party complaint.

[4] OneBeacon's second argument is that it fulfilled its obligations under the policy because of the payment of $200,000 to Cianciulli from the crane accident. *See* OneBeacon Mem. at 1-2. OneBeacon implicitly argues that the third-party claim for a duty to defend must be stricken because it owes no further duty to County Asphalt. However, the policy permits up to $750,000 in coverage. *See* Policy Endorsement Form, effective May 13, 1999 (reproduced in Donohue OneBeacon Aff. Ex. A), at 1. Because the policy coverage, as well as the Hartford's underlying claim, is greater than the amount paid, OneBeacon's obligation to County Asphalt is still in question. Moreover, even if a claim falls outside the scope of a policy's coverage, the duty to defend is not eliminated. *See, e.g., Diamond v. J.T. Tai & Co., Inc.,* 1998 WL 55350, at *3 (S.D.N.Y. Feb.10, 1998); *Seaboard Sur. Co.,* 64 N.Y.2d at 310, 486 N.Y.S.2d 873, 476 N.E.2d 272. Therefore, the motion to strike on this ground must be denied as well.

[5] b. *Statute of Limitations.* OneBeacon cites to a provision in the policy that it claims establishes a two year statute of limitations for claims on the policy. This section of the policy states that "[n]o one may bring a legal action against [OneBeacon unless] ... [t]he action is brought within 2 years after [the insured] first ha[s] knowledge of the 'loss.' " *See* Commercial Inland Marine Conditions (reproduced in Donohue OneBeacon Aff. Ex. A.), at 2. The term "loss" is defined as "accidental loss or damage ." Contractors Equipment Coverage Form (reproduced in Donohue OneBeacon Aff. Ex. A), at 6.

OneBeacon does not argue that it was not informed of the January 27, 1999, accident in accordance with the time limitations of the policy. Instead, it argues that the third party complaint in this case is a "legal action" within the terms of the policy and that because it was not brought until January 2002, the action "does not appear to be timely." OneBeacon Mem. at 3.

It has long been held in New York that an insured and an insurer can establish by contract a statute of limitations shorter than the period that otherwise would be applicable. *See, e.g., John J. Kassner & Co., Inc. v. City of New York,* 46 N.Y.2d 544, 550-51, 415 N.Y.S.2d 785, 389 N.E.2d 99 (1979) (citing *Ripley v. Aetna Ins. Co.,* 30 N.Y. 136 (1864) ). Here, however, this particular provision completely undercuts the separate duty to defend that exists in the contract. *See* Commercial Inland Marine Conditions (reproduced in Donohue OneBeacon Aff. Ex. A), at 1-2. This is because the duty to defend can occur only as a result of a legal action filed by a party not within the control of the insured. In New York, the statute of limitations is three years for claims of negligence, *see* N.Y. C.P.L.R. § 214(4), and six years for breach of contract. *See* N.Y. C.P.L.R. § 213(2). If the literal limitations period in the contract controlled, then the separate duty-to-defend requirement as a practical matter would be meaningless.

*7 Where as here two contractual obligations conflict, the conflicting terms are interpreted against the party who drafted the contract. *See Certified Fence Corp. v. Felix Indus., Inc.,* 260 A.D.2d 338, 339, 687 N.Y.S.2d 682 (2d Dep't 1999). As a result, the Court will not read the limitations provision in a manner that would benefit OneBeacon at the expense of County Asphalt. A more reasonable interpretation of the statute of limitations provision would be to interpret the term "loss" to refer, in this context, to the date on which a legal action is filed against County Asphalt. Read in such a manner, the limitations clause does not bar the claim asserted here because it was filed well within two years of the original suit against County Asphalt.

2. *Motion for Severance*

Finally, OneBeacon has moved to sever its action from the main action brought by the Hartford. The same considerations that governed the Court's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2002 WL 31654853 (S.D.N.Y.)  
**(Cite as: 2002 WL 31654853 (S.D.N.Y.))**

Page 7

disposition of ACE's motion to sever govern here. *See supra* section II.B.2. Accordingly, the motion to sever is denied.

*Conclusion*

The motions to strike the third party complaint, to sever or for separate trials are denied.

2002 WL 31654853 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

. 1:01CV06176  (Docket)  
(Jul. 09, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.