UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILL L. GOUVEIA, as Administrator of the Estate of José Guerra, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| SIG SIMONAZZI NORTH AMERICA, INC. as successor in interest by merger to Sasib North America, Inc., | : <br> :    NO.    3:03cv597 (MRK) <br> : <br> : |
| Defendant, | : <br> : |
| v. | : <br> : |
| SASIB FOOD MACHINERY MV, S.P.A., SASIB BAKERY ITALIA, S.P.A., DRY PRODUCTS, S.P.A., and COMPAGNIE INDUSTRIALI RIUNITE, | : <br> : <br> : <br> : <br> : |
| Third-Party Defendants. | : |

**RULING AND ORDER**

      This case arises from the death of José Guerra on April 27, 2001 while Mr. Guerra was working near bread making machinery at his place of employment. About two years later, on or about April 2, 2003, Plaintiff filed this action against Defendant Sig Simonazzi North America, Inc. ("Simonazzi") under Connecticut's Product Liability Act ("CPLA"), Conn. Gen. Stat. §§ 52-572m *et seq.*, alleging, among other things, that Simonazzi (or its predecessor in interest) was the designer, manufacturer, installer and/or seller of the bread machinery and its components, which Plaintiff claimed were defective and unreasonably dangerous. *See* Compl. [doc. # 1]. On

January 8, 2004, this Court granted Simonazzi's Motion to File a Third-Party Complaint [doc. #22] against Sasib Food Machinery MV, Sasib Bakery Italia, Dry Products ("Dry Products") and Compagnie Industriali Riunite ("CIR"), and Simonazzi filed its Third-Party Complaint [doc. #25] against the Third-Party Defendants on January 22, 2004.  In brief, the Third-Party Complaint asserts that if Simonazzi is liable to Plaintiff, which Simonazzi denies, then the Third-Party Defendants must indemnify Simonazzi for, or contribute to, any judgment rendered because the Third-Party Defendants (or their predecessors in interest) were, in fact, the designers, manufacturers, distributors and/or sellers of the bread machinery in question and therefore they were "in control of the situation to the exclusion of [Simonazzi]." *See, e.g.*, Third-Party Compl. ¶ 36 [doc. #25].

Currently pending before the Court is Simonazzi's Motion to Amend Third-Party Complaint [doc. # 116].  The Amended Third-Party Complaint seeks to add Food Machinery Medium Volume, S.p.A. ("Food Machinery") as an additional defendant, to "further enunciate the bases upon which SSNA seeks to impose liability on Food Machinery, Dry Products and CIR," and to include a count under the Uniform Fraudulent Transfer Act ("UFTA"). *Id.* at 4.  The Third-Party Defendants oppose the proposed amendment on the ground that it would be futile under *Foman v. Davis*, 371 U.S. 178 (1962).

The Third-Party Defendants assert that the amendment would be futile because there is no personal jurisdiction over Food Machinery – or, indeed, any of the other Third-Party Defendants – under Conn. Gen. Stat. § 33-929(f) because only Connecticut residents can invoke that provision.  Section 33-929(f) of the Connecticut General Statutes provides in pertinent part as follows:

> Every foreign corporation shall be subject to suit in this state, *by a resident of this state or by a person having a usual place of business in this state,* [under certain enumerated circumstances]

Conn. Gen. Stat. § 33-929(f) (emphasis added). Both sides agree that Simonazzi neither is (or was) a resident of Connecticut nor has (or had) its usual places of business in Connecticut. Both sides also agree that at least insofar as an original plaintiff is concerned, the Connecticut Supreme Court has held that § 33-929(f) "expressly requires an individual plaintiff who does not have 'a usual place of business in this state' to have resided here at least at the time when the action was brought." *Wilkinson v. Boats Unlimited, Inc.*, 236 Conn. 78, 88 (1996).

Simonazzi responds, however, that *Wilkinson* does not apply to the claims of a third-party plaintiff. *See* Third-Party Pl.'s Mem. in Reply [doc. #128], at 11. In support, Simonazzi cites a decision of the District of Connecticut in *Connecticut General Life Ins. v. SVA, Inc.*, 743 F. Supp. 107 (D. Conn. 1990), in which the Court adopted the argument Simonazzi advances here. As the Third-Party Defendants point out, *Connecticut General* – which preceded the Connecticut Supreme Court's decision in *Wilkinson* – has been criticized by commentators. *See* 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1445 n.1 (2d ed. Supp. 2004) ("In [*Connecticut General*] . . . the court ruled that personal jurisdiction was properly asserted over the third-party defendant even though it appeared outside the state long-arm statute because Connecticut's impleader rules would authorize joinder. The confusion of state joinder and long-arm provisions in this decision makes the holding highly questionable.").

The Court believes that there is a substantial question whether *Connecticut General* is consistent with the plain language of § 33-929(f) and the Connecticut Supreme Court's decision in *Wilkinson*. However, the Court need not (and explicitly does not) resolve that issue because

3

there is another asserted basis for personal jurisdiction that obviates the need to decide this issue at this time and provides an alternative basis for allowing amendment of the Third-Party Complaint. Simonazzi argues that its proposed amended complaint alleges sufficient facts to support the assertion of personal jurisdiction under Conn. Gen. Stat. § 33-929(e), which subjects every foreign corporation doing business in Connecticut to suit on any cause of action arising out of such business. The Court agrees.

In order to conclude that a proposed amendment is futile, the Court is required to find that a claim could not withstand a motion to dismiss. *See Doughtery v. Town of North Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002); *Riccuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In *Haynes Const. Co. v. Int'l Fidelity Ins. Co.*, No. 3:03CV1669 (MRK), 2004 WL 1498119 (D. Conn. June 23, 2004), this Court recently addressed a defendant's motion to dismiss for lack of personal jurisdiction. As the Court stated in *Haynes*,

> When . . . a defendant moves to dismiss an action for lack of personal jurisdiction under Rule 12(b)(2) of the *Federal Rules of Civil Procedure*, the plaintiff has the burden of establishing that the court has jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *see also Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Before discovery, a plaintiff may defeat a motion to dismiss by making a *prima facie* showing through affidavits and other evidence that the defendant's conduct was sufficient to warrant the exercise of personal jurisdiction. *See DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 85 (2d Cir. 2001); *see also Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 231-32 (D. Conn. 2001).

*Haynes*, 2004 WL 1498119, at *2.

In this case, because discovery is not complete, Simonazzi may defeat a motion to dismiss by making a *prima facie* showing of personal jurisdiction under Conn. Gen. Stat. § 33-929(e). The Court concludes that Simonazzi has done so in the allegations of the proposed

4

Third-Party Complaint. *See, e.g.,* Proposed Am. Third-Party Compl., Ex. B. attached to Mot. for Leave to Am. Third-Party Compl. [doc. #116], at ¶¶ 2, 8. The Third-Party Defendants do not contend otherwise. In permitting the amendment of the Third-Party Complaint, the Court emphasizes that it has not finally determined that it has personal jurisdiction over the Third-Party Defendants. Instead, the Court has merely decided that Simonazzi has pleaded sufficient facts that it should be given the opportunity to amend its Third-Party Complaint, conduct its discovery and prove its allegations.[1]

## II.

Accordingly, the Court GRANTS Simonazzi's Motion to Amend Third-Party Complaint [**doc. # 116**]. The Clerk is directed to docket the Amended Third-Party Complaint, attached as Exhibit B to the Motion to Amend Third-Party Complaint.

IT IS SO ORDERED.

/s/         Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **March 1, 2005**.

---

[1] Third-Party Defendants also argue that if the Court accepts the reasoning of *Connecticut General* "and find[s] that the Connecticut interpleader statute is jurisdictional, i.e., a substantive provision," then the Court must also apply Conn. Gen. Stat. § 52-102a, which, they argue, does not encompass Simonazzi's UFTA and veil-piercing claims. *See* Third-Party Defs.' Mem. in Opp'n [doc. #122], at 11. Because the Court does not rely on *Connecticut General* in ruling on Simonazzi's motion, the Court finds it unnecessary to reach Third-Party Defendants' argument regarding § 52-102a.