*Exhibit 1*

# THE JOSE GUERRA QUALIFIED SETTLEMENT FUND

This fund shall be known as The Jose Guerra Qualified Settlement Fund ("THE JOSE GUERRA QSF"). The JOSE GUERRA QSF will receive the sum of One Million Seven Hundred Fifty Thousand Dollars and No Cents ($1,750,000.00) from the Defendant identified in Exhibit A, hereinafter referred to as the "Defendant", and its insurers, and will use that sum for the purpose of resolving the wrongful death and personal injury claims of the Plaintiff's decedent's estate.

## RECITALS

**WHEREAS**, a settlement has been reached between the Plaintiff and the Defendant involved in the above referenced litigation for wrongful death and personal injury;

**WHEREAS**, the Plaintiff and the Defendant, in fact, have agreed upon terms for settling the Action, which terms are memorialized in a Settlement Agreement (the "Settlement Agreement");

**WHEREAS**, the Defendant is ready, willing and able to proceed with settlement under the terms of the Settlement Agreement;

**WHEREAS**, the Plaintiff's estate must resolve several other matters prior to proceeding under the terms of the Settlement Agreement;

**WHEREAS,** the Plaintiff has assigned its interest in the settlement to Attorney John F. Kearns III, of Kearns & Kearns PC, of West Hartford, Connecticut, as Trustee of The JOSE GUERRA QSF.

**WHEREAS**, the establishment of The JOSE GUERRA QSF allows the Defendant to pay monies owed under the Settlement Agreement and to be released from further liability for wrongful death and personal injury, and The JOSE GUERRA QSF allows the Plaintiff to resolve other matters amongst the estate beneficiaries prior to finalizing the settlement.

**NOW, THEREFORE**, in consideration of the foregoing recitals and the mutual covenants, promises, agreements, representations and warranties contained in The JOSE GUERRA QSF, the parties do hereby covenant, promise, agree, represent and warrant as follows:

Y:\CLIENTS\Guerra,Jose.SNT\QSF Trust-ELT.doc

1. **Name and Purpose of Fund.** The fund established hereunder shall be known as The Jose Guerra Qualified Settlement Fund ("The JOSE GUERRA QSF"). The fund is established on behalf of the parties to facilitate the settlement of certain wrongful death and personal injury claims that Plaintiff has asserted in the Actions. The JOSE GUERRA QSF will receive the sum of One Million Seven Hundred Fifty Thousand Dollars and No Cents ($1,750,000.00) from the Defendant, and will use this sum for the purpose of resolving other matters described herein.

2. The JOSE GUERRA QSF will thereafter assume the liability of the Defendant, will be responsible for the payment of the Plaintiff's beneficiaries' claims, and will be responsible for resolving any disputes, as well as disbursing settlement funds to attorneys for fees and costs, to lien holders for their claims, as well as any other outstanding claims or expenses arising from the Actions. Finally, it is intended that The JOSE GUERRA QSF will be authorized to do any other act reasonably necessary to expeditiously effectuate and finalize this settlement, resolve all disputes, and make all disbursements to the Plaintiff's beneficiaries with a minimum of Court oversight.

3. **Contributions to The JOSE GUERRA QSF.** The Defendant shall contribute the following amounts to The JOSE GUERRA QSF:

    a. **SIG Simonazzi North America, Inc.**, has agreed to pay to The JOSE GUERRA QSF the sum of **$1,750,000.00** in full settlement and discharge of all claims.

      1) **Nature of Contributions.** All contributions to The JOSE GUERRA QSF shall be made by the Defendant to Attorney John F. Kearns III, of Kearns & Kearns PC, the Trustee, in immediately available funds. All such contributions, together with the earnings thereon, shall be held in an agency account as a qualified settlement fund for the payment of the settlement, costs, and expenses to be incurred by the Trustee as herein provided. Contributions made to The JOSE GUERRA QSF shall not

2

be construed as fines, penalties, monetary sanctions, or punitive damages.

2) **Further Obligations.** Following the full payment of contributions to The JOSE GUERRA QSF, the Defendant shall have no further obligation to The JOSE GUERRA QSF or the Plaintiff's beneficiaries who are claiming through the Plaintiff.

3) **No Divisible Interest or Lien.** While The JOSE GUERRA QSF is established and administered for the benefit of the Plaintiff and lien holders, neither the Plaintiff nor any lien holder shall be deemed to have an identifiable divisible ownership interest in or lien on any part of the settlement proceeds or The JOSE GUERRA QSF until such time as distributions are authorized by the Plaintiff and lien holders and approved by the Trustee.

4. **Dispositive Provisions.**

   a. **Payment of Income and Principal.** During the term of The JOSE GUERRA QSF, the Trustee shall pay or apply such part of all of the income and principal of The JOSE GUERRA QSF as may be necessary to settle the Plaintiff's and lien holders' claims and to pay the costs incurred to operate The JOSE GUERRA QSF.

   b. **No Authority to Conduct Business.** The purpose of The JOSE GUERRA QSF is limited to the matters set forth in Section 1 hereof, and this Agreement shall not be construed to confer upon the Trustee any authority to carry on any business or activity for profit.

   c. **Termination of The JOSE GUERRA QSF.** The JOSE GUERRA QSF shall terminate upon order of the Court that initially approved the establishment of The JOSE GUERRA QSF.

   d. **Alterations, Amendments, and Revocation.** The JOSE GUERRA QSF may be altered, amended, or revoked from time

3

to time by an instrument in writing executed by the Trustee and ordered by the Court that initially approved the establishment of The JOSE GUERRA QSF.

5. **Trustee Management.**

   a. **Initial Trustee.** The initial Trustee of The JOSE GUERRA QSF shall be Attorney John F. Kearns III, of Kearns & Kearns PC, of West Hartford, Connecticut (hereinafter referred to as the "Trustee").

   b. **Investment and Reinvestment.** The Trustee shall invest and reinvest the principal and income of The JOSE GUERRA QSF and keep The JOSE GUERRA QSF invested in one or more Money Market Accounts. For purposes of this paragraph, "Money Market Account" shall mean a money fund whose objectives are current income consistent with liquidity and low risk, the maintenance of a portfolio of high quality, short-term money market instruments, and maintenance of a constant $1.00 net asset value per share. All investments shall be made so as to at all times provide sufficient liquidity to meet the anticipated cash needs of The JOSE GUERRA QSF. In investing, reinvesting, exchanging, selling and managing The JOSE GUERRA QSF, the Trustee shall discharge its duties with respect to The JOSE GUERRA QSF solely in the interest of the accomplishment of the purposes and objectives of The JOSE GUERRA QSF.

   c. **Affiliates.** The Trustee shall have the power to engage any corporation, partnership, or other entity, whether affiliated or not with the Trustee, as an "Affiliated Entity" to render services to The JOSE GUERRA QSF hereunder, including, without limitation to act as broker or dealer to execute transactions, including the purchase of any security currently distributed, underwritten or issued by an Affiliated Entity, at standard commission rates, markups or concessions and to provide other management or investment services with respect to such trust, including the custody of assets and to pay for any such services from trust property. The Trustee may exercise this

4

power in its sole and absolute discretion without Court order or approval.

6. **Express Power of Trustee.** Without in any way limiting the power and discretion conferred upon the Trustee by the other provisions of The JOSE GUERRA QSF or by law, the Trustee is expressly authorized and empowered as hereinafter set forth:

   a. **Completion of Settlement.** To complete the above settlement with the Defendant in the underlying action and to execute any and all papers necessary to effectuate that settlement without further order of the Court.

   b. **Authority to Delegate.** To appoint any other person or entity to complete the settlement with the Defendant and/or to perform any of the other powers or duties of the Trustee pursuant to this Agreement, and to execute any and all papers necessary to effectuate such settlement without further court order.

   c. **Payments to Plaintiff and Lien Holders.** To assume the Defendant's liability to the Plaintiff and lien holders, and to make payments from The JOSE GUERRA QSF in accordance with any stipulations, agreements, or dispute mechanism arrangements made by the Plaintiff and lien holders with respect to the allocation of the funds as between the Plaintiff's beneficiaries and lien holders without further order of the Court.

   d. **Resolution of Disputes.** To engage and pay for the services of arbitrators or mediators to assist in resolution of any disputes between the Plaintiff's beneficiaries and lien holders concerning allocations or apportionments of settlement proceeds between them as well as any disputes between the Plaintiff's beneficiaries and lien holders, a lawyer, creditor or any other interested party, without further order of the Court.

   e. **Final Payments.** In exchange for settlement agreements and releases with The JOSE GUERRA QSF, upon final determination of allocations and apportionments as between the Plaintiff's beneficiaries and lien holders, and upon

resolution of all disputes between the Plaintiff's beneficiaries and lien holders, to make payments to the Plaintiff's beneficiaries, any insurance companies or trusts, subrogated interests or lien holders, lawyers, and others as may be reflected in written disbursement statements signed and dated by the Plaintiff and their lawyers. Such payments may be made without further order of the Court.

f. **Payment of Expenses of Administration.** To incur and pay any and all charges, taxes and expenses upon or connected with The JOSE GUERRA QSF in the discharge of its fiduciary obligations under The JOSE GUERRA QSF Agreement. All such payments shall be made using the assets of The JOSE GUERRA QSF.

g. **Retention of Property.** To hold and retain all or any part of The JOSE GUERRA QSF in the form in which the same may be at the time of the receipt by the Trustee, as long as it shall deem advisable, notwithstanding that the same may not be authorized by the laws of any state or rules of any court for the investment of such funds, and without any liability for any loss of principal or income by reason of such retention.

h. **Preservation of Principal.** Notwithstanding any other provision in this Agreement, to at all times hold, manage, invest, and reinvest the assets of The JOSE GUERRA QSF in a manner designed to preserve the accrued income and principal of The JOSE GUERRA QSF for the purposes of The JOSE GUERRA QSF.

i. **Retention of Investment Advisor and Other Consultants.** With the prior approval of the Court, to engage the services of (and pay compensation to) an investment advisor, accountants, agents, managers, counsel, or other consultants with respect to the management of the investments of The JOSE GUERRA QSF, the management of The JOSE GUERRA QSF or any other matters.

j. **Execution of Investment Advisor and Other Consultants.** To make, execute, acknowledge and deliver any and all

6

documents of transfer and conveyance and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted.

    k.   **Litigation.** Upon obtaining approval of the Court, to institute and defend litigation in the name of The JOSE GUERRA QSF.

    l.   **Execution of Contracts and Assignments.** The Trustee shall have discretion to make, execute, acknowledge and deliver any and all contracts or agreements on behalf of The JOSE GUERRA QSF. Such agreements may include settlement agreements and qualified assignment agreements to effectuate settlements governed by Sections 104(a)(2) and 130 of the Internal Revenue Code of 1986, as amended.

    m.   **Discretion in Exercise of Power.** To do any other acts that it deems proper to effectuate the purpose hereof and to exercise the powers specifically conferred upon it by this Agreement.

7. **Advice of Counsel.** The Trustee may from time to time consult with counsel with respect to any question arising as to compliance with this Agreement. The Trustee shall be fully protected, to the extent permitted by law, in acting in reliance upon the advice of counsel.

8. **Trustee Compensation.** The Trustee and any Successor Trustee shall receive payment for services in accordance with its schedule of rates in effect at the time such compensation becomes payable, without reduction for any other fees or other compensation paid to consultants or others, or any Affiliated Entity, except to the extent required by applicable law. The trustee's fee shall be $600.00.

9. **Successor Trustees.**

    a.   **Vacancy Caused by Resignation or Removal.** The Trustee may resign as Trustee at any time by written notice delivered to the Court with continuing jurisdiction over The JOSE GUERRA QSF. Such resignation shall be effective upon the written appointment of a successor Trustee. The Court shall have the power to appoint a successor Trustee. In default of such appointment, the Trustee shall have the power to appoint an

7

        Affiliated Entity qualified to perform the services as successor Trustee or shall petition the court to appoint its successor. All of the Trustee's fees and expenses (including reasonable attorney's fees) attributable to the appointment of a successor Trustee shall be paid by the fund created hereunder. No bond or other security shall be required of the Trustee or successor Trustee in any jurisdiction. Any successor Trustee shall have the same powers, authorities and discretion as though originally named as the Trustee.

   b.   **Acceptance of Appointment of Successor Trustee.** Acceptance of appointment of a successor Trustee shall be in writing and shall become effective upon receipt by the Court of notice of such acceptance. Upon the acceptance of appointment of any successor Trustee, title to The JOSE GUERRA QSF shall thereupon be vested in said successor Trustee, jointly with the remaining Trustees, if any, without the necessity of any conveyance or instrument. Each successor Trustee shall have all the rights, powers, duties, authority, and privileges as if initially named as a Trustee hereunder.

   c.   **Preservation of Record of Changes to Trustees.** A copy of each instrument of resignation, removal, appointment, and acceptance of appointment shall be attached to an executed counterpart of this Agreement and shall be placed in the custody of the Court.

10.   **Indemnity.** Each Trustee, whether initially named or appointed as successor Trustee, acts as a Trustee only and not personally. In respect of any contract, obligation or liability made or incurred by the Trustees, or any of them hereunder in good faith, all persons shall look solely to The JOSE GUERRA QSF and not the Trustees personally. The Trustees shall not incur any liability, personal or corporate, of any nature in connection with any act or omission, of the Trustees in the administration of The JOSE GUERRA QSF or otherwise pursuant to this Agreement. The Trustees initially named, or appointed as successor Trustees by a Court, shall be indemnified and held harmless by The JOSE GUERRA QSF. This indemnification and hold harmless provision shall cover all expenses reasonably incurred by such Trustee in defense of the

aforementioned acts or omissions of the Trustee. Except for the payment of all expenses reasonably incurred, this indemnification shall not apply to any liability arising from a criminal proceeding where the Trustee(s) had reasonable cause to believe that the conduct in question was unlawful.

11. **Choice of Law.** This Agreement shall be administered, construed, and enforced according to the laws of the State of Connecticut.

12. **Interpretation.** As used in this Agreement, words in the singular include the plural and words in the plural include the singular and masculine and neuter genders shall be deemed to include the masculine, feminine and neuter. The description heading for each Section and Subsection of this Agreement shall not affect the interpretation of the legal efficacy of this Agreement. It is agreed that neither the act of entering into this Agreement nor any contribution to The JOSE GUERRA QSF nor any action taken under this Agreement shall be deemed to constitute an admission of any liability or fault on the part of the Trustees, or the Defendant, nor does it constitute a commitment or agreement, either expressed or implied, by any or all of them to undertake any further activities outside the scope of this Agreement.

13. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the parties have executed The JOSE GUERRA QSF this ____ day of April, 2005.

_____, Esq.
Richard J Sullivan
(Attorneys for Administrator of the estate)
Bill Gouveia            of Jose Guerra

_____
Bill L. Gouveia
Administrator of the Estate
of Jose Guerra

9